Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/01/2022
CT Log Number 541845234

## Service of Process Transmittal Summary

**TO:**  Cathy Wilken
Crete Carrier Corporation
400 NW 56TH ST
LINCOLN, NE 68528-8843

EXHIBIT "B"

**RE:**  **Process Served in Georgia**

**FOR:**  CRETE CARRIER CORPORATION (Domestic State: NE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN WHITEHEAD and VERONICA WHITEHEAD, ward, by and through her duly appointed Guardian VALERIE BROOKS // To: CRETE CARRIER CORPORATION |
| **CASE #:** | 22C03645S1 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/01/2022 at 13:42 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Cathy Wilken CWILKEN@CRETECARRIER.COM |
| | Email Notification, Curt Ruwe cruwe@cretecarrier.com |
| | Email Notification, Efrain Izaguirre eizaguirre@cretecarrier.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
289 S. Culver St.
Lawrenceville, GA 30046
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03645-S1
6/30/2022 11:29 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and
VERONICA WHITEHEAD, ward, by
and through her duly appointed Guardian
VALERIE BROOKS,

    Plaintiffs,

v.

SOUTHERLAND, INC., HICKORY
SPRINGS MANUFACTURING COMPANY,
CRETE CARRIER CORPORATION and
JASON FEAGAN,

    Defendants.

CIVIL ACTION FILE
NO.: _____

22-C-03645-S1

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

Crete Carrier Corporation
c/o Registered Agent C T Corporation System
289 S Culver St
Gwinnett County, Lawrenceville, GA 30046-4805

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

MATTHEW E. COOK
COOK, LAW GROUP, LLC
P.O. BOX 2415
GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 2022.

1st day of July, 2022

TIANA P. GARNER

Clerk of State Court

BY: _____

Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03645-S1**
**6/30/2022 11:29 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN WHITEHEAD and<br>VERONICA WHITEHEAD, ward, by<br>and through her duly appointed Guardian<br>VALERIE BROOKS,<br><br>     Plaintiffs,<br><br>v.<br><br>SOUTHERLAND, INC., HICKORY<br>SPRINGS MANUFACTURING COMPANY,<br>CRETE CARRIER CORPORATION and<br>JASON FEAGAN,<br><br>     Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*    CIVIL ACTION FILE  22-C-03645-S1<br>\*    NO.: _____<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

## **COMPLAINT FOR DAMAGES-RENEWAL ACTION**

COME NOW Plaintiffs in the above-styled action and hereby show the Court the following:

## **RENEWAL ACTION**

1.

This Complaint is a proper renewal of an action, pursuant to O.C.G.A. § 9-2-61, against these Defendants. The allegations are and claims are the same as those contained in the Complaint and amended Complaints that were filed in Gwinnett County State Court against the named defendants and assigned Civil Action No. 17-C-07785-S1 (Copies of the Complaints and Amended Complaints against the named Defendants are attached hereto as Exhibit A). Civil Action No. 17-C-07785-S1 was assigned to Judge Emily Brantley.

2.

The former suit was not void; it was a valid suit that may be renewed pursuant to O.C.G.A. § 9-2-61, as the Summons and Complaint in the former suit was served upon Defendants Southerland, Inc. (TN), Hickory Springs Manufacturing Company, Crete Carrier Corporation, and Jason Feagan (copies of the proof of service for each Defendant are attached hereto as Exhibits B).

3.

Civil Action No. 17-C-07785-S1 was properly dismissed without prejudice on January 3, 2022, after the Statute of Limitations of December 17, 2019. Civil Action No. 17-C-07785-S1 was not dismissed on the merits. A copy of the Voluntary Dismissal Without Prejudice is attached hereto as Exhibit "C." This is not the renewal of an action dismissed on its merits.

4.

All costs for Civil Action No. 17-C-07785-S1 were paid according to O.C.G.A. § 9-2-61 and O.C.G.A. § 9-11-41(d). An Affidavit attesting to the payment of costs is attached hereto as Exhibit "D."

5.

Pursuant to O.C.G.A. § 9-2-61, when Plaintiffs dismiss an action after the applicable period of limitation, Plaintiffs have six months from the date of dismissal to file a renewal action, which is July 3, 2022.

6.

The present action is properly filed according to all requirement of O.C.G.A. § 9-2-61.

2

## I. PARTIES, JURISDICTION, AND VENUE

7.

Plaintiffs John Whitehead and Veronica Whitehead are residents of Georgia and were married at all times pertinent to this Action. Valerie Brooks is the Guardian of Veronica Whitehead and brings this action on her behalf.

8.

At all times relevant to this dispute, including the signing of any documents and purported agreements with Defendant Crete, Veronica Whitehead was mentally incompetent due to mental retardation.

9.

Plaintiff Veronica Whitehead has been legally incompetent due to mental retardation her entire adult life.

10.

On December 27, 2015, Plaintiff John Whitehead was driving a tractor-trailer for Defendant Crete Carrier Corporation while his wife, Veronica Whitehead, was resting on a mattress in the sleeper berth of the tractor. Plaintiff Veronica Whitehead was injured when a metal wire came through the mattress she was using and punctured her skin which led to a severe infection and serious personal injury. The subject incident occurred due to the negligence of Defendants who improperly designed, manufactured, maintained, inspected and/or supplied the subject mattress for use.

3

11.

Plaintiff Veronica Whitehead asserts claims by and through her Guardian, Valerie Brooks, against all Defendants in this civil action which arise out of the incident described in the preceding paragraph.

12.

Plaintiff John Whitehead asserts his individual claims against Defendants Southerland, Inc., and Hickory Springs Manufacturing Company in this civil action which arise out of the incident described in paragraph 2.

13.

Defendant Southerland, Inc. ("Southerland") is a foreign corporation with its principal business address located at 6050 Dana Way, Antioch, TN 370713. Defendant Southerland may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

14.

Defendant Southerland is subject to the jurisdiction of this Court because Southerland is duly authorized to do business in the State of Georgia.

15.

Venue is proper in this Court with respect to Defendant Southerland because it maintains a registered agent for service of process in Gwinnett County, Georgia.

16.

Defendant Hickory Springs Manufacturing Company ("Hickory Springs") is a foreign corporation with its principal business address located at 235 2nd Avenue NW, Hickory, NC 28601.

4

Defendant Hickory Springs may be served with process through its Registered Agent, Corporation Service Company at 2 Sun Court, Suite 400, Gwinnett County, Peachtree Corners, GA 30092.

17.

Defendant Hickory Springs is subject to the jurisdiction of this Court because Hickory Springs is duly authorized to do business in the State of Georgia.

18.

Venue is proper in this Court with respect to Defendant Hickory Springs because it maintains a registered agent for service of process in Gwinnett County, Georgia.

19.

Defendant Crete Carrier Corporation ("Crete") is a foreign corporation with its principal business address located at 400 N.W. 56th St., Lincoln, NE 68528. Defendant Crete may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

20.

Defendant Crete is subject to the jurisdiction of this Court because Crete is duly authorized to do business in the State of Georgia and is transacting and doing business in Cobb County, Georgia.

21.

Venue is proper in this Court with respect to Defendant Crete because it maintains a registered agent for service of process in Gwinnett County, Georgia.

22.

Defendant Jason Feagan ("Feagan") is a resident of Dallas, Paulding County, Georgia, with a last known residence of 235 Charleston Pkwy, Dallas, GA 30157, where he may be served with legal process.

23.

Defendant Feagan is subject to the jurisdiction of this Court because he is a resident of this State.

24.

Venue is proper in this Court as to Defendant Feagan because venue is proper as to a joint tortfeasor.

## II. OPERATIVE FACTS

25.

On December 27, 2015, at the time of the subject incident, Plaintiff John Whitehead was employed as a truck driver for Defendant Crete.

26.

At the time of the subject incident, Defendant Crete provided a tractor ("subject tractor") to Mr. Whitehead for his use in furtherance of Crete's business.

27.

The subject tractor had a sleeper berth which was equipped with a mattress designed and manufactured by Southerland.

28.

The subject mattress was constructed from coil springs supplied by Hickory Springs.

6

29.

At the times herein, Plaintiff Veronica Whitehead was permitted to occupy the subject tractor as a passenger by Crete.

30.

On December 27, 2015, Plaintiff Veronica Whitehead was traveling with her husband in the subject tractor using the subject mattress. While using the mattress a metal wire spring from the interior of subject mattress came through the mattress, suddenly and without warning, and punctured Veronica Whitehead's skin. That puncture would lead to a serious, life threatening infection which left her with permanent injuries.

31.

Defendant Southerland designed, tested, manufactured, marketed, distributed, and sold the subject mattress and placed it into the stream of commerce.

32.

Defendant Southerland, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

33.

At the time Defendant Southerland manufactured, marketed, distributed, and sold the subject mattress, Defendant Southerland could reasonably have foreseen and did, in fact, foresee the possibility that the subject mattress may malfunction such as the failure described in this Complaint.

34.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design chosen by Defendant Southerland, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Southerland, which would have prevented these injuries.

35.

At all times relevant to this Complaint, Defendant Southerland, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so that it was not defective, was reasonably safe, and was fit for its ordinary purpose.

36.

Due to Defendant Southerland's negligent and defective design of the subject mattress, Plaintiffs were injured and suffered losses.

37.

Defendant Southerland breached its duty to exercise reasonable care as described in the paragraphs set forth above.

38.

Defendant Hickory Springs designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

8

39.

Defendant Hickory Springs, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

40.

At the time Defendant Hickory Springs manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

41.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and manufacture of the springs chosen by Defendant Hickory Springs, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

42.

At all times relevant to this Complaint, Defendant Hickory Springs, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

43.

Due to Defendant Hickory Springs' negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

44.

Defendant Hickory Springs breached their duty to exercise reasonable care as described in the paragraphs set forth above.

45.

Defendants Southerland and Hickory Springs failed to warn Plaintiffs of the hazard presented to foreseeable users presented by the subject mattress despite knowing of such risks attendant in their mattresses.

46.

At all times relevant to this Complaint, Defendant Crete, by and through its agent Defendant Feagan, and others, failed to select and maintain safe mattresses in its truck thereby exposing Plaintiff Veronica Whitehead to an unreasonable risk of harm.

47.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, failed to inspect the subject mattress.

48.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, were aware that many of its drivers had experienced and were experiencing problems with similar mattresses.

10

49.

Additionally, at all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, was grossly negligent in failing to take appropriate action to ensure the subject mattress was safe for use.

50.

At the time of the subject incident, Defendant Feagan was an employee of Defendant Crete.

51.

At the time of the subject incident, Defendant Feagan was acting in the course and scope of his employment with Defendant Crete.

52.

Defendant Feagan's job duties at the time of the subject incident included the supervision, inspection, and maintenance of the subject tractor and the subject mattress as he worked in the parts department at Crete's Marietta, Georgia terminal.

53.

At all times relevant to this Complaint, Defendant Feagan failed to maintain the subject tractor and mattress in an operable and safe condition.

54.

At all times pertinent herein, Defendant Feagan failed to inspect the subject mattress.

55.

Additionally, at all times relevant to this Complaint, Defendant Feagan failed to take appropriate action to ensure the subject mattress was safe for use when he knew, or should have

11

known, the subject mattress and those like it, were prematurely failing and presenting a risk to foreseeable users.

56.

Due to the negligence of Defendants, a spring on the subject mattress punctured Plaintiff Veronica Whitehead causing her injuries and Plaintiffs' losses as pled below.

57.

At all times relevant to this Complaint, Plaintiff John Whitehead has been and is married to Plaintiff Veronica Whitehead.

58.

As a result of the subject incident, Plaintiff Veronica Whitehead incurred injuries to her mind and body and has experienced, experiences, and will continue to experience mental and physical pain and suffering as a result of said injuries.

59.

As a result of the subject incident, Plaintiff Veronica Whitehead has incurred past medical expenses, will likely incur future medical expenses and her physical health and quality of life have been significantly impaired.

60.

As a result of the subject incident, Plaintiff John Whitehead has suffered and will continue to suffer the loss of services of his wife, Veronica Whitehead.

61.

Prior to the subject incident, Defendants Southerland, Inc., and Hickory Springs Manufacturing Company ("HSM") knew that wires from coil wire mattresses could protrude through the mattress cover and potentially cause injury to foreseeable users.

12

62.

In fact, just one month prior to the sale of the subject mattress, HSM tested a spring pack identical to the one at issue in this case. During such testing, the spring pack experienced 8 broken coil wires. Despite such failures and despite the knowledge that broken coil wires could cause injury to foreseeable users of its spring pack, HSM made no changes to the design of the spring pack at issue and issued no warning to foreseeable users of such hazard.

63.

Despite these known instances of wire failures and the hazards of wires protruding through mattress covers, neither Defendant Southerland nor Defendant HSM took steps to correct the known issues and/or to protect or warn consumers, such as Plaintiffs, against such hazards.

## III. LIABILITY OF DEFENDANTS

64.

Defendant Southerland is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Southerland is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent inspection, manufacture, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject mattress and those similarly designed and manufactured.

65.

Defendant Hickory Springs is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Hickory Springs is also

13

liable for its negligent acts and omissions which include, but are not limited to, the following:

(a)    Negligent design;

(b)    Negligent testing;

(c)    Negligent manufacture, inspection, assembly and construction;

(d)    Failing to warn of the risks attendant for users of the mattress; and

(e)    Failure to recall the subject springs and those similarly designed and manufactured.

66.

Defendant Crete is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

(a)    Respondeat superior for its employees and agents, including but not limited to Defendant Feagan; and

(b)    Gross negligence in failing to properly maintain, inspect, replace, and/or warn of the subject mattress.

67.

Defendant Feagan is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, gross negligence in failing to properly maintain, inspect, replace, and warn of the mattress to ensure it was safe for its intended and foreseeable use.

68.

The conduct of Defendants, individually and in concert with each other, proximately caused Plaintiff Veronica Whitehead's injuries, losses, and resulting damages.

69.

The conduct of Defendants Southerland and Hickory Springs, individually and in concert

14

with each other, proximately caused Plaintiff John Whitehead's individual losses and resulting damages.

70.

Defendant Southerland's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

71.

Defendant HSM's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

72.

Defendant Southerland is liable for punitive damages pursuant to O.C.G.A. § 51-12-5.1.

73.

Defendant HSM is liable for punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## IV. DAMAGES CLAIMED

74.

The damages claimed by Plaintiff Veronica Whitehead are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, Crete, and Feagan for which they are liable jointly and severally.

75.

The damages claimed by Plaintiff John Whitehead, Individually, are proximately caused by the tortious acts and omissions of Defendants Southerland and Hickory Springs, Crete and Feagan for which they are liable jointly and severally.

15

76.

As a result of the above-described incident, Plaintiff Veronica Whitehead sustained serious and painful injuries to her body and mind and suffered and continues to suffer mentally and physically.  Plaintiff likewise has incurred medical bills and has lost and will lose income and benefits in the future as a result of the incident.

77.

Plaintiff Veronica Whitehead claims general damages for all elements of the mental and physical suffering she endured, she endures, and she will endure in the future, as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury.

78.

Plaintiff Veronica Whitehead claims as special damages past and future medical expenses that have been incurred and will be incurred as a result of the injuries she sustained, in such amounts as the jury deems to be the reasonable value of those services.

79.

Plaintiff John Whitehead, Individually, seeks compensatory damages for loss of consortium and loss of services in an amount to be measured by the enlightened conscience of a fair and impartial jury.  Plaintiff John Whitehead seeks compensatory damages for miscellaneous expenses and damages to care for his wife.

80.

Plaintiffs seek punitive damages against Defendant Southerland in an amount sufficient to punish, penalize, and deter Defendant Southerland, as determined by the enlightened conscience of a fair and impartial jury.

81.

Plaintiffs seek punitive damages against Defendant HSM in an amount sufficient to punish, penalize, and deter Defendant HSM, as determined by the enlightened conscience of a fair and impartial jury.

## **PRAYER FOR RELIEF**

82.

WHEREFORE, Plaintiffs pray for the following relief:

(a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b) That Plaintiffs have a trial by jury;

(c) That the Court take judicial notice of the physical record from the original action;

(d) That Plaintiffs have and recover damages sufficient to compensate them fully, fairly, and completely for all losses compensable under Georgia law;

(e) That all costs be cast against Defendants; and

(f) For such other and further relief as this Court deems just and appropriate.

This 30th day of June, 2022.

Respectfully Submitted,
COOK LAW GROUP, LLC.

/s/Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)

17

888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com


/s/Jonathan A. Parrish
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
***Attorneys for Plaintiffs***

18

# EXHIBIT A

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GA

2017 DEC 21  PM 4: 13

RICHARD ALEXANDER, CLERK

JOHN WHITEHEAD, Individually and as Next   *
Friend of VERONICA WHITEHEAD, and      *
VERONICA WHITEHEAD, Individually by   *
and through her Next Friend, JOHN       *
WHITEHEAD,                    *
                           *
    Plaintiffs,                *
                           *       CIVIL ACTION FILE
v.                         *       NO.:
                           *       17 C 07785 - 1
SOUTHERLAND, INC. (TN), HICKORY    *
SPRINGS MANUFACTURING COMPANY,  *
LEGGETT & PLATT, INCORPORATED,   *
CRETE CARRIER CORPORATION and    *
JASON FEAGAN,               *
                           *
    Defendants.             *

## COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby show the Court the following:

## I. PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiffs John Whitehead and Veronica Whitehead are residents of Georgia and were married at all times pertinent to this Action. Veronica Whitehead is an incompetent adult and needs a Guardian Ad Litem appointed pursuant to O.C.G.A. § 9-11-17(c) and other applicable law.

### 2.

On December 27, 2015, Plaintiff John Whitehead was driving a tractor-trailer for Defendant Crete Carrier Corporation while his wife, Veronica Whitehead, was resting on a mattress in the sleeper berth of the tractor. Plaintiff Veronica Whitehead was injured when a metal wire came through the mattress she was using and punctured her skin which led to a severe

infection and serious personal injury. The subject incident occurred due to the negligence of Defendants who improperly designed, manufactured, maintained, inspected and/or supplied the subject mattress for use.

3.

Plaintiff Veronica Whitehead asserts claims Individually (to the extent she is capable) and by and through her Next Friend, John Whitehead, against all Defendants in this civil action which arise out of the incident described in the preceding paragraph.

4.

Plaintiff John Whitehead asserts his individual claims against Defendants Southerland, Inc. (TN), Hickory Springs Manufacturing Company and Leggett & Platt Incorporated in this civil action which arise out of the incident described in paragraph 2.

5.

Defendant Southerland, Inc. (TN) ("Southerland") is a foreign corporation with its principal business address located at 1973 Southerland Dr, Nashville, TN 37207. Defendant Southerland may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

6.

Defendant Southerland is subject to the jurisdiction of this Court because Southerland is duly authorized to do business in the State of Georgia.

7.

Venue is proper in this Court with respect to Defendant Southerland because it maintains a registered agent for service of process in Gwinnett County, Georgia.

8.

Defendant Hickory Springs Manufacturing Company ("Hickory Springs") is a foreign corporation with its principal business address located at P.O. Box 128, Hickory, NC 28603-0128. Defendant Hickory Springs may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

9.

Defendant Hickory Springs is subject to the jurisdiction of this Court because Hickory Springs is duly authorized to do business in the State of Georgia.

10.

Venue is proper in this Court with respect to Defendant Hickory Springs because it maintains a registered agent for service of process in Gwinnett County, Georgia.

11.

Defendant Leggett & Platt, Incorporated ("Leggett & Platt") is a foreign corporation with its principal business address located at 1 Leggett Road, Carthage, MO 34836-0757. Defendant Leggett & Platt may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

12.

Defendant Leggett & Platt is subject to the jurisdiction of this Court because Leggett & Platt is duly authorized to do business in the State of Georgia.

13.

Venue is proper in this Court with respect to Defendant Leggett & Platt because it maintains a registered agent for service of process in Gwinnett County, Georgia.

14.

Defendant Crete Carrier Corporation ("Crete") is a foreign corporation with its principal business address located at 400 N.W. 56th St., Lincoln, NE 68528. Defendant Crete may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

15.

Defendant Crete is subject to the jurisdiction of this Court because Crete is duly authorized to do business in the State of Georgia and is transacting and doing business in Cobb County, Georgia.

16.

Venue is proper in this Court with respect to Defendant Crete because it maintains a registered agent for service of process in Gwinnett County, Georgia.

17.

Defendant Jason Feagan ("Feagan") is a resident of Dallas, Paulding County, Georgia with a last known residence of 235 Charleston Pkwy, Dallas, GA 30157 where he may be served with legal process.

18.

Defendant Feagan is subject to the jurisdiction of this Court because he is a resident of this State.

19.

Venue is proper in this Court as to Defendant Feagan because venue is proper as to a joint tortfeasor.

## II. OPERATIVE FACTS

### 20.

On December 27, 2015, at the time of the subject incident, Plaintiff John Whitehead was employed as a truck driver for Defendant Crete.

### 21.

At the time of the subject incident, Defendant Crete provided a tractor ("subject tractor") to Mr. Whitehead for his use in furtherance of Crete's business.

### 22.

The subject tractor had a sleeper berth which was equipped with a mattress designed and manufactured by Southerland.

### 23.

The subject mattress was constructed from coil springs supplied by Hickory Springs and/or Leggett & Platt.

### 24.

At the times herein, Plaintiff Veronica Whitehead was permitted to occupy the subject tractor as a passenger by Crete.

### 25.

On December 27, 2015, Plaintiff Veronica Whitehead was traveling with her husband in the subject tractor using the subject mattress. While using the mattress a metal wire spring from the interior of subject mattress came through the mattress, suddenly and without warning, and punctured Veronica Whitehead's skin. That puncture would led to a serious, life threatening infection which left her with permanent injuries.

26.

Defendant Southerland designed, tested, manufactured, marketed, distributed, and sold the subject mattress and placed it into the stream of commerce.

27.

Defendant Southerland, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, or repair the subject mattress so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

28.

At the time Defendant Southerland manufactured, marketed, distributed, and sold the subject mattress, Defendant Southerland could reasonably have foreseen and did, in fact, foresee the possibility that the subject mattress may malfunction such as the failure described in this Complaint.

29.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design chosen by Defendant Southerland, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Southerland, which would have prevented these injuries.

30.

At all times relevant to this Complaint, Defendant Southerland, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall,

or repair the subject mattress so that it was not defective, was reasonably safe, and was fit for its ordinary purpose.

31.

Due to Defendant Southerland's negligent and defective design of the subject mattress, Plaintiffs were injured and suffered losses.

32.

Defendant Southerland breached its duty to exercise reasonable care as described in the paragraphs set forth above.

33.

Defendant Hickory Springs designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

34.

Defendant Hickory Springs, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

35.

At the time Defendant Hickory Springs manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

36.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and/or manufacture of the springs chosen by Defendant Hickory Springs, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

37.

At all times relevant to this Complaint, Defendant Hickory Springs, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, or repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

38.

Due to Defendant Hickory Springs' negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

39.

Defendant Hickory Springs breached their duty to exercise reasonable care as described in the paragraphs set forth above.

40.

Defendant Leggett & Platt designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

41.

Defendant Leggett & Platt, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

42.

At the time Defendant Leggett & Platt manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

43.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and/or manufacture of the springs chosen by Defendant Leggett & Platt, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

44.

At all times relevant to this Complaint, Defendant Leggett & Platt, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, or repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

45.

Due to Defendant Leggett & Platt's negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

46.

Defendant Leggett & Platt breached its duty to exercise reasonable care as described in the paragraphs set forth above.

47.

Defendants Southerland, Hickory Springs and Leggett & Platt failed to warn Plaintiffs of the hazard presented to foreseeable users presented by the subject mattress despite knowing of such risks attendant in their mattresses.

48.

At all times relevant to this Complaint, Defendant Crete, by and through its agent Defendant Feagan, and others, failed to select and maintain safe mattresses in its truck thereby exposing Plaintiff Veronica Whitehead to an unreasonable risk of harm.

49.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to, Defendant Feagan, failed to inspect the subject mattress.

50.

Additionally, at all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to, Defendant Feagan, failed to take appropriate action to ensure the subject mattress was safe for use.

51.

At the time of the subject incident, Defendant Feagan was an employee of Defendant Crete.

52.

At the time of the subject incident, Defendant Feagan was acting in the course and scope of his employment with Defendant Crete.

53.

Defendant Feagan's job duties at the time of the subject incident included the supervision, inspection, and maintenance of the subject tractor and the subject mattress as he worked in the parts department at Crete's Marietta, Georgia terminal.

54.

At all times relevant to this Complaint, Defendant Feagan failed to maintain the subject tractor and mattress in an operable and safe condition.

55.

At all times pertinent herein, Defendant Feagan failed to inspect the subject mattress.

56.

Additionally, at all times relevant to this Complaint, Defendant Feagan failed to take appropriate action to ensure the subject mattress was safe for use when he knew, or should have known, the subject mattress and those like it, were prematurely failing and presenting a risks to foreseeable users.

57.

Due to the negligence of Defendants, a spring on the subject mattress punctured Plaintiff Veronica Whitehead causing her injuries and Plaintiffs' losses as pled below.

58.

At all times relevant to this Complaint, Plaintiff John Whitehead has been and is married to Plaintiff Veronica Whitehead.

59.

As a result of the subject incident, Plaintiff Veronica Whitehead incurred injuries to her mind and body and has experienced, experiences, and will continue to experience mental and physical pain and suffering as a result of said injuries.

60.

As a result of the subject incident, Plaintiff Veronica Whitehead has incurred past medical expenses, will likely incur future medical expenses and her physical health and quality of life have been significantly impaired.

61.

As a result of the subject incident, Plaintiff John Whitehead has suffered and will continue to suffer the loss of services of his wife, Veronica Whitehead.

III. LIABILITY OF DEFENDANTS

62.

Defendant Southerland is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Southerland is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)   Negligent design;

(b)   Negligent testing;

(c)   Negligent inspection, manufacture, assembly and construction;

(d)   Failing to warn of the risks attendant for users of the mattress; and

(e)   Failure to recall the subject mattress and those similarly designed and manufactured.

63.

Defendant Hickory Springs is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Hickory Springs is also liable for its negligent acts and omissions which include, but are not limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent manufacture, inspection, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject springs and those similarly designed and manufactured.

64.

Defendant Leggett & Platt is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Leggett & Platt is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent manufacture, inspection, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject springs and those similarly designed and manufactured.

65.

Defendant Crete is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

(a)     Respondeat superior for its employees and agents, including but not limited to Defendant Feagan; and

(b)    Failing to properly maintain, inspect, replace and/or warn of the subject mattress.

66.

Defendant Feagan is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, the failing to properly maintain, inspect, replace and/or warn of the mattress to ensure it was safe for its intended and foreseeable use.

67.

The conduct of Defendants, individually and in concert with each other, proximately caused Plaintiff Veronica Whitehead's injuries, losses, and resulting damages.

68.

The conduct of Defendants Southerland, Hickory Springs, and Leggett & Platt, individually and in concert with each other, proximately caused Plaintiff John Whitehead's individual losses and resulting damages.

## IV. DAMAGES CLAIMED

69.

The damages claimed by Plaintiff Veronica Whitehead are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, Leggett & Platt, Crete, and Feagan for which they are liable jointly and severally.

70.

The damages claimed by Plaintiff John Whitehead, Individually are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, and Leggett & Platt for which they are liable jointly and severally.

71.

As a result of the above-described incident, Plaintiff Veronica Whitehead sustained serious and painful injuries to her body and mind and suffered and continues to suffer mentally and physically. Plaintiff likewise has incurred medical bills and has lost and will lose income and benefits in the future as a result of the incident.

72.

Plaintiff Veronica Whitehead claims general damages for all elements of the mental and physical suffering she endured, she endures, and she will endure in the future, as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury.

73.

Plaintiff Veronica Whitehead claims as special damages past and future medical expenses that have been incurred and will be incurred as a result of the injuries she sustained, in such amounts as the jury deems to be the reasonable value of those services.

74.

Plaintiff John Whitehead, Individually seeks compensatory damages for loss of consortium and loss of services in an amount to be measured by the enlightened conscience of a fair and impartial jury. Plaintiff John Whitehead seeks compensatory damages for miscellaneous expenses and damages to care for his wife.

V. PRAYER FOR RELIEF

75.

WHEREFORE, Plaintiffs pray for the following relief:

(a)    That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

Page 15 of 16

(b)    That a guardian ad litem be appointed for Veronica Whitehead;

(b)    That Plaintiffs have a trial by jury;

(c)    That Plaintiffs have and recover damages sufficient to compensate them fully, fairly, and completely for all losses compensable under Georgia law;

(d)    That all costs be cast against Defendants; and

(e)    For such other and further relief as this Court deems just and appropriate.

This 21ˢᵗ day of December 2017.

Respectfully Submitted,
COOK LAW GROUP, LLC.

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA  30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
6111 Peachtree Dunwoody Road, NE
Building G, Suite 202
Atlanta, GA 30328
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
**Attorneys for Plaintiffs**



IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD, Individually and as Next  *
Friend of VERONICA WHITEHEAD, and          *
VERONICA WHITEHEAD, Individually by        *
and through her Next Friend, JOHN          *
WHITEHEAD,                                 *
                                           *
        Plaintiffs,                        *
                                           *       CIVIL ACTION FILE
v.                                         *       NO.: 17-C-07785-S1
                                           *
SOUTHERLAND, INC. (TN), HICKORY            *
SPRINGS MANUFACTURING COMPANY,             *
LEGGETT & PLATT, INCORPORATED,             *
CRETE CARRIER CORPORATION and              *
JASON FEAGAN,                              *
                                           *
        Defendants.                        *



## AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs in the above-styled action and hereby show the Court the
following:

### I. PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs John Whitehead and Veronica Whitehead are residents of Georgia and were
married at all times pertinent to this Action.  Veronica Whitehead is an incompetent adult and
needs a Guardian Ad Litem appointed pursuant to O.C.G.A. § 9-11-17(c) and other applicable law.

At all times relevant to this dispute, including the signing of any documents and purported
agreements with Defendant Crete, Veronica Whitehead was mentally incompetent due to mental
retardation.

Plaintiff Veronica Whitehead has been legally incompetent due to mental retardation her
entire adult life.

2.

On December 27, 2015, Plaintiff John Whitehead was driving a tractor-trailer for Defendant Crete Carrier Corporation while his wife, Veronica Whitehead, was resting on a mattress in the sleeper berth of the tractor. Plaintiff Veronica Whitehead was injured when a metal wire came through the mattress she was using and punctured her skin which led to a severe infection and serious personal injury. The subject incident occurred due to the negligence of Defendants who improperly designed, manufactured, maintained, inspected and/or supplied the subject mattress for use.

3.

Plaintiff Veronica Whitehead asserts claims Individually (to the extent she is capable) and by and through her Next Friend, John Whitehead, against all Defendants in this civil action which arise out of the incident described in the preceding paragraph.

4.

Plaintiff John Whitehead asserts his individual claims against Defendants Southerland, Inc. (TN), Hickory Springs Manufacturing Company and Leggett & Platt Incorporated in this civil action which arise out of the incident described in paragraph 2.

5.

Defendant Southerland, Inc. (TN) ("Southerland") is a foreign corporation with its principal business address located at 1973 Southerland Drive, Nashville, TN 37207. Defendant Southerland may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

6.

Defendant Southerland is subject to the jurisdiction of this Court because Southerland is

duly authorized to do business in the State of Georgia.

7.

Venue is proper in this Court with respect to Defendant Southerland because it maintains a registered agent for service of process in Gwinnett County, Georgia.

8.

Defendant Hickory Springs Manufacturing Company ("Hickory Springs") is a foreign corporation with its principal business address located at P.O. Box 128, Hickory, NC 28603-0128. Defendant Hickory Springs may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

9.

Defendant Hickory Springs is subject to the jurisdiction of this Court because Hickory Springs is duly authorized to do business in the State of Georgia.

10.

Venue is proper in this Court with respect to Defendant Hickory Springs because it maintains a registered agent for service of process in Gwinnett County, Georgia.

11.

Defendant Leggett & Platt, Incorporated ("Leggett & Platt") is a foreign corporation with its principal business address located at 1 Leggett Road, Carthage, MO-34836-0757. Defendant Leggett & Platt may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

12.

Defendant Leggett & Platt is subject to the jurisdiction of this Court because Leggett & Platt is duly authorized to do business in the State of Georgia.

13.

Venue is proper in this Court with respect to Defendant Leggett & Platt because it maintains a registered agent for service of process in Gwinnett County, Georgia.

14.

Defendant Crete Carrier Corporation ("Crete") is a foreign corporation with its principal business address located at 400 N.W. 56th St., Lincoln, NE 68528. Defendant Crete may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

15.

Defendant Crete is subject to the jurisdiction of this Court because Crete is duly authorized to do business in the State of Georgia and is transacting and doing business in Cobb County, Georgia.

16.

Venue is proper in this Court with respect to Defendant Crete because it maintains a registered agent for service of process in Gwinnett County, Georgia.

17.

Defendant Jason Feagan ("Feagan") is a resident of Dallas, Paulding County, Georgia with a last known residence of 235 Charleston Pkwy, Dallas, GA 30157 where he may be served with legal process.

18.

Defendant Feagan is subject to the jurisdiction of this Court because he is a resident of this State.

19.

Venue is proper in this Court as to Defendant Feagan because venue is proper as to a joint tortfeasor.

## II. OPERATIVE FACTS

20.

On December 27, 2015, at the time of the subject incident, Plaintiff John Whitehead was employed as a truck driver for Defendant Crete.

21.

At the time of the subject incident, Defendant Crete provided a tractor ("subject tractor") to Mr. Whitehead for his use in furtherance of Crete's business.

22.

The subject tractor had a sleeper berth which was equipped with a mattress designed and manufactured by Southerland.

23.

The subject mattress was constructed from coil springs supplied by Hickory Springs and/or Leggett & Platt.

24.

At the times herein, Plaintiff Veronica Whitehead was permitted to occupy the subject tractor as a passenger by Crete.

25.

On December 27, 2015, Plaintiff Veronica Whitehead was traveling with her husband in the subject tractor using the subject mattress. While using the mattress a metal wire spring from the interior of subject mattress came through the mattress, suddenly and without warning, and

punctured Veronica Whitehead's skin. That puncture would lead to a serious, life threatening infection which left her with permanent injuries.

26.

Defendant Southerland designed, tested, manufactured, marketed, distributed, and sold the subject mattress and placed it into the stream of commerce.

27.

Defendant Southerland, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

28.

At the time Defendant Southerland manufactured, marketed, distributed, and sold the subject mattress, Defendant Southerland could reasonably have foreseen and did, in fact, foresee the possibility that the subject mattress may malfunction such as the failure described in this Complaint.

29.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design chosen by Defendant Southerland, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Southerland, which would have prevented these injuries.

30.

At all times relevant to this Complaint, Defendant Southerland, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so that it was not defective, was reasonably safe, and was fit for its ordinary purpose.

31.

Due to Defendant Southerland's negligent and defective design of the subject mattress, Plaintiffs were injured and suffered losses.

32.

Defendant Southerland breached its duty to exercise reasonable care as described in the paragraphs set forth above.

33.

Defendant Hickory Springs designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

34.

Defendant Hickory Springs, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

35.

At the time Defendant Hickory Springs manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and

did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

36.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and manufacture of the springs chosen by Defendant Hickory Springs, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

37.

At all times relevant to this Complaint, Defendant Hickory Springs, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

38.

Due to Defendant Hickory Springs' negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

39.

Defendant Hickory Springs breached their duty to exercise reasonable care as described in the paragraphs set forth above.

40.

Defendant Leggett & Platt designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

41.

Defendant Leggett & Platt, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

42.

At the time Defendant Leggett & Platt manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

43.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and manufacture of the springs chosen by Defendant Leggett & Platt, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

44.

At all times relevant to this Complaint, Defendant Leggett & Platt, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

45.

Due to Defendant Leggett & Platt's negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

46.

Defendant Leggett & Platt breached its duty to exercise reasonable care as described in the paragraphs set forth above.

47.

Defendants Southerland, Hickory Springs and Leggett & Platt failed to warn Plaintiffs of the hazard presented to foreseeable users presented by the subject mattress despite knowing of such risks attendant in their mattresses.

48.

At all times relevant to this Complaint, Defendant Crete, by and through its agent Defendant Feagan, and others, failed to select and maintain safe mattresses in its truck thereby exposing Plaintiff Veronica Whitehead to an unreasonable risk of harm.

49.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, failed to inspect the subject mattress.

50.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, were aware that many of its drivers had experienced and were experiencing problems with similar mattresses.

51.

Additionally, at all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, was grossly negligent in failing to take appropriate action to ensure the subject mattress was safe for use.

52.

At the time of the subject incident, Defendant Feagan was an employee of Defendant Crete.

53.

At the time of the subject incident, Defendant Feagan was acting in the course and scope of his employment with Defendant Crete.

54.

Defendant Feagan's job duties at the time of the subject incident included the supervision, inspection, and maintenance of the subject tractor and the subject mattress as he worked in the parts department at Crete's Marietta, Georgia terminal.

55.

At all times relevant to this Complaint, Defendant Feagan failed to maintain the subject tractor and mattress in an operable and safe condition.

56.

At all times pertinent herein, Defendant Feagan failed to inspect the subject mattress.

57.

Additionally, at all times relevant to this Complaint, Defendant Feagan failed to take appropriate action to ensure the subject mattress was safe for use when he knew, or should have known, the subject mattress and those like it, were prematurely failing and presenting a risk to foreseeable users.

58.

Due to the negligence of Defendants, a spring on the subject mattress punctured Plaintiff Veronica Whitehead causing her injuries and Plaintiffs' losses as pled below.

59.

At all times relevant to this Complaint, Plaintiff John Whitehead has been and is married to Plaintiff Veronica Whitehead.

60.

As a result of the subject incident, Plaintiff Veronica Whitehead incurred injuries to her mind and body and has experienced, experiences, and will continue to experience mental and physical pain and suffering as a result of said injuries.

61.

As a result of the subject incident, Plaintiff Veronica Whitehead has incurred past medical expenses, will likely incur future medical expenses and her physical health and quality of life have been significantly impaired.

62.

As a result of the subject incident, Plaintiff John Whitehead has suffered and will continue to suffer the loss of services of his wife, Veronica Whitehead.

### III. LIABILITY OF DEFENDANTS

63.

Defendant Southerland is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Southerland is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)    Negligent design;

(b)     Negligent testing;

(c)     Negligent inspection, manufacture, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject mattress and those similarly designed and manufactured.

64.

Defendant Hickory Springs is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Hickory Springs is also liable for its negligent acts and omissions which include, but are not limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent manufacture, inspection, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject springs and those similarly designed and manufactured.

65.

Defendant Leggett & Platt is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Leggett & Platt is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent manufacture, inspection, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject springs and those similarly designed and manufactured.

66.

Defendant Crete is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

(a)    Respondeat superior for its employees and agents, including but not limited to Defendant Feagan; and

(b)    Gross negligence in failing to properly maintain, inspect, replace, and/or warn of the subject mattress.

67.

Defendant Feagan is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, gross negligence in failing to properly maintain, inspect, replace, and warn of the mattress to ensure it was safe for its intended and foreseeable use.

68.

The conduct of Defendants, individually and in concert with each other, proximately caused Plaintiff Veronica Whitehead's injuries, losses, and resulting damages.

69.

The conduct of Defendants Southerland, Hickory Springs, and Leggett & Platt, individually and in concert with each other, proximately caused Plaintiff John Whitehead's individual losses and resulting damages.

## IV. DAMAGES CLAIMED

70.

The damages claimed by Plaintiff Veronica Whitehead are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, Leggett & Platt, Crete, and Feagan for which they are liable jointly and severally.

71.

The damages claimed by Plaintiff John Whitehead, Individually, are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, and Leggett & Platt for which they are liable jointly and severally.

72.

As a result of the above-described incident, Plaintiff Veronica Whitehead sustained serious and painful injuries to her body and mind and suffered and continues to suffer mentally and physically. Plaintiff likewise has incurred medical bills and has lost and will lose income and benefits in the future as a result of the incident.

73.

Plaintiff Veronica Whitehead claims general damages for all elements of the mental and physical suffering she endured, she endures, and she will endure in the future, as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury.

74.

Plaintiff Veronica Whitehead claims as special damages past and future medical expenses that have been incurred and will be incurred as a result of the injuries she sustained, in such amounts as the jury deems to be the reasonable value of those services.

75.

Plaintiff John Whitehead, Individually, seeks compensatory damages for loss of consortium and loss of services in an amount to be measured by the enlightened conscience of a fair and impartial jury. Plaintiff John Whitehead seeks compensatory damages for miscellaneous expenses and damages to care for his wife.

## V. PRAYER FOR RELIEF

76.

WHEREFORE, Plaintiffs pray for the following relief:

(a)    That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)    That a guardian ad litem be appointed for Veronica Whitehead;

(b)    That Plaintiffs have a trial by jury;

(c)    That Plaintiffs have and recover damages sufficient to compensate them fully, fairly, and completely for all losses compensable under Georgia law;

(d)    That all costs be cast against Defendants; and

(e)    For such other and further relief as this Court deems just and appropriate.

This 16th day of March 2018.

Respectfully Submitted,
COOK LAW GROUP, LLC.

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503

678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry, NE
Atlanta, Georgia 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

*Attorneys for Plaintiffs*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD, Individually and as Next | * | |
| Friend of VERONICA WHITEHEAD, and | * | |
| VERONICA WHITEHEAD, Individually by | * | |
| and through her Next Friend, JOHN | * | |
| WHITEHEAD, | * | |
| | * | |
|     Plaintiffs, | * | |
| | * | CIVIL ACTION FILE |
| v. | * | NO.: 17-C-07785-S1 |
| | * | |
| SOUTHERLAND, INC. (TN), HICKORY | * | |
| SPRINGS MANUFACTURING COMPANY, | * | |
| LEGGETT & PLATT, INCORPORATED, | * | |
| CRETE CARRIER CORPORATION and | * | |
| JASON FEAGAN, | * | |
| | * | |
|     Defendants. | * | |

## CERTIFICATE OF SERVICE

The undersigned, attorneys for Plaintiffs in the above-styled case, hereby certify that they have this day served all parties with a copy of the within and foregoing by forwarding VIA STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

Marvin D. Dikeman
Webb, Zschunke, Neary & Dikeman LLP
mdikeman@wznd.net
*Attorney for Defendants Crete Carrier Corporation and Jason Feagan*

William H. Major, III
David H. Wilson
Hawkins Parnell Thackston & Young LLP
wmajor@hptylaw.com
dwilson@hptylaw.com
*Attorneys for Defendant Leggett & Platt Incorporated*

Page 18 of 19

Bernard F. Kistler, Jr.
bernard_kistler@staffdefense.com
*Attorney for Defendant Southerland, Inc.*

Stevan A. Miller
Lisa R. Richardson
Drew Eckl & Farnham, LLP
smiller@deflaw.com
lrichardson@deflaw.com
*Attorneys for Defendant Hickory Springs Manufacturing Company*

This 16th day of March 2018.

Matthew E. Cook
Kate S. Cook
Robert H. Childres III

Page **19 of 19**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

18 OCT -1 PM 4: 03

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD and | * | |
| VERONICA WHITEHEAD, ward, by | * | |
| and through her duly appointed Guardian | * | |
| VALERIE BROOKS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | CIVIL ACTION FILE |
| v. | * | NO.: 17-C-07785-S1 |
| | * | |
| SOUTHERLAND, INC., HICKORY | * | |
| SPRINGS MANUFACTURING COMPANY, | * | |
| LEGGETT & PLATT, INCORPORATED, | * | |
| CRETE CARRIER CORPORATION and | * | |
| JASON FEAGAN, | * | |
| | * | |
| Defendants. | * | |

## SECOND AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs in the above-styled action and hereby show the Court the following:

### I. PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs John Whitehead and Veronica Whitehead are residents of Georgia and were married at all times pertinent to this Action. Valerie Brooks is the Guardian of Veronica Whitehead and brings this action on her behalf.

At all times relevant to this dispute, including the signing of any documents and purported agreements with Defendant Crete, Veronica Whitehead was mentally incompetent due to mental retardation.

Plaintiff Veronica Whitehead has been legally incompetent due to mental retardation her entire adult life.

2.

On December 27, 2015, Plaintiff John Whitehead was driving a tractor-trailer for Defendant Crete Carrier Corporation while his wife, Veronica Whitehead, was resting on a mattress in the sleeper berth of the tractor. Plaintiff Veronica Whitehead was injured when a metal wire came through the mattress she was using and punctured her skin which led to a severe infection and serious personal injury. The subject incident occurred due to the negligence of Defendants who improperly designed, manufactured, maintained, inspected and/or supplied the subject mattress for use.

3.

Plaintiff Veronica Whitehead asserts claims by and through her Guardian, Valerie Brooks, against all Defendants in this civil action which arise out of the incident described in the preceding paragraph.

4.

Plaintiff John Whitehead asserts his individual claims against Defendants Southerland, Inc., Hickory Springs Manufacturing Company, and Leggett & Platt in this civil action which arise out of the incident described in paragraph 2.

5.

Defendant Southerland, Inc. ("Southerland") is a foreign corporation with its principal business address located at 1973 Southerland Drive, Nashville, TN 37207. Defendant Southerland may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

6.

Defendant Southerland is subject to the jurisdiction of this Court because Southerland is

duly authorized to do business in the State of Georgia.

7.

Venue is proper in this Court with respect to Defendant Southerland because it maintains a registered agent for service of process in Gwinnett County, Georgia.

8.

Defendant Hickory Springs Manufacturing Company ("Hickory Springs") is a foreign corporation with its principal business address located at P.O. Box 128, Hickory, NC 28603-0128. Defendant Hickory Springs may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

9.

Defendant Hickory Springs is subject to the jurisdiction of this Court because Hickory Springs is duly authorized to do business in the State of Georgia.

10.

Venue is proper in this Court with respect to Defendant Hickory Springs because it maintains a registered agent for service of process in Gwinnett County, Georgia.

11.

Defendant Leggett & Platt, Incorporated ("Leggett & Platt") is a foreign corporation with its principal business address located at 1 Leggett Road, Carthage, MO 34836-0757. Defendant Leggett & Platt may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

12.

Defendant Leggett & Platt is subject to the jurisdiction of this Court because Leggett & Platt is duly authorized to do business in the State of Georgia.

13.

Venue is proper in this Court with respect to Defendant Leggett & Platt because it maintains a registered agent for service of process in Gwinnett County, Georgia.

14.

Defendant Crete Carrier Corporation ("Crete") is a foreign corporation with its principal business address located at 400 N.W. 56th St., Lincoln, NE 68528. Defendant Crete may be served with process through its Registered Agent, C T Corporation System at 289 S Culver St, Gwinnett County, Lawrenceville, GA 30046-4805.

15.

Defendant Crete is subject to the jurisdiction of this Court because Crete is duly authorized to do business in the State of Georgia and is transacting and doing business in Cobb County, Georgia.

16.

Venue is proper in this Court with respect to Defendant Crete because it maintains a registered agent for service of process in Gwinnett County, Georgia.

17.

Defendant Jason Feagan ("Feagan") is a resident of Dallas, Paulding County, Georgia with a last known residence of 235 Charleston Pkwy, Dallas, GA 30157 where he may be served with legal process.

18.

Defendant Feagan is subject to the jurisdiction of this Court because he is a resident of this State.

19.

Venue is proper in this Court as to Defendant Feagan because venue is proper as to a joint tortfeasor.

## II. OPERATIVE FACTS

20.

On December 27, 2015, at the time of the subject incident, Plaintiff John Whitehead was employed as a truck driver for Defendant Crete.

21.

At the time of the subject incident, Defendant Crete provided a tractor ("subject tractor") to Mr. Whitehead for his use in furtherance of Crete's business.

22.

The subject tractor had a sleeper berth which was equipped with a mattress designed and manufactured by Southerland.

23.

The subject mattress was constructed from coil springs supplied by Hickory Springs and/or Leggett & Platt.

24.

At the times herein, Plaintiff Veronica Whitehead was permitted to occupy the subject tractor as a passenger by Crete.

25.

On December 27, 2015, Plaintiff Veronica Whitehead was traveling with her husband in the subject tractor using the subject mattress. While using the mattress a metal wire spring from the interior of subject mattress came through the mattress, suddenly and without warning, and

punctured Veronica Whitehead's skin. That puncture would lead to a serious, life threatening infection which left her with permanent injuries.

26.

Defendant Southerland designed, tested, manufactured, marketed, distributed, and sold the subject mattress and placed it into the stream of commerce.

27.

Defendant Southerland, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

28.

At the time Defendant Southerland manufactured, marketed, distributed, and sold the subject mattress, Defendant Southerland could reasonably have foreseen and did, in fact, foresee the possibility that the subject mattress may malfunction such as the failure described in this Complaint.

29.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design chosen by Defendant Southerland, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Southerland, which would have prevented these injuries.

Page 6 of 19

30.

At all times relevant to this Complaint, Defendant Southerland, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair the subject mattress so that it was not defective, was reasonably safe, and was fit for its ordinary purpose.

31.

Due to Defendant Southerland's negligent and defective design of the subject mattress, Plaintiffs were injured and suffered losses.

32.

Defendant Southerland breached its duty to exercise reasonable care as described in the paragraphs set forth above.

33.

Defendant Hickory Springs designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

34.

Defendant Hickory Springs, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

35.

At the time Defendant Hickory Springs manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and

did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

36.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and manufacture of the springs chosen by Defendant Hickory Springs, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

37.

At all times relevant to this Complaint, Defendant Hickory Springs, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

38.

Due to Defendant Hickory Springs' negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

39.

Defendant Hickory Springs breached their duty to exercise reasonable care as described in the paragraphs set forth above.

40.

Defendant Leggett & Platt designed, tested, manufactured, marketed, distributed, and sold the springs used in the subject mattress and placed them into the stream of commerce.

41.

Defendant Leggett & Platt, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiffs in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

42.

At the time Defendant Leggett & Platt manufactured, marketed, distributed, and sold the springs in the subject mattress, Defendant Hickory Springs could reasonably have foreseen and did, in fact, foresee the occurrence of malfunctioning springs or mattresses such as the one described in this Complaint.

43.

The subject mattress was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject incident because the design and manufacture of the springs chosen by Defendant Leggett & Platt, was not reasonable, the risks of those designs outweighed the utility of those designs, and other alternative designs that were safer, feasible, and technologically available for those systems were not implemented by Defendant Hickory Springs, which would have prevented these injuries.

44.

At all times relevant to this Complaint, Defendant Leggett & Platt, by and through its agents, failed to exercise reasonable care to design, test, manufacture, inspect, market, distribute, recall, and repair its springs so that the subject mattress was not defective, was reasonably safe, and was fit for its ordinary purpose.

45.

Due to Defendant Leggett & Platt's negligent and defective design and manufacture of the springs in the subject mattress, Plaintiffs suffered injuries and losses.

46.

Defendant Leggett & Platt breached its duty to exercise reasonable care as described in the paragraphs set forth above.

47.

Defendants Southerland, Hickory Springs and Leggett & Platt failed to warn Plaintiffs of the hazard presented to foreseeable users presented by the subject mattress despite knowing of such risks attendant in their mattresses.

48.

At all times relevant to this Complaint, Defendant Crete, by and through its agent Defendant Feagan, and others, failed to select and maintain safe mattresses in its truck thereby exposing Plaintiff Veronica Whitehead to an unreasonable risk of harm.

49.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, failed to inspect the subject mattress.

50.

At all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, were aware that many of its drivers had experienced and were experiencing problems with similar mattresses.

51.

Additionally, at all times relevant to this Complaint, Defendant Crete, by and through its agents and employees, including but not limited to Defendant Feagan, was grossly negligent in failing to take appropriate action to ensure the subject mattress was safe for use.

52.

At the time of the subject incident, Defendant Feagan was an employee of Defendant Crete.

53.

At the time of the subject incident, Defendant Feagan was acting in the course and scope of his employment with Defendant Crete.

54.

Defendant Feagan's job duties at the time of the subject incident included the supervision, inspection, and maintenance of the subject tractor and the subject mattress as he worked in the parts department at Crete's Marietta, Georgia terminal.

55.

At all times relevant to this Complaint, Defendant Feagan failed to maintain the subject tractor and mattress in an operable and safe condition.

56.

At all times pertinent herein, Defendant Feagan failed to inspect the subject mattress.

57.

Additionally, at all times relevant to this Complaint, Defendant Feagan failed to take appropriate action to ensure the subject mattress was safe for use when he knew, or should have

known, the subject mattress and those like it, were prematurely failing and presenting a risk to foreseeable users.

58.

Due to the negligence of Defendants, a spring on the subject mattress punctured Plaintiff Veronica Whitehead causing her injuries and Plaintiffs' losses as pled below.

59.

At all times relevant to this Complaint, Plaintiff John Whitehead has been and is married to Plaintiff Veronica Whitehead.

60.

As a result of the subject incident, Plaintiff Veronica Whitehead incurred injuries to her mind and body and has experienced, experiences, and will continue to experience mental and physical pain and suffering as a result of said injuries.

61.

As a result of the subject incident, Plaintiff Veronica Whitehead has incurred past medical expenses, will likely incur future medical expenses and her physical health and quality of life have been significantly impaired.

62.

As a result of the subject incident, Plaintiff John Whitehead has suffered and will continue to suffer the loss of services of his wife, Veronica Whitehead.

### III. LIABILITY OF DEFENDANTS

63.

Defendant Southerland is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Southerland is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)    Negligent design;

(b)    Negligent testing;

(c)    Negligent inspection, manufacture, assembly and construction;

(d)    Failing to warn of the risks attendant for users of the mattress; and

(e)    Failure to recall the subject mattress and those similarly designed and manufactured.

64.

Defendant Hickory Springs is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Hickory Springs is also liable for its negligent acts and omissions which include, but are not limited to, the following:

(a)    Negligent design;

(b)    Negligent testing;

(c)    Negligent manufacture, inspection, assembly and construction;

(d)    Failing to warn of the risks attendant for users of the mattress; and

(e)    Failure to recall the subject springs and those similarly designed and manufactured.

65.

Defendant Leggett & Platt is strictly liable to Plaintiffs under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiffs. Defendant Leggett & Platt is also liable for its negligent acts and omissions which include, but are not necessarily limited to, the following:

(a)     Negligent design;

(b)     Negligent testing;

(c)     Negligent manufacture, inspection, assembly and construction;

(d)     Failing to warn of the risks attendant for users of the mattress; and

(e)     Failure to recall the subject springs and those similarly designed and manufactured.

66.

Defendant Crete is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

(a)     Respondeat superior for its employees and agents, including but not limited to Defendant Feagan; and

(b)     Gross negligence in failing to properly maintain, inspect, replace, and/or warn of the subject mattress.

67.

Defendant Feagan is liable to Plaintiff Veronica Whitehead for the following tortious acts and omissions, which include, but are not necessarily limited to, gross negligence in failing to properly maintain, inspect, replace, and warn of the mattress to ensure it was safe for its intended and foreseeable use.

68.

The conduct of Defendants, individually and in concert with each other, proximately caused Plaintiff Veronica Whitehead's injuries, losses, and resulting damages.

69.

The conduct of Defendants Southerland, Hickory Springs, and Leggett & Platt, individually and in concert with each other, proximately caused Plaintiff John Whitehead's individual losses and resulting damages.

IV. DAMAGES CLAIMED

70.

The damages claimed by Plaintiff Veronica Whitehead are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, Leggett & Platt, Crete, and Feagan for which they are liable jointly and severally.

71.

The damages claimed by Plaintiff John Whitehead, Individually, are proximately caused by the tortious acts and omissions of Defendants Southerland, Hickory Springs, and Leggett & Platt for which they are liable jointly and severally.

72.

As a result of the above-described incident, Plaintiff Veronica Whitehead sustained serious and painful injuries to her body and mind and suffered and continues to suffer mentally and physically. Plaintiff likewise has incurred medical bills and has lost and will lose income and benefits in the future as a result of the incident.

'73.

Plaintiff Veronica Whitehead claims general damages for all elements of the mental and physical suffering she endured, she endures, and she will endure in the future, as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury.

74.

Plaintiff Veronica Whitehead claims as special damages past and future medical expenses that have been incurred and will be incurred as a result of the injuries she sustained, in such amounts as the jury deems to be the reasonable value of those services.

75.

Plaintiff John Whitehead, Individually, seeks compensatory damages for loss of consortium and loss of services in an amount to be measured by the enlightened conscience of a fair and impartial jury. Plaintiff John Whitehead seeks compensatory damages for miscellaneous expenses and damages to care for his wife.

### V. PRAYER FOR RELIEF

76.

WHEREFORE, Plaintiffs pray for the following relief:

(a)     That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)     That Plaintiffs have a trial by jury;

(c)     That Plaintiffs have and recover damages sufficient to compensate them fully, fairly, and completely for all losses compensable under Georgia law;

(d)     That all costs be cast against Defendants; and

(e)     For such other and further relief as this Court deems just and appropriate.

This 1st day of October 2018.

Respectfully Submitted,
COOK LAW GROUP, LLC.

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry, NE
Atlanta, Georgia 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

*Attorneys for Plaintiffs*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and                      *
VERONICA WHITEHEAD, ward, by            *
and through her duly appointed Guardian *
VALERIE BROOKS,                         *
                                        *
        Plaintiffs,                     *
                                        *
                                        *        CIVIL ACTION FILE
v.                                      *        NO.: 17-C-07785-S1
                                        *
SOUTHERLAND, INC., HICKORY              *
SPRINGS MANUFACTURING COMPANY,          *
LEGGETT & PLATT, INCORPORATED,          *
CRETE CARRIER CORPORATION and           *
JASON FEAGAN,                           *
                                        *
        Defendants.                     *

## CERTIFICATE OF SERVICE

The undersigned, attorneys for Plaintiffs in the above-styled case, hereby certify that they

have this day served all parties with a copy of the within and foregoing by forwarding VIA

STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed

thereto and addressed as follows:


Marvin D. Dikeman
Webb, Zschunke, Neary & Dikeman LLP
mdikeman@wznd.net
*Attorney for Defendants Crete Carrier Corporation and Jason Feagan*


William H. Major, III
David H. Wilson
Hawkins Parnell Thackston & Young LLP
wmajor@hptylaw.com
dwilson@hptylaw.com
*Attorneys for Defendant Leggett & Platt Incorporated*

Bernard F. Kistler, Jr.
Brian Miller
bernard_kistler@staffdefense.com
brian_miller@staffdefense.com
*Attorney for Defendant Southerland, Inc.*

Stevan A. Miller
Lisa R. Richardson
Drew Eckl & Farnham, LLP
smiller@deflaw.com
lrichardson@deflaw.com
*Attorneys for Defendant Hickory Springs Manufacturing Company*

This 1st day of October 2018.

Matthew E. Cook
Kate S. Cook
Robert H. Childres III

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**17-C-07785-S1**

**3/5/2019 4:40 PM**

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and                          *
VERONICA WHITEHEAD, ward, by            *
and through her duly appointed Guardian   *
VALERIE BROOKS,                              *
                                                  *
    Plaintiffs,                          *
                                                  *       CIVIL ACTION FILE
v.                                                *       NO.: 17-C-07785-S1
                                                  *
SOUTHERLAND, INC., HICKORY         *
SPRINGS MANUFACTURING COMPANY, *
LEGGETT & PLATT, INCORPORATED,   *
CRETE CARRIER CORPORATION and     *
JASON FEAGAN,                             *
                                                  *
    Defendants.                           *

## **THIRD AMENDED COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs in the above-styled action and amend their Complaint, keeping all

prior allegations and adding as follows:

1.

Prior to the subject incident, Defendants Southerland, Inc., and Hickory Springs

Manufacturing Company ("HSM") knew that wires from coil wire mattresses could protrude

through the mattress cover and potentially cause injury to foreseeable users.

2.

In fact, just one month prior to the sale of the subject mattress, HSM tested a spring pack

identical to the one at issue in this case. During such testing, the spring pack experienced 8 broken

coil wires. Despite such failures and despite the knowledge that broken coil wires could cause

injury to foreseeable users of its spring pack, HSM made no changes to the design of the spring

pack at issue and issued no warning to foreseeable users of such hazard.

3.

Despite these known instances of wire failures and the hazards of wires protruding through mattress covers, neither Defendant Southerland nor Defendant HSM took steps to correct the known issues and/or to protect or warn consumers, such as Plaintiffs, against such hazards.

4.

Defendant Southerland's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

5.

Defendant HSM's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

6.

Defendant Southerland is liable for punitive damages pursuant to O.C.G.A. § 51-12-5.1.

7.

Defendant HSM is liable for punitive damages pursuant to O.C.G.A. § 51-12-5.1.

8.

Plaintiffs seek punitive damages against Defendant Southerland in an amount sufficient to punish, penalize, and deter Defendant Southerland, as determined by the enlightened conscience of a fair and impartial jury.

9.

Plaintiffs seek punitive damages against Defendant HSM in an amount sufficient to punish, penalize, and deter Defendant HSM, as determined by the enlightened conscience of a fair and impartial jury.

This 5th day of March 2019.

Respectfully submitted,
COOK LAW GROUP, LLC

/s/ Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
Nathan R. Nicholson
Georgia Bar No. 390553
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com
,nathan@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry, NE
Atlanta, Georgia 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

**Attorneys for Plaintiffs**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and                          *
VERONICA WHITEHEAD, ward, by                *
and through her duly appointed Guardian     *
VALERIE BROOKS,                             *
                                            *
        Plaintiffs,                         *
                                            *      CIVIL ACTION FILE
v.                                          *      NO.: 17-C-07785-S1
                                            *
SOUTHERLAND, INC., HICKORY                  *
SPRINGS MANUFACTURING COMPANY,              *
LEGGETT & PLATT, INCORPORATED,              *
CRETE CARRIER CORPORATION and               *
JASON FEAGAN,                               *
                                            *
        Defendants.                         *

## **CERTIFICATE OF SERVICE**

The undersigned, attorneys for Plaintiffs in the above-styled case, hereby certify that they

have this day served all parties with a copy of the within and foregoing by forwarding VIA

STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed

thereto and addressed as follows:


Marvin D. Dikeman
Webb, Zschunke, Neary & Dikeman LLP
mdikeman@wznd.net
*Attorney for Defendants Crete Carrier Corporation and Jason Feagan*


Bernard F. Kistler, Jr.
Brian Miller
bernard_kistler@staffdefense.com
brian_miller@staffdefense.com
*Attorneys for Defendant Southerland, Inc.*

Stevan A. Miller
Lisa R. Richardson
Drew Eckl & Farnham, LLP
smiller@deflaw.com
lrichardson@deflaw.com
***Attorneys for Defendant Hickory Springs Manufacturing Company***

This 5th day of March 2019.

/s/ Matthew E. Cook
Matthew E. Cook
Kate S. Cook
Robert H. Childres III
Nathan R. Nicholson

# EXHIBIT B



## AFFIDAVIT OF SERVICE

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2018 JAN -9 PM 3: 11

RICHARD ALEXANDER, CLERK

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 17C07785-1

Plaintiff:
**John Whitehead, Individually and as Next Friend of Veronica
Whitehead, Veronica Whitehead, Individually by and through her Next
Friend, John Whitehead**

vs.

Defendant:
**Southerland Inc. (TN), et al.**

For:
Matthew E. Cook
Cook Law Group, LLC

Received by Ancillary Legal Corporation on the 22nd day of December, 2017 at 9:11 am to be served on
**Crete Carrier Corporation c/o CT Corporation System, RA, 289 S. Culver St., Lawrenceville, GA 30046**.

I, Aaron Lair, being duly sworn, depose and say that on the **27th day of December, 2017 at 11:30 am, I:**

served **Crete Carrier Corporation c/o CT Corporation System, RA** by delivering a true copy of the
**Summons, Complaint, Plaintiffs' First Requests for Admission of Facts to Defendant Southerland,
Inc., Plaintiffs' First Requests for Admission of Facts to Defendant Crete Carrier Corporation,
Plaintiffs' First Requests for Admission of Facts to Defendant Jason Feagan, Plaintiff's First
Continuing Interrogatories to Defendant Southerland, Inc., Plaintiff's First Requests for Production
of Documents and Thing to Defendant Southerland, Inc., Plaintiffs' First Requests for Admission
of Facts to Defendant Hickory Springs Manufacturing Company, Plaintiff's First Continuing
Interrogatories to Defendant Hickory Springs Manufacturing Company, Plaintiff's First Requests
for Production of Documents and Things to Defendant Hickory Springs Manufacturing Company,
Plaintiffs' First Requests for Admission of Facts to Defendant Leggett & Platt, Incorporated,
Plaintiff's First Continuing Interrogatories to Defendant Leggett & Platt, Incorporated, Plaintiff's
First Requests for Production of Documents and Things to Defendant Leggett & Platt,
Incorporated, Plaintiffs' First Requests for Admission of Facts to Defendant Leggett & Platt, Incorporated, Plaintiffs'
First Requests for Production of Documents to Defendant Crete Carrier Corporation, Plaintiffs'
First Interrogatories to Defendant Jason Feagan, Plaintiffs' First Requests for Production of
Documents to Defendant Jason Feagan, General Civil Case Filing Information Form** to: CT
Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks, process
specialist, as **Authorized Agent** at the address of: **289 S. Culver St., Lawrenceville, GA 30046** .

## AFFIDAVIT OF SERVICE For 17C07785-1

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 8th day of January, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

Aaron Lair
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle NE**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2017005177
Ref: Whitehead

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.2a



## AFFIDAVIT OF SERVICE

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2018 JAN -9 PH 3: 11

RICHARD ALEXANDER. CLERK

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 17C07785-1

Plaintiff:
**John Whitehead, Individually and as Next Friend of Veronica
Whitehead, Veronica Whitehead, Individually by and through her Next
Friend, John Whitehead**

vs.

Defendant:
**Southerland Inc. (TN), et al.**

For:
Matthew E. Cook
Cook Law Group, LLC

Received by Ancillary Legal Corporation on the 22nd day of December, 2017 at 9:11 am to be served on
**Jason Feagan, 1225 Williams Drive, Marietta, GA 30066.**

I, Catherina Pilar Folds, being duly sworn, depose and say that on the **22nd day of December, 2017 at 4:15
pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, Complaint, Plaintiffs'
First Requests for Admission of Facts to Defendant Southerland, Inc.,Plaintiffs' First Requests for
Admission of Facts to Defendant Crete Carrier Corporation, Plaintiffs' First Requests for
Admission of Facts to Defendant Jason Feagan,Plaintiff's First Continuing Interrogatories to
Defendant Southerland, Inc., Plaintiff's First Requests for Production of Documents and Thing to
Defendant Southerland, Inc., Plaintiffs' First Requests for Admission of Facts to Defendant Hickory
Springs Manufacturing Company, Plaintiff's First Continuing Interrogatories to Defendant Hickory
Springs Manufacturing Company, Plaintiff's First Requests for Production of Documents and
Things to Defendant Hickory Springs Manufacturing Company, Plaintiffs' First Requests for
Admission of Facts to Defendant Leggett & Platt, Incorporated, Plaintiff's First Continuing
Interrogatories to Defendant Leggett & Platt, Incorporated, Plaintiff's First Requests for Production
of Documents and Things to Defendant Leggett & Platt, Incorporated, Plaintiffs' First
Interrogatories to Defendant Crete Carrier Corporation, Plaintiffs' First Requests for Production of
Documents to Defendant Crete Carrier Corporation, Plaintiffs' First Interrogatories to Defendant
Jason Feagan, Plaintiffs' First Requests for Production of Documents to Defendant Jason Feagan,
General Civil Case Filing Information Form** to: Jason Feagan at the address of: **1225 Williams Drive,
Marietta, GA 30066.**

**Additional Information pertaining to this Service:**
12/22/2017 4:15 pm  Served personally at 1225 Williams Drive Marietta Georgia 30066. He can be
described as a white male, age 42, 5'11" tall weighing 185 pounds with short gray hair. He identified himself
as Jason Feagan, when I attempted to serve him the papers he would not accept them from my hand and I
dropped him at his feet.

## AFFIDAVIT OF SERVICE For 17C07785-1

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 8th day of January, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Catherina Pilar Folds
Process Server

Ancillary Legal Corporation
74 Goldrush Circle NE
Atlanta, GA 30328
(404) 459-8006

Our Job Serial Number: ANC-2017005173
Ref: Whitehead

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2e

**AFFIDAVIT OF SERVICE**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2018 JAN -9 PM 3: 11

State of Georgia                    County of Gwinnett                    **State Court**

RICHARD ALEXANDER, CLERK

Case Number: 17C07785-1

Plaintiff:
**John Whitehead, Individually and as Next Friend of Veronica
Whitehead, Veronica Whitehead, Individually by and through her Next
Friend, John Whitehead**

vs.

Defendant:
**Southerland Inc. (TN), et al.**

For:
Matthew E. Cook
Cook Law Group, LLC

Received by Ancillary Legal Corporation on the 22nd day of December, 2017 at 9:11 am to be served on
**Hickory Springs Manufacturing Company c/o CT Corporation System, RA, 289 S. Culver St.,
Lawrenceville, GA 30046.**

I, Aaron Lair, being duly sworn, depose and say that on the 27th day of December, 2017 at 11:30 am, I:

served **Hickory Springs Manufacturing Company c/o CT Corporation System, RA** by delivering a
true copy of the **Summons, Complaint, Plaintiffs' First Requests for Admission of Facts to
Defendant Southerland, Inc., Plaintiffs' First Requests for Admission of Facts to Defendant Crete
Carrier Corporation, Plaintiffs' First Requests for Admission of Facts to Defendant Jason Feagan,
Plaintiff's First Continuing Interrogatories to Defendant Southerland, Inc., Plaintiff's First Requests
for Production of Documents and Thing to Defendant Southerland, Inc., Plaintiffs' First Requests
for Admission of Facts to Defendant Hickory Springs Manufacturing Company, Plaintiff's First
Continuing Interrogatories to Defendant Hickory Springs Manufacturing Company, Plaintiff's First
Requests for Production of Documents and Things to Defendant Hickory Springs Manufacturing
Company, Plaintiffs' First Requests for Admission of Facts to Defendant Leggett & Platt,
Incorporated, Plaintiff's First Continuing Interrogatories to Defendant Leggett & Platt,
Incorporated, Plaintiff's First Requests for Production of Documents and Things to Defendant
Leggett & Platt, Incorporated, Plaintiffs' First Interrogatories to Defendant Crete Carrier
Corporation, Plaintiffs' First Requests for Production of Documents to Defendant Crete Carrier
Corporation, Plaintiffs' First Interrogatories to Defendant Jason Feagan, Plaintiffs' First Requests
for Production of Documents to Defendant Jason Feagan, General Civil Case Filing Information
Form** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks,
process specialist, as **Authorized Agent** at the address of: **289 S. Culver St., Lawrenceville, GA
30046** .

## AFFIDAVIT OF SERVICE For 17C07785-1

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 8th day of January, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

**Aaron Lair**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle NE**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2017005175
Ref: Whitehead

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2e

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2018 JAN -9 PM 3: 11

State Court
RICHARD ALEXANDER, CLERK

Case Number: 17C07785-1

Plaintiff:
**John Whitehead, Individually and as Next Friend of Veronica
Whitehead, Veronica Whitehead, Individually by and through her Next
Friend, John Whitehead**

vs.

Defendant:
**Southerland Inc. (TN), et al.**

For:
Matthew E. Cook
Cook Law Group, LLC

Received by Ancillary Legal Corporation on the 22nd day of December, 2017 at 9:11 am to be served on
**Southerland, Inc. (TN) c/o CT Corporation System, RA, 289 S. Culver St., Lawrenceville, GA 30046.**

I, Aaron Lair, being duly sworn, depose and say that on the **27th day of December, 2017** at **11:30 am, I:**

served **Southerland, Inc. (TN) c/o CT Corporation System, RA** by delivering a true copy of the
**Summons, Complaint, Plaintiffs' First Requests for Admission of Facts to Defendant Southerland,
Inc.,Plaintiffs' First Requests for Admission of Facts to Defendant Crete Carrier Corporation,
Plaintiffs' First Requests for Admission of Facts to Defendant Jason Feagan, Plaintiff's First
Continuing Interrogatories to Defendant Southerland, Inc., Plaintiff's First Requests for Production
of Documents and Thing to Defendant Southerland, Inc., Plaintiffs' First Requests for Admission
of Facts to Defendant Hickory Springs Manufacturing Company, Plaintiff's First Continuing
Interrogatories to Defendant Hickory Springs Manufacturing Company, Plaintiff's First Requests
for Production of Documents and Things to Defendant Hickory Springs Manufacturing Company,
Plaintiffs' First Requests for Admission of Facts to Defendant Leggett & Platt, Incorporated,
Plaintiff's First Continuing Interrogatories to Defendant Leggett & Platt, Incorporated, Plaintiffs'
First Requests for Production of Documents and Things to Defendant Leggett & Platt,
Incorporated, Plaintiffs' First Interrogatories to Defendant Crete Carrier Corporation, Plaintiffs'
First Requests for Production of Documents to Defendant Crete Carrier Corporation, Plaintiffs'
First Interrogatories to Defendant Jason Feagan, Plaintiffs' First Requests for Production of
Documents to Defendant Jason Feagan, General Civil Case Filing Information Form** to: CT
Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks, process
specialist, as **Authorized Agent** at the address of: **289 S. Culver St., Lawrenceville, GA 30046** .

## AFFIDAVIT OF SERVICE For 17C07785-1

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 8th day of January, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

Aaron Lair
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle NE**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2017005174
Ref: Whitehead

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2e

# EXHIBIT C

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**17-C-07785-S1**
**1/3/2022 1:29 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN WHITEHEAD and<br>VERONICA WHITEHEAD, ward, by<br>and through her duly appointed Guardian<br>VALERIE BROOKS,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHERLAND, INC., HICKORY<br>SPRINGS MANUFACTURING COMPANY,<br>CRETE CARRIER CORPORATION and<br>JASON FEAGAN,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*       CIVIL ACTION FILE<br>*       NO.: 17-C-07785-S1<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiffs John Whitehead and Veronica Whitehead, ward, by and through

her duly appointed Guardian Valerie Brooks, and hereby dismisses this entire action *without

prejudice* pursuant to O.C.G.A. § 9-11-41(a).

Respectfully submitted this 3rd day of January, 2022.

Respectfully Submitted,
COOK LAW GROUP, LLC.

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
Nathan R. Nicholson
Georgia Bar No. 390553
P.O. Box 2415
Gainesville, GA  30503

678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com
nathan@cook-lawgroup.com

*/s/Jonathan A. Parrish*
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

*Attorneys for Plaintiffs*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD and | * | |
| VERONICA WHITEHEAD, ward, by | * | |
| and through her duly appointed Guardian | * | |
| VALERIE BROOKS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION FILE |
| v. | * | NO.: 17-C-07785-S1 |
| | * | |
| SOUTHERLAND, INC., HICKORY | * | |
| SPRINGS MANUFACTURING COMPANY, | * | |
| CRETE CARRIER CORPORATION and | * | |
| JASON FEAGAN, | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

The undersigned, attorneys for Plaintiffs in the above-styled case, hereby certify that they have this day served all parties with a copy of the within and foregoing by forwarding VIA STATUTORY ELECTRONIC SERVICE and addressed as follows:

Marvin D. Dikeman
Webb, Zschunke, Neary & Dikeman LLP
mdikeman@wznd.net
*Attorney for Defendants Crete Carrier Corporation and Jason Feagan*

Bernard F. Kistler, Jr.
Brian Miller
bernard_kistler@staffdefense.com
brian_miller@staffdefense.com
*Attorney for Defendant Southerland, Inc.*

Stevan A. Miller
Lisa R. Richardson
Drew Eckl & Farnham, LLP
smiller@deflaw.com
lrichardson@deflaw.com
*Attorneys for Defendant Hickory Springs Manufacturing Company*

This 3rd day of January, 2022.

*/s/Jonathan A. Parrish*
Jonathan A. Parrish

# EXHIBIT D

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and          *
VERONICA WHITEHEAD, ward, by     *
and through her duly appointed Guardian   *
VALERIE BROOKS,            *
                            *
     Plaintiffs,              *
                            *        CIVIL ACTION FILE
v.                          *        NO.: 17-C-07785-S1
                            *
SOUTHERLAND, INC., HICKORY      *
SPRINGS MANUFACTURING COMPANY, *
CRETE CARRIER CORPORATION and   *
JASON FEAGAN,            *
                            *
     Defendants.           *

## AFFIDAVIT OF ABIGAIL YORI

Personally appeared before the undersigned officer, duly authorized to administer oaths,

Abigail Yori, who having been duly sworn states the following:

1.

My name is Abigail Yori, and I am over the age of eighteen (18), suffer from no legal

disabilities, and am otherwise competent to make this Affidavit. The facts stated in this Affidavit

are based upon my personal knowledge, and this Affidavit is made for use in connection with the

above-captioned civil action.

2.

I am a legal assistant for Cook Law Group, LLC, attorneys for Plaintiffs in the above-

captioned civil action.

3.

The law offices of Cook Law Group, LLC, and The Parrish Law Firm represent the Plaintiffs

in the above-captioned civil action.

4.

I confirmed with the Clerk of State Court for Gwinnett County's office that all costs have been paid for the above-captioned civil action, and there are no outstanding fees.

5.

I was informed by the Clerk of State Court for Gwinnett County's office the Clerk's office will not accept nor sign an Affidavit of Costs Paid.

6.

I was informed by the Clerk of State Court for Gwinnett County's office that a receipt for costs paid, which were paid at the time of filing, could not be produced as the case is closed.

This 28ᵗʰ day of June 2022.

Abigail Yori

Sworn to and subscribed before me
this 28 day of June 2022.

Notary Public, State of Georgia
Comm. Expires: 11/4/22

BRIDGET CLINGAN
NOTARY
PUBLIC
GWINNETT COUNTY GEORGIA

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03645-S1**
**6/30/2022 11:29 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN WHITEHEAD and <br> VERONICA WHITEHEAD, ward, by <br> and through her duly appointed Guardian <br> VALERIE BROOKS, <br><br>     Plaintiffs, <br><br> v. <br><br> SOUTHERLAND, INC., HICKORY <br> SPRINGS MANUFACTURING COMPANY, <br> CRETE CARRIER CORPORATION and <br> JASON FEAGAN, <br><br>     Defendants. | CIVIL ACTION FILE <br> NO.: _____ <br><br> 22-C-03645-S1 |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Plaintiffs John Whitehead and Veronica Whitehead, ward, by and through her duly appointed Guardian Valerie Brooks, in the above-captioned action and, pursuant to Uniform State Court Rule 5.2, certifies that Plaintiff is serving the following discovery contemporaneously with service of the Summons and Complaint in this action:

(1) Plaintiffs' First Interrogatories and First Request for Production to Defendant Hickory Springs Manufacturing Corporation.

This 30th day of June, 2022.

Respectfully Submitted,
COOK LAW GROUP, LLC.

/s/Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III

Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com


/s/Jonathan A. Parrish
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
***Attorneys for Plaintiffs***

2

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and   &ast;
VERONICA WHITEHEAD, ward, by   &ast;
and through her duly appointed Guardian   &ast;
VALERIE BROOKS,   &ast;
  &ast;
    Plaintiffs,   &ast;
  &ast;    CIVIL ACTION FILE
v.   &ast;    NO.: 22-C-03645-S1
  &ast;
SOUTHERLAND, INC., HICKORY   &ast;
SPRINGS MANUFACTURING COMPANY, &ast;
CRETE CARRIER CORPORATION and   &ast;
JASON FEAGAN,   &ast;
  &ast;
    Defendants.   &ast;

## PLAINTIFFS' FIRST INTERROGATORIES TO

## DEFENDANT HICKORY SPRINGS MANUFACTURING

COME NOW the Plaintiffs in the above-styled action and serve these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. § 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

1

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    "**Occurrence**" refers to the incident made the basis of the Complaint.

2

4.    (a)    **Identify**" with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    **Identify**" with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

1.

Please identify every supplier of steel rod that provided steel rod or other raw steel materials to Hickory Springs in 2013, 2014, and 2015.

2.

Please identify every supplier of steel rod that provided steel rod or other raw steel materials to Hickory Springs in 2013, 2014, and 2015 for use in the ProAct innerspring system.

3.

Please identify all correspondence with suppliers of steel rod that provided steel rod or other raw steel materials to Hickory Springs in 2013, 2014, and 2015 which reflect or in any way pertain to any quality or potential quality issue with steel.

3

This 30th day of June, 2022.

Respectfully Submitted,
COOK LAW GROUP, LLC.

/s/Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
**Attorneys for Plaintiffs**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and          *
VERONICA WHITEHEAD, ward, by    *
and through her duly appointed Guardian    *
VALERIE BROOKS,          *
                              *
    Plaintiffs,          *
                              *          CIVIL ACTION FILE
v.                            *          NO.: 22-C-03645-S1
                              *
SOUTHERLAND, INC., HICKORY    *
SPRINGS MANUFACTURING COMPANY, *
CRETE CARRIER CORPORATION and    *
JASON FEAGAN,          *
                              *
    Defendants.          *

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HICKORY SPRINGS MANUFACTURING

COME NOW the Plaintiffs and serve these Requests for Production upon the named Defendant and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Plaintiffs' counsel's office at P.O. Box 2415, Gainesville, GA 30503. If documents are voluminous, please contact Plaintiffs' counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    "**Occurrence**" refers to the incident made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

1.

All documents, photos, videos, samples, testing, analysis or any other items regarding the quality of raw materials provided to HSM by any supplier which referenced impurities, nonconforming materials, or any quality issue or potential quality issue in the supplied metal or premature and/or splintered fractures in HSM spring wires.

2.

All tangible items discussing, referencing or addressing in any way premature or splintered fractures in HSM spring wires.

3.

All communications with any person or entity discussing, referencing or addressing in any way premature or splintered fractures in HSM spring wires.

4.

All documents exchanged with any third-party including suppliers discussing, referencing or addressing in any way premature or splintered fractures in HSM wire or the quality of the materials supplied to HSM from which HSM would fashion spring wires.

5.

All correspondence with suppliers of raw steel or steel rods referencing any quality issues or potential quality issues.

This 30th day of June, 2022.

3

Respectfully Submitted,
COOK LAW GROUP, LLC.

/s/Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
**Attorneys for Plaintiffs**

4

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03645-S1**
**6/30/2022 11:29 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN WHITEHEAD and <br> VERONICA WHITEHEAD, ward, by <br> and through her duly appointed Guardian <br> VALERIE BROOKS, <br><br>     Plaintiffs, <br><br> v. <br><br> SOUTHERLAND, INC., HICKORY <br> SPRINGS MANUFACTURING COMPANY, <br> CRETE CARRIER CORPORATION and <br> JASON FEAGAN, <br><br>     Defendants. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \*     CIVIL ACTION FILE <br> \* <br> \*     NO.: _____ <br> \* <br> \*        22-C-03645-S1 <br> \* <br> \* <br> \* <br> \* <br> \* |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Plaintiffs John Whitehead and Veronica Whitehead, ward, by and through her duly appointed Guardian Valerie Brooks, in the above-captioned action and, pursuant to Uniform State Court Rule 5.2, certifies that Plaintiff is serving the following discovery contemporaneously with service of the Summons and Complaint in this action:

(1) Plaintiffs' First Interrogatories and First Request for Production to Defendant Hickory Springs Manufacturing Corporation.

This 30th day of June, 2022.

Respectfully Submitted,
COOK LAW GROUP, LLC.

/s/Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III

Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com


/s/Jonathan A. Parrish
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
***Attorneys for Plaintiffs***

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**
**6/30/2022 11:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOHN WHITEHEAD and       \*
VERONICA WHITEHEAD, ward, by    \*
and through her duly appointed Guardian   \*
VALERIE BROOKS,       \*
      \*
    Plaintiffs,       \*
      \*     CIVIL ACTION FILE
v.       \*     NO.: _____
      \*
SOUTHERLAND, INC., HICKORY    \*     22-C-03645-S1
SPRINGS MANUFACTURING COMPANY,   \*
CRETE CARRIER CORPORATION and    \*
JASON FEAGAN,       \*
      \*
    Defendants.       \*

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:     Crete Carrier Corporation
      c/o Registered Agent C T Corporation System
      289 S Culver St
      Gwinnett County, Lawrenceville, GA 30046-4805

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

MATTHEW E. COOK
COOK, LAW GROUP, LLC
P.O. BOX 2415
GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This _____ day of _____ 2022.

1st day of July, 2022

        TIANA P. GARNER

        Clerk of State Court

        BY: _____
                 Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**
**6/30/2022 11:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOHN WHITEHEAD and     \*
VERONICA WHITEHEAD, ward, by   \*
and through her duly appointed Guardian   \*
VALERIE BROOKS,      \*
         \*
   Plaintiffs,      \*
         \*    CIVIL ACTION FILE
v.          \*    NO.: _____
         \*     22-C-03645-S1
SOUTHERLAND, INC., HICKORY   \*
SPRINGS MANUFACTURING COMPANY,   \*
CRETE CARRIER CORPORATION and   \*
JASON FEAGAN,      \*
         \*
   Defendants.     \*

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    Jason Feagan
            235 Charleston Parkway
            Dallas, GA 30157

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

       MATTHEW E. COOK
       COOK, LAW GROUP, LLC
       P.O. BOX 2415
       GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This _____ day of _____ 2022.

    1st day of July, 2022         TIANA P. GARNER

             Clerk of State Court

             BY: _____
                    Deputy Clerk

Instructions:  Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**
**6/30/2022 11:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOHN WHITEHEAD and       *

VERONICA WHITEHEAD, ward, by       *

and through her duly appointed Guardian       *

VALERIE BROOKS,       *

      *

     Plaintiffs,       *

      *      CIVIL ACTION FILE

v.       *      NO.: _____

      *           22-C-03645-S1

SOUTHERLAND, INC., HICKORY       *

SPRINGS MANUFACTURING COMPANY,       *

CRETE CARRIER CORPORATION and       *

JASON FEAGAN,       *

      *

     Defendants.       *

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:      Hickory Springs Manufacturing Company
c/o Registered Agent Corporation Service Company
2 Sun Court, Suite 400
Gwinnett County, Peachtree Corners, GA 30092

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

MATTHEW E. COOK
COOK, LAW GROUP, LLC
P.O. BOX 2415
GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This _____ day of _____ 2022.

1st day of July, 2022

          TIANA P. GARNER

          Clerk of State Court

          BY: _____
                              Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**
**6/30/2022 11:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| JOHN WHITEHEAD and | * |  |
| VERONICA WHITEHEAD, ward, by | * |  |
| and through her duly appointed Guardian | * |  |
| VALERIE BROOKS, | * |  |
|  | * |  |
| Plaintiffs, | * |  |
|  | * | CIVIL ACTION FILE |
| v. | * | NO.: _____ |
|  | * | 22-C-03645-S1 |
| SOUTHERLAND, INC., HICKORY | * |  |
| SPRINGS MANUFACTURING COMPANY, | * |  |
| CRETE CARRIER CORPORATION and | * |  |
| JASON FEAGAN, | * |  |
|  | * |  |
| Defendants. | * |  |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    Southerland, Inc. (TN)
c/o Registered Agent C T Corporation System
289 S Culver St.
Gwinnett County, Lawrenceville, GA 30046-4805

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

MATTHEW E. COOK
COOK, LAW GROUP, LLC
P.O. BOX 2415
GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 2022.

1st day of July, 2022

TIANA P. GARNER

Clerk of State Court

BY: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03645-S1**
**7/11/2022 8:17 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD and        *
VERONICA WHITEHEAD, ward, by   *
and through her duly appointed Guardian   *
VALERIE BROOKS,             *
                                 *
      Plaintiffs,              *
                                 *         CIVIL ACTION FILE
v.                                  *         NO.: 22-C-03645-S1
                                 *
SOUTHERLAND, INC., HICKORY     *
SPRINGS MANUFACTURING COMPANY, *
CRETE CARRIER CORPORATION and   *
JASON FEAGAN,             *
                                 *
      Defendants.          *

## **NOTICE OF FILING PROOF OF SERVICE**

COMES NOW Plaintiff in the above-styled action, and hereby files with the Court the

following documents:

1. Affidavit of Service on Southerland, Inc.
2. Affidavit of Service on Jason Feagan
3. Affidavit of Service on Hickory Springs Manufacturing Company
4. Affidavit of Service on Crete Carrier Corporation
5. Order Appointing Juhani Allen Fox as a Permanent Process Server for Gwinnett State
   Court, dated January 4, 2022

This 11th day of July, 2022.

                                 Respectfully Submitted,
                                 COOK LAW GROUP, LLC.

                                 /s/Matthew E. Cook
                                 Matthew E. Cook
                                 Georgia Bar No. 184399
                                 Kate S. Cook
                                 Georgia Bar No. 280584
                                 Robert H. Childres III
                                 Georgia Bar No. 721558

P.O. Box 2415
Gainesville, GA 30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com


<u>/s/Jonathan A. Parrish</u>
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com
***Attorneys for Plaintiffs***

2

**CIVIL ACTION NO**: 22-C-03645-S1
**ATTORNEY ADDRESS**:

Jonathan A. Parrish
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141

State  COURT
Gwinnett  COUNTY

John Whitehead, and Veronica Whitehead,
ward, byand through her duly appointed
Guardian, Valerie Brooks,
   *Plaintiffs,*

vs.

Southerland, Inc., Hickory Springs
Manufacturing Company, Crete Carrier
Corporation and Jason Feagan,
   *Defendants.*

**PARTY TO BE SERVED**:
Southerland, Inc., c/o
Registered Agent, CT Corporation System
289 S Culver Street,
Lawrenceville, GA 30046

### AFFIDAVIT OF SERVICE

X  I have served the Defendant, <u>Southerland, Inc.</u>, by serving their Registered Agent,
  CT Corporation System, located at: 289 S Culver Street, Lawrenceville, GA 30046.
  Service of process was accepted by Linda Banks, agent authorized to accept service of
  process on behalf of the Registered Agent, CT Corporation System.
  The Defendant, Southerland, Inc., was served with the following documents:
-  *Filed Summons to Southerland, Inc., Complaint and*
 *Rule 5.2 Certificate of Service of Discovery.*
-  *Copy of First Interrogatories to Defendant, Hickory Springs Manufacturing,*
-  *Copy of First Request for Production of Documents to the Defendant, Hickory*
 *Springs Manufacturing.*

Date of service:  07-01-2022
Time of service:  1:30pm

Served by: _____
     Juhani Fox,
     Process Server

Subscribed and sworn to me on this

_____ day of _____ 2022.

_____
NOTARY PUBLIC



**CIVIL ACTION NO**: 22-C-03645-S1
**ATTORNEY ADDRESS**:

Jonathan A. Parrish
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141

State COURT
Gwinnett COUNTY

John Whitehead, and Veronica Whitehead,
ward, byand through her duly appointed
Guardian, Valerie Brooks,
     *Plaintiffs,*

vs.

Southerland, Inc., Hickory Springs
Manufacturing Company, Crete Carrier
Corporation and Jason Feagan,
     *Defendants.*

**PARTY TO BE SERVED**:
Jason Feagan
235 Charleston Parkway
Dallas, GA 30157

### AFFIDAVIT OF SERVICE

X    I have personally served the Defendant, <u>Jason Feagan,</u> located at his place of employment, Crete Carrier Corporation, 1225 Williams Road, Marietta, GA 30066. The Defendant, Jason Feagan, is described as a white male, approximately 47yrs of age. The Defendant, Jason Feagan, was personally served with the following documents:
- *Filed Summons to Jason Feagan, Complaint and Rule 5.2 Certificate of Service of Discovery.*
- *Copy of First Interrogatories to Defendant, Hickory Springs Manufacturing,*
- *Copy of First Request for Production of Documents to the Defendant, Hickory Springs Manufacturing.*

Date of service: 07-07-2022
Time of service: 9:15am

Served by: _____
           Juhani Fox,
           Process Server

Subscribed and sworn to me on this

9<u>th</u> day of _____July_____ 2022.

_____
NOTARY PUBLIC



**CIVIL ACTION NO**: 22-C-03645-S1
**ATTORNEY ADDRESS**:

Jonathan A. Parrish
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141

State  COURT
Gwinnett  COUNTY

John Whitehead, and Veronica Whitehead,
ward, byand through her duly appointed
Guardian, Valerie Brooks,
     *Plaintiffs,*

vs.

Southerland, Inc., Hickory Springs
Manufacturing Company, Crete Carrier
Corporation and Jason Feagan,
     *Defendants.*

**PARTY TO BE SERVED**:
Hickory Springs Manufacturing Company, c/o
Registered Agent, Corporation Service Company
2 Sun Court, Suite 400,
Peachtree Corners, GA 30092

## AFFIDAVIT OF SERVICE

X    I have served the Defendant, Hickory Springs Manufacturing Company, by serving their Registered Agent, Corporation Service Company, located at:
2 Sun Court, Suite 400, Peachtree Corners, GA 30092.
Service of process was accepted by Barry Smith, agent authorized to accept service of process on behalf of the Registered Agent, Corporation Service Company
The Defendant, Hickory Springs Manufacturing Company was served with the following documents:
- *Filed Summons to Hickory Springs Manufacturing Company, Complaint and Rule 5.2 Certificate of Service of Discovery.*
- *Copy of First Interrogatories to Defendant, Hickory Springs Manufacturing,*
- *Copy of First Request for Production of Documents to the Defendant, Hickory Springs Manufacturing.*

Date of service:  07-01-2022
Time of service:  12:40pm

Served by: _____
        Juhani Fox,
        Process Server

Subscribed and sworn to me on this

_____ day of _____ 2022.

_____
NOTARY PUBLIC



**CIVIL ACTION NO**: 22-C-03645-S1
**ATTORNEY ADDRESS**:

Jonathan A. Parrish
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141

State  COURT
Gwinnett  COUNTY

John Whitehead, and Veronica Whitehead,
ward, byand through her duly appointed
Guardian, Valerie Brooks,
     *Plaintiffs,*

vs.

Southerland, Inc., Hickory Springs
Manufacturing Company, Crete Carrier
Corporation and Jason Feagan,
     *Defendants.*

**PARTY TO BE SERVED**:
Crete Carrier Corporation, c/o
Registered Agent, CT Corporation System
289 S Culver Street,
Lawrenceville, GA 30046

### AFFIDAVIT OF SERVICE

X     I have served the Defendant, <u>Crete Carrier Corporation,</u> by serving their Registered Agent, <u>CT Corporation System,</u> located at:
289 S Culver Street, Lawrenceville, GA 30046.
Service of process was accepted by Linda Banks, agent authorized to accept service of process on behalf of the Registered Agent, CT Corporation System.
The Defendant, Crete Carrier Corporation, was served with the following documents:
- *Filed Summons to Crete Carrier Corporation, Complaint and Rule 5.2 Certificate of Service of Discovery.*
- *Copy of First Interrogatories to Defendant, Hickory Springs Manufacturing,*
- *Copy of First Request for Production of Documents to the Defendant, Hickory Springs Manufacturing.*

Date of service: 07-01-2022
Time of service: 1:30pm

Served by: _____
     Juhani Fox,
     Process Server

Subscribed and sworn to me on this

9ᵗ day of ___Jul___ 2022.

_____
NOTARY PUBLIC



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2022 JAN -4  AM 11: 30

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

**21  C  09233  5**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___4th___ day of ___January___, 20 22.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    Juhani Allen Fox

Address    6207 Benbrooke Drive, NW

Acworth, GA 30101

404-643-9103

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**
6/30/2022 11:29 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett _____ **County**

| **For Clerk Use Only** | |
|---|---|
| | 22-C-03645-S1 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

| Whitehead | Veronica | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Whitehead | John | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Hickory Springs Manufacturing Company | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Southerland, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Crete Carrier Corporation | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Jason Feagan | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Jonathan A. Parrish _____   **Bar Number** 263008   **Self-Represented** ☐

Matthew E. Cook   **Check One Case Type in One Box**   184399

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Dissolution/Divorce/Separate |
| ☐ Contract |     Maintenance |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Paternity/Legitimation |
| ☐ Habeas Corpus | ☐ Support – IV-D |
| ☐ Injunction/Mandamus/Other Writ | ☐ Support – Private (non-IV-D) |
| ☐ Landlord/Tenant | ☐ Other Domestic Relations |
| ☐ Medical Malpractice Tort | |
| ☒ Product Liability Tort | **Post-Judgment – Check One Case Type** |
| ☐ Real Property | ☐ Contempt |
| ☐ Restraining Petition |     ☐ Non-payment of child support, |
| ☐ Other General Civil |       medical support, or alimony |
| | ☐ Modification |
| | ☐ Other/Administrative |

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

17-C-07785-S1 _____   _____
**Case Number**   **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**

**7/28/2022 11:52 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOHN WHITEHEAD and <br> VERONICA WHITEHEAD, ward, by <br> and through her duly appointed Guardian <br> VALERIE BROOKS, <br><br>     Plaintiffs, <br><br> v. <br><br> SOUTHERLAND, INC., HICKORY <br> SPRINGS MANUFACTURING COMPANY, <br> CRETE CARRIER CORPORATION, and <br> JASON FEAGAN, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION FILE <br> )    NO. 22-C-03645-S1 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF DEFENDANTS CRETE CARRIER CORPORATION AND JASON FEAGAN AND COUNTERCLAIM OF DEFENDANT CRETE CARRIER CORPORATION

**COME NOW**, Crete Carrier Corporation (hereinafter "Crete") and Jason Feagan (hereinafter "Feagan"), Defendants in the above-styled action, and file this Answer to Plaintiffs' Complaint For Damages-Renewal Action (hereinafter "Renewal Complaint") and Counterclaim and show this Honorable Court as follows:

## ANSWER OF DEFENDANT CRETE CARRIER CORPORATION AND DEFENDANT JASON FEAGAN

### FIRST DEFENSE

The Renewal Complaint purports to assert claims on behalf of John Whitehead against Crete and Feagan. However, to the extent the Renewal Complaint

purports to assert such claims, it is not a proper renewal action pursuant to O.C.G.A. § 9-2-61 because John Whitehead did not assert any claims against Crete or Feagan in the prior action that Plaintiffs now seek to renew.[1] Accordingly, to the extent the Renewal Complaint seeks recovery, or asserts any claim by John Whitehead against Crete or Feagan, such claim(s) must be dismissed.

## SECOND DEFENSE

Plaintiffs are barred from any recovery from Crete and Feagan pursuant to written agreements executed by them in October of 2014 wherein they voluntarily and completely assumed all risks, released, and discharged Crete and Feagan from any liability, and waived the right to bring a legal action such as the present one.[2] Accordingly, the Complaint must be dismissed.

---

[1]    *See* Plaintiffs' Response in Opposition to Defendant Crete Carrier Corporation and Defendant Jason Feagan's Motion to Dismiss Plaintiffs' Complaint, attached hereto and incorporated herein by reference as Exhibit "A," p. 2.

[2]    A true and correct copy of the CRETE CARRIER CORPORATION RELEASE OF ALL PASSENGER LIABILITY CLAIMS (Spouse) ("Spouse's Release") executed by Veronica Whitehead on October 9, 2014 is attached hereto and incorporated herein by reference as Exhibit "B." A true and correct copy of the DRIVER'S RELEASE OF LIABILITY ("Driver's Release") executed by John Whitehead on October 9, 2014 is attached hereto and incorporated herein by reference as Exhibit "C." A true and correct copy of the GENERAL RULES OF CONDUCT AND AUTHORIZATION ("Rules of Conduct") executed by John Whitehead on October 6, 2014 is attached hereto and incorporated herein by reference as Exhibit "F." A true and correct copy of the ACKNOWLEDGEMENT

## **THIRD DEFENSE**

Veronica Whitehead has unequivocally disavowed the Spouse's Release and now asserts that the Spouse's Release is legally invalid and a nullity.[3] Accordingly, at all times relevant and material to this action, including on December 27, 2015, Veronica Whitehead was a trespasser while occupying the Crete tractor as a passenger, and Crete and Feagan owed no duty except to refrain from willfully or wantonly causing her to be injured. Plaintiffs cannot show, and in spite of multiple amendments to the original Complaint in this matter, have not alleged that either Crete or Feagan willfully or wantonly caused injury. Accordingly, Plaintiffs' claims against Crete and Feagan must be dismissed.

---

OF CONSEQUENCES OF TRANSPORTING UNAUTHORIZED PASSENGERS ("Acknowledgement of Consequences") executed by John Whitehead on October 7, 2014 is attached hereto and incorporated herein by reference as Exhibit "G." A true and correct copy of the EXECUTION CHECK LIST FOR SPOUSE PASSENGER AUTHORIZATION AND RELEASE ("Execution Checklist'") executed by Veronica Whitehead on October 9, 2014 is attached hereto and incorporated herein by reference as Exhibit "H." A true and correct copy of the SPOUSE PASSENGER AUTHORIZATION ("Spouse Authorization") issued by Crete on October 9, 2014 is attached hereto and incorporated herein by reference as Exhibit "I."

[3]/ *See* September 4, 2018 email message from Matt Cook to Marvin Dikeman attached as Exhibit "D." *See also* Renewal Complaint, ¶ 8.

## FOURTH DEFENSE

Plaintiffs' claims against Crete and Feagan are barred by the applicable Statute of Limitation in that the original Complaint in this action was not filed within the deadline imposed by O.C.G.A. § 9-3-33, and accordingly, their claims against Crete and Feagan must be dismissed.

## FIFTH DEFENSE

The venue of this action is improper as to Feagan in that he does not reside in Gwinnett County, or work in Gwinnett County, and no alleged action or omission by him occurred in Gwinnett County. Accordingly, the claims against Feagan must be dismissed.

## SIXTH DEFENSE

Plaintiffs could have avoided the incident described in the Renewal Complaint through the exercise of ordinary care for their own safety. Accordingly, the Renewal Complaint must be dismissed.

## SEVENTH DEFENSE

The injuries or damages allegedly sustained by the Plaintiffs were directly and proximately caused by Plaintiffs' own acts, omissions, and neglect and by using the mattress, they assumed all risks associated with that use. Accordingly, the Renewal Complaint must be dismissed.

## EIGHTH DEFENSE

The claims asserted in the Renewal Complaint are barred by the doctrines of comparative and contributory negligence. Accordingly, the Renewal Complaint must be dismissed.

## NINTH DEFENSE

Crete and Feagan specifically reserve the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. § 9-11-8, as may become known during the course of the investigation and discovery in this case.

## TENTH DEFENSE

The Renewal Complaint fails to state a claim for which relief can be granted, and accordingly, the Complaint must be dismissed.

## ELEVENTH DEFENSE

No act or omission of Crete and/or Feagan either caused or contributed to the case of the injury, loss and damages claimed by Plaintiffs in the Renewal Complaint, and accordingly, the Renewal Complaint must be dismissed.

## TWELFTH DEFENSE

In response to the specific paragraphs contained in the Renewal Complaint, and without waiving the defenses previously raised by Crete and Feagan, as well as

those that may be raised in the future, if necessary, Crete and Feagan state the following:

1.

In response to the allegations contained in paragraph 1 of the Renewal Complaint, Crete and Feagan admit that copies of the original Complaint in this matter and the subsequent three amendments to the original Complaint filed prior to dismissal of this action on January 3, 2022 are attached as Exhibit "A" to the Renewal Complaint. The remainder of the allegations contained in the Renewal Complaint are denied.

2.

The allegations contained in paragraph 2 of the Renewal Complaint are denied.

3.

In response to the allegations contained in paragraph 3 of the Renewal Complaint, Crete and Feagan admit that the original action was dismissed without prejudice on January 3, 2022, admit that a copy of the dismissal paperwork is attached to the Renewal Complaint as Exhibit C, and admit that the original action was not dismissed on its merits. The remainder of the allegations contained in paragraph 3 of the Renewal Complaint are denied.

4.

In response to the allegations contained in paragraph 4 of the Renewal Complaint, Crete and Feagan admit that the Affidavit of Abigail Yori, attached to the Renewal Complaint as Exhibit "D" asserts that all costs have been paid, but Crete and Feagan are without knowledge or information sufficient to form a belief as to whether those assertions are true and accurate and thus, the remainder of the allegations contained in paragraph 4 of the Renewal Complaint are denied.

5.

In response to the allegations contained in paragraph 5 of the Renewal Complaint, Crete and Feagan admit that the statement of law contained in paragraph 5 is accurate, but incomplete. The remainder of the allegations contained in paragraph 5 of the Renewal Complaint are denied.

6.

The allegations contained in paragraph 6 of the Renewal Complaint are denied.

7.

In response to the allegations contained in paragraph 7 of the Renewal Complaint, Crete and Feagan admit that in October of 2014, Plaintiffs presented a marriage license to Crete indicating that they had entered into a marriage contract

on January 29, 1994, and further represented to Crete that they were still lawfully married at the time Veronica Whitehead executed the Spouse's Release and Execution Checklist, and John Whitehead executed the Driver's Release, the Rules of Conduct, and Acknowledgement of Consequences in October of 2014. In response to the remainder of the allegations contained in paragraph 7 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

8.

In response to the allegations contained in paragraph 8 of the Renewal Complaint, Crete and Feagan admit that in their original Complaint filed on December 21, 2017, Plaintiffs alleged without proof that Veronica Whitehead was, at the time of filing of the original Complaint, "an incompetent adult" who needed a guardian appointed. In further response to the allegations contained in paragraph 8 of the Renewal Complaint, Crete and Feagan admit that on September 4, 2018, Plaintiffs expanded on this allegation and asserted without proof that Veronica Whitehead was not competent when she executed the Spouse's Release and Execution Checklist in October of 2014. In further response to the allegations contained in paragraph 8 of the Renewal Complaint, Crete denies that either John

8

Whitehead or Veronica Whitehead indicated in any way to Crete or its personnel that Veronica Whitehead was incompetent, or in any way unable to execute the Spouse's Release and Execution Checklist at the time the Spouse's Release and Execution Checklist were executed by her in October of 2014 as is reflected in the Affidavit of Katie Nall Cole that is attached hereto and incorporated herein as Exhibit "E." In further response to the allegations contained in paragraph 8 of the Renewal Complaint, Crete and Feagan admit that John and Veronica Whitehead have expanded this allegation yet again and now allege that Veronica Whitehead "has been legally incompetent due to mental retardation her entire adult life." In further response to the allegations contained in paragraph 8 of the Renewal Complaint, Crete and Feagan admit that John and Veronica Whitehead obtained an Order from a Judge finding that Veronica Whitehead was incompetent at the time the Order was issued. In response to the remainder of the allegations contained in paragraph 8 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

9.

In response to the allegations contained in paragraph 9 of the Renewal Complaint, Crete and Feagan admit that in their original Complaint filed on

December 21, 2017, Plaintiffs alleged without proof that Veronica Whitehead was, at the time of filing of the original Complaint, "an incompetent adult" who needed a guardian appointed. In further response to the allegations contained in paragraph 9 of the Renewal Complaint, Crete and Feagan admit that on September 4, 2018, Plaintiffs expanded on this allegation and asserted without proof that Veronica Whitehead was not competent when she executed the Spouse's Release and Execution Checklist in October of 2014. In further response to the allegations contained in paragraph 9 of the Renewal Complaint, Crete denies that either John Whitehead or Veronica Whitehead indicated in any way to Crete or its personnel that Veronica Whitehead was incompetent, or in any way unable to execute the Spouse's Release and Execution Checklist at the time the Spouse's Release and Execution Checklist were executed by her in October of 2014 as is reflected in the Affidavit of Katie Nall Cole that is attached hereto and incorporated herein as Exhibit "E." In further response to the allegations contained in paragraph 9 of the Renewal Complaint, Crete and Feagan admit that John and Veronica Whitehead have expanded this allegation yet again and now allege that Veronica Whitehead "has been legally incompetent due to mental retardation her entire adult life." In further response to the allegations contained in paragraph 9 of the Renewal Complaint, Crete and Feagan admit that John and Veronica Whitehead obtained an

Order from a Judge finding that Veronica Whitehead was incompetent at the time the Order was issued. In response to the remainder of the allegations contained in paragraph 9 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

10.

In response to the allegations contained in paragraph 10 of the Renewal Complaint, Crete and Feagan admit that John Whitehead was employed by Defendant Crete as a driver on December 27, 2015. In further response to the allegations contained in paragraph 10 of the Renewal Complaint, Crete and Feagan show that although Plaintiffs have vacillated between alleging that Crete and Feagan were "negligent" and alleging that they were "grossly negligent," Crete and Feagan deny that they were "negligent" or "grossly negligent" in any way, or that any act or omission of Crete or Feagan caused, or contributed to the cause of any injury or damage alleged by Plaintiffs. In further response to the remainder of the allegations contained in paragraph 10 of the Renewal Complaint, Crete and Feagan deny that Veronica Whitehead was at any time during John Whitehead's employment with Crete authorized to be a passenger in Crete's tractor. In further response to the remainder of the allegations contained in paragraph 10 of the Renewal Complaint,

Crete and Feagan show that they are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

### 11.

In response to the allegations contained in paragraph 11 of the Renewal Complaint, Crete and Feagan deny that they are liable to Veronica Whitehead in any amount, or for any reason. In further response to the allegations contained in paragraph 11 of the Renewal Complaint, Crete and Feagan admit that Veronica Whitehead purports to seek recovery from Crete and Feagan by and through a guardian, Valerie Brooks. The remainder of the allegations contained in paragraph 11 of the Renewal Complaint are denied.

### 12.

In response to the allegations contained in paragraph 12 of the Renewal Complaint, Crete and Feagan deny that they are liable to John Whitehead in any amount, or for any reason. In further response to the allegations contained in paragraph 12 of the Renewal Complaint, Crete and Feagan admit that John Whitehead purports to seek recovery from Defendants Southerland and Hickory Springs. The remainder of the allegations contained in paragraph 12 of the Renewal Complaint are denied.

13.

In response to the allegations contained in paragraph 13 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

14.

In response to the allegations contained in paragraph 14 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

15.

In response to the allegations contained in paragraph 15 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

16.

In response to the allegations contained in paragraph 16 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

17.

In response to the allegations contained in paragraph 17 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

18.

In response to the allegations contained in paragraph 18 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

19.

The allegations contained in paragraph 19 of the Renewal Complaint are admitted.

20.

The allegations contained in paragraph 20 of the Renewal Complaint are admitted.

21.

The allegations contained in paragraph 21 of the Renewal Complaint are admitted.

22.

The allegations contained in paragraph 22 of the Renewal Complaint are admitted.

23.

The allegations contained in paragraph 23 of the Renewal Complaint are denied.

24.

The allegations contained in paragraph 24 of the Renewal Complaint are denied.

25.

In response to the allegations contained in paragraph 25 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, John Whitehead was employed by Defendant Crete as a driver. The remainder of the allegations contained in paragraph 25 of the Renewal Complaint are denied.

26.

In response to the allegations contained in paragraph 26 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, Crete did provide a tractor to John Whitehead expressly subject to applicable laws, and the rules and regulations applicable to his use of the Crete tractor as an employee of Defendant

Crete, including, but not limited to, 49 CFR §392.60, the provisions of the Driver's Handbook, the Driver's Release, the Spouse's Release, the Execution Checklist, the Rules of Conduct, the Acknowledgement of Consequences, and the Spouse Authorization. The remainder of the allegations contained in paragraph 26 of the Renewal Complaint are denied.

27.

In response to the allegations contained in paragraph 27 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, the tractor provided to John Whitehead had a sleeper that was equipped with a Southerland branded mattress. In further response to the allegations contained in paragraph 27 of the Renewal Complaint, Crete and Feagan show that the mattress in the tractor on December 27, 2015 was at least the third mattress Crete had provided to John Whitehead during the fourteen (14) month period between when he became employed by Crete and the alleged date of the incident. The remainder of the allegations contained in paragraph 27 of the Renewal Complaint are denied.

28.

In response to the allegations contained in paragraph 28 of the Renewal Complaint, Crete and Feagan admit that the mattress contained in the tractor provided to John Whitehead contained at least one component manufactured by

Defendant Hickory Springs. The remainder of the allegations contained in paragraph 28 of the Renewal Complaint are denied.

29.

The allegations contained in paragraph 29 of the Renewal Complaint are denied in their entirety given that the authorization extended to Plaintiffs to allow Veronica Whitehead's to be a passenger in the Crete tractor was pursuant to, and expressly conditioned upon, their valid execution, acceptance, and agreement to be bound by applicable laws, 49 CFR §392.60, the provisions of the Driver's Handbook, the Driver's Release, the Spouse's Release, the Execution Checklist, the Rules of Conduct, the Acknowledgement of Consequences, and the Spouse Authorization.

30.

In response to the allegations contained in paragraph 30 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

31.

In response to the allegations contained in paragraph 31 of the Renewal Complaint, Crete and Feagan admit that the tractor provided to John Whitehead was

17

equipped with a Southerland branded mattress on December 27, 2015. In response to the remainder of the allegations contained in paragraph 31 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

32.

In response to the allegations contained in paragraph 32 of the Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

33.

In response to the allegations contained in paragraph 33 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

34.

In response to the allegations contained in paragraph 34 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any knowledge, or had any reason to suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In further response to the allegations contained in paragraph 34 of the

Renewal Complaint, Crete and Feagan show that they are unaware of any issue or problem related to Southerland branded mattresses other than those issues asserted in this action. In response to the remainder of the allegations contained in paragraph 34 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

35.

In response to the allegations contained in paragraph 35 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

36.

In response to the allegations contained in paragraph 36 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

37.

In response to the allegations contained in paragraph 37 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

38.

In response to the allegations contained in paragraph 38 of the Renewal Complaint, Crete and Feagan admit that the tractor provided to Plaintiff John Whitehead was equipped with a Southerland branded mattress on December 27, 2015. In response to the remainder of the allegations contained in paragraph 38 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

39.

In response to the allegations contained in paragraph 39 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

40.

In response to the allegations contained in paragraph 40 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

41.

In response to the allegations contained in paragraph 41 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any

knowledge, or had any reason to suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In further response to the allegations contained in paragraph 41 of the Renewal Complaint, Crete and Feagan show that they are unaware of any issue or problem related to Southerland branded mattresses other than those issues asserted in this action. In response to the remainder of the allegations contained in paragraph 41 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

42.

In response to the allegations contained in paragraph 42 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

43.

In response to the allegations contained in paragraph 43 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

44.

In response to the allegations contained in paragraph 44 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations and thus, those allegations are denied.

45.

In response to the allegations contained in paragraph 45 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any knowledge, or had any reason to suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In further response to the allegations contained in paragraph 45 of the Renewal Complaint, Crete and Feagan show that they are unaware of any issue or problem related to Southerland branded mattresses other than those issues asserted in this action. In response to the remainder of the allegations contained in paragraph 45 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

46.

The allegations contained in paragraph 46 of the Renewal Complaint are denied.

47.

The allegations contained in paragraph 47 of the Renewal Complaint are denied.

48.

The allegations contained in paragraph 48 of the Renewal Complaint are denied.

49.

The allegations contained in paragraph 49 of the Renewal Complaint are denied.

50.

In response to the allegations contained in paragraph 50 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, Feagan was employed by Crete. The remainder of the allegations contained in paragraph 50 of the Renewal Complaint are denied.

51.

In response to the allegations contained in paragraph 51 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, Defendant Feagan was employed by Defendant Crete. The remainder of the allegations contained in paragraph 51 of the Renewal Complaint are denied.

52.

In response to the allegations contained in paragraph 52 of the Renewal Complaint, Crete and Feagan admit that on December 27, 2015, Feagan's duties at Crete included the provision of parts and equipment items for trucks owned by Crete. The remainder of the allegations contained in paragraph 52 of the Renewal Complaint are denied.

53.

The allegations contained in paragraph 53 of the Renewal Complaint are denied.

54.

The allegations contained in paragraph 54 of the Renewal Complaint are denied.

55.

The allegations contained in paragraph 55 of the Renewal Complaint are denied.

56.

The allegations contained in paragraph 56 of the Renewal Complaint are denied.

57.

In response to the allegations contained in paragraph 57 of the Renewal Complaint, Crete and Feagan admit that Plaintiffs represented to Crete in October of 2014 that they were lawfully married at that time. The remainder of the allegations contained in paragraph 57 of the Renewal Complaint are denied.

58.

In response to the allegations contained in paragraph 58 of the Renewal Complaint, Crete and Feagan deny that any act or omission on their part either caused, or contributed to the cause, of the injuries and damages alleged by Plaintiffs in the Renewal Complaint. In further response to the allegations contained in paragraph 58 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations, and thus, those allegations are denied.

59.

In response to the allegations contained in paragraph 59 of the Renewal Complaint, Crete and Feagan deny that any act or omission on their part either caused, or contributed to the cause, of the injuries and damages alleged by Plaintiffs in the Renewal Complaint. In further response to the allegations contained in paragraph 59 of the Renewal Complaint, Defendants Crete and Feagan are without

knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations, and thus, those allegations are denied.

60.

In response to the allegations contained in paragraph 60 of the Renewal Complaint, Crete and Feagan deny that any act or omission on their part either caused, or contributed to the cause, of the injuries and damages alleged by Plaintiffs in the Renewal Complaint. In further response to the allegations contained in paragraph 60 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations, and thus, those allegations are denied.

61.

In response to the allegations contained in paragraph 61 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any knowledge, or had any reason to even suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In response to the remainder of the allegations contained in paragraph 61 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

26

62.

In response to the allegations contained in paragraph 62 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any knowledge, or had any reason to even suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In response to the remainder of the allegations contained in paragraph 62 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

63.

In response to the allegations contained in paragraph 63 of the Renewal Complaint, Crete and Feagan expressly deny that they were aware, had any knowledge, or had any reason to even suspect that the mattress provided to John Whitehead was in any way defective, dangerous, or not fit for its intended and ordinary use. In response to the remainder of the allegations contained in paragraph 63 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

64.

In response to the allegations contained in paragraph 64 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

65.

In response to the allegations contained in paragraph 65 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

66.

The allegations contained in paragraph 66 of the Renewal Complaint are denied.

67.

The allegations contained in paragraph 67 of the Renewal Complaint are denied.

68.

The allegations contained in paragraph 68 of the Renewal Complaint are denied.

69.

In response to the allegations contained in paragraph 69 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

70.

In response to the allegations contained in paragraph 70 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

71.

In response to the allegations contained in paragraph 71 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

72.

In response to the allegations contained in paragraph 72 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information

sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

73.

In response to the allegations contained in paragraph 73 of the Renewal Complaint, Defendants Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

74.

The allegations contained in paragraph 74 of the Renewal Complaint are denied.

75.

The allegations contained in paragraph 75 of the Renewal Complaint are denied.

76.

The allegations contained in paragraph 76 of the Renewal Complaint are denied.

77.

The allegations contained in paragraph 77 of the Renewal Complaint are denied.

78.

The allegations contained in paragraph 78 of the Renewal Complaint are denied.

79.

The allegations contained in paragraph 79 of the Renewal Complaint are denied.

80.

In response to the allegations contained in paragraph 80 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

81.

In response to the allegations contained in paragraph 81 of the Renewal Complaint, Crete and Feagan are without knowledge or information sufficient to form a belief as to the truth of those allegations, and thus, those allegations are denied.

82.

The allegations and requests for relief contained in paragraph 82 of the Renewal Complaint are denied.

83.

All allegations contained in the Renewal Complaint that are not expressly and explicitly admitted herein are hereby denied.

**WHEREFORE**, having fully answered Plaintiffs' Complaint for Damages-Renewal Action, Defendants Crete Carrier Corporation and Jason Feagan hereby respectfully demand 1) judgment in their favor as to the claims asserted by Plaintiffs in the Complaint for Damages - Renewal Action, 2) that all costs be cast against Plaintiffs, 3) that there be a trial by a jury of twelve as to all issues so triable by law, and 4) such other and further relief that this Honorable Court deems just and proper.

## COUNTERCLAIM OF DEFENDANT CRETE CARRIER CORPORATION

**COMES NOW,** Defendant Crete, and for its Counterclaim against John Whitehead, shows this Honorable Court as follows:

1.

John Whitehead is subject to the jurisdiction of the Court having instituted the subject Complaint.

2.

John Whitehead has asserted claims against Crete and Feagan in the Renewal Complaint.

3.

John Whitehead was hired by Crete as a truck driver on October 8, 2014.

4.

John Whitehead was employed by Crete from his hire date of October 8, 2014 until after December 27, 2015.

5.

During the entirety of his employment with Crete, John Whitehead agreed to be bound by applicable laws, and the rules and regulations applicable to his use of the Crete tractor as an employee of Defendant Crete, including, but not limited to, 49 CFR §392.60, the provisions of the Crete Driver's Handbook, the Driver's Release, the Spouse's Release, and the Rules of Conduct.

6.

By executing the Rules of Conduct, John Whitehead acknowledged and agreed that it was expressly forbidden for him to have a passenger in the Crete tractor unless the passenger was expressly authorized in writing by Crete to be a passenger in the Crete tractor.

7.

By executing the Acknowledgement of Consequences, John Whitehead acknowledged and agreed that the transportation of unauthorized passengers in the Crete tractor was "absolutely" prohibited.

8.

By executing the Rules of Conduct, John Whitehead acknowledged and agreed that if he had an unauthorized passenger in his Crete tractor at any time other than in an emergency or life-threatening situation, he would be acting outside the scope of his employment with Crete.

9.

By executing the Rules of Conduct, John Whitehead acknowledged and agreed that if he had an unauthorized passenger in his Crete tractor at any time other than in an emergency or life-threatening situation, he would be "personally responsible" for any claims for personal injury or death asserted against Crete by the unauthorized passenger.

10.

Plaintiff John Whitehead knew, at least as early as October 8, 2014, that unless and until he executed and accepted the Driver's Release and Veronica Whitehead

properly executed and accepted the Spouse's Release and Execution Checklist, Veronica Whitehead could not occupy the Crete tractor as an authorized passenger.

11.

John Whitehead knew, at least as early as October 8, 2014, that Crete would permit a passenger in the Crete tractor only if the Crete driver and proposed passenger first properly executed, and agreed to be bound by the terms, conditions, provisions, and limitations contained in Driver's Release and Spouse's Release and attendant documents.

12.

John Whitehead was familiar with the process for receiving permission for Veronica Whitehead to ride as an authorized passenger in a tractor because he and Veronica Whitehead had been required to complete similar releases and paperwork by at least one previous employer in order for Veronica Whitehead to be allowed to travel in the previous employer's truck as an authorized passenger.

13.

With full knowledge of Crete's requirements that must be satisfied before Veronica Whitehead could ride as an authorized passenger in the Crete tractor, John Whitehead traveled to Crete's Marietta, Georgia terminal on October 9, 2014 with Veronica Whitehead and presented Crete employee Katie Nall Cole with a copy of

35

their marriage license and asked to complete the paperwork necessary for Veronica Whitehead to ride as an authorized passenger in the Crete tractor.

14.

On October 9, 2014, Ms. Cole provided John and Veronica Whitehead with copies of the Driver's Release and Spouse's Release and instructed that the documents had to be properly completed and executed before Veronica Whitehead could ride as an authorized passenger in the Crete tractor.

15.

On October 9, 2014, John Whitehead completed and signed the Driver's Release and Veronica Whitehead completed and signed the Spouse's Release.

16.

As part of the process of completing and executing the Spouse's Release, Veronica Whitehead was required to properly complete and initial the Execution Checklist.

17.

John Whitehead was present while Veronica Whitehead completed and executed the Spouse's Release and completed and initialed each entry on the Execution Checklist.

18.

On the Execution Checklist, Veronica Whitehead confirmed in the presence of John Whitehead that she was able to read and understand the English language.

19.

On the Execution Checklist, Veronica Whitehead confirmed in the presence of John Whitehead that she had read the Spouse's Release.

20.

On the Execution Checklist, Veronica Whitehead confirmed in the presence of John Whitehead that she understood that by executing the Spouse's Release she was "giving up" her right to bring a lawsuit against Crete in the event she was injured or killed while a passenger in a Crete vehicle.

21.

At no time while John Whitehead and Veronica Whitehead were at the Crete terminal completing and executing the Driver's Release, the Spouse's Release, and the Execution Checklist did John Whitehead or Veronica Whitehead state, suggest, hint, intimate, or communicate that Veronica Whitehead was not competent to execute and be bound by the Spouse's Release or the Execution Checklist.

22.

At no time prior to December 27, 2015, did John Whitehead or Veronica Whitehead state, suggest, hint, intimate, or communicate that Veronica Whitehead was not competent to execute and be bound by the Spouse's Release or the Execution Checklist she executed on October 9, 2014.

## COUNT I - FRAUD

23.

Crete hereby reasserts and restates the allegations contained in paragraph 1 through 22 above as if those allegations are set forth herein verbatim.

24.

John Whitehead had a duty to not allow unauthorized passengers in the Crete tractor.

25.

John Whitehead knew he had a duty to immediately inform Crete if he had an unauthorized passenger in the Crete tractor.

26.

John Whitehead fraudulently concealed that Veronica Whitehead was not competent to execute the documentation necessary to become an authorized passenger in the Crete tractor.

27.

John Whitehead fraudulently concealed that Veronica Whitehead rode as a passenger in the Crete tractor even though she was not an authorized passenger.

28.

John Whitehead fraudulently concealed that Veronica Whitehead was riding as an unauthorized passenger in the Crete tractor on December 27, 2015.

29.

Crete reasonably relied upon John Whitehead to communicate to Crete if Veronica Whitehead was not competent to execute the paperwork required to become an authorized passenger in the Crete tractor.

30.

John Whitehead knew that Defendant Crete was relying on him to reveal any fact or condition that would invalidate Veronica Whitehead's ability to properly execute and be bound by the Spouse's Release and Execution Checklist that were required for her to ride as an authorized passenger in the Crete tractor.

31.

On October 9, 2014, when Veronica Whitehead executed the Spouse's Release and Execution Checklist, and thereafter until December 27, 2015, Plaintiff John Whitehead:

a. Knew that Veronica Whitehead could ride in the Crete tractor as an authorized passenger only if she first validly executed and agreed to be bound by the Spouse's Release and Execution Checklist;

b. Knew that Veronica was not competent to execute and agree to be bound by the Spouse's Release and Execution Checklist;

c. Knew that he had a duty to reveal to Crete that Veronica Whitehead was not competent to execute and agree to be bound by the Spouse's Release and Execution Checklist;

d. Knew that if he revealed to Crete that Veronica Whitehead was not competent to execute and agree to be bound by the Spouse's Release and Execution Checklist, she would not be allowed to ride in the Crete tractor as a passenger;

e. Knew that Crete's issuance of authorization for Veronica Whitehead to ride as a passenger in the Crete tractor was in direct reliance on John Whitehead fulfilling his obligation to reveal if Veronica Whitehead or any other proposed passenger on the Crete tractor was incapable of executing and being bound by the Spouse's Release and Execution Checklist;

f. Knowingly chose to conceal and hide from Crete the fact that Veronica Whitehead was not competent to execute and agree to be bound by the Spouse's Release and Execution Checklist.

32.

As a direct and proximate result of John Whitehead concealing the fact that Veronica Whitehead was not competent to execute and be bound by the Spouse's Release and the Execution Checklist, Crete mistakenly and improperly authorized Veronica Whitehead to ride as a passenger in the Crete tractor.

33.

As a direct and proximate result of John Whitehead's fraudulent concealment of information regarding Veronica Whitehead's ability to execute and be bound by the Spouse's Release and Execution Checklist and his subsequent transport of her as an unauthorized passenger in the Crete tractor, Crete has been harmed and will continue to be harmed in the form of incurring fees, costs, and expenses defending against the claims of Veronica Whitehead, and by having to pay any recovery she may have against Crete in this action.

## COUNT II - BREACH OF CONTRACT

34.

Defendant Crete incorporates and realleges the allegations contained in paragraphs 1 through 33 of its Counterclaim as if fully set forth herein.

41

35.

The Rules of Conduct executed by John Whitehead makes him personally responsible and legally liable for any claim asserted against Crete by an unauthorized passenger and obligates him to protect and indemnify Crete from and against all loss, damage, expenses, and fees proximately caused and flowing from the presence of an unauthorized passenger in the Crete tractor.

36.

The claims asserted against Crete in the Renewal Complaint directly arise and flow from Veronica Whitehead's presence in the Crete tractor as an unauthorized passenger.

37.

John Whitehead is obligated and indebted to indemnify Crete against all loss, damage, expenses, and fees arising from claims made by Veronica Whitehead, an unauthorized passenger in the Crete tractor, by virtue of his execution of the Rules of Conduct.

## COUNT III - DAMAGES

38.

Defendant Crete incorporates and realleges the allegations contained in paragraphs 1 through 37 of its Counterclaim as if fully set forth herein.

42

39.

As a direct and proximate result of John Whitehead's fraudulent concealment of fact, Crete has suffered and will continue to suffer in the future loss and damage by virtue of having to incur the costs and expenses associated with defending this action and potentially having to pay Veronica Whitehead for her claimed injury.

40.

John Whitehead is liable to Crete for all damages it has suffered as the result of his fraudulent concealment of fact and for other and further damages sufficient to deter him from future similar conduct.

41.

As a direct and proximate result of John Whitehead's failure to comply with his contractual obligations, Crete has suffered and will continue to suffer in the future loss and damage by virtue of having to incur the costs and expenses associated with defending this action and potentially having to pay Veronica Whitehead for her claimed injury.

42.

John Whitehead is liable to Crete for all damages it has suffered as the result of his breach of his contractual duty to defend and indemnify Crete against claims asserted by unauthorized passengers.

**WHEREFORE**, Crete Carrier Corporation hereby respectfully demands 1) judgment in its favor as to the claims asserted in the Counterclaim, 2) that all costs be cast against John Whitehead, 3) that John Whitehead be ordered to defend and indemnify Crete against the claims asserted in the Complaint for Damages - Renewal Action, 4) that John Whitehead be required to pay Crete all damages incurred as a result of his breach of the agreement to defend and indemnify Crete against claims like those asserted in the Complaint for Damages - Renewal Action, 5) that John Whitehead be required to pay Crete all damages incurred by Crete as a result of his fraudulent conduct, including, but not limited to, all damages incurred as a result of Crete having to defend this action and potentially indemnify Veronica Whitehead for her claimed injuries and punitive damages in an amount sufficient to deter him from similar conduct in the future, 6) that there be a trial by a jury of twelve as to all issues so triable by law, and 7) such other and further relief that this Honorable Court deems just and proper.

[signatures contained on following page]

44

Respectfully submitted.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

*/s/ Marvin D. Dikeman*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
MELISSA C. MCMULLEN
Georgia State Bar No. 187560

***Attorneys for Defendant Crete Carrier
Corporation and Jason Feagan***

One Ameris Center, Suite 1210
3490 Piedmont Road
Atlanta, GA 30305
(404) 264-1080 / main
(404) 264-4520 / fax
mdikeman@wznd.net
mmcmullen@wznd.net



IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD, Individually and as Next Friend of VERONICA WHITEHEAD, and VERONICA WHITEHEAD, Individually by and through her Next Friend, JOHN WHITEHEAD, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION FILE NO.: 17-C-07785-S1 |
| SOUTHERLAND, INC. (TN), HICKORY SPRINGS MANUFACTURING COMPANY, LEGGETT & PLATT, INCORPORATED, CRETE CARRIER CORPORATION and JASON FEAGAN, | * * * * * | |
| Defendants. | * | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CRETE CARRIER CORPORATION'S AND DEFENDANT JASON FEAGAN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Crete's and Feagan's Motion to Dismiss Plaintiffs' Complaint should be denied because: 1) Plaintiff Veronica Whitehead's mental incompetence to contract or enter a release is a fact intensive inquiry to be resolved by a jury, and 2) Plaintiff Veronica Whitehead's claims for gross negligence in her Amended Complaint are not capable of being released preemptively.

### INTRODUCTION AND FACTUAL BACKGROUND

Defendants Crete and Feagan ask this Court to dismiss "Plaintiffs' Complaint on the ground that the Spouse Agreement and Driver Agreement executed by Plaintiffs bar any recovery in this action by Plaintiffs." Defs. Crete's and Feagan's Mot. Dismiss Pls.' Compl. 1. Crete and Feagan note that the agreements state that "the interpretation of this Release shall be governed by the laws of the State of Nebraska" and argue that such releases are fully enforceable under either

<span style="color:red">Exhibit "A"</span>

Nebraska or Georgia law. Defs. Crete's and Feagan's Br. Supp. Mot. Dismiss Pls.' Compl. 6. Pursuant to both Georgia law and Nebraska law, a contract is void or voidable when it was executed by someone who was incompetent at the time due to mental retardation. Under both Georgia law and Nebraska law, the defense of contractual capacity based on mental retardation requires a fact intensive inquiry and *cannot be resolved* on a Motion to Dismiss. A release also does not excuse Defendants from gross negligence claims. Therefore, Defendants' motion must be denied as it is procedurally improper and premature.

### *Defendants' Mischaracterization of Plaintiffs' Claims*

As an initial matter, Crete mischaracterizes Plaintiffs' allegations. Defendants' Motion seems to argue that *both* John Whitehead and Veronica Whitehead have individually brought claims against Crete and Feagan. However, Plaintiff John Whitehead's individual claims are *only* against Defendants Southerland, Hickory Springs, and Leggett & Platt, and *not against* Defendants Crete and Feagan. Am. Compl. ¶¶ 4, 71. Plaintiff Veronica Whitehead asserts her individual claims against all Defendants, including Crete and Feagan, by and through her husband, John Whitehead. Am. Compl. ¶¶ 3, 70. Hence, the Motion to Dismiss must be limited to Veronica Whitehead's claims against Feagan and Crete.

### *Plaintiffs' Complaint and Defendants Crete's and Feagan's Answer*

Plaintiffs' Complaint and Amended Complaint state the following allegations relevant to Defendants' Motion to Dismiss. Plaintiff Veronica Whitehead is incompetent. Compl. ¶ 1; Am. Compl. ¶ 1. While Crete and Feagan denied this allegation due to a lack of knowledge or sufficient information to form a belief as to Veronica Whitehead's incompetence, Crete and Feagan do not address this assertion in their motion. Defs. Crete's and Feagan's Answer ¶ 1.

Plaintiff Veronica Whitehead was found disabled March 31, 1989, "with the condition of mental retardation," for which she receives disability benefits. Letter from Soc. Sec. Admin. to

John Whitehead (Oct. 2, 2017), attached as Exhibit "A." The Social Security Administration characterizes "intellectual disorder"[1] as "significantly subaverage general intellectual functioning, significant deficits in current adaptive functioning, and the disorder manifest[ing] before age 22." *Disability Evaluation Under Social Security*, Soc. Sec. Admin., Sec. 12.00H1, https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Feb. 28, 2018). In August 2012, further psychological testing of Veronica Whitehead again indicated "a general intellectual function of 64 which indicates significant cognitive impairment. Score in this range suggest [sic] mild mental retardation." Pre-surgical psychological evaluation letter from Tonette Robinson, Ph.D., to Dr. Jean-Pierre (Aug. 27, 2012), Addendum, attached as Exhibit "B."

## STANDARD OF REVIEW

Defendants Crete's and Feagan's motion to dismiss based on the Release operates as a motion for judgment on the pleadings under O.C.G.A. § 9-11-12(c).[2] As the Court of Appeals of Georgia has explained,

> [a] motion for judgment on the pleadings is proper where the *undisputed facts* that appear from the pleadings establish that the movant is entitled to judgment as a

---

[1] The current terminology is "intellectual disorder," but may be described as "intellectual disability, intellectual developmental disorder, or historically used terms such as 'mental retardation.'" *Disability Evaluation Under Social Security*, Soc. Sec. Admin., Sec. 12.00B4b, https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Feb. 28, 2018).

[2] Crete and Feagan characterize their motion as a motion for judgment on the pleadings by reference or implication in their Brief. *See* Defs. Crete's and Feagan's Br. Supp. Mot. Dismiss Pls.' Compl. 2 n.1.

matter of law. All well-pleaded facts are to be accepted as true. However, the trial court is not required to adopt a party's legal conclusions based on those facts. In other words, the granting of a motion for judgment on the pleadings under O.C.G.A. § 9-11-12(c) is proper only where there is a *complete failure* to state a cause of action or defense.

*Holland Ins. Group, LLC v. Senior Life Ins. Co.*, 329 Ga. App. 834, 836, 766 S.E.2d 187, 190-91 (2014) (emphasis added) (quoting *Lapolla Industries, Inc. v. Hess*, 325 Ga. App. 256, 258, 270 S.E.2d 467, 471 (2013)). Likewise, "[t]he grant of a motion for judgment on the pleadings is proper only where the allegations disclose with *certainty* that the opposing party would not be entitled to judgment under *any state of provable facts.*" *Id.*, 766 S.E.2d at 191 (emphasis added) (citing *Cardin v. Outdoor East*, 220 Ga. App. 664, 665, 468 S.E.2d 31, 31 (1996)). Moreover, "[f]or purposes of defendant's motion for judgment on the pleadings, all well-pleaded allegations of plaintiff's complaint are taken as true and all allegations of defendant's affirmative defense are taken as false." *Hancock v. Nashville Inv. Co.*, 128 Ga. App. 58, 60, 195 S.E.2d 674, 675 (1973).

### ARGUMENT AND CITATION TO AUTHORITY

Exculpatory agreements are generally enforceable in Georgia and Nebraska. *See Lovelace v. Figure Salon, Inc.*, 179 Ga. App. 51, 52, 345 S.E. 2d 139, 140-41 (1986); *Mayer v. Howard*, 220 Neb. 328, 335-36, 370 N.W.2d 93, 98 (1985). However, "because exculpatory clauses may amount to an accord and satisfaction of future claims and waive substantial rights, they require a *meeting of the minds* on the subject matter and must be explicit, prominent, clear and unambiguous." *2010-1 SFG Venture LLC v. Lee Bank & Trust Co.*, 332 Ga. App. 894, 898, 775 S.E.2d 243, 248 (2015) (quoting *Holmes v. Clear Channel Outdoor, Inc.*, 284 GA. App. 474, 477 (2007) (*emphasis supplied*).

Exculpatory agreements, like any contract, are subject to normal contract defenses, including lack of contract formation due to mental incapacity. O.C.G.A. § 13-3-24. In this case, Defendants Crete and Feagan are seeking to enforce what they assert is an agreement between

Crete and Plaintiff Veronica Whitehead extinguishing their liability. Plaintiffs' allege (and the Social Security Administration has determined) that Veronica Whitehead is disabled due to mental retardation.

In both Georgia and Nebraska, when one of the parties is incompetent due to mental retardation, the contract is void or voidable at the option of the incompetent party. Further, under both Georgia law and Nebraska law, the issue of whether the party was legally incompetent is not a matter that can be resolved on a motion to dismiss or, like here, a motion for judgment on the pleadings. Instead, it is a fact-intensive inquiry.

Under Georgia law, at a minimum, the alleged contract between Defendant Crete and Plaintiff Veronica Whitehead is voidable. O.C.G.A. § 13-3-24(a). Georgia law is clear that, under O.C.G.A. § 13-3-24(a), whether a person is mentally incompetent is a question of fact. *McCraw v. Watkins*, 242 Ga. 452, 452 (1978) ("Ordinarily the question of mental capacity to contract is question of fact to be determined by a jury."). A party may have lacked the requisite mental capacity to contract without a prior adjudication of incompetency. *Id*. Further, because the determination necessarily involves opinion testimony, summary judgment is never appropriate on the issue of whether a party is competent to contract. *Id*. ("In a case in which the issue is whether one of the parties had the requisite mental capacity to contract, opinion evidence will not authorize the grant of summary judgment that the party was competent."). Instead, the issue is *always* a jury issue.

Similarly, under Nebraska law,

[i]n order to set aside an instrument or instruments as contended for by the plaintiff in the instant case for want of mental capacity on the part of the person executing such instruments, the *burden of proof* is upon the party so asserting to establish that the mind of the person executing such instruments was so weak or unbalanced when the instruments were executed that he could not understand and comprehend the purport and effect of what he was doing.

*Dunbier v. Rafert*, 103 N.W.2d 814, 827 (Neb. 1960) (*emphasis added*). Obviously, the presence of a burden of proof under Nebraska law, and the total absence of a case where mental capacity is decided based on the pleadings or on a motion to dismiss, logically leads to the conclusion that mental capacity is a question of fact under Nebraska law as well.

Further, exculpatory agreements do not apply in cases of gross negligence or willful or wanton misconduct in either Georgia or Nebraska. *See Holmes v. Clear Channel Outdoor, Inc.*, 284 Ga. App. 474, 477, 644 S.E.2d 311, 314 (2007) (citing *Neighborhood Assistance Corp. v. Dixon*, 265 Ga. App. 255, 256, 593 S.E.2d 717, 719 (2004)) ("Exculpatory clauses … are not void as against public policy ***unless*** they purport to relieve liability for acts of gross negligence or willful or wanton misconduct") (emphasis supplied); *New Light Co., Inc. v. Wells Fargo Alarm Services, Div. of Baker Protective Services, Inc.*, 247 Neb. 57, 65, 525 N.W.2d 25, 31 (1994) ("Even if the exculpatory clause could be construed to include gross negligence and willful and wanton misconduct, public policy prohibits such an exclusion").

Contracts executed by a mentally incompetent person are voidable. O.C.G.A. § 13-3-24; *see Metter Banking Co. v. Millen Lumber & Supply Co., Inc.*, 191 Ga. App. 634, 638, 382 S.E.2d 624, 628 (1989) ("contracts of a mentally incompetent person … are voidable at the option of a guardian or representative"). Inherent in the concept of a "meeting of the minds" requires "capacity." Capacity is a prerequisite to the formation of a contract, and the capacity of one executing a contract in Georgia is determined according to Georgia law.

### A. Crete and Feagan are Not Entitled to Judgment as a Matter of Law due to Veronica Whitehead's Lack of Capacity to Contract.

Plaintiffs not only asserted that Veronica Whitehead is mentally incompetent but also asked this Court to appoint a guardian *ad litem* for her. Compl. ¶¶ 1, 75; Am. Compl. ¶¶ 1, 76. Defendants Crete and Feagan have denied Veronica Whitehead is mentally incompetent on the

ground that they lack knowledge on the subject. Defs. Crete's and Feagan's Answer ¶ 1. Accordingly, a *disputed fact* exists regarding Veronica Whitehead's mental incompetence, which will require resolution by a jury. *McCraw v. Watkins*, 242 Ga. at 452. If the evidence shows that Veronica Whitehead was incompetent when the Spouse Agreement was signed, then the agreement is void or voidable under Georgia law and Nebraska law. This is simply not an issue that is ripe for decision on a motion to dismiss or motion for judgment on the pleadings.

### B. Crete and Feagan are Not Entitled to Judgment as a Matter of Law as Plaintiffs Have Amended Their Complaint to Include Claims for Gross Negligence.

Under Georgia law and Nebraska law, claims for gross negligence or willful or wanton misconduct cannot be waived via exculpatory clauses. *See Holmes*, 284 Ga. App. at 477, 644 S.E.2d at 314; *New Light Co.*, 247 Neb. at 65, 525 N.W.2d at 31. Plaintiff Veronica Whitehead has filed an amended Complaint that includes claims of gross negligence by Defendants Crete and Feagan. Am. Compl. ¶¶ 50-51, 66-67. All well-pleaded facts are to be taken as true when ruling upon a motion for judgment on the pleadings. *Holland Ins. Group*, 329 Ga. App. at 836, 766 S.E.2d at 190. Since the Release, even if enforceable, cannot protect Defendants Crete and Feagan from their own gross negligence, dismissal of all claims against Crete and Feagan is improper.

### CONCLUSION

Defendants Crete and Feagan cannot show that the allegations contained within the pleadings disclose with *certainty* that Plaintiffs are not entitled to judgment under *any state of provable facts*. Defendants' Motion to Dismiss is procedurally improper. Therefore, Plaintiffs request that Defendants Crete's and Feagan's Motion to Dismiss be denied for the reasons set forth in this response.

This 16th day of March 2018.

*[Signature on following page]*

Respectfully Submitted,
COOK LAW GROUP, LLC.

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
P.O. Box 2415
Gainesville, GA  30503
678-928-3899 (p)
888-612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com

Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

***Attorneys for Plaintiffs***

> This is a binding document releasing important legal rights. **READ IT CAREFULLY.**
> DO NOT SIGN IT IF YOU DO NOT UNDERSTAND IT. CONSULT AN ATTORNEY BEFORE SIGNING
> IF YOU HAVE QUESTIONS.

## CRETE CARRIER CORPORATION
### RELEASE OF ALL PASSENGER LIABILITY CLAIMS (Spouse)

I request that I be allowed to ride as a passenger on motor vehicles operated by Crete Carrier Corporation and its Shaffer Trucking division ("Crete Carrier"). I agree that I will be subject to and will comply with all requirements, directions, rules, and regulations of Crete Carrier applicable to passengers including being prohibited from operating any Crete Carrier owned or operated truck, trailer or other equipment (collectively, "Equipment") or performing any labor or duties associated with the Equipment or a load at any time and for any reason.

I specifically acknowledge I am aware of the hazards (including personal injury and death) of being a passenger in a commercial motor vehicle, including motor vehicles accidents and accidents getting in and out of Equipment. I certify that any time the Equipment is in motion I will wear the seat belt while seated in the passenger seat and the safety straps while in the sleeper berth. I am voluntarily exposing myself to these and other similar risks in exchange for being an authorized passenger.

In further order to cause Crete Carrier to allow me to ride as a passenger, and on behalf of myself, my heirs, my estate and my personal representatives, I hereby RELEASE AND DISCHARGE Crete Carrier and its officers, directors, shareholders, employees, drivers and other agents, FROM ANY LIABILITIES, LOSSES, CLAIMS AND DEMANDS OF ANY NATURE OR TYPE ARISING OUT OF OR RELATED IN ANY WAY TO ANY LOSS, DAMAGE OR INJURY, INCLUDING DEATH, which is the result of any negligence or other legal theory for which Crete Carrier is found legally liable while I am a passenger in or around Equipment operated by Crete Carrier.

I understand and agree that Crete Carrier is relying on this RELEASE as the basis for allowing me to be a passenger and I hereby acknowledge that I would not be allowed to be a passenger if this RELEASE were not valid and effective. I also understand and agree that THIS RELEASE IS A LEGALLY BINDING DOCUMENT INTENDED TO BE EFFECTIVE WITH RESPECT TO ANY AND ALL EVENTS RELATED IN ANY WAY TO MY BEING A PASSENGER ON OR AROUND EQUIPMENT OPERATED BY CRETE CARRIER and that the PURPOSE OF THIS RELEASE is to prevent me, my heirs, my estate or my personal representative from asserting any claim or bringing any lawsuit against Crete Carrier or its officers, directors, shareholders, employees, drivers or other agents, as a result of any negligence or other legal basis for which Crete Carrier is found legally liable if I am killed or injured, or if any of my property is lost, damaged, or destroyed, as a direct or indirect result of my being a passenger on or around Equipment operated by Crete Carrier.

I WILLINGLY AND VOLUNTARILY ASSUME ALL RISK of being a passenger, including the risk of injury or death arising from a motor vehicle accident, with the clear understanding that I do not and cannot know at this time when, where, or under what circumstances any loss, injury or death might occur.

This signed RELEASE may be pleaded by Crete Carrier as a counter-claim to or as a defense in bar of, any action of any kind whatsoever brought, instituted, or taken by or on behalf of Driver arising out of injury or death to passenger. I agree, unless prohibited by law, any loss and the interpretation of this Release shall be governed by the laws of the State of Nebraska.

IN WITNESS WHEREOF, I have signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in _____Marietta, GA_____, this _09_ day of

_October_, 20 _14_.

_____(City and State)_____

_Veronica Whitehead_
(Signature of Spouse of Driver)

_Veronica Whitehead_
(Printed Name of Spouse of Driver)

Exhibit "B"

**CERTIFICATION**

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
DAC

I hereby certify that _____ Veronica Whitehead _____ personally appeared

(Name of Spouse of Driver)

before me and signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in my presence after having first acknowledged to me that they had read the entire document, understood it and were aware that it constituted a RELEASE OF FUTURE CLAIMS.

DATED: _____ 10/9/14 _____

_____ Katchell _____

Signature of Crete Carrier Corporation Office Employee,
or Notary Public

## DRIVER'S RELEASE OF LIABILITY

In consideration for Crete Carrier's authorization to allow me to have passenger ride in the Equipment, on behalf of myself, my heirs, my estate, and my personal representative, I hereby **RELEASE AND DISCHARGE** Crete Carrier and its officers, directors, shareholders, insurers, employees and any other agents, **FROM ANY LIABILITIES, LOSSES, CLAIMS AND DEMANDS OF ANY NATURE OR TYPE INCLUDING ANY RIGHTS UNDER A CLAIM FOR LOSS OF AFFECTION OR CONSORTIUM, WHETHER IN LAW OR IN EQUITY, ARISING OUT OF OR RELATED IN ANY WAY TO ANY LOSS, INJURY, INCLUDING DEATH**, to my passenger which is the result of any negligence, including my own, or any other legal theory for which Crete Carrier is claimed or found legally liable, whether directly or vicariously, while passenger is in or around the Equipment operated by Crete Carrier.

Driver understands and agrees that Crete Carrier is relying on this **RELEASE** as the basis for allowing Driver to have passenger ride in the Equipment and Driver hereby acknowledges that passenger would not be allowed to ride in the Equipment if this **RELEASE** were not valid and effective. The **PURPOSE OF THIS RELEASE** is to prevent me, my heirs, my estate or my personal representative from asserting any claim or the bringing of or joining in any lawsuit by me against Crete Carrier or its officers, directors, shareholders, insurers, employees, or other agents, arising out of any claim made by passenger based upon negligence, including my own, or any other legal theory for which Crete Carrier is found legally liable, either directly or vicariously, arising during an authorized trip.

This signed **RELEASE** may be pleaded by Crete Carrier as a counter-claim to or as a defense in bar of, any action of any kind whatsoever brought, instituted, or taken by or on behalf of Driver arising out of injury or death to passenger. I agree, unless prohibited by law, any loss and the interpretation of this **RELEASE** shall be governed by the laws of the State of Nebraska.

**IN WITNESS WHEREOF,** I have signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in
Marietta, GA _____, this 9th day of
_____ (City and State)
October , 2014 .

_____
(Signature of Driver)

John Whitehead
(Printed Name of Driver)

Release of All Passenger Liability Claims – Spouse 11/12

Exhibit "C"

# WZND

Marvin Dikeman <mdikeman@wznd.net>

## RE: Whitehead v. Southerland, et al. - Proposed Consent Motion
1 message

**Matt Cook** <matt@cook-lawgroup.com>                                              Tue, Sep 4, 2018 at 4:48 PM
To: Marvin Dikeman <mdikeman@wznd.net>
Cc: "Jon Parrish (jparrish@parrishfirm.com)" <jparrish@parrishfirm.com>, "Robert H. Childres III" <Robert@cook-lawgroup.com>, Cherish Cain <clgoffice@cook-lawgroup.com>

Marvin,


You are correct – Mrs. Whitehead was not competent to execute the release and therefore it is not binding on her.


Thanks.



Matthew E. Cook

COOK LAW GROUP, LLC

P.O. Box 2415

Gainesville, Georgia 30503

678-928-3899 (o)

888-612-0589 (f)


**www.cook-lawgroup.com**          **Like us on Facebook:** 


## PLEASE COPY KATE@COOK-LAWGROUP.COM ON ALL EMAILS CONTAINING INVOICES OR BILLING STATEMENTS


This email is from a law firm and may include confidential, privileged or otherwise protected information.  If you are not the intended recipient, please notify the sender, delete, and do not forward or make any other use of this email or any attachments.  Without a signed fee contract no attorney client relationship exists with Cook Law Group, LLC or its attorneys.

Exhibit "D"

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOHN WHITEHEAD, Individually and as Next     )
Friend of VERONICA WHITEHEAD, and            )
VERONICA WHITEHEAD, Individually by and      )
through her Next Friend, JOHN WHITEHEAD,      )
                                             )
      Plaintiffs,                             )
                                             )
v.                                           )          CIVIL ACTION FILE
                                             )          NO. 17-C-07785-1
SOUTHERLAND, INC. (TN), HICKORY              )
SPRINGS MANUFACTURING COMPANY,               )
CRETE CARRIER CORPORATION and                )
JASON FEAGAN,                                )
                                             )
      Defendants.                             )

## <u>AFFIDAVIT OF KATIE NALL COLE</u>

COMES NOW, Katie Nall Cole, who after first being first duly sworn, deposes and states as follows:

1.

I am more than 18 years of age and suffer from no legal disability. The contents of this Affidavit are based on my personal knowledge.

2.

In October of 2014, I was employed by Crete Carrier Corporation ("Crete"), and I oversaw the completion of various forms and paperwork by drivers.

Exhibit "E"

3.

In October of 2014, John Whitehead was hired by Crete as a truck driver. At the outset of his employment with Crete, Mr. Whitehead was required to sign certain paperwork.

4.

Mr. Whitehead signed the "GENERAL RULES OF CONDUCT AND AUTHORIZATION." A true and correct copy of which is attached to this Affidavit as Exhibit B-1.

5.

Mr. Whitehead also executed an "ACKNOWLEDGMENT OF CONSEQUENCES OF TRANSPORTING UNAUTHORIZED PASSENGERS." A true and correct copy of which is attached to this Affidavit as Exhibit B-2.

6.

At the outset of his employment with Crete, Mr. Whitehead asked Crete if his wife Veronica Whitehead could ride as a passenger in the Crete truck. In response, Crete informed Mr. Whitehead that his wife could ride in the truck as a passenger only if Mr. and Mrs. Whitehead first produced a copy of their marriage certificate and signed releases which insulated Crete from any liability arising from Mrs. Whitehead riding as a passenger in the truck.

2

7.

On October 9, 2014, the Whiteheads produced a copy of their marriage certificate, Mr. Whitehead executed a driver's release, and Mrs. Whitehead executed a spouse/passenger release. True and correct copies of the signed releases and the marriage certificate are attached to this Affidavit as Exhibit B-3.

8.

I was present on October 9, 2014 when Mr. and Mrs. Whitehead signed the releases. Neither one of them mentioned that Mrs. Whitehead was incompetent to sign the documents.

9.

At no time when the Whiteheads were presented with the driver release and spouse/passenger release did I, or anyone else, do anything to prevent Mr. or Mrs. Whitehead from reading or examining the documents. In fact, had they so desired, they could have taken the documents home and examined them prior to signing them. Crete's only requirement was that the releases be properly executed before Mrs. Whitehead rode as a passenger in the truck.

10.

Upon completion, Mr. and Mrs. Whitehead were given copies of Exhibits B-1, B-2, and B-3 that Mr. Whitehead was to keep in the truck.

FURTHER AFFIANT SAYETH NOT.

KATIE NALL COLE

Sworn to and subscribed before me
this the __13__ day of November 2019.

NOTARY PUBLIC

My Commission Expires:

__05/19/2020__

Notary Public
Alexander D. Bowers
Cobb County, GA
Exp. May 19th, 2020

4

SSN 355 -53 -7186

**DAC**

## GENERAL RULES OF CONDUCT AND AUTHORIZATION

I am currently a driver, or have completed preliminary processing in connection with my application for employment as a driver, for **Crete Carrier Corporation** or its operating division **Shaffer Trucking** (the "Company"). I understand my employment commenced, or will commence, at Company Headquarters upon the approval of my application and my completion of Driver Orientation.

I understand the following are general rules of conduct for Company drivers. These general rules are not all inclusive and I acknowledge there are other Company policies and procedures I must follow. As a Company driver, I will abide by the following general rules of conduct and all other Company policies and procedures. **I understand that if I do not comply with these rules and other Company policies and procedures, I may be subject to disciplinary action and/or termination of employment.**

1. **Driver Duties.** As a driver, I will:
   * send or make daily hours of service and other required Qualcomm transmissions, check calls and messages to the Operations Department
   * communicate at least weekly with my assigned Fleet Manager
   * maintain a clean truck both inside and out
   * perform loading and unloading of freight if requested
   * insure that all equipment and paperwork in my possession complies with Department of Transportation regulations and Company policies and procedures
   * insure my tractor-trailer unit is of legal weight for travel at all times and that my tandems are properly and legally set for states through which the load will travel from the point of origin to destination
   * submit all required trip and regulatory paper work immediately upon completion of delivery of a load
   * include the odometer reading from my Company truck on all fuel tickets and repair receipts submitted to the Company
   * when necessary, clean the inside of Company trailers prior to loading and after unloading and, if applicable, refuel refrigeration units before dropping a refrigerated trailer for reloading
   * promptly report to Acklie Maintenance Systems any and all tractor or trailer damage or any past due required maintenance and assist in getting the equipment serviced when needed
   * immediately report any accidents or any OS&D or claims issue
   * return all Company equipment to a designated Company location immediately upon the termination of my employment, regardless of the cause for the termination
   * communicate in person and via Qualcomm, e-mail or any other electronic means available to me in a professional manner with all associates, customers and all those I come in contact with in the course of my employment.

2. **Prohibited Activities.** As a driver, I will **NOT**:
   * refuse a dispatch for any reason other than hours of service or safety limitations
   * violate the Federal Motor Carrier Safety Regulations
   * have a pet inside my Company tractor
   * fuel at locations not on the Company's designated Fuel Network without the express authorization of my Fleet Manager or the Director of Fuel Programs
   * make any unauthorized modification to the interior or exterior of the Company tractor to which I am assigned which modification may include but is not limited to placing any placards, lettering, mirrors, lights, etc. on my Company tractor
   * use my Company tractor or equipment (which includes plates, permits, toll road transponders, Qualcomm systems, and other related equipment) for personal, unauthorized or non-dispatched purposes
   * change or allow change to the factory installed 62 mph speed governor
   * use unauthorized or unapproved toll roads, bridges or highways where the cost is charged to the Company without its consent.

Driver's Initials


EXHIBIT
B-1

SSN 255 - 53 - 7186

3. **Unauthorized Passengers.** Company policy and the provisions of §392.60 of the Federal Motor Carrier Safety Regulations prohibit unauthorized passengers in motor vehicles operated by a motor carrier in interstate commerce. I acknowledge and agree that only the Company's Safety Department personnel may in writing authorize a passenger and that I do not have the authority to authorize a passenger. I understand and agree that if I have an unauthorized passenger on my Company tractor at any time other than an emergency or life-threatening situation as defined by the Company:

- I am acting outside the scope of my employment relationship
- the unauthorized passenger will not be considered a permissive user of the Company's equipment and will not be covered by the Company's liability insurance
- I will be personally responsible for any claim made by the unauthorized passenger for personal injury or death
- I am in gross violation of Company policy and am subject to immediate termination.

4. **Unauthorized Use.** All unauthorized, non-dispatched use of Company equipment (which includes but is not limited to events, such as tractor abandonment, out of route miles or deadheading any distance to go home or to a location which has not been approved by the Company) will result in: (i) a per mile charge back to me at a rate of up to $.50 per mile for the tractor and $.20 per mile for the trailer; (ii) no pay for the unauthorized miles traveled; (iii) a charge back to me of the costs the Company incurs to locate, secure and return the equipment to its closest facility; and (iv) disciplinary action and/or termination of employment.

5. **Authorization to Withhold.** Execution of this document is my written authorization for the Company to withhold from my wages, compensation or any other funds due to me, to the extent permitted by law, any amounts I owe the Company as a result of my violation of any of these General Rules of Conduct, specifically including the following amounts:

- the charges for unauthorized use of Company equipment as set forth in paragraph 4 above
- the cost of restoring Company equipment back to original specifications due to unauthorized modifications or my negligence in the use of the equipment
- the cost of cleaning Company equipment due to my failure to properly maintain the equipment in a clean and sanitary manner or from having a pet in my Company tractor
- all towing, road service, recovery and storage charges incurred by the Company due to my negligence or my failure to return Company equipment to the designated location upon termination of my employment for any reason
- all fines and costs related to my non-compliance with applicable laws and regulations, including weight limits and tandem restrictions
- the excess cost to the Company for unauthorized off-network fuelings
- cargo losses due to my negligence and/or my failure to note loss or damage on a bill of lading or to report the loss to the Company
- all costs arising out of my failure to comply with these General Rules of Conduct and the Company's other policies.

These general rules and the Company's other policies and procedures are designed to maintain a professional level of communication and cooperation within our Company and enable you to be the best you can be for yourself and the Company. I acknowledge that I am an at-will employee and agree that these General Rules of Conduct and Authorization do not create a contract or guarantee of employment. I also agree that these General Rules of Conduct and Authorization supersede all prior employment statements, rules of conduct or work agreements I previously acknowledged.

*I have read and understand the above General Rules of Conduct and Authorization and agree to abide by them. I understand and agree that any violation of the General Rules will entitle the Company to withhold certain amounts due to me and immediately terminate my employment.*

Date: 10/06/2014          Printed Name: John Whitehead

Signature:

## ACKNOWLEDGMENT OF CONSEQUENCES OF TRANSPORTING UNAUTHORIZED PASSENGERS

This document contains a statement of important legal consequences including the loss of liability insurance coverage. READ IT CAREFULLY BEFORE SIGNING. *DO NOT SIGN THIS DOCUMENT IF YOU DO NOT UNDERSTAND IT.*

I hereby acknowledge that I have been informed that the policy of Crete Carrier Corporation and its operating division of Shaffer Trucking ("the Company") and the provisions of Section 392.60 of the Federal Motor Carrier Safety Regulations absolutely prohibit the transportation of unauthorized passengers at any time or under any circumstances in commercial motor vehicles.

As evidenced by my dated signature below, I fully understand and agree that if I violate this policy by transporting an unauthorized passenger in a commercial motor vehicle owned or operated by the Company, I will be acting outside the scope of my employment or engagement and am no longer acting as an agent of the Company. I further understand and agree that if an unauthorized passenger makes a claim against me or the Company for personal injury or death, I will have acted outside the scope of my employment or agency and no liability coverage will be provided to me by the Company.

_____
Driver's Signature

John Whitehead
_____
Printed Name

10/07/14
_____
Date

**EXHIBIT**
**B-2**

07/07

## CERTIFICATION

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
DAC

I hereby certify that _____ Veronica Whitehead _____ personally appeared
(Name of Spouse of Driver)

before me and signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in my presence after having first acknowledged to me that they had read the entire document, understood it and were aware that it constituted a RELEASE OF FUTURE CLAIMS.

DATED: 10/9/14    _____ Katwell _____
Signature of Crete Carrier Corporation Office Employee
or Notary Public

[Notary Seal]

## DRIVER'S RELEASE OF LIABILITY

In consideration for Crete Carrier's authorization to allow me to have passenger ride in the Equipment, on behalf of myself, my heirs, my estate, and my personal representative, I hereby RELEASE AND DISCHARGE Crete Carrier and its officers, directors, shareholders, insurers, employees and any other agents, FROM ANY LIABILITIES, LOSSES, CLAIMS AND DEMANDS OF ANY NATURE OR TYPE INCLUDING ANY RIGHTS UNDER A CLAIM FOR LOSS OF AFFECTION OR CONSORTIUM, WHETHER IN LAW OR IN EQUITY, ARISING OUT OF OR RELATED IN ANY WAY TO ANY LOSS, INJURY, INCLUDING DEATH, to my passenger which is the result of any negligence, including my own, or any other legal theory for which Crete Carrier is claimed or found legally liable, whether directly or vicariously, while passenger is in or around the Equipment operated by Crete Carrier.

Driver understands and agrees that Crete Carrier is relying on this RELEASE as the basis for allowing Driver to have passenger ride in the Equipment and Driver hereby acknowledges that passenger would not be allowed to ride in the Equipment if this RELEASE were not valid and effective. The PURPOSE OF THIS RELEASE is to prevent me, my heirs, my estate or my personal representative from asserting any claim or the bringing of or joining in any lawsuit by me against Crete Carrier or its officers, directors, shareholders, insurers, employees, or other agents, arising out of any claim made by passenger based upon negligence, including my own, or any other legal theory for which Crete Carrier is found legally liable, either directly or vicariously, arising during an authorized trip.

This signed RELEASE may be pleaded by Crete Carrier as a counter-claim to or as a defense in bar of, any action of any kind whatsoever brought, instituted, or taken by or on behalf of Driver arising out of injury or death to passenger. I agree, unless prohibited by law, any loss and the interpretation of this RELEASE shall be governed by the laws of the State of Nebraska.

IN WITNESS WHEREOF, I have signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in Marietta, GA _____, this 09 day of
(City and State)

October, 2014.

_____ (Signature of Driver)

John Whitehead
(Printed Name of Driver)

Release of All Passenger Liability Claims – Spouse 11/12


**EXHIBIT**
**B-3**

**This is a binding document releasing important legal rights. READ IT CAREFULLY. DO NOT SIGN IT IF YOU DO NOT UNDERSTAND IT. CONSULT AN ATTORNEY BEFORE SIGNING IF YOU HAVE QUESTIONS.**

## CRETE CARRIER CORPORATION
### RELEASE OF ALL PASSENGER LIABILITY CLAIMS (Spouse)

I request that I be allowed to ride as a passenger on motor vehicles operated by Crete Carrier Corporation and its Shaffer Trucking division ("Crete Carrier"). I agree that I will be subject to and will comply with all requirements, directions, rules, and regulations of Crete Carrier applicable to passengers including being prohibited from operating any Crete Carrier owned or operated truck, trailer or other equipment (collectively, "Equipment") or performing any labor or duties associated with the Equipment or a load at any time and for any reason.

I specifically acknowledge I am aware of the hazards (including personal injury and death) of being a passenger in a commercial motor vehicle, including motor vehicles accidents and accidents getting in and out of Equipment. I certify that any time the Equipment is in motion I will wear the seat belt while seated in the passenger seat and the safety straps while in the sleeper berth. I am voluntarily exposing myself to these and other similar risks in exchange for being an authorized passenger.

In further order to cause Crete Carrier to allow me to ride as a passenger, and on behalf of myself, my heirs, my estate and my personal representatives, I hereby RELEASE AND DISCHARGE Crete Carrier and its officers, directors, shareholders, employees, drivers and other agents, FROM ANY LIABILITIES, LOSSES, CLAIMS AND DEMANDS OF ANY NATURE OR TYPE ARISING OUT OF OR RELATED IN ANY WAY TO ANY LOSS, DAMAGE OR INJURY, INCLUDING DEATH, which is the result of any negligence or other legal theory for which Crete Carrier is found legally liable while I am a passenger in or around Equipment operated by Crete Carrier.

I understand and agree that Crete Carrier is relying on this RELEASE as the basis for allowing me to be a passenger and I hereby acknowledge that I would not be allowed to be a passenger if this RELEASE were not valid and effective. I also understand and agree that THIS RELEASE IS A LEGALLY BINDING DOCUMENT INTENDED TO BE EFFECTIVE WITH RESPECT TO ANY AND ALL EVENTS RELATED IN ANY WAY TO MY BEING A PASSENGER ON OR AROUND EQUIPMENT OPERATED BY CRETE CARRIER and that the PURPOSE OF THIS RELEASE is to prevent me, my heirs, my estate or my personal representative from asserting any claim or bringing any lawsuit against Crete Carrier or its officers, directors, shareholders, employees, drivers or other agents, as a result of any negligence or other legal basis for which Crete Carrier is found legally liable if I am killed or injured, or if any of my property is lost, damaged, or destroyed, as a direct or indirect result of my being a passenger on or around Equipment operated by Crete Carrier.

I WILLINGLY AND VOLUNTARILY ASSUME ALL RISK of being a passenger, including the risk of injury or death arising from a motor vehicle accident, with the clear understanding that I do not and cannot know at this time when, where, or under what circumstances any loss, injury or death might occur.

This signed RELEASE may be pleaded by Crete Carrier as a counter-claim to or as a defense in bar of, any action of any kind whatsoever brought, instituted, or taken by or on behalf of Driver arising out of injury or death to passenger. I agree, unless prohibited by law, any loss and the interpretation of this Release shall be governed by the laws of the State of Nebraska.

IN WITNESS WHEREOF, I have signed this RELEASE OF ALL PASSENGER LIABILITY CLAIMS in ___Marietta, GA_____, this _09_ day of

_October_, 20_14_.

(City and State)

_Veronica Whitehead_
(Signature of Spouse of Driver)

_Veronica Whitehead_
(Printed Name of Spouse of Driver)

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
DAC

## SPOUSE PASSENGER AUTHORIZATION

IN CONSIDERATION OF and in reliance upon the effectiveness of the Crete Carrier Corporation
RELEASE OF ALL PASSENGER LIABILITY CLAIMS, Crete Carrier Corporation hereby
authorizes: __Veronica Whitehead__ to ride as a
(name of authorized spouse)
passenger on motor vehicles operated by the Company.
THIS AUTHORIZATION is effective within the territory served by the Company and expires on

__10/9/__, 20 ~~14~~ 24

Date: __10/09/14__                        Driver Name __John Whitehead__

Authorization Number: __8733__           Driver Code __WHT 521__

CRETE CARRIER CORPORATION
__Katti Nall__                             __Admin__
Signature of Person Approving Authorization     Title

__Katie Nall__                            __Manetta, GA__
Printed Name                              Terminal Location

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### EXECUTION CHECK LIST FOR SPOUSE
### PASSENGER AUTHORIZATION AND RELEASE

☐   Release read and signed by spouse of driver in presence of Crete Carrier office employee
    or a Notary Public.
☐   Photocopy of spouse's Photo ID or driver's license
☐   Photocopy of Marriage License or Certificate
☐   Spouse of driver must answer "yes" to the following questions:
    1.  Do you read and understand the English language?
        ANSWER: Yes   KN/VW initials of office employee/Notary Public
    2.  Have you read the Release of All Passenger Liability Claims form?
        ANSWER: Yes   KN/VW initials of office employee/Notary Public
    3.  Do you understand that by signing the Spouse Release of All Passenger Liability Claims
        form you are giving up your right to bring a lawsuit against Crete Carrier Corporation
        and your spouse, should you be injured or killed while a passenger in the Crete vehicle?
        ANSWER: Yes   KN/VW initials of office employee/Notary Public
☐   Certification section of Release signed by Crete Carrier office employee or a Notary
    Public.
☐   Copy of Authorization to driver.
☐   Copy of Release document to spouse.
☐   Original Release document to driver's file in Lincoln, NE.

Passenger Authorization – Spouse 11/12



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
DAC



John Dwain Whitehead        Veronica Lynn Frye

of Cumming Ga.        of Cumming Ga.

were by me united in



on the Twenty Ninth        day of

January

in the Year of our Lord 1994

at Cumming Church of God

Witnesses:
Clay Brooks

James Hansard

SSN 355 -53 -7186

DAC

## GENERAL RULES OF CONDUCT AND AUTHORIZATION

I am currently a driver, or have completed preliminary processing in connection with my application for employment as a driver, for **Crete Carrier Corporation** or its operating division **Shaffer Trucking** (the "Company"). I understand my employment commenced, or will commence, at Company Headquarters upon the approval of my application and my completion of Driver Orientation.

I understand the following are general rules of conduct for Company drivers. These general rules are not all inclusive and I acknowledge there are other Company policies and procedures I must follow. As a Company driver, I will abide by the following general rules of conduct and all other Company policies and procedures. **I understand that if I do not comply with these rules and other Company policies and procedures, I may be subject to disciplinary action and/or termination of employment.**

1.  **Driver Duties.** As a driver, I will:
    *   send or make daily hours of service and other required Qualcomm transmissions, check calls and messages to the Operations Department
    *   communicate at least weekly with my assigned Fleet Manager
    *   maintain a clean truck both inside and out
    *   perform loading and unloading of freight if requested
    *   insure that all equipment and paperwork in my possession complies with Department of Transportation regulations and Company policies and procedures
    *   insure my tractor-trailer unit is of legal weight for travel at all times and that my tandems are properly and legally set for states through which the load will travel from the point of origin to destination
    *   submit all required trip and regulatory paper work immediately upon completion of delivery of a load
    *   include the odometer reading from my Company truck on all fuel tickets and repair receipts submitted to the Company
    *   when necessary, clean the inside of Company trailers prior to loading and after unloading and, if applicable, refuel refrigeration units before dropping a refrigerated trailer for reloading
    *   promptly report to Acklie Maintenance Systems any and all tractor or trailer damage or any past due required maintenance and assist in getting the equipment serviced when needed
    *   immediately report any accidents or any OS&D or claims issue
    *   return all Company equipment to a designated Company location immediately upon the termination of my employment, regardless of the cause for the termination
    *   communicate in person and via Qualcomm, e-mail or any other electronic means available to me in a professional manner with all associates, customers and all those I come in contact with in the course of my employment.

2.  **Prohibited Activities.** As a driver, I will **NOT**:
    *   refuse a dispatch for any reason other than hours of service or safety limitations
    *   violate the Federal Motor Carrier Safety Regulations
    *   have a pet inside my Company tractor
    *   fuel at locations not on the Company's designated Fuel Network without the express authorization of my Fleet Manager or the Director of Fuel Programs
    *   make any unauthorized modification to the interior or exterior of the Company tractor to which I am assigned which modification may include but is not limited to placing any placards, lettering, mirrors, lights, etc. on my Company tractor
    *   use my Company tractor or equipment (which includes plates, permits, toll road transponders, Qualcomm systems, and other related equipment) for personal, unauthorized or non-dispatched purposes
    *   change or allow change to the factory installed 62 mph speed governor
    *   use unauthorized or unapproved toll roads, bridges or highways where the cost is charged to the Company without its consent.

General Rules of Conduct and Authorization - Rev. 10/1/08          1          Driver's Initials _____

Exhibit "F"

SSN 255 - 53 - 7186

**3.  Unauthorized Passengers.** Company policy and the provisions of §392.60 of the Federal Motor Carrier Safety Regulations prohibit unauthorized passengers in motor vehicles operated by a motor carrier in interstate commerce. I acknowledge and agree that only the Company's Safety Department personnel may in writing authorize a passenger and that I do not have the authority to authorize a passenger. I understand and agree that if I have an unauthorized passenger on my Company tractor at any time other than an emergency or life-threatening situation as defined by the Company:

- I am acting outside the scope of my employment relationship
- the unauthorized passenger will not be considered a permissive user of the Company's equipment and will not be covered by the Company's liability insurance
- I will be personally responsible for any claim made by the unauthorized passenger for personal injury or death
- I am in gross violation of Company policy and am subject to immediate termination.

**4.  Unauthorized Use.** All unauthorized, non-dispatched use of Company equipment (which includes but is not limited to events, such as tractor abandonment, out of route miles or deadheading any distance to go home or to a location which has not been approved by the Company) will result in: (i) a per mile charge back to me at a rate of up to $.50 per mile for the tractor and $.20 per mile for the trailer; (ii) no pay for the unauthorized miles traveled; (iii) a charge back to me of the costs the Company incurs to locate, secure and return the equipment to its closest facility; and (iv) disciplinary action and/or termination of employment.

**5.  Authorization to Withhold.** Execution of this document is my written authorization for the Company to withhold from my wages, compensation or any other funds due to me, to the extent permitted by law, any amounts I owe the Company as a result of my violation of any of these General Rules of Conduct, specifically including the following amounts:

- the charges for unauthorized use of Company equipment as set forth in paragraph 4 above
- the cost of restoring Company equipment back to original specifications due to unauthorized modifications or my negligence in the use of the equipment
- the cost of cleaning Company equipment due to my failure to properly maintain the equipment in a clean and sanitary manner or from having a pet in my Company tractor
- all towing, road service, recovery and storage charges incurred by the Company due to my negligence or my failure to return Company equipment to the designated location upon termination of my employment for any reason
- all fines and costs related to my non-compliance with applicable laws and regulations, including weight limits and tandem restrictions
- the excess cost to the Company for unauthorized off-network fuelings
- cargo losses due to my negligence and/or my failure to note loss or damage on a bill of lading or to report the loss to the Company
- all costs arising out of my failure to comply with these General Rules of Conduct and the Company's other policies.

These general rules and the Company's other policies and procedures are designed to maintain a professional level of communication and cooperation within our Company and enable you to be the best you can be for yourself and the Company. I acknowledge that I am an at-will employee and agree that these General Rules of Conduct and Authorization do not create a contract or guarantee of employment. I also agree that these General Rules of Conduct and Authorization supersede all prior employment statements, rules of conduct or work agreements I previously acknowledged.

*I have read and understand the above General Rules of Conduct and Authorization and agree to abide by them. I understand and agree that any violation of the General Rules will entitle the Company to withhold certain amounts due to me and immediately terminate my employment.*

Date: 10/06/2014        Printed Name: John Whitehead

Signature: _____

## ACKNOWLEDGMENT OF CONSEQUENCES OF TRANSPORTING UNAUTHORIZED PASSENGERS

This document contains a statement of important legal consequences including the loss of liability insurance coverage. READ IT CAREFULLY BEFORE SIGNING. *DO NOT SIGN THIS DOCUMENT IF YOU DO NOT UNDERSTAND IT.*

I hereby acknowledge that I have been informed that the policy of Crete Carrier Corporation and its operating division of Shaffer Trucking ("the Company") and the provisions of Section 392.60 of the Federal Motor Carrier Safety Regulations absolutely prohibit the transportation of unauthorized passengers at any time or under any circumstances in commercial motor vehicles.

As evidenced by my dated signature below, I fully understand and agree that if I violate this policy by transporting an unauthorized passenger in a commercial motor vehicle owned or operated by the Company, I will be acting outside the scope of my employment or engagement and am no longer acting as an agent of the Company. I further understand and agree that if an unauthorized passenger makes a claim against me or the Company for personal injury or death, I will have acted outside the scope of my employment or agency and no liability coverage will be provided to me by the Company.

_____
Driver's Signature

John Whitehead
_____
Printed Name

10/07/14
_____
Date

07/07

Exhibit "G"

## EXECUTION CHECK LIST FOR SPOUSE
## PASSENGER AUTHORIZATION AND RELEASE

☐ Release read and signed by spouse of driver in presence of Crete Carrier office employee or a Notary Public.

☐ Photocopy of spouse's Photo ID or driver's license

☐ Photocopy of Marriage License or Certificate

☐ Spouse of driver must answer "yes" to the following questions:

    1. Do you read and understand the English language?
       ANSWER: _Yes_ _SW_ initials of office employee/Notary Public

    2. Have you read the Release of All Passenger Liability Claims form?
       ANSWER: _Yes_ _SW_ initials of office employee/Notary Public

    3. Do you understand that by signing the Spouse Release of All Passenger Liability Claims form you are giving up your right to bring a lawsuit against Crete Carrier Corporation and your spouse, should you be injured or killed while a passenger in the Crete vehicle?
       ANSWER: _Yes_ _SW_ initials of office employee/Notary Public

☐ Certification section of Release signed by Crete Carrier office employee or a Notary Public.

☐ Copy of Authorization to driver.

☐ Copy of Release document to spouse.

☐ Original Release document to driver's file in Lincoln, NE.

Passenger Authorization – Spouse 11/12

**Exhibit "H"**

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
DAC

## SPOUSE PASSENGER AUTHORIZATION

IN CONSIDERATION OF and in reliance upon the effectiveness of the Crete Carrier Corporation RELEASE OF ALL PASSENGER LIABILITY CLAIMS, Crete Carrier Corporation hereby authorizes: _Veronica Whitehead_ to ride as a
(name of authorized spouse)
passenger on motor vehicles operated by the Company.
THIS AUTHORIZATION is effective within the territory served by the Company and expires on

_10/9/_, 20 ~~15~~ 24

Date: _10/09/14_                      Driver Name _John Whitehead_

Authorization Number: _8733_          Driver Code _WHT 321_

CRETE CARRIER CORPORATION
_Katie Nall_
Signature of Person Approving Authorization

_Admin_
Title

_Katie Nall_
Printed Name

_Manetta, GA_
Terminal Location

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Passenger Authorization – Spouse 11/12

Exhibit "I"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the within and foregoing pleading with the Clerk of Court using the Odyssey File and Serve system, which will automatically send e-mail notification of such filing to the following attorney of record:

Matthew E. Cook, Esq.
matt@cook-lawgroup.com

Kate S. Cook, Esq.
kate@cook-lawgroup.com

Robert H. Childress, III, Esq.
robert@cook-lawgroup.com

Jonathan A. Parrish, Esq.
jparrish@parrishfirm.com

This 28th day of July, 2022.

*/s/ Marvin D. Dikeman*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760

*Attorney for Defendant Crete Carrier Corporation and Jason Feagan*

**WEBB ZSCHUNKE, NEARY & DIKEMAN, LLP**
One Ameris Center, Suite 1210
3490 Piedmont Road
Atlanta, GA 30305
(404) 264-1080 / main
(404) 264-4520 / fax

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**

**7/29/2022 8:13 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD and | : | |
| VERONICA WHITEHEAD,  ward | : | |
| by and through her duly appointed Guardian | : | CIVIL ACTION |
| VALERIE BROOKS, | : | FILE NO.:  22-C-03645-S1 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| SOUTHERLAND, INC., HICKORY | : | |
| SPRINGS MANUFACTURING | : | |
| COMPANY, CRETE CARRIER | : | |
| CORPORATION and JASON FEAGAN, | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANT SOUTHERLAND, INC.
## TO PLAINTIFFS' COMPLAINT FOR DAMAGES - RENEWAL ACTION

COMES NOW Southerland, Inc. (hereinafter "Defendant" or "Southerland"), a defendant in the above-styled action, and files its Answer to Plaintiffs' Complaint for Damages - Renewal Action (hereinafter "Plaintiffs' Complaint"), showing this Honorable Court the following:

### FIRST DEFENSE

Some or all of the claims asserted by Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant Jason Feagan has been fraudulently joined in this action.  Accordingly, Defendant raises the defenses of lack of personal jurisdiction and improper venue.  The proper venue is the United States District Court for the Northern District of Georgia.  If Mr. Feagan is not dismissed from this action, the proper venue is the State or Superior Court of Paulding County, where Mr. Feagan resides.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitation in that the original Complaint in this action was not filed within the deadline imposed by O.C.G.A. § 9-3-33, and thus their claims must be dismissed.

## FOURTH DEFENSE

Plaintiffs' alleged injuries and damages were caused by the negligence on the part of some person or entity other than Defendant.

## FIFTH DEFENSE

Defendant shows that if there was any negligence on its part, and such allegations of negligence are expressly denied, then Plaintiffs had the opportunity and obligation to avoid any such alleged negligence, which Plaintiffs failed to do.

## SIXTH DEFENSE

The injuries and damages allegedly sustained by Plaintiffs were solely, directly, and proximately caused by Plaintiffs' own acts, omissions, and negligence. Accordingly, Plaintiffs can have no recovery.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or must be proportionately reduced due to their own negligence.

## EIGHTH DEFENSE

Plaintiffs assumed the risk of injury to Plaintiff Veronica Whitehead.

## NINTH DEFENSE

Plaintiffs were negligent, which negligence was equal to or greater than any alleged negligence alleged against Defendant (which negligence is specifically denied), and thus Plaintiffs are not entitled to recover.

## TENTH DEFENSE

Defendant raises the defenses of product abuse and product misuse.

## ELEVENTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Defendant shows that any recovery by or on behalf of Plaintiffs must be diminished by the fault attributable to Plaintiffs and any other parties.

## TWELFTH DEFENSE

If Defendant was negligent as alleged, which Defendant emphatically denies, Plaintiffs failed to exercise ordinary care to avoid Defendant's alleged negligence.

## THIRTEENTH DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed through additional investigation and discovery.

## RESPONSIVE ANSWER

Defendant responds to the enumerated paragraphs contained in Plaintiffs' Complaint as follows:

## RENEWAL ACTION

**1.**

In response to the allegations contained in paragraph No. 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs filed a lawsuit against Defendants in the State Court of Gwinnett County styled as Civil Action No. 17-C-07785-S1. Defendant admits that copies of the Complaint and Amended Complaints are attached to the Complaint as Exhibit "A". Defendant admits that Civil Action No. 17-C-07785-S1 was assigned to Judge Emily Brantley. For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 1 of Plaintiffs' Complaint, and therefore the same are denied.

**2.**

Defendant admits that it was served in the former suit. For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 2 of Plaintiffs' Complaint, and therefore the same are denied.

**3.**

Defendant admits that the original action was dismissed without prejudice on January 3, 2022. Defendant admits that a copy of the dismissal paperwork is attached to the Complaint as Exhibit "C". Defendant admits that the original action was not dismissed on its merits. For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 3 of Plaintiffs' Complaint, and therefore the same are denied.

**4.**

Defendant admits that an affidavit is attached to the complaint as Exhibit "D". For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 4 of Plaintiffs' Complaint, and therefore the same are denied.

**5.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 5 of Plaintiffs' Complaint, and therefore the same are denied.

**6.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 6 of Plaintiffs' Complaint, and therefore the same are denied.

**I.      PARTIES, JURISDICTION AND VENUE**

**7.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 7 of Plaintiffs' Complaint, and therefore the same are denied.

**8.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 8 of Plaintiffs' Complaint, and therefore the same are denied.

**9.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 9 of Plaintiffs' Complaint, and therefore the same are denied.

**10.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny whether Plaintiff John Whitehead was driving a tractor-trailer for Defendant Crete Carrier Corporation on December 27, 2015.  Defendant denies the remaining allegations contained in Paragraph No. 10 of Plaintiffs' Complaint.

**11.**

Paragraph No. 11 of Plaintiffs' Complaint does not require a response from Defendant. However, to the extent applicable, Defendant denies the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint.

**12.**

Paragraph No. 12 of Plaintiffs' Complaint does not require a response from Defendant. However, to the extent applicable, Defendant denies the allegations contained in Paragraph No. 12 of Plaintiffs' Complaint.

**13.**

Defendant admits the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint.

**14.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 14 of Plaintiffs' Complaint, and therefore the same are denied.

**15.**

Defendant admits that it maintains a registered agent for service of process in Gwinnett County.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 15 of Plaintiffs' Complaint, and therefore the same are denied.

**16.**

Upon information and belief, Defendant admits the allegations contained in Paragraph No. 16 of Plaintiffs' Complaint.

**17.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 17 of Plaintiffs' Complaint, and therefore the same are denied.

**18.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint, and therefore the same are denied.

**19.**

Upon information and belief, Defendant admits the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint.

**20.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint, and therefore the same are denied.

**21.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 21 of Plaintiffs' Complaint, and therefore the same are denied.

**22.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 22 of Plaintiffs' Complaint, and therefore the same are denied.

**23.**

Defendant denies the allegations contained in Paragraph No. 23 of Plaintiffs' Complaint.

**24.**

Defendant denies the allegations contained in Paragraph No. 24 of Plaintiffs' Complaint.

## II.    OPERATIVE FACTS

**25.**

Defendant admits that on December 27, 2015, Plaintiff John Whitehead was employed by Defendant Crete as a driver. Defendant denies the remaining allegations contained in Paragraph No. 25 of Plaintiffs' Complaint.

**26.**

Defendant admits that on December 27, 2015, Defendant Crete provided a tractor to Plaintiff John Whitehead.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 26 of Plaintiffs' Complaint, and therefore the same are denied.

**27.**

Defendant admits that it manufactured the mattress inspected in the former lawsuit. Defendant denies that it designed the mattress.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 27 of Plaintiffs' Complaint, and therefore the same are denied.

**28.**

Defendant admits that the mattress inspected in the former lawsuit contains an innerspring unit manufactured by Hickory Springs Manufacturing Company.  Defendant denies the remaining allegations contained in Paragraph No. 28 of Plaintiffs' Complaint.

**29.**

Defendant denies the allegations contained in Paragraph No. 29 of Plaintiffs' Complaint.

**30.**

Defendant denies that the alleged puncture wound lead to a serious, life-threatening infection which left Plaintiff Veronica Whitehead with permanent injuries.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 30 of Plaintiffs' Complaint, and therefore the same are denied.

**31.**

Defendant admits that it manufactured and sold the mattress inspected in the former lawsuit. Defendant denies the remaining allegations contained in Paragraph No. 31 of Plaintiffs' Complaint.

**32.**

Defendant denies the allegations contained in Paragraph No. 32 of Plaintiffs' Complaint.

**33.**

Defendant denies the allegations contained in Paragraph No. 33 of Plaintiffs' Complaint.

**34.**

Defendant denies the allegations contained in Paragraph No. 34 of Plaintiffs' Complaint.

**35.**

Defendant denies the allegations contained in Paragraph No. 35 of Plaintiffs' Complaint.

**36.**

Defendant denies the allegations contained in Paragraph No. 36 of Plaintiffs' Complaint.

**37.**

Defendant denies the allegations contained in Paragraph No. 37 of Plaintiffs' Complaint.

**38.**

Defendant admits that the mattress inspected in the former lawsuit contains an innerspring unit manufactured by Hickory Springs Manufacturing Company. For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 38 of Plaintiffs' Complaint, and therefore the same are denied.

**39.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 39 of Plaintiffs' Complaint, and therefore the same are denied.

**40.**

Defendant denies the allegations contained in Paragraph No. 40 of Plaintiffs' Complaint.

**41.**

Defendant denies the allegations contained in Paragraph No. 41 of Plaintiffs' Complaint.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of Plaintiffs' Complaint.

**43.**

Defendant denies the allegations contained in Paragraph No. 43 of Plaintiffs' Complaint.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of Plaintiffs' Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of Plaintiffs' Complaint.

**46.**

Defendant denies the allegations contained in Paragraph No. 46 of Plaintiffs' Complaint.

**47.**

Defendant denies the allegations contained in Paragraph No. 47 of Plaintiffs' Complaint.

**48.**

Defendant denies the allegations contained in Paragraph No. 48 of Plaintiffs' Complaint.

**49.**

Defendant denies the allegations contained in Paragraph No. 49 of Plaintiffs' Complaint.

**50.**

Defendant admits that on December 27, 2015, Defendant Feagan was employed by Defendant Crete.  For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in Paragraph No. 50 of Plaintiffs' Complaint, and therefore the same are denied.

**51.**

Defendant denies the allegations contained in Paragraph No. 51 of Plaintiffs' Complaint.

**52.**

Defendant denies the allegations contained in Paragraph No. 52 of Plaintiffs' Complaint.

**53.**

Defendant denies the allegations contained in Paragraph No. 53 of Plaintiffs' Complaint.

**54.**

Defendant denies the allegations contained in Paragraph No. 54 of Plaintiffs' Complaint.

**55.**

Defendant denies the allegations contained in Paragraph No. 55 of Plaintiffs' Complaint.

**56.**

Defendant denies the allegations contained in Paragraph No. 56 of Plaintiffs' Complaint.

**57.**

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in Paragraph No. 57 of Plaintiffs' Complaint, and therefore the same are denied.

**58.**

Defendant denies the allegations contained in Paragraph No. 58 of Plaintiffs' Complaint.

**59.**

Defendant denies the allegations contained in Paragraph No. 59 of Plaintiffs' Complaint.

**60.**

Defendant denies the allegations contained in Paragraph No. 60 of Plaintiffs' Complaint.

**61.**

Defendant denies the allegations contained in Paragraph No. 61 of Plaintiffs' Complaint.

**62.**

Defendant denies the allegations contained in Paragraph No. 62 of Plaintiffs' Complaint.

**63.**

Defendant denies the allegations contained in Paragraph No. 63 of Plaintiffs' Complaint.

### III.  **LIABILITY OF DEFENDANTS**

**64.**

Defendant denies the allegations contained in Paragraph No. 64 of Plaintiffs' Complaint.

**65.**

Defendant denies the allegations contained in Paragraph No. 65 of Plaintiffs' Complaint.

**66.**

Defendant denies the allegations contained in Paragraph No. 66 of Plaintiffs' Complaint.

**67.**

Defendant denies the allegations contained in Paragraph No. 67 of Plaintiffs' Complaint.

**68.**

Defendant denies the allegations contained in Paragraph No. 68 of Plaintiffs' Complaint.

**69.**

Defendant denies the allegations contained in Paragraph No. 69 of Plaintiffs' Complaint.

**70.**

Defendant denies the allegations contained in Paragraph No. 70 of Plaintiffs' Complaint.

**71.**

Defendant denies the allegations contained in Paragraph No. 71 of Plaintiffs' Complaint.

**72.**

Defendant denies the allegations contained in Paragraph No. 72 of Plaintiffs' Complaint.

**73.**

Defendant denies the allegations contained in Paragraph No. 73 of Plaintiffs' Complaint.

**IV.     DAMAGES CLAIMED**

**74.**

Defendant denies the allegations contained in Paragraph No. 74 of Plaintiffs' Complaint.

**75.**

Defendant denies the allegations contained in Paragraph No. 75 of Plaintiffs' Complaint.

**76.**

Defendant denies the allegations contained in Paragraph No. 76 of Plaintiffs' Complaint.

**77.**

Defendant denies the allegations contained in Paragraph No. 77 of Plaintiffs' Complaint.

**78.**

Defendant denies the allegations contained in Paragraph No. 78 of Plaintiffs' Complaint.

**79.**

Defendant denies the allegations contained in Paragraph No. 79 of Plaintiffs' Complaint.

**80.**

Defendant denies the allegations contained in Paragraph No. 80 of Plaintiffs' Complaint.

**81.**

Defendant denies the allegations contained in Paragraph No. 81 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

**82.**

Defendant denies any other allegations contained in Plaintiffs' Complaint which it has not specifically responded to hereinabove.  Furthermore, Defendant denies that Plaintiffs are entitled to the relief requested in the WHEREFORE clause of the Complaint.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant prays that the action be dismissed on the merits or that judgment be entered in its favor and against Plaintiffs. Defendant demands that the costs of the action be assessed against Plaintiffs.  Finally, Defendant demands a trial by a twelve-person jury.

Respectfully submitted this 29th day of July, 2022.


*/s/ Brian J. Miller*
BRIAN J.MILLER
Georgia State Bar No. 211035
brian_miller@staffdefense.com
Attorney for Southerland, Inc.

3740 Davinci Court, Suite 460
Peachtree Corners, Georgia 30092
(770) 381-6175 Phone
(770) 441-1152 Fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the **ANSWER OF DEFENDANT SOUTHERLAND, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES - RENEWAL ACTION** on all counsel of record by operation of the Court's electronic filing and service system and by statutory electronic service addressed to:

### <u>COUNSEL FOR PLAINTIFF</u>
Matthew E. Cook
Kate S. Cook
Robert H. Childres, III
Cook Law Group, LLC
P.O. Box 2415
Gainesville, Georgia 30503

Jonathan A. Parrish
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry, NE
Atlanta, Georgia 30326

### <u>COUNSEL FOR CRETE CARRIER & JASON FEAGAN</u>
Marvin D. Dikeman
Webb Zschunke Neary & Dikeman, LLP
One Securities Centre
3490 Piedmont Road, NE
Suite 1210
Atlanta, Georgia 30305

### <u>COUNSEL FOR HICKORY SPRINGS MANUFACTURING COMPANY</u>
Lisa Richardson
Stevan A. Miller
Drew Eckl Farnham
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308

This 29th day of July, 2022.

*/s/ Brian J. Miller*
BRIAN J. MILLER
Georgia State Bar No. 211035
brian_miller@staffdefense.com
Attorney for Southerland, Inc.

3740 Davinci Court, Suite 460
Peachtree Corners, Georgia 30092
(770) 381-6175 Phone
(770) 441-1152 Fax

17

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03645-S1**

**7/29/2022 8:54 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN WHITEHEAD and | : | |
| VERONICA WHITEHEAD, ward | : | |
| by and through her duly appointed Guardian | : | CIVIL ACTION |
| VALERIE BROOKS, | : | FILE NO.:  22-C-03645-S1 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| SOUTHERLAND, INC., HICKORY | : | |
| SPRINGS MANUFACTURING | : | |
| COMPANY, CRETE CARRIER | : | |
| CORPORATION and JASON FEAGAN, | : | |
| | : | |
| Defendants. | : | |

### SOUTHERLAND, INC.'S DEMAND FOR TWELVE PERSON JURY

COMES NOW Southerland, Inc., a defendant in the above-styled action, and hereby demands

a trial by a jury composed of twelve members.

Respectfully submitted this 29th day of July, 2022.

*/s/ Brian J. Miller*
BRIAN J. MILLER
Georgia State Bar No. 211035
brian_miller@staffdefense.com
Attorney for Southerland, Inc.

3740 Davinci Court, Suite 460
Peachtree Corners, Georgia 30092
(770) 381-6175 Phone
(770) 441-1152 Fax

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I served a copy of the foregoing **SOUTHERLAND, INC.'S DEMAND**

**FOR TWELVE PERSON JURY** on all parties by statutory electronic service addressed to:

### <u>COUNSEL FOR PLAINTIFF</u>
Matthew E. Cook
matt@cook-lawgroup.com
Kate S. Cook
kate@cook-lawgroup.com
Robert H. Childres, III
robert@cook-lawgroup.com
Cook Law Group, LLC
P.O. Box 2415
Gainesville, Georgia 30503

Jonathan A. Parrish
jparrish@parrishfirm.com
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry, NE
Atlanta, Georgia 30326

### <u>COUNSEL FOR CRETE CARRIER & JASON FEAGAN</u>
Marvin D. Dikeman
mdikeman@wznd.net
Webb Zschunke Neary & Dikeman, LLP
One Securities Centre
3490 Piedmont Road, NE
Suite 1210
Atlanta, Georgia 30305

### <u>COUNSEL FOR HICKORY SPRINGS MANUFACTURING COMPANY</u>
Lisa Richardson
richardsonl@deflaw.com
Stevan A. Miller
smiller@deflaw.com
Drew Eckl Farnham
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308

This 29th day of July, 2022.

/s/ Brian J. Miller
BRIAN J. MILLER
Georgia State Bar No. 211035
brian_miller@staffdefense.com
Attorney for Southerland, Inc.

3740 Davinci Court, Suite 460
Peachtree Corners, Georgia 30092
(770) 381-6175 Phone
(770) 441-1152 Fax