IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WHITEHEAD and VERONICA WHITEHEAD, ward by and through her duly appointed Guardian VALERIE BROOKS,<br>    Plaintiffs,<br><br>                          v.<br><br>SOUTHERLAND, INC., HICKORY SPRINGS MANUFACTURING COMPANY, CRETE CARRIER CORPORATION, and JASON FEAGAN,<br>    Defendants. | Civil Action No.<br>1:22-cv-03008-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs John and Veronica Whitehead's motion for reconsideration or, in the alternative, for certification for interlocutory appeal. [ECF 30]. With the benefit of oral argument, and for the following reasons, Plaintiffs' motion is **DENIED**.

**I.   BACKGROUND**

This long-running case arises out of a 2015 injury suffered by Veronica, and allegedly caused by a mattress spring in the sleeper berth of a tractor-trailer.[1] Veronica sued for her injury together with her husband John, who was driving the truck at the time of the incident as an employee of Defendant Crete Carrier

---

[1] ECF 1-2, ¶ 2, at 58. This case's factual and procedural background has been set forth in greater detail in a previous order. *See generally* ECF 28.

1

Corporation.[2] As relevant here, Veronica asserts claims against Crete and Crete employee John Feagan in negligence, for allegedly failing to replace the injury-causing mattress after receiving notice that it was potentially defective.[3] Veronica's claim against Feagan in particular rests on allegations (as succinctly summarized by Defendants) that "Feagan supervised an unidentified Crete employee who refused to replace a mattress after having been told that it hurt a driver's hips when he slept on it" (the driver, of course, being John).[4]

Plaintiffs first filed suit in Georgia state court in December 2017.[5] They survived a state-court motion to dismiss in August 2018, and engaged in years of state-court discovery before voluntarily dismissing their complaint without prejudice in January 2022.[6] When Plaintiffs renewed their state-court complaint several months later, Defendants removed to federal court.[7] Immediately upon removal, Crete and Feagan moved to dismiss Veronica's claims against them for

---

[2]   ECF 1-2, ¶¶ 1–2, at 58.

[3]   *Id.* ¶¶ 66–67, at 70.

[4]   ECF 32, at 11.

[5]   ECF 1-2, at 1.

[6]   *Id.* at 91.

[7]   ECF 1.

2

failure to state a claim under Fed. R. Civ. P. 12(b)(6).[8] Plaintiffs in turn moved for remand to state court for lack of subject matter jurisdiction.[9]

The Court issued an order (the Prior Order) denying both motions.[10] Plaintiffs now ask the Court to reconsider the Prior Order's ruling that the Court has subject matter jurisdiction over this case under the doctrine of fraudulent joinder.[11] In the alternative, Plaintiffs ask for interlocutory appeal on whether the Prior Order's denial of Feagan's motion to dismiss under 12(b)(6) should necessitate a ruling that Feagan is fraudulently joined.[12]

## II. DISCUSSION

Reconsideration is proper under Local Rule 7.2(E) when "absolutely necessary." Absolute necessity only arises in three instances: (1) when new evidence is discovered; (2) when controlling law develops or changes; or (3) when the Court has made a clear error of law or fact. *Davis v. Daniels*, 655 F. App'x 755, 759 (11th Cir. 2016). Here, Plaintiffs ask for reconsideration of the Prior Order on the ground that the Court's denial of remand was based on clear error[13] which, in

---

[8] ECF 4.

[9] ECF 15.

[10] ECF 28.

[11] ECF 30-1, at 2.

[12] *Id.* at 7.

[13] ECF 34, at 2.

the Eleventh Circuit, requires "the definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). Specifically, Plaintiffs argue that the Court committed (1) a clear error of fact when it failed to credit Feagan's deposition testimony that "he *did* supervise those responsible for providing replacement mattresses to drivers";[14] (2) a clear error of law when it ruled that Feagan owed Veronica no duty of care;[15] and (3) a clear error of law when it failed to analyze Feagan's duty to Veronica under premises liability principles.[16]

The Court disagrees. First, the Prior Order did not commit a clear error of fact because it *did* credit Feagan's deposition testimony that he supervised mattress replacement: in reciting the relevant facts, the Prior Order quoted Feagan's deposition for the factual proposition that he "was in a position that 'concerned replacing mattresses in the trucks.'"[17] Second, the Prior Order did not commit a clear error of law in ruling that Feagan owed Veronica no duty of care. The Prior Order rejected Plaintiff's theory that a legal duty flowed from Feagan, through a single verbal exchange between one of Feagan's subordinates and John, by way of

---

14   ECF 30-1, at 3 (emphasis in original).

15   *Id.* at 2.

16   *Id.* at 6.

17   ECF 28, at 12 (quoting ECF 15-3, at 4).

a mattress that Feagan never handled, in a truck that Feagan had never seen, to John's spouse whom Feagan had never met, as too tenuous "to show even the possibility that Feagan could be found personally liable for negligence under Georgia law."[18] That ruling, upon careful review, may well have been correct but regardless certainly does not leave the Court with a "definite and firm conviction" that it was wrong. And third, the Prior Order did not commit a clear error of law in analyzing Feagan's duty to Veronica under an "active negligence" theory instead of premises liability principles, when Plaintiffs at the time asked the Court to do exactly that.[19]

In the alternative, Plaintiffs move the Court to certify the following question for interlocutory appeal:

> If the district court finds that a plaintiff has stated a claim against a nondiverse defendant under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is the district court required to find that the nondiverse defendant was not fraudulently joined.[20]

However, interlocutory appeal is not needed here because the problem that Plaintiffs have identified in the Prior Order—the potential inconsistency between

---

[18] *Id.* at 16.

[19] ECF 51-1, at 15 ("Plaintiffs' claims against Feagan and Crete are predicated on active negligence and not based on premises liability."); *see also* ECF 28, at 23 ("Plaintiffs contend that these claims are based on 'active negligence' rather than premises liability law.").

[20] ECF 31-1, at 7.

its ruling that Feagan was fraudulently joined and its denial of his 12(b)(6) motion to dismiss—can be solved by applying two established principles of Eleventh Circuit law. The first is that when a defendant both opposes remand by asserting fraudulent joinder *and* moves to dismiss under Rule 12(b)(6), a court must resolve the fraudulent joinder issue *before* taking up the Rule 12(b)(6) motion because the former implicates the court's subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (instructing courts to verify their own subject matter jurisdiction before "proceed[ing] at all in any cause"). The second is that if a court determines that a resident defendant is fraudulently joined, then "the federal court *must dismiss* the [resident] defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (emphasis added).

Applying these principles to this case: Upon finding that Feagan was fraudulently joined, the Court, under *Florence*, was required to dismiss him from the case without ruling on his 12(b)(6) motion to dismiss. At the time the Court issued the Prior Order, the Court was not aware of "any case law requiring the Court to dismiss the claims against Feagan simply because he was fraudulently joined"[21], and the parties at the time failed to bring such authority to the Court's

---

21   ECF 28, at 26.

attention. That authority, in the form of *Florence*, has now been brought to the Court's attention.[22] Thus, pursuant to a *sua sponte* review of its own subject matter jurisdiction, *Univ. of S. Ala.*, 168 F.3d at 410, the Court vacates its denial of Feagan's 12(b)(6) motion to dismiss and dismisses Feagan as fraudulently joined.

### III.  CONCLUSION

Plaintiffs' motion for reconsideration or in the alternative for interlocutory appeal [ECF 30] is **DENIED**. The Court's denial of Feagan's motion to dismiss [ECF 28] is **VACATED**. The Clerk is **DIRECTED** to dismiss Feagan from the case.

**SO ORDERED** this 29th day of March, 2024.

 Steven D. Grimberg
 United States District Judge

---

[22]  ECF 33, at 1–2.