## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN WHITEHEAD and     \*
VERONICA WHITEHEAD, ward,     \*
by and through her duly appointed     \*
Guardian VALERIE BROOKS     \*
    \*
    Plaintiffs,     \*
    \*     CIVIL ACTION NO.:
v.     \*
    \*     <u>1:22-cv-03008-SDG</u>
SOUTHERLAND, INC., and     \*
HICKORY SPRINGS     \*
MANUFACTURING COMPANY,     \*
    \*
    \*
    Defendants.     \*

## <u>CONSOLIDATED PRETRIAL ORDER</u>

### 1.

There are no motions or other matters pending for consideration by the court except as noted:

**The Parties' various *Daubert* Motions regarding expert qualifications and admissibility remain pending. This includes motions by Defendants to exclude the testimony of Dr. Raymond Thompson and Plaintiffs' motions to exclude the testimony of Dr. Pierce Umberger and Dr. Richard Baron. The parties may also have Motions in Limine pursuant to the Court's setting of final pre-trial deadlines pursuant to item V(c) of this Court's Standing Order and**

the Court's pretrial scheduling order.  Defendants have filed a motion for bifurcation of liability and damages.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B).

**<u>Plaintiffs:</u>** Plaintiffs and Defendants have agreed depositions for preservation of evidence of Kevin McCraw scheduled for August 22, 2025 and of Dr. Michael Gelfand for August 19, 2025. Defendant Southerland has refused to make Bryan Smith available for deposition for preservation of evidence, but it has represented that he will be present for the entirety of the trial. Pursuant to Defendant Southerland's representation that Bryan Smith will be available at trial as noted, and in express reliance thereon, Plaintiffs are not taking a trial deposition of Defendant Smith. Plaintiffs have also requested either a trial deposition of Timothy Becker or an assurance that he will be at trial.  If no assurance is given, Plaintiffs will take Mr. Becker's deposition for preservation of evidence.

**<u>Defendants:</u>** Southerland has not agreed to make Bryan Smith (CEO of the company) available for a trial deposition because Mr. Smith has already been deposed, will be in attendance at trial, and the Court's standing order provides that depositions for the preservation of evidence are not allowed outside the close of discovery.  Defendants do not agree that Plaintiffs can take unlimited depositions for

the preservation of evidence in the weeks leading up to trial and reserve the right to object to the taking of any deposition absent express agreement.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Defendant Southerland has advised that it has sold its assets and changed its legal name, but that it remains a proper party to this Action.  Plaintiffs and Defendant Southerland are working on a Stipulation regarding the change of name and insurance coverage.  Otherwise, the parties are correctly named.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**Jurisdiction is based on 28 U.S.C. § 1332.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:                         **Matthew E. Cook**
                                             **Cook Law Group, LLC**
                                             **800 Jesse Jewell Pkwy SW**
                                             **Suite 100**

**Gainesville, Georgia 30501**
**678-928-3899 (p)**
**888-612-0589 (f)**
**matt@cook-lawgroup.com**

**Jonathan A. Parrish**
**The Parrish Law Firm, LLC**
**Resurgens Plaza, Suite 2250**
**945 East Paces Ferry Road, NE**
**Atlanta, GA 30326**
**404-891-0141 (p)**
**404-891-0143 (f)**
**jparrish@parrishfirm.com**

Defendant Southerland:    **Brian Miller**
**Webb Neary Dikeman, LLP**
**One Ameris Center, Suite 1210**
**3490 Piedmont Road, N.E.**
**Atlanta, Georgia 30305**
**(404) 264-1080**
**(404) 264-4520**
**bmiller@wndlaw.net**

Defendant Hickory Springs:    **Lisa R. Richardson**
**Drew Eckl & Farnham, LLP**
**303 Peachtree Street NE**
**Suite 3500**
**Atlanta, Georgia  30308**
**Telephone: (404) 885-6220**
**Facsimile: (404) 876-0992**

Other Parties: (specify)    **None.**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None**

7.

The captioned case shall be tried **(__X__) to a jury** or (____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**<u>Plaintiffs</u>:   Defendants have filed a Motion to Bifurcate and Plaintiffs will file an opposing brief.  In short, there is no reason to bifurcate the case because the evidence of liability and damages are inextricably intertwined in this case, particularly since Defendants contest causation of the injury and Defendants have put at issue whether Plaintiff Veronica Whitehead's incontinence (necessarily part of her damages) caused part of the subject mattress to break. Because these issues are intertwined, because it is impossible to separate them, and because segregating these issues would waste the time of**

the Court and the jury, the trial should be handled in one phase. Similarly, evidence regarding the spring failures that were known to Defendants prior to Plaintiffs' injuries are relevant to defect, notice and punitive damages and no reason exists to segregate such evidence in a multi-phased trial.

Defendant HSM has filed a "demand for bifurcation." *See* Doc. 121. This demand cites O.C.G.A. § 51-12-15(a). However, as Defendant Southerland recognizes, as this case is pending in federal court, Federal Rule of Civil Procedure 42(b) governs the issue of bifurcation of trials. Because O.C.G.A. § 51-12-15(a) and the Federal Rule conflict, and because the Federal Rule is directly on point on this procedural issue, it must apply. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002). Accordingly, because the issue of bifurcation is procedural, and because bifurcation would inhibit the efficient and timely progress of the trial of this case, the Court should deny any request for bifurcation. *See Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1038–39 (E.D. Cal. 1995) (retaining discretion over bifurcation pursuant to Rule 42(b) despite a conflicting state statute); *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1151 (S.D. Ohio 2021).

<u>Defendants</u>: Defendants request a bifurcated trial pursuant to Fed. R. Civ. P. 42 (b). Defendants request that the Court separate the issues of liability and damages by conducting the trial in two phases. During the first phase, the

jury would hear evidence on and make a determination as to liability only. If the jury finds in favor of the Plaintiffs on liability, a second phase would be held and the jury would make a determination as to liability for and amount of compensatory and punitive damages. Defendants contend that a bifurcated trial would be more convenient, avoid undue prejudice, prevent jury confusion, and promote judicial economy. Bifurcation will allow the jurors to give their entire focus to the highly complicated theory of strain aging and liability, and as an added benefit, allow the parties to streamline the presentation by avoiding an integration of liability and damages evidence, thereby making the information easier to digest. Additionally, due to the nature and severity of Ms. Whitehead's injuries, the amount of her medical expenses, the length of her stay in the hospital, the alleged permanency of the injuries, and the graphic nature of related evidence, the jury should concentrate on the issue of liability without being aware of the damages so that no prejudice will result to Defendants. Defendants have filed Motions to Bifurcate the Trial and Defendants incorporate by reference all arguments set forth therein.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

**Defendants' objections to Plaintiffs' legal qualification question:**

Defendants object to Numbers 2, 7, 8, 9, 10, 11, 13, 14, and 15 of Plaintiffs' legal qualification questions because they exceed the criteria to be qualified for jury service.

**<u>Defendants' objections to Plaintiff's voir dire questions:</u>**

Defendants object to number 2 on the grounds that it is ambiguous, vague and seeks to pre-judge the evidence.

Defendants object to number 3 on the grounds that it is ambiguous, vague and seeks to pre-judge the evidence.

Defendants object to number 13 on the grounds that it improperly references insurance.

Defendants object to number 14 on the grounds that it is ambiguous and implies that liability insurance coverage is available.

Defendants object to number 15 on the grounds that it seeks to pre-judge the evidence and asks the jurors to make a determination regarding negligence, even though they do not even know the definition of negligence.

State any objections to defendant's voir dire questions:

State any objections to the voir dire questions of the other parties, if any:

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be

allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See

Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly,

including style and civil action number.

**None.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which

includes a succinct factual summary of plaintiff's cause of action and which shall be

neither argumentative nor recite evidence. All relevant rules, regulations, statutes,

ordinances, and illustrative case law creating a specific legal duty relied upon by

plaintiff shall be listed under a separate heading. In negligence cases, each and every

act of negligence relied upon shall be separately listed. For each item of damage

claimed, plaintiff shall separately provide the following information: (a) a brief

description of the item claimed, for example, pain and suffering; (b) the dollar

amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not

identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

<u>Plaintiff</u>: The legal issues at trial may include the following:

1.   Negligence and Product Liability in the State of Georgia to include all elements of: negligence, strict liability, causation, and damages, including, O.C.G.A. §§ 51-1-11, Failure to Warn; Ordinary Negligence; Punitive Damages

2.   Plaintiff's damages to include past and future pain and suffering, medical and other necessary and related bills, loss of consortium, general damages, and punitive damages (O.C.G.A. §§ 9-3-33, 51-1-1, 51-1-6, 51-1-9, 51-1-13, 51-1-11, 51-2-1, 51-2-2, 51-2-4, 51-12-1, 51-12-2, 51-12-3, 51-12-4, 51-12-5.1, 51-12-6, 51-12-7);

3.   Expenses of Litigation (including costs, expenses, and attorneys' fees) pursuant to O.C.G.A. § 9-11-68(e).

<u>Defendants</u>:

1.   The elements of the products liability claim against Defendants, i.e., whether the mattress was merchantable and reasonably suited for the use intended, and whether its condition when sold was the proximate cause of the injury sustained.  O.C.G.A. §51-1-11.

2.   The elements of the negligence claims against Defendants – duty, breach, proximate cause, and damages.

3.  The elements of the punitive damages claims against Defendants. O.C.G.A. § 51-12-5.1.

5.  The amount of damages that should be awarded, if any.

6.  Whether punitive damages should be awarded.

7.  Negligence and Product Liability in the State of Georgia to include all elements of: negligence, strict liability, causation, and damages, including, products liability and failure to warn.

8.  Plaintiffs' alleged damages, including O.C.G.A. §§ 9-3-33, 51-1-1, 51-1-6, 51-1-9, 51-1-13, 51-1-11, 51-2-1, 51-2-2, 51-2-4, 51-12-1, 51-12-2, 51-12-3, 51-12-4, 51-12-5.1, 51-12-6, 51-12-7).

9.  Whether Ms. Whitehead's medical expenses are reasonable. *Allen v. Spiker*, 301 Ga.App. 893 (2009). O.C.G.A. §51-12-7.

10.  Whether Plaintiffs were negligent or at fault, and if so, the percentage of their fault and negligence, so as to bar or proportionately reduce any damages awarded. O.C.G.A. §51-12-33.

11.  The fault of non-party Crete Carrier Corporation and percentage of fault assigned to Crete. O.C.G.A. §51-12-33.

12.  Whether Plaintiffs mitigated their alleged damages. O.C.G.A. §51-12-11.

**13.    Whether Plaintiffs could have avoided Defendants' alleged negligence through the exercise of ordinary care.  O.C.G.A. §51-11-7.**

**14.  Whether Plaintiffs assumed the risk of their alleged injuries and damages.  *Findley v. Griffin*, 292 Ga.App. 807 (2008).**

**Defendants have submitted Offers of Settlement to Plaintiffs pursuant to O.C.G.A. § 9-11-68.  However, if applicable, Defendants contend that the amount of attorney's fees and expenses that should be awarded would be determined by the Court following trial, and thus Defendants do not believe this is an issue to be tried before the jury.**

**Defendants object to Plaintiffs' inclusion of a claim for expenses of litigation under O.C.G. A. § 9-11-68(e) as Defendants have no record of the requisite demand for recovery under that statute and, as stated above, this is not an issue for the jury.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably

anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable

**Plaintiffs:**  Plaintiffs object to any witness on Defendants' witness list that was not properly disclosed in discovery, including any witness who is offered for the purpose of expert opinion testimony and who was not disclosed within the requirements of Rule 26.

**Defendants:**  Defendants object to any witness on Plaintiffs' witness list that was not properly disclosed in discovery, including any witness who is offered for the purpose of expert opinion testimony and who was not disclosed within the requirements of Rule 26.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Plaintiffs:**  Plaintiffs object to any witness on Defendants' witness list that was not properly disclosed in discovery, including any witness who is offered for the purpose of expert opinion testimony and who was not disclosed within the requirements of Rule 26.

**Defendants:** Defendants object to any witness on Plaintiffs' witness list that was not properly disclosed in discovery, including any witness who is offered for the purpose of expert opinion testimony and who was not disclosed within the requirements of Rule 26.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**<u>Plaintiffs</u>:**

**Ramez Juha**

**Plaintiff's Initial Designations of Deposition of Ramez Juha, Taken January 15, 2025**

Page 8, line 4 through page 20, line 12

Page 21, lines 3 through 25

Page 22, line 22 through page 23, line 25

Page 24, line 14 through page 31, line 4

Page 31, line 12 through page 33, line 3

Page 33, line 7 through page 35, line 13

Page 36, line 14 through page 37, line 18

Page 38, lines 1 through 24

Page 39, line 8 through page 40, line 14

Page 40, line 21 through page 50, line 13

Page 51, line 5 through page 52, line 25

Page 54, line 24 through page 55, line 5

Page 55, line 16 through page 56, line 2

Page 56, line 7 through page 57, line 3

**Defendants' objections:  Defendants object to page 33, line 25 – page 34, lines 1-12 of Dr. Juha's deposition on the ground that the testimony constitutes an improper causation opinion based upon evidence made available to Dr. Juha outside of his treatment of Ms. Whitehead, for which no expert report was provided.  Even as a treating physician, a proper disclosure and written report was required for this opinion.**

**Plaintiffs' Response:**

**The testimony to which Defendants object is not expert testimony, but fact testimony. Dr. Juha's testimony described Mrs. Whitehead's wound and whether his observation was consistent with a certain instrument. Dr. Juha is qualified to render expert opinion testimony, including as to causation. The Eleventh Circuit has made clear that for non-retained witnesses, including those with a pre-suit doctor-patient relationship, no written expert report is necessary, and Dr. Juha was disclosed pursuant to Rule 26(a)(2)(C) in this Case. *See Cedant v. United States*, 75 F.4th 1314, 1325 (11th Cir. 2023).**

**Kevin McCraw**

Mr. McCraw is set to be deposed for preservation of the evidence on August 22, 2025. The parties anticipate submitting trial designations as soon as practicable following the expedited return of Mr. McCraw's deposition transcript.

**Michael Gelfand, M.D.**

Dr. Gelfand is set to be deposed for preservation of the evidence on August 19, 2025. The parties anticipate submitting trial designations as soon as practicable following the expedited return of Dr. Gelfand's deposition transcript.

Plaintiff also reserves the right to use any other deposition transcript for any witness who is or becomes unavailable.  Plaintiff reserves the right to use any part of any deposition for impeachment.  Plaintiff reserves the right to counter-designate any portion of depositions that are designated for use by Defendants.

**Defendants' Designations:**

Defendants' Designations of the Deposition of Ramez Juha, Taken January 15, 2025

Page 53, lines 1 – 13;

Page 57, lines 19 - 22;

Page 58, lines 24 - 25;

Page 59, lines 1 - 25;

Page 60, lines 1 – 21 and 25;

Page 61, lines 1 - 25;

Page 62, lines 1 – 4, 7-25;

Page 63, lines 1 - 25;

Page 64, lines 7 - 25;

Page 65, lines 1 - 25;

Page 66, lines 16 - 25;

Page 67, lines 1 - 25;

Page 68, lines 1 - 25;

Page 69, lines 1 - 25;

Page 70, lines 1 - 25;

Page 71, lines 1 - 25;

Page 72. lines 1 - 25;

Page 73, lines 1 - 19;

Page 74, lines 9-10, 12-13, 24-25;

Page 75, lines 1, 3-4, 6-25;

Page 76, lines 2-25;

**Page 77, lines 1-25;**

**Page 78, lines 1-25;**

**Page 79, lines 1 - 25;**

**Page 80, lines 1 - 25;**

**Page 81, lines 1 - 25;**

**Page 82, lines 1 - 25;**

**Page 83, lines 1 - 25;**

**Page 84, lines 1 - 25;**

**Page 85, lines 1 - 25;**

**Page 86, lines 1-25;**

**Page 87, lines 1-25;**

**Page 88, lines 1-25;**

**Page 89, lines 1-24;**

**Page 90, lines 1-25;**

**Page 91, lines 1-25;**

**Page 92, lines 1-25;**

**Page 93, lines 1 - 15, 17 - 25;**

**Page 94, lines 1 - 25;**

**Page 95, lines 1 - 25;**

**Page 96, lines 1 - 25;**

**Page 97, lines 1 – 7, 12- 25;**

**Page 98, lines 1 – 10, 13-25;**

**Page 99, lines 11-20, 22-25;**

**Page 100, lines 1-25;**

**Page 101, lines 1 - 25;**

**Page 102, lines 1 - 25;**

**Page 103, lines 1 - 25;**

**Page 104, lines 1 - 25;**

**Page 105, lines 1 - 25;**

**Page 106, lines 1 - 25;**

**Page 107, lines 1 – 5, 7-24;**

**Page 108, lines 3-10, 13-25;**

**Page 109, lines 1-25;**

**Page 110, lines 1-25;**

**Page 111, lines 1-25;**

**Page 112, lines 1-24;**

**Page 113, lines 2-17, 19-25;**

**Page 114, lines 1-25;**

**Page 115, lines 1-3, 5-6, 8-25;**

**Page 116, lines 1-25;**

**Page 117, lines 1-25;**

**Page 118, lines 1 -25;**

**Page 119, lines 1 - 25;**

**Page 120, lines 1 - 25;**

**Page 121, lines 1 – 22, 24-25;**

**Page 122, lines 1 - 25;**

**Page 123, lines 1 - 25;**

**Page 124, lines 1-25;**

**Page 125, lines 1-25;**

**Page 126, lines 1-25;**

**Page 127, lines 1-16, 20-25;**

**Page 128, lines 1-25;**

**Page 129, lines 2-25;**

**Page 130, lines 1-23;**

**Page 131, lines 3-6, 8-25;**

**Page 132, lines 1-21, 24-25;**

**Page 133, lines 11-17, 19-25;**

**Page 134, lines 1 – 8, 12-17, 19-25;**

**Page 135, lines 1 - 25;**

**Page 136, lines 1 – 15, 17-25;**

**Page 137, lines 1 - 10;**

**Page 154, lines 16 - 25;**

**Page 155, lines 1 - 25;**

**Page 156, lines 1-4;**

**Page 157, lines 19-24;**

**Page 158, lines 1-4;**

**<u>Plaintiffs' Objections:</u>**

**Page 53, lines 1 through 13 – Lack of foundation**

**Page 66, lines 19 through 22 – Relevance**

**Page 93, lines 13 through 15 – Leading (Fed. R. 611)**

**Page 101, lines 13 through 14 – Objection of Counsel should be removed**

**Page 127, lines 11 through 16 – Misstates the witness's testimony**

**Page 157, lines 19–24 – Leading (Fed. R. 611)**

**Page 158, lines 1–4 – Leading (Fed. R. 611)**

**<u>Plaintiffs' Counter-designations of Dr. Juha's Deposition:</u>**

**Page 31, line 12 through page 32, line 11**

**Page 50, lines 14 through 21**

**Page 53, lines 19 through 24**

**Page 54, lines 2 through 7**

**Page 64, lines 1 through 6**

**Page 97, lines 10 through 11**

**Page 99, lines 1 through 3**

**Page 99, lines 5 through 10**

**Page 140, lines 8 through 22**

**Page 146, line 9 through page 147, line 9**

**Page 147 line 13 through page 148, line 2**

**Page 148, lines 6 through 10**

**Page 148, lines 13 through 19**

**Page 148, line 24 through page 149, line 19**

**Page 149, lines 22 through 25**

**Page 150, lines 4 through 6**

Page 150, line 9

Page 150, line 11 through page 151, line 24

Page 152, lines 7 through 13

Page 152, line 22 through page 153, line 3

Page 153, line 23 through page 154, line 11

Page 156, lines 5 through 7

**Defendants' Designations of the Deposition of Matt Larson, taken on August 26, 2019**

Page 5, lines 1-25 through Page 8, line 25

Page 10, lines 23-25

Page 11, lines 1-25

Page 12, lines 1-25

Page 13, lines 1-25

Page 14, lines 1-25

Page 23, lines 7-14

Page 24, lines 8-25

Page 25, lines 1-25

Page 26, lines 1-9

**Plaintiffs' Objections:**

Plaintiffs object to the entirety of Mr. Larson's testimony as irrelevant. The introductory material discussing past parties to this case is both immaterial and prejudicial, and beyond that, any of Mr. Larson's discussion about whether Crete specifically had complaints about their mattresses from other drivers does nothing to answer the question before the trier of fact and is offered merely to bolster the Southerland witnesses' credibility.

Plaintiff objects to Defendants' designation of Matt Larson's deposition in its entirety. Mr. Larson, an employee of Crete Carrier Corporation, was responsible for procuring equipment, including sleeper-berth mattresses for Crete's trucks. It is undisputed that Southerland sold the subject mattress to Crete, and that the dates of sale and placement into service are also undisputed.

Defendant HSM cites testimony in which Mr. Larson opines that the Southerland mattress is a "quality product." Such opinion testimony is inadmissible under Fed. R. Civ. P. 401, 402, and 403. Crete was analogous to the retailer for the product at issue. Crete's employee's opinion about the product at issue, and his experience with it, are not relevant to any issue. This testimony is misleading and prejudicial.

Crete Carrier is not a defendant. Whether it was aware of other injuries, how frequently it replaced mattresses, or whether its procurement employee believed the Southerland mattress was a quality product has no relevance to any issue in this case.

Plaintiff's Specific Objections to Defendants' Designations of the Deposition of Matt Larson, taken on August 26, 2019

Page 5, lines 1-25 through Page 8, line 25.
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 10, lines 23-25
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 11, lines 1-25
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 12, lines 1-25
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 13, lines 1-25
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 14, lines 1-25
Plaintiff objects to this testimony. This provides background on Mr. Larson. Mr. Larson's testimony is not relevant. Therefore, his background is not relevant.

Page 23, lines 7-14
    Plaintiff objects to this testimony based on FRE 401-403.

Page 24, lines 8-25
Plaintiff objects to this testimony based on FRE 401-403.

Page 25, lines 1-25
Plaintiff objects to this testimony based on FRE 401-403.

Page 26, lines 1-9
    Plaintiff objects to this testimony based on FRE 401 and 402. Mr. Larson's background is not relevant.

**Defendants' Designations of the Deposition of Jason Feagan, taken on August 20, 2019**

**Page 5, lines 1-9, 16-25**

**Page 6, line 25**

**Page 7, lines 1-10, 16-25**

**Page 8, lines 1-25**

**Page 9, lines 1-25**

**Page 10, lines 1-25**

**Page 11, lines 1-25**
**Page 12, lines 1-25**

**Page 13, lines 1-25**

**Page 14, lines 1-25**

**Page 15, lines 1-25**

**Page 16, lines 1-25**

**Page 17, lines 1-16**

**Page 18, lines 10-14**

**Page 19, lines 24-25**

**Page 20, lines 1-23**

**Page 21, lines 1-17, 22-25**

**Page 25, lines 22-25**

**Page 26, lines 1-26**

**Page 27, lines 1-2**

**Page 28, lines 16-19, 25**

**Page 29, lines 1-25**

**Page 30, lines 1-9**

**Page 40, lines 3-11**

**<u>Plaintiffs' Objections:</u>**

Plaintiff objects to the inclusion of the deposition testimony of Jason Feagan as irrelevant. The Court determine that no claim was colorable against Feagan, and any testimony offered by him is not relevant to any claim or defense in this current pending Action. Should the Court be inclined to permit any of Defendants' designated testimony, Plaintiffs counter-designate the following portions of Mr. Feagan's deposition:

**Page 6, lines 1 through 24**

**Page 17, line 17 through page 18, line 9**

**Page 19, lines 11 through 23**

**Page 20, lines 24 through 25**

**Page 22, line 7 through page 23, line 10**

**Page 23, lines 13 through 16**

**Page 24, line 19 through page 25, line 1**

**Page 25, lines 11 through 15**

**Page 25, lines 19 through 20**

**Page 32, lines 15 (beginning with "Have you") through 21**

**Page 33, lines 1 through 4**

**Page 33, line 7**

**Page 33, lines 18 through 22**

**Page 34, lines 1 through 4**

**Page 34, line 6**

**Page 34, lines 9 through 15**

**Page 34, line 18**

**Page 34, lines 20 through 23**

**Page 35, line 1**

**Page 35, lines 3 through 7**

**Page 35, line 11 through page 36, line 11**

**Page 36, lines 15 through 16**

**Page 36, lines 18 through 22**

**Page 36, lines 24 through 15**

**Page 37, line 2 through page 39, line 24**

**Page 42, line 4 through page 43, line 3**

**Page 42, lines 7 through 8**

**Page 42, line 11**

**Page 42, lines 13 through 23**

**Page 45, lines 12 through 20**

**Page 47, lines 4 through 7**

**Page 47, line 9**

**Page 48, lines 12 through 16**

**Page 48, line 18 through page 49, line 4**

**Page 49, line 6**

**Page 50, lines 1 through 16**

**Page 52, line 25 through page 53, line 9**

**Page 59, lines 6 through 11**

**Page 59, line 13**

**Page 59, line 22 through page 60, line 3**

**Page 60, line 5**

**Page 63, lines 15 through 17**

**Page 63, line 20**

**Page 68, line 23 through page 69, line 12**

**Page 69, line 14**

**Page 69, lines 16 through 20**

**Page 69, line 22**

**Page 69, line 24 through page 70, line 3**

**Page 72, lines 7 through 20**

**Page 73, lines 3 through 10**

**Page 73, lines 18 through 23**

**Page 75, lines 16 through 19**

**Page 77, line 14 through page 78, line 25**

**Page 79, line 7 through page 80, line 1**


**Kevin McCraw**

**Mr. McCraw is set to be deposed for preservation of the evidence on August 22, 2025. The parties anticipate submitting trial designations as soon as practicable following the expedited return of Mr. McCraw's deposition transcript.**

**Michael Gelfand, M.D.**

**Dr. Gelfand is set to be deposed for preservation of the evidence on August 19, 2025. The parties anticipate submitting trial designations as soon as practicable following the expedited return of Dr. Gelfand's deposition transcript.**

**Timothy Becker**

**Plaintiffs have requested from Defendants the coordination of the trial deposition of Timothy Becker. Defendants have not yet responded to this request.**

**Defendants also reserve the right to use any other deposition transcripts for any witness as allowed by law. Defendants reserve the right to use any part of any deposition for impeachment. Defendants reserve the right to counter-designate any portion of depositions that are designated for use by Plaintiffs.**

**Plaintiffs received from Defendants deposition designations for the first time on the afternoon of August 15, 2025. Plaintiffs have attempted to read through these designations; however, in light of the pending trial depositions**

**and Local Rule 16.6, Plaintiffs reserve the right to prepare counter-designations and objections for the depositions in this case.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing pursuant to the Court's final pretrial instructions. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

### 21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

### 22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and

which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiffs request one hour on each side for opening statements and one hour each side for closing arguments, as there are multiple Plaintiffs, Defendants and experts in this technically complicated product liability case with several legal issues to cover in one trial and closing argument.**

**Defendants:  Defendants believe that thirty minutes for each party is sufficient.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on June 10, 2025 at mediation to discuss in good faith the possibility of settlement of this case. The court (_____) has or **(__X__) has not discussed** settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(_____) Little possibility of settlement.

**(  X  ) No possibility of settlement. The parties mediated this case on June 10, 2025, but resolution by settlement does not appear possible at this time.**

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**The Court has specially set this case for trial to begin September 8, 2025, with a pretrial conference on September 2, 2025 pursuant to Doc. 130.**

28.

The plaintiffs estimate it will require 3-4 days to present their evidence.

The defendants estimate it will require 2-3 days to present their evidence.

It is estimated that the total trial time is 5-7 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any

attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
HON. STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Respectfully submitted,

s/ *Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
COOK LAW GROUP, LLC
P.O.  Box 2415
800 Jesse Jewell Pkwy SW, Suite 100
Gainesville, Georgia 30503 (30501)
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

/s/Jonathan A. Parrish
Jonathan A. Parrish
Georgia Bar No. 263008
The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
404-891-0141 (p)
404-891-0143 (f)
jparrish@parrishfirm.com

DREW ECKL & FARNHAM, LLP

s/ Lisa R. Richardson
Lisa R. Richardson
**Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Hickory Springs**
**Manufacturing Company**

WEBB NEARY DIKEMAN, LLP

s/ Brian Miller
BRIAN MILLER
Georgia State Bar No. 211035
**Attorney for Southerland, Inc.**

One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 264-1080 / phone
(404) 264-4520 / fax

bmiller@wndlaw.net
***Attorneys for Southerland, Inc.***

## Attachment "A"

The following is a list of questions the parties request the Court propound to the jurors concerning their legal qualifications to serve:

### For Plaintiffs:

1. Is anyone here not a United States citizen?

2. Has everyone lived at your current address for at least one year?

3. Is everyone a current resident of Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton or Rockdale county?

4. Is everyone at least 18 years old?

5. Can everyone read, write, understand, and speak the English language?

6. Has anyone ever been convicted of a felony and not had your civil rights restored?

7. Does anyone have any mental or physical condition that would in any way inhibit your ability to serve as a juror in this case?

8. Does anyone know anything about the facts or circumstances of this case?

9. Is anyone not prepared to decide this case solely based on the evidence and the law provided to you in this courtroom?

10. Is anyone here, or a family member of anyone here, a current or former officer, agent, employee, or shareholder of Hickory Springs Manufacturing, Brooklyn Bedding LLC, 3Z Brands, Solar SI Wind Up, Inc., or Southerland, Inc?

11. Is anyone related by blood or marriage to or acquainted with or do you know Bryan Smith, president of Southerland, Inc?

12. Does anyone here have any pending felony charges against them?

13. Is anyone related by blood or marriage to or acquainted with or do you know any other person or potential juror on this panel?

14. Is anyone related by blood or marriage to or acquainted with or do you know John Whitehead, Veronica Whitehead, or Valerie Brooks?

15. Is anyone related by blood or marriage to or acquainted with or do you know any of the following persons who may be called as witnesses on this witness list, which I will read to you now [*See* Attachments F-1 and F-2].

**Defendants' Objections:**

Defendants object to Numbers 2, 7, 8, 9, 10, 11, 13, 14, and 15 of Plaintiffs' legal qualification questions because they exceed the criteria to be qualified for jury service.

**For Defendants:**

1. Is anyone here not a United States citizen?

2. Is everyone a current resident of Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton or Rockdale county?

3. Has everyone been a resident of the following counties for at least one year: Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton or Rockdale?

4. Is everyone at least 18 years old?

5. Can everyone read, write, understand, and speak the English language?

6. Has anyone ever been convicted of a felony and not had your civil rights restored?

7. Does anyone here have any pending felony charges against them?

**Attachment "B-1"**

The following is a list of questions that Plaintiffs request the Court propound to the jurors during voir dire:

1. Is anyone related by blood or marriage to Brian Miller or Lisa Richardson or anyone at the law firms of Drew Eckl & Farnham, LLP or Webb Neary Dikeman, LLP?

2. Is anyone here so set in your beliefs that you are unwilling to follow the law that the Court provides to you?

3. Does anyone here have a moral or theoretical objection to jury verdicts such that, no matter what the evidence shows, they would never be willing to award a verdict over a certain amount of money? That is, is there a certain number where, regardless of what the evidence shows and the law instructs, you would refuse to award over "X" dollars in a civil case?

4. Have any of you ever served on a jury? If so, was it in state or federal court, was it criminal or civil, did you reach a verdict, and were you the foreperson?

5. Have you ever been a party to a lawsuit or a witness in a legal proceeding?

6. How many of you have ever ridden in or driven a tractor-trailer?

7.  Do any of you have medical training or have you ever worked in the medical field? If so, please state in what role, i.e. doctor, nurse, etc.

8.  Do any of you have any legal training or have worked around the legal profession, be that a courtroom, a law office, a law school, or something else?

9.  Do any of you feel strongly, for whatever reason, that you cannot or do not want to serve as a juror in this case in particular? If so, why?

10. Has anyone ever been injured by a product that you thought was defective?

11. Is anyone here an engineer?

12. Does anyone here have any health issues or obligations or concerns that would prohibit you from serving on the jury?

13. Does anyone here personally or have a family member who works or has worked in the insurance industry as an adjuster or investigator?

14. Does anyone here personally or have a family member who works or has worked in risk management?

15. Does anyone believe that people should not be able to recover money for personal injuries in a lawsuit if the evidence shows that they were negligently injured by another?

**<u>Defendants' objections to Plaintiff's voir dire questions:</u>**

Defendants object to number 2 on the grounds that it is ambiguous, vague and seeks to pre-judge the evidence.

Defendants object to number 3 on the grounds that it is ambiguous, vague and seeks to pre-judge the evidence.

Defendants object to number 13 on the grounds that it improperly references insurance.

Defendants object to number 14 on the grounds that it is ambiguous and implies that liability insurance coverage is available.

Defendants object to number 15 on the grounds that it seeks to pre-judge the evidence and asks the jurors to make a determination regarding negligence, even though they do not even know the definition of negligence.

## Attachment "B-2"

## GENERAL VOIR DIRE QUESTIONS
## BY DEFENDANT SOUTHERLAND

1.     Does anyone know John or Veronica Whitehead?

2.     Does anyone know Valerie Brooks or Vicky Frye?

3.     Have you or any family member or friend ever been represented by Matt Cook or the Cook Law Group, which is located in Gainesville, Georgia?

4.     Have you ever heard of the Cook Law Group before today?

5.     Have you or any family member or friend ever been represented by the Parrish Law Firm, which is located in Atlanta?

6.     Have you ever heard of the Parrish Law Firm before today?

7.     Have you or any close family member ever filed a lawsuit?

8.     Have you or any close family member ever made a claim for personal injury?

9.     Have your or any close family member ever filed a workers' compensation claim?

10.    Do any of you believe that a corporation should be treated differently than an individual under the law?

11.    Do any of you have any legal training or experience, such as law school, paralegal school, or business law?

11.    Have any of you or any close family member ever worked in a law firm?

12.    Have any of you have served on a jury before?

13.  Do any of you have any medical training or experience from medical school, nursing school, or paramedic training?

14.  Have you ever worked in the medical field?

15.  Is anyone an engineer?

16.  Does anyone have a college degree?

17.  Does anyone have a master's degree?

18.  Have you or a close family member or friend ever been injured while using a consumer product?

19.  Does anyone have any education, training, or experience with materials science or metallurgy?

20.  Does anyone have diabetes?

21.  Have you ever slept in the sleeper berth of a tractor trailer?

22.  Have you or a close family member ever worked as a truck driver?

23.  Have you ever filed a claim for disability benefits?

24.  Have you or a close family member or friend ever been diagnosed with necrotizing fasciitis, also known as flesh eating bacteria?

25.  Have you or a close family member ever been injured due to the fault of a company?

26.  Do any of you have a close family member or friend who is mentally incompetent?

27.     Do any of you have a close family member or friend who has a legal guardian

or conservator?

**<u>Plaintiffs' Objections:</u>**

Plaintiffs object to question number 10 as vague, ambiguous, and improper
statement and implication of the law

Plaintiffs object to question number 13 as duplicative of question number 12

**Attachment "B-3"**

The following is a list of questions that Defendant Hickory Springs Manufacturing Company requests the Court propound to the jurors during voir dire:

1)   Has anybody ever owned or used a mattress manufactured by Southerland, Inc.?

2)   Has anybody ever owned or used a mattress with an innerspring manufactured by Hickory Springs Manufacturing Company?

3)   Has anyone ever owned, or have members of your immediate family owned, a innerspring mattress that developed fractured innerspring coils?

4)   Have you or any member of your immediate family been injured as a result of fractured coils in an innerspring mattress?

5)   Have you or any member of your immediate family been injured as a result of the use of a mattress?

6)   Do any of you believe that simply because the plaintiffs have filed a lawsuit they are entitled to recover from the defendants?

7)   Do any of you believe that a product should be made in a way that it should never break?

8)   Do any of you believe that product should be designed in a way to not break or fail when they are used improperly?

9)    Do any of you believe that an injured person should recover from a
      defendant just because that defendant is a corporation?

10)   Do any of you believe corporations are inherently bad or that they
      always put profits over safety?

11)   Do any of you work in carpentry or make your own furniture?

12)    Do any of you have any specialized knowledge of the design
      manufacturer and use of compression spring?

13)   Do any of you have any difficulty treating an individual plaintiff and a
      defendant corporation alike?  Why?

14)   The law requires that plaintiffs and defendants be treated alike, is
      there anyone who disagrees with this rule?

15)   Do any of you believe that a person using a product should not have to
      take care for their own safety in the course of that use?

16)   Would you be able to apply the law to the facts and evidence of this
      case even if you did not agree with the law?

17)   Is there anyone who thinks that there are no such things as excessive
      verdicts?

18)   Is there anyone who feels that there should not be any limit on jury
      awards?

19)   Is there anyone who believes a jury should award money to take care of an injured person even if you find that the Defendants did nothing wrong?

20)   Is there anyone who disagrees that this case should be decided without sympathy for the Plaintiffs due to their injuries?

21)   Have you ever had any strange or unusual experiences that would, for whatever reason, in any way bias you for or against any party in this case?

22)   Are any of you unable to put aside any sympathy you might have for either party and decide the case based on the law and the evidence?

## **Plaintiffs' Objections:**

Plaintiffs object to question number 8 as improper commentary on the evidence, presuming the involvement of misuse of a product

Plaintiffs object to question numbers 13 and 14 as vague, confusing, and an improper statement and commentary on the law

Plaintiffs object to question number 18, as it incorrectly implies a "limit" on verdicts in this case

Plaintiffs object to question number 19 as an improper commentary on the law, as it presupposes that Defendants must have done a "wrongful" act in order to authorize recovery

Plaintiffs object to question number 20 as improperly slanting the questioning; the case should be decided without sympathy for any party.

## Attachment "C"

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence.

This is a products liability and negligence case arising from serious injuries sustained by Veronica Whitehead. Plaintiff John Whitehead began working as a truck driver in 2014, and his wife, Veronica Whitehead, rode with him when they were on the road. On May 9, 2015, the Whiteheads obtained a new mattress for the sleeper berth of the truck that Mr. Whitehead operated.  The mattress was manufactured, marketed and sold by Defendant Southerland to trucking companies under the name of ProAct. The mattress was a coil spring mattress.  The coil springs inside the mattress were made by Defendant Hickory Springs.  Beginning in 2013, Defendants Southerland and Hickory Springs developed concerns about coil spring wire breakage in the ProAct mattresses.

On or about December 27, 2015, Plaintiffs were traveling over a bridge in Louisiana when Mrs. Whitehead contends that a coil spring wire inside the mattress broke and punctured her skin.  A few days later, Mrs. Whitehead became gravely ill and developed necrotizing fasciitis (a life-threatening infection) requiring extensive hospitalization, surgical treatment, and other life-saving interventions.

The mattress that Mrs. Whitehead was using was manufactured by Southerland in April 2015. After Mrs. Whitehead's injury and initial treatment, the mattress was inspected, and it showed several coil spring wire fractures that were splintered in appearance, with sharp, jagged ends indicting a manufacturing defect, called strain aging, in the coil spring wire used in the ProAct mattresses. Plaintiffs contend that the strain aging defect is the result of improper heating of the coil springs during the wire manufacturing process.

Prior to Veronica Whitehead's injury, Defendants Southerland and Hickory Springs both were aware of testing that showed broken or fractured coil wires with a similar appearance to the broken coil wire at issue in this case. HSM's metallurgist also determined that the previous broken coils were due to strain aging. However, Plaintiffs contend that neither Defendant took steps to remedy the alleged strain aging defect nor did they warn customers of the problems with the coil springs. Defendants' failure to take steps to remedy the strain aging defect included failing to conduct any testing to detect strain aging (brittle wire) in the wire used for ProAct innersprings. Instead, Defendant Hickory Springs continued to produce the same coil springs, continued to sell them to Defendant Southerland and Defendant Southerland continued to manufacture mattresses using the same coil spring wires.

Further, Defendants did not provide any warning or instructions about whether the mattress—which was designed to be used in a tractor-trailer sleeper

berth—should or should not be used for sitting, and they also did not provide any warnings relating to frequency of use or weight of the user.

Plaintiffs contend that Southerland and Hickory Springs are strictly liable as manufacturers for their product not being reasonably suited for its intended use and liable for their negligence, pursuant to O.C.G.A. § 51-1-11, including but not limited to negligent testing, negligent inspection, manufacture, assembly and construction, distribution, sale and failure to warn of the risks attendant for users and consumers of the mattress and those similarly designed and manufactured.  Plaintiffs also assert claims for general negligence against Defendants pursuant to O.C.G.A. § 51-1-2 and O.C.G.A. § 51-1-11.1.

Plaintiffs now seek damages for Mrs. Whitehead's past and future mental and physical pain and suffering, disfigurement, loss of enjoyment of life, interference with normal living, loss of capacity, impairment of bodily health and vigor, fear of extent of injury, shock of impact, actual pain and suffering, past and future, mental anguish, past and future, and the extent to which Mrs. Whitehead must limit activities, as well as her other noneconomic and economic damages, including past and future medical bills and expenses arising from the injury caused by the mattress spring and Mr. Whitehead's loss of consortium stemming from these losses. Plaintiffs' past medical expenses exceed of $820,000.00.  The measure of damages for Plaintiffs' loss of consortium, past and future pain and suffering, disfigurement

and other non-economic damages is the enlightened conscience of a fair and impartial jury based on the evidence presented at trial including Veronica Whitehead's suffering from the time of her injury through the end of her natural life. Similarly, Plaintiffs seek punitive damages for Hickory Springs and Southerlands' wilful and wanton misconduct, which demonstrated the entire want of care that raises the presumption of conscious indifference to the consequences of their actions and inaction. The measure of punitive damages is the enlightened conscience of the jury in an amount to be determined by the evidence at trial and in an amount sufficient to punish, penalize and deter Defendants. Because this is a product liability case, punitive damages are uncapped pursuant to OCGA 51-12-5.1(e).

**Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law Creating a Specific Legal Duty Relied Upon by Plaintiff**

O.C.G.A. § 51-1-1 (Definition of Tort)

O.C.G.A. § 51-1-6 (Breach of legal duty)

O.C.G.A. § 51-1-9 (Recovery for torts)

O.C.G.A. § 51-1-11 (Manufacturer Liability)

O.C.G.A. § 51-1-13 (Physical Injury – Right of Action)

O.C.G.A. § 51-2-1 (Imputable Negligence)

O.C.G.A. § 51-2-2 (Liability for Torts of Employee)

O.C.G.A. § 51-12-1 (Kinds of damages)

O.C.G.A. § 51-12-2 (General damages and special damages defined)

O.C.G.A. § 51-12-3 (Direct and consequential damages)

O.C.G.A. § 51-12-4 (Compensation for injury)

O.C.G.A. § 51-12-5.1 (Punitive Damages)

O.C.G.A. § 51-12-6 (Damages for injury to peace, happiness or feelings)

O.C.G.A. § 51-12-7 (Necessary expenses)

Under the federal substantial similarity doctrine, "[e]vidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). Plaintiffs anticipate filing a brief on this issue in response to Motions in Limine regarding the evidence of other incidents at issue in this case.

### *Acts of Negligence Relied Upon by Plaintiff*

Defendant Hickory Springs is liable both in strict liability and in negligence for its innerspring product that was defectively manufactured such that it was not reasonably suited for its intended purposes. Hickory Springs failed to correct a known problem with its innersprings and its coil spring wire, and despite actual

knowledge of these types of failures, including in Southerland bedding projects, Hickory Springs continued to manufacture defective innerspring products without reasonable care for the safety of the consumer. The subject mattress in this case did not conform to the specifications Hickory Springs internally maintained, and the subject innersprings and mattress were defective. The defective state of the mattress caused the spring wire to fracture, injuring Mrs. Whitehead and causing the damages sought in this Action. HSM did not test for strain ageing or excessively brittle wire by performing torsion testing. HSM did not take any steps to minimize or eliminate the risk of using wire that was brittle due to strain aging in its ProAct innerspring system. HSM did not warn of the risk of coil fractures in general, or of fractures resulting in sharp edges in particular, as a result of its potential use of wire with a strain aging defect. Hickory Springs continued to sell the defective innerspring units to Defendant Southerland knowing that it would be used by consumers like Plaintiffs.  Defendant Hickory Springs did not properly and fully investigate the defect known to it in the innerspring units and failed to therefore eliminate the defect from its innersprings units prior to the sale of the subject unit.  Defendant Hickory Springs is strictly liable for the manufacture of a defect product, it was also negligent in its manufacturing, testing, investigation, warning and sale of the subject innersprings.

Defendant Southerland is liable both in strict liability and in negligence for its mattress product that was not reasonably suited for its intended purpose. Defendant Southerland, despite notice of issues with Hickory Springs wire products, did not use reasonable care to protect or warn foreseeable users of the defect and hazards associated with the subject mattress and took no steps to ensure that it was using innersprings or wire reasonably suited for the intended purpose of its mattresses. Defendant Southerland had knowledge of potential issues with the steel used in the HSM ProAct wire, did not take steps to determine the cause of splintered failures that occurred in durability testing, did not put in place any testing system to verify that the innersprings it was receiving did not contain wire that was brittle, defective and subject to premature failure due to strain aging, and did not require any testing certification from Hickory Springs that the coil packs supplied by Hickory Springs for use in Southerland mattresses were not defectively brittle due to strain ageing. Defendant Southerland continued to sell mattresses, including the subject one that was defectively manufactured, with defective coil spring wires. In short, Defendant Southerland is strictly liable for the manufacture and sell of a defective mattress and is also negligent in its manufacture, selection of materials, testing, continued sell of such mattresses and its failure to warn of such defects. Both Hickory Springs and Southerland are liable for their negligent testing, inspection, manufacture, and failure to warn of the risks associated with the innerspring and mattress. Both

Defendants also blame Mrs. Whitehead for her own losses contending that she abused the mattress for sitting on it for prolonged periods of time and for being overweight. If those are concerns known to Defendants, Defendants were negligent in their failure to warn of Plaintiffs of such hazards or uses.

### *Items of Damages Claimed by Plaintiff*

Plaintiffs now seek damages for Mrs. Whitehead's pain and suffering, mental and physical, as well as her other noneconomic and economic damages, including interference with normal living, interference with enjoyment of life, loss of capacity, impairment of bodily health and vigor, fear of extent of injury, shock of impact, actual pain and suffering, past and future, mental anguish, past and future, the extent to which Mrs. Whitehead must limit activities, past and future medical bills and expenses arising from the injury caused by the mattress spring and Mr. Whitehead's loss of consortium stemming from this injury. Similarly, Plaintiffs seek punitive damages for Hickory Springs and Southerlands' wilful and wanton conduct, which demonstrated the entire want of care that raises the presumption of conscious indifference to the consequences of their actions and inaction. *See* O.C.G.A. § 51-12-7.

Plaintiffs further allege that as a result of the negligence, they are entitled to recover for Mrs. Whitehead's mental and physical pain and suffering and general

damages resulting from her injuries in an amount determined by the finder of fact. O.C.G.A. § 51-12-4; O.C.G.A. § 51-12-2(a).

"Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors," or in this case, for the conscience of the Court as the finder of fact. *See Georgia Suggested Pattern Jury Instructions, Volume 1*: at Section 66.501 *citing Redd v. Peters*, 100 Ga. App. 316 (1959); *Western, etc. Railroad Co. v. Young*, 83 Ga. 512, 515 (1889). Plaintiffs may argue that the jury use a per diem calculation to determine the value of Plaintiffs' non-economic losses.

General damages are those that the law presumes flow from any tortious act and they may be recovered without proof of any amount. *See* O.C.G.A. § 51-12-2(a). A plaintiff in a tort action generally is entitled to recover for his pain and suffering, which includes compensation for (1) interference with normal living; (2) interference with enjoyment of life; (3) loss of capacity to labor and earn money; (4) impairment of bodily health and vigor; (5) fear of extent of injury; (6) shock of impact; (7) actual pain and suffering; (8) mental anguish; and the (9) the extent to which he must limit his activities. *Food Lion v. Williams*, 219 Ga. App. 352 (1995). Here, Mrs. Whitehead seeks recovery for her past medical bills in the amount of $820,256.44. Mrs. Whitehead further seeks compensation for her past and future mental and physical pain and suffering in an amount to be determined by a fair and impartial jury from the time of her injury until the time of her natural death.

Plaintiff John Whitehead similarly seeks damages for his loss of consortium with respect to Mrs. Whitehead based on her injury in an amount to be determined by the conscience of an impartial jury. Finally, Plaintiffs claim punitive damages against Defendants sufficient to deter and punish their conduct in an amount to be determined by a fair and impartial jury from the time of his injury until the natural death of his wife.

## Attachment "D"

## DEFENDANTS' OUTLINE OF THE CASE

Plaintiffs John and Veronica Whitehead have been married since 1994. At the time of the incident alleged in the Complaint, Mr. Whitehead was employed as a truck driver for Crete Carrier Corporation. Crete provided a tractor trailer to Mr. Whitehead. The tractor trailer had a sleeper berth which was equipped with a mattress (hereinafter "the subject mattress") manufactured by Southerland. The subject mattress contained an innerspring unit (hereinafter "the subject innerspring unit") designed, manufactured, and supplied by Hickory.

When Mr. Whitehead began driving for Crete in 2014, the tractor trailer was equipped with a mattress in the sleeper berth (hereinafter "the first mattress"). At that time, the first mattress was in good shape, did not have any holes in the cover or stains, and was not bent. Within a few months, Plaintiffs damaged the mattress and requested a new mattress from Crete. Crete agreed to replace the first mattress, and Mr. Whitehead was given the subject mattress on May 9, 2015. At that time, the subject mattress was brand new and in good condition with no damage. Plaintiffs then proceeded to damage the subject mattress, and Mr. Whitehead requested a new mattress from Crete on October 5, 2015. Mr. Whitehead repeated his request for a new mattress on November 27, 2015. The requests for a new mattress were allegedly denied, so Mr. Whitehead folded up

blankets and created a thicker surface area to make it more cushiony over the area that was starting to show damage.

Veronica Whitehead went on the road with her husband in the tractor trailer and spent most of her time sitting on the subject mattress in the sleeper birth during driving hours. They stayed on the road for approximately 50 days at a time, or seven weeks. Mr. Whitehead drove the tractor trailer 76-79 hours every eight days. Mrs. Whitehead did not like to sit in the front passenger's seat because she could not stretch her legs out and it was not comfortable. Ms. Whitehead sat on the subject mattress while her husband was driving instead of the front passenger's seat. Mr. Whitehead and Mrs. Whitehead both slept on the mattress at night. They slept at opposite ends with their feet in each other's face. Mr. Whitehead also sat on the mattress during family time with his wife. Mr. Whitehead sat on the driver's side of the mattress during family time and his wife sat on the passenger's side. At the time of the incident, Mr. Whitehead weighed approximately 260 pounds and their combined weight was approximately 550 to 600 pounds. The innerspring fractured only in the area where Ms. Whitehead sat daily, and not in the area where Mr. Whitehead sat or the areas where they slept.

On December 27, 2015, Plaintiffs allege they were traveling over a bridge in Louisiana when Mrs. Whitehead was allegedly poked in the buttocks by a fractured coil spring while sitting on the subject mattress. Mr. Whitehead was driving the

tractor trailer and did not see a coil spring poke Mrs. Whitehead in the buttocks. Mr. Whitehead does not know if Mrs. Whitehead was actually poked by a coil spring because he did not see it. Mrs. Whitehead does not remember getting poked by a coil spring and has no memory of any events regarding the incident. Mrs. Whitehead does not remember how the incident occurred or where it occurred.

The subject mattress was manufactured by Southerland in April 2015. At the time of manufacture, Southerland purchased innerspring units from Hickory. Although Southerland is a mattress manufacturer, it simply assembles components that it acquires from suppliers, such as Hickory.

The innerspring was manufactured in accordance with Hickory's design and industry standards for innerspring design. The innerspring was designed for use as a sleeping surface. While some incidental sitting was expected, it is not designed as a full-time sitting surface, like a chair or a sofa. Whether sitting or laying down, the innerspring is comprised of a system of compression springs that are designed for axial loading, not horizontal loading.

The border rod of the subject innerspring unit was bent, which indicates that the mattress was abused. The damage sustained by the innerspring and the subject mattress as a whole, is the result of improperly loading the mattress, as well as the exposure of the innersprings to corrosive elements. The border rod on one side of the innerspring is bent inward in a manner that is both inexplicable and

unforeseeable. The border rod was bent to the point that it displaced coils located in the adjacent area, disrupting the intended load bearing features. This caused stress on the coils well beyond the design intent, leading to fractures.  It also caused damage to other components of the mattress and innerspring.

The subject innerspring unit was manufactured by Hickory from hard-drawn steel wire.  Hickory purchases raw material wire from its internal wire drawing operation and outside vendors.

The damage seen in the subject mattress and innerspring is of a nature never seen before or since by Defendants, is not the result of normal use of the subject mattress, and is not the result of any foreseeable misuse of the subject mattress. The damage to the subject mattress, and claimed resulting injury, is the result of abuse or misuse by Plaintiffs.  The damage to the subject mattress was or should have been known by Plaintiffs prior to the claimed injury and Plaintiffs could have and should have protected themselves from injury.

Defendants deny that the mattress or innerspring unit were defective. Likewise, Defendants deny that the mattress and innerspring unit were not merchantable and reasonably suited for the use intended.  Additionally, Defendants deny that the condition of the mattress and innerspring unit when sold were the proximate cause of Veronica Whitehead's alleged injuries and Plaintiffs' alleged damages, including the necrotizing fasciitis.  Defendants contend that the mattress

was abused, which is evidenced by the condition of the mattress, and used in an unforeseeable manner. It was not foreseeable to Defendants that Ms. Whitehead would sit on the mattress all day long while riding in the truck instead of sitting in the front seat. It was also not foreseeable to Defendants that Ms. Whitehead would sit in the manner that she did and cause the mattress to be subjected to forces that it was not designed to withstand. Defendants contends that Plaintiffs were aware of a problem with the mattress but continued to use it despite knowing that there was a problem with the mattress. Defendants contends that Plaintiffs were aware that the mattress had been abused, that the cover was significantly torn, and that there were broken wires or coils in the mattress.

Defendants deny that they were aware of any substantially similar claim or incident. Defendants are unaware of any other person claiming to have been injured from a broken innerspring unit, and the claims and incidents Plaintiffs are relying upon in this case have no relation to the subject incident. Southerland did not fail to follow up on mattress testing that was performed in 2013. Southerland followed up with Hickory and Leggett and Platt and concluded that the broken coils in testing were not indicative of a manufacturing problem. Hickory Springs investigated its innerspring manufacturing process and concluded that its process did not cause any fractures in the testing done by Southerland. There is no evidence that the subject innerspring unit suffered from a strain aging defect, nor is

there any evidence that any prior broken coils were due to strain aging defect. Additionally, the Southerland warranty claims relied upon by Plaintiffs are not substantially similar to the subject incident, did not involve the same product, and did not involve an injury.

Defendants contend that the cause of Ms. Whitehead's necrotizing fasciitis is unrelated to the alleged puncture wound from the innerspring coil. Defendants contend that Ms. Whitehead contracted necrotizing fasciitis due to prolonged exposure to feces and urine or other contributing factors, such as uncontrolled Type 2 Diabetes. Necrotizing fasciitis is a rapid condition, and the timeline provided by the Plaintiffs does not fit. Ms. Whitehead could not have developed necrotizing fasciitis on January 5, 2016 due to a puncture wound that occurred on December 27, 2015. Necrotizing fasciitis does not wait nine days to appear. If Ms. Whitehead was punctured on December 27, 2015, she would have developed necrotizing fasciitis much sooner. Defendants deny that they have any liability to the Plaintiffs.

Defendants deny that all of the medical expenses Plaintiffs are claiming are related to necrotizing fasciitis. Some of the treatment was provided years after the initial hospitalization for unrelated health issues. Defendants deny that there is any evidence that Ms. Whitehead suffers from urinary or fecal incontinence as a result of necrotizing fasciitis.

At the time of the alleged injury, Veronica Whitehead had uncontrolled Type 2 diabetic, putting her at increased risk for infection. Given her overall health, medical treatment should have been sought at the first signs of illness and, had medical treatment been provided in a prompt manner, Plaintiffs' loss could have been significantly mitigated.

Defendants deny that John Whitehead can recover damages for loss of consortium given his claim that Ms. Whitehead is and has always been legally incompetent.

**Affirmative defenses**

**Apportionment of fault:** Pursuant to O.C.G.A. §51-12-33, the jury must consider and apportion (if appropriate) fault to Plaintiffs, Crete, Southerland, and Hickory. Apportionment of fault to a party or non-party is not an affirmative defense, but Defendants are listing apportionment of fault under this section out of an abundance of caution.

**Abuse and misuse of the mattress**:  Georgia law provides that "a product that causes harm as a result of unforeseeable misuse is not defective." *Woods v. ARE Accessories, LLC*, 345 Ga. App. 887 (2018).  Defendants contend that Plaintiffs misused and abused the mattress.  Product abuse and misuse is not an affirmative defense but Defendants are listing this issue under this section out of an abundance of caution.

**Plaintiffs' fault and negligence exceeded any alleged fault and negligence of Defendants:** Every person has a duty to use ordinary care for his or her own safety. *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (1955). If the plaintiff's ordinary care could have avoided the consequences to himself caused by the defendant's negligence, there can be no recovery. O.C.G.A. § 51-11-7. Plaintiffs are barred from recovery because their negligence and fault was equal to or greater than any alleged negligence against Defendants. O.C.G.A. §51-12-33(g). This issue is not an affirmative defense but Defendants are listing it out of an abundance of caution.

**Assumption of the risk:** Plaintiffs are barred from recovery because they assumed the risk of their alleged injuries and damages. "[A] defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks."; *Findley v. Griffin*, 292 Ga.App. 807 (2008).

**Intervening negligence:** The intervening negligence of a plaintiff or other persons can insulate a defendant from liability, even if it breached a legal duty. *McNeely v. Harrison*, 138 Ga. App. 310 (1976).

**<u>Other relevant authorities:</u>**

- A plaintiff cannot recover for injuries unless the plaintiff proves that the defendant's negligence was the proximate cause of the injuries. *McCormick v. Harris*, 253 Ga. App. 417 (2002).

- "The law requires proof that the medical expenses arose from the injury sustained, and that they are reasonable and necessary before they are recoverable." *Allen v. Spiker*, 301 Ga.App. 893 (2009); O.C.G.A. §51-12-7.

- Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

- In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

- Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." O.C.G.A. §51-12-33(g).

-  "When a person is injured by the negligence of another, he must mitigate his damages as far as is practicable by the use of ordinary care and diligence." O.C.G.A. §51-12-11.

- "In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances." O.C.G.A. §51-1-2.

- "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." O.C.G.A. §51-11-7.

- "The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." O.C.G.A. §51-1-11.

- "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.  Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant."  O.C.G.A. §51-12-5.1.

- Bifurcation of the trial in order to separate the issues of liability and damages under Rule 42 of the Federal Rules of Civil Procedure.

- Evidence of unrelated claims and incidents are not admissible.  "The doctrine of substantial similarity applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation. In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the 'substantial similarity doctrine.' This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which,

because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Tran v. Toyota Motor Corp*., 420 F.3d 1310, 1316 (11th Cir. 2005); See also *Henderson v. Ford Motor Company*, 72 F.4th 1237 (11th Cir. 2023) (holding that evidence of prior warranty claims were inadmissible because they were not substantially similar to the plaintiff's product liability claim).   Plaintiffs must establish not only that the prior incidents involve the same product, *Miller v. Ford Motor Co*., 2004 WL 4054843, *13 (M.D.Fla. 2004), but also that the other incidents involved the same alleged defect and that the circumstances and causes of the reported failures are similar. See, e.g., *Gumbs v. International Harvester, Inc*., 718 F.2d 88, 98 (3rd Cir. 1983); *Hessen v. Allstate Ins. Co*., 915 F.2d 641, 649-50 (11th Cir. 1990); *Brooks v. Chrysler Corp*., 786 F.2d 1191 (D.C. Cir. 1986); *Smith v. Isuzu Motors Limited,* 137 F.3d 859, 861 (5th Cir.1998) (no abuse of discretion in refusing to admit Consumer Reports article which did not relate to the vehicle involved in the subject accident). "[The] proponent of the evidence must show that conditions substantially similar to the occurrence in question caused the other accidents. *Miller v. Ford Motor Co*., 2004 WL 4054843, *1 (M.D.Fla. 2004).

**Attachment "E"**

Attached hereto as Attachment "E" are the facts stipulated by the parties.

**Plaintiff's Proposed Stipulated Facts**

1.  The medical records of Veronia Whitehead BATES EMORY RADIOLOGY 1, PRINCETON RADIOLOGY 1–3, ADVANCED GYNECOLOGY 1–28, ATL GASTRO 1–3, EMORY 1–2045, GA UROLOGY 1–21, IDSGA 1–18, LONGSTREET 1–10, NGDC 1–60, NGMC 1–159, NORTHSIDE FORSYTH 1–14, PANDYA MEDICAL CENTER 1–266, PIEDMONT HEART ATHENS 1–39, PLASTIC SURGERY CENTER 1–9, PRINCETON 1–5367, SIGNATURE HEALTHCARE 1–4, SUNCREST 1–718, WELLSTAR ENDOCRINOLOGY 1–688, AND WMG NEURO 1–98 are true and accurate copies of Mrs. Whitehead's medical records and their authenticity is verified without further proof.

2.  Defendant Southerland manufactured, marketed and sold the subject mattress.

3.  The subject mattress was manufactured by Southerland on or about April 16, 2015.

4.  The subject mattress was first put in use on or about May 9, 2015.

5. Defendant Southerland knew the subject mattress would be used in a sleeper berth in a tractor-trailer rigs.

6. Defendant Hickory Springs manufactured the coil springs in the subject mattress.

7. Prior to the sale of the subject mattress, Defendants Southerland and Hickory Springs knew of splintered fractures occurring in the ProAct series coil spring mattresses.

8. Defendant Hickory Springs' metallurgist determined that splintered fractures occurring in the ProAct innersprings were due to strain ageing.

9. Defendant Southerland did not warn customers about the potential for fractured coil springs wires to cause injury.

10. Defendant Hickory Springs did not warn end users or Southerland about the potential for fractured coil springs wires to cause injury.

11. Defendant Southerland did not give any warning to mattress users that the subject mattress should not be used for prolonged sitting.

12. The subject mattress was warrantied against broken coil springs for 3 years from the date of sale.

13. The coil springs in the subject mattress fractured in less than nine months of use.

14. Veronica Whitehead was 46 years old at the time of her injury.

15.    Veronica Whitehead incurred $820,256.44 in medical bills for treatment of her necrotizing fasciitis and complications.

Defendants will stipulate to Paragraphs 2, 3, 4, 5, and 6.

Defendants will stipulate to Paragraph 1, conditioned on: (a) changing the language to reference all records produced in discovery from the listed providers, rather than only the listed Bates number ranges; and (b) further stipulating that they are business records of the entities for which a records custodian is not needed to established that fact.  By so stipulating, Defendants do not waive any other objections that may be applicable to the admissibility of these records.

## **Defendants' Proposed Stipulated Facts**

1.    John Whitehead began working for Crete Carrier Corporation ("Crete") in October 2014.

2.    When John Whitehead began working for Crete, the tractor trailer was equipped with a new mattress.

3.    Within a few months, the mattress was damaged.

4.    Within a few months, the mattress was falling apart.

5.    John Whitehead asked Crete for a new mattress due to the damage, and Crete agreed to replace the mattress.

6.    John Whitehead was given the subject mattress on or about May 9, 2015, and it was brand new at that time.

7.    Mr. Whitehead requested a new mattress from Crete on or about October 5, 2015 because the subject mattress was damaged.

8.    Mr. Whitehead requested a new mattress from Crete on or about November 27, 2015 because the subject mattress was damaged.

Plaintiffs do not stipulate to facts No. 3, 5, 7, or 8, as they imply that Plaintiffs were responsible for the damage to the mattresses.

## Attachment "F-1"

Attached hereto as Attachment "F-1" for the plaintiff, is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.

The Plaintiff will have present at trial the following persons:

John Whitehead
c/o Cook Law Group, LLC
800 Jesse Jewell Pkwy SW
Suite 100
Gainesville, GA 30501
(678) 928–3899

Valerie Brooks
c/o Cook Law Group, LLC
800 Jesse Jewell Pkwy SW
Suite 100
Gainesville, GA 30501
(678) 928–3899

The Plaintiff may have present at trial and/or present the testimony of the following persons:

*(N.B.: Persons listed with an asterisk are either current or former agents, employees, or contractors for Defendant for whom Defendant has greater access to such contact information)*

Richard Baron

Timothy Becker*

William Eugene Crowe

David Dickensheets, M.D.
1405 Haw Creek Cir E
Cumming, GA 30041
(678) 341-8035

Dr. Dickensheets is expected to hold opinions relating to his care and treatment of Mrs. Whitehead as an infectious disease provider, including opinions relating to his care, treatment, and records of Mrs. Whitehead after her discharge from Princeton Healthcare System.

Leo Echeverria*

Jason Feagan
c/o Prior Counsel for Feagan and Crete

Vickie Frye
c/o Cook Law Group, LLC
800 Jesse Jewell Pkwy SW
Suite 100
Gainesville, GA 30501
(678) 928–3899

Michael S. Gelfand, M.D., FACP

Dr. Gelfand is expected to testify consistent with his prior testimony and report regarding the cause and development of Mrs. Whitehead's necrotizing fasciitis, including the care and treatment thereof.

Tara Gulsby, NP-C
3869 Hwy 81
Loganville, GA 30052
(678) 635-8650

NP Gulsby is expected to hold opinions relating to her care and treatment to Mrs. Whitehead relating to her fecal incontinence and necrotizing fasciitis, including the care, causes, past, current, and future treatment thereof, consistent with her records and prior expressed opinions.

Daniel Craig Hamburg
600 Diens Drive

Wheeling, Illinois, 60090

David Herman, M.D.
105 Raider Blvd #101
Hillsborough Township, NJ 08844
(908) 281-0221

Dr. Herman is expected to hold opinions relating to his care and treatment of Mrs. Whitehead as an infectious disease physician, including the care and treatment of her necrotizing fasciitis, the complications and causes thereof, and the future required care and treatment stemming therefrom, consistent with his prior expressed opinions.

Ellen Hirsch, M.D.
105 Raider Blvd #101
Hillsborough Township, NJ 08844
(908) 281-0221

Dr. Hirsch is expected to hold opinions relating to his care and treatment of Mrs. Whitehead as an infectious disease physician, including the care and treatment of her necrotizing fasciitis, the complications and causes thereof, and the future required care and treatment stemming therefrom, consistent with his prior expressed opinions.

Jeffrey Hyatt
1049 Triad Court
Marietta, Georgia 30062
(700) 423-1400

Ramez Juha, M.D.
1 Plainsboro Rd
Plainsboro Township, NJ 08536
(609) 275-4569

Dr. Juha is expected to testify relating to Ms. Whitehead's hospitalization and treatment in early 2016, including on the surgical treatment of Mrs. Whitehead, the necessity of surgical treatment, the cause of Mrs. Whitehead's necrotizing fasciitis, her prognosis and care, the causes and complications of Mrs. Whitehead's conditions, and other testimony consistent with Dr. Juha's prior expressed opinions.

Alvin Klancnik

Matt Larson
c/o Prior Counsel for Crete

Paul Lewis, Jr., M.S., BME
55 Park Square, Suite 207
Roswell, GA 30075
(770) 884-8029

Mr. Lewis is expected to testify consistent with his deposition and Expert Report regarding the biomechanical reconstruction and interaction between Mrs. Whitehead and the subject mattress, including the cause of Mrs. Whitehead's puncture wound, consistent with his prior expressed opinions.

Kevin McCraw*

Marci Nicks, NP
1357 Oconee Connector Bldg 100, Ste. 104
Watkinsville, GA 30677
(706) 717-3514

NP Nicks is expected to hold opinions relating to her care and treatment to Mrs. Whitehead relating to her fecal incontinence and necrotizing fasciitis, including the care, causes, past, current, and future treatment thereof, consistent with her records and prior expressed opinions.

Paul Planton*

Benjamin Ray*

Robert B. Raybon, M.D.
1357 Oconee Connector Bldg 100, Ste. 104
Watkinsville, GA 30677
(706) 717-3514

Dr. Raybon is expected to hold opinions relating to his care and treatment to Mrs. Whitehead relating to her fecal incontinence and necrotizing fasciitis, including

the care, causes, past, current, and future treatment thereof, consistent with his records and prior expressed opinions.

Benjamin Reiter*

Sarbjit Sandhu, M.D.
105 Raider Blvd #101
Hillsborough Township, NJ 08844
(908) 281-0221

Dr. Sandhu is expected to hold opinions relating to his care and treatment of Mrs. Whitehead as an infectious disease physician, including the care and treatment of her necrotizing fasciitis, the complications and causes thereof, and the future required care and treatment stemming therefrom, consistent with his prior expressed opinions.

Bryan Smith*

Michael Stevenson

Raymond Thompson, Ph.D., P.E.

Dr. Thompson is expected to testify regarding the subject mattress, including its coils, the application of Hickory Springs' wire specifications for Mattress Innersprings to the coils in the subject mattress, and the metallurgical defects and issues relating thereto, together with the other opinions expressed in his deposition testimony and expert report.

Pierce Umberger

Leslie Verhelst*

Todd Wendling*

John West, M.D.
340 N Milledge Ave, Ste. B
Athens, GA 30601
(404) 299-1679

Dr. West is expected to hold opinions relating to his care and treatment to Mrs. Whitehead relating to her fecal incontinence and necrotizing fasciitis, including the care, causes, past, current, and future treatment thereof, consistent with his records and prior expressed opinions.

Benjamin Ross Wilson
1010 Prince Ave. Ste. 300
Athens, GA 30606
(706) 425-1470

Eric G. Wimmers, M.D., FACS
1 Capital Way, Suite 390
Pennington, NJ 08534
(732) 402-8718

Dr. Wimmers is expected to hold opinions relating to Mrs. Veronica Whitehead's hospitalization and treatment in 2016. Dr. Wimmers' testimony would be expected to center around his treatment of Mrs. Whitehead, including his surgery, closure of thigh wound, sacral reconstruction, and the causes, necessity, and complications thereof and the future care and treatment expected therefrom consistent with Dr. Wimmers' prior expressed and disclosed opinions.

Veronica Whitehead
c/o Cook Law Group, LLC
800 Jesse Jewell Pkwy SW
Suite 100
Gainesville, GA 30501
(678) 928–3899

Jonathan M. Zenilman, M.D.
5200 Eastern Avenue
Baltimore, MD 21224
(410) 550-7330

Dr. Zenilman is expected to testify consistent with his deposition and Expert Report regarding Mrs. Whitehead's necrotizing fasciitis, the causes, signs, presentation, and symptoms thereof.

A representative of the Defendants relating to the following topics:

Product standards;
Customer complaints;
Warranty procedures;
Internal investigations, including metallurgical investigations; and
Policies and protocols regarding broken materials in testing/quality control

Any person necessary for impeachment

Any person necessary to authenticate any documents or evidence or necessary to prove the admissibility of any document or evidence

Any person identified or listed by Defendant

Any person necessary for purposes of rebuttal

# Attachment "F-2"

## SOUTHERLAND'S WITNESS LIST

## WITNESSES WHO WILL BE AT TRIAL:

Bryan Smith, CEO of Southerland - 2501 McGavock Pike, Nashville, TN – facts regarding the history of Southerland, the manufacture of the subject mattress and other mattresses, innerspring units, lack of substantially similar claims, abuse of the mattress, foreseeable use of the mattress, damage to the mattress, and other relevant facts

## WITNESSES WHO MAY BE AT TRIAL:

Veronica Whitehead - 4551 Hicks Road, Mableton, Georgia 30126 - facts surrounding the subject incident, her use of the mattress, damage to the mattress, use of other mattresses, damage to other mattresses, her alleged injuries, and other relevant facts

John Whitehead - 4551 Hicks Road, Mableton, Georgia 30126 - facts surrounding the subject incident, her use of the mattress, damage to the mattress, use of other mattresses, damage to other mattresses, her alleged injuries, and other relevant facts

Valerie Brooks - facts regarding her knowledge of the incident, Veronica Whitehead's medical treatment and alleged injuries, her observation of the mattress, and other relevant facts

Vicky Frye - facts regarding her knowledge of the incident, Veronica Whitehead's medical treatment and alleged injuries, her observation of the mattress, and other relevant facts

Pierce Umberger, Ph.D. -  ESi, 430 Technology Parkway NW, Peachtree Corners, GA, 30092 - Dr. Umberger is an expert witness and is expected to testify that the innerspring unit and mattress were not defective.  Dr. Umberger's opinions are set forth in his Rule 26 Expert Report and his deposition.

Richard Baron, Ph.D. - ESi, 10338 Miller Road, Dallas, TX, 75238 - Dr. Baron is an expert witness and will testify that the innerspring unit and mattress were not

defective.  Dr. Baron's opinions are set forth in his Rule 26 Expert Report and his depositions.

Ramzy Rimawi, M.D. - Emory University Hospital Midtown, 550 Peachtree St NE, Atlanta, GA 30308 – Dr. Rimawi is an expert witness and will testify that Ms. Whitehead's alleged injuries, including the necrotizing fasciitis and surgeries, are not causally related to the alleged incident.  Dr. Baron's opinions are set forth in his Rule 26 Expert Report and his depositions.

Kevin McCraw, Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 – Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Timothy Becker - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Leslie Verhelst - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Benjamin Reiter - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts
Pao Huang - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's metallurgical processes, lack of defect in the innerspring unit, lack of substantially similar claims, metallurgical issues, and other relevant facts

Paul Planton - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Benjamin Ray - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Matt Larson - Crete Carrier Corp., 400 NW 56th St, Lincoln, NE 68528 - interactions with John Whitehead, John Whitehead's alleged requests for new mattresses, lack of problems with Southerland mattresses, lack of complaints regarding Southerland mattresses, lack of substantially similar claims or issues, Crete's purchasing of Southerland mattresses, and other relevant issues

Jason Feagan - Crete Carrier Corp., 1225 Williams Dr., Marietta, GA 30066 - interactions with John Whitehead, John Whitehead's alleged requests for new mattresses, lack of problems with Southerland mattresses, lack of complaints regarding Southerland mattresses, lack of substantially similar claims or issues, Crete's purchasing of Southerland mattresses, and other relevant issues

Ramez Juha, M.D. - 1 Plainsboro Rd, Plainsboro Township, NJ 08536 - his treatment of Veronica Whitehead and other relevant facts

Any person necessary for impeachment

Any person necessary to authenticate any documents or evidence

Any person identified or listed by Plaintiff

Any person necessary for purposes of rebuttal

By listing any person in this Attachment, Southerland does not waive the right to object to the use of that person at trial if not properly disclosed in discovery.

## Attachment "F-3"

## HICKORY SPRINGS' WITNESS LIST

## WITNESSES WHO WILL BE AT TRIAL:

None.

## WITNESSES WHO MAY BE AT TRIAL:

Veronica Whitehead - 4551 Hicks Road, Mableton, Georgia 30126 - facts surrounding the subject incident, her use of the mattress, damage to the mattress, use of other mattresses, damage to other mattresses, her alleged injuries, and other relevant facts

John Whitehead - 4551 Hicks Road, Mableton, Georgia 30126 - facts surrounding the subject incident, her use of the mattress, damage to the mattress, use of other mattresses, damage to other mattresses, her alleged injuries, and other relevant facts

Valerie Brooks - facts regarding her knowledge of the incident, Veronica Whitehead's medical treatment and alleged injuries, her observation of the mattress, and other relevant facts

Vicky Frye - facts regarding her knowledge of the incident, Veronica Whitehead's medical treatment and alleged injuries, her observation of the mattress, and other relevant facts

Pierce Umberger, Ph.D. - ESi, 430 Technology Parkway NW, Peachtree Corners, GA, 30092 - Dr. Umberger is an expert witness and is expected to testify that the innerspring unit and mattress were not defective. Dr. Umberger's opinions are set forth in his Rule 26 Expert Report and his deposition.

Richard Baron, Ph.D. - ESi, 10338 Miller Road, Dallas, TX, 75238 - Dr. Baron is an expert witness and will testify that the innerspring unit and mattress were not defective. Dr. Baron's opinions are set forth in his Rule 26 Expert Report and his depositions.

Ramzy Rimawi, M.D. - Emory University Hospital Midtown, 550 Peachtree St NE, Atlanta, GA 30308 – Dr. Rimawi is an expert witness and will testify that Ms. Whitehead's alleged injuries, including the necrotizing fasciitis and surgeries, are not causally related to the alleged incident.  Dr. Baron's opinions are set forth in his Rule 26 Expert Report and his depositions.

Kevin McCraw, Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 – Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, observations of the damage to the innerspring unit, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit, abuse of the mattress and innerspring unit, and other relevant facts

Timothy Becker - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, processes related to wire drawing, lack of substantially similar claims, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit and mattress, abuse of the mattress and innerspring unit, and other relevant facts

Leslie Verhelst - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, and other relevant facts

Benjamin Reiter - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, and other relevant facts

Pao Huang - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's metallurgical and wire drawing processes, lack of defect in the innerspring unit, lack of substantially similar claims, his role in connection with the 2013/14 investigation prompted by Southerland (to the extent this is admissible in evidence), general metallurgical issues, and other relevant facts

Paul Planton - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, and other relevant facts

Benjamin Ray - Hickory Springs Manufacturing, 235 2nd Avenue NW, Hickory, NC 28603 - Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, and other relevant facts

Matt Larson - Crete Carrier Corp., 400 NW 56th St, Lincoln, NE 68528 - interactions with John Whitehead, John Whitehead's alleged requests for new mattresses, lack of problems with Southerland mattresses, lack of complaints regarding Southerland mattresses, lack of substantially similar claims or issues, Crete's purchasing of Southerland mattresses, and other relevant issues

Jason Feagan - Crete Carrier Corp., 1225 Williams Dr., Marietta, GA 30066 - interactions with John Whitehead, John Whitehead's alleged requests for new mattresses, lack of problems with Southerland mattresses, lack of complaints regarding Southerland mattresses, lack of substantially similar claims or issues, Crete's purchasing of Southerland mattresses, and other relevant issues

Ramez Juha, M.D. - 1 Plainsboro Rd, Plainsboro Township, NJ 08536 - his treatment of Veronica Whitehead and other relevant facts

Hickory Springs Corporate Representative – c/o counsel -- Hickory's manufacture of the innerspring unit and other units, Hickory's design, manufacturing, quality control, and other processes, lack of substantially similar claims, observations of the damage to the innerspring unit, lack of defect in the innerspring unit, foreseeable and intended use of the innerspring unit, abuse of the mattress and innerspring unit, and other relevant facts

Any person necessary for impeachment

Any person necessary to authenticate any documents or evidence

Any person identified or listed by Plaintiff

Any person necessary for purposes of rebuttal

By listing any person in this Attachment, Hickory Springs does not waive the right to object to the use of that person at trial if not properly disclosed in discovery.

## Attachment "G-1"

Attached hereto as Attachment "G-1" for the plaintiff are the typed lists of all documentary and physical evidence that will be tendered at trial.

| Description | Exhibit | Date Tendered | Date Admitted |
|---|---|---|---|
| McCraw Deposition Exhibit 1 - Notice of Deposition | 1 | | |
| McCraw Deposition Exhibit 2 – Photograph of Mattress | 2 | | |
| McCraw Deposition Exhibit 3 – Photograph of Mattress | 3 | | |
| McCraw Deposition Exhibit 4 – Hickory Springs BATES 425–28, Southerland Meeting Notes | 4 | | |
| McCraw Deposition Exhibit 5 – ASTM Standards | 5 | | |
| McCraw Deposition Exhibit 6 – Steel Products Manual | 6 | | |
| McCraw Deposition Exhibit 7 – Temur Coil Spring Rate Request, Hickory Springs BATES 396–419 | 7 | | |
| McCraw Deposition Exhibit 8 – HSM Integrity Test Lab Report, HSM BATES 360–63 | 8 | | |
| McCraw Deposition Exhibit 9 – HSM BATES 121–22 | 9 | | |
| McCraw Deposition Exhibit 10 – Spiller Email – HSM BATES 105 | 10 | | |
| J. Whitehead Deposition Exhibit 1 - Diagram | 11 | | |
| J. Whitehead Deposition Exhibit 2 – Truck Photographs (CRETE BATES 9–15) | 12 | | |
| J. Whitehead Deposition Exhibit 3 – Mattress Photograph with Cover and Annotations | 13 | | |
| J. Whitehead Deposition Exhibit 4 – Mattress photographs with annotations | 14 | | |
| J. Whitehead Deposition Exhibit 5 – Body diagram with annotation | 15 | | |
| J. Whitehead Deposition Exhibit 6 – Acknowledgement of Transporting | 16 | | |

| | | | |
|---|---|---|---|
| J. Whitehead Deposition Exhibit 7 - Release | 17 | | |
| Paul Lewis Deposition Exhibit 10 – Mattress Photographs | 18 | | |
| Paul Lewis Deposition Exhibit 11 – Mattress Photographs | 19 | | |
| Paul Lewis Deposition Exhibit 12 – Examination Notes | 20 | | |
| Paul Lewis Deposition Exhibit 13 – Coil Photograph | 21 | | |
| Paul Lewis Deposition Exhibit 14 – Coils Photograph | 22 | | |
| Chris Faith Deposition Exhibit 8 – Mattress Photograph | 23 | | |
| Chris Faith Deposition Exhibit 9 – Coils Photograph | 24 | | |
| Chris Faith Deposition Exhibit 11 – Southerland Rollator/Cornell Testing | 25 | | |
| Chris Faith Deposition Exhibit 12 – November 18, 2013 Echeveria Memo on Testing | 26 | | |
| Chris Faith Deposition Exhibit 13 – Southerland Bedding Visit 1/15/14 Memo | 27 | | |
| Chris Faith Deposition Exhibit 15 – HSM BATES 407–18 | 28 | | |
| Chris Faith Deposition Exhibit 16 – 2014 Email | 29 | | |
| Chris Faith Deposition Exhibit 17 – Mattress Photographs | 30 | | |
| Chris Faith Deposition Exhibit 21 – Mattress Photograph | 31 | | |
| Chris Faith Deposition Exhibit 22 – Mattress Photograph | 32 | | |
| Verhelst Deposition Exhibit 11 – Notice of Deposition | 33 | | |
| Verhelst Deposition Exhibit 12 – Rejected Wire Procedure, HSM BATES 581–93 | 34 | | |
| Verhelst Deposition Exhibit 13 – Southerland Corrective Action Report | 35 | | |
| Hyatt Deposition Exhibit 8 – Coleman 1/23/14 Email | 36 | | |
| Hyatt Deposition Exhibit 9 – Email and accompanying documents | 37 | | |

| | | | |
|---|---|---|---|
| Hyatt Deposition Exhibit 10 – ASTM Standards | 38 | | |
| Hyatt Deposition Exhibit 11 – Innerspring photographs | 39 | | |
| Hyatt Deposition Exhibit 12 – Crete Work Order | 40 | | |
| Hyatt Deposition Exhibit 13 – Anthony and Smith Emails | 41 | | |
| Hyatt Deposition Exhibit 14 – ATS Item Log Sheet | 42 | | |
| Hyatt Deposition Exhibit 15 – ATS Sign In Sheet | 43 | | |
| Hyatt Deposition Exhibit 16 – ESI Artifact Custody Sheet | 44 | | |
| Hyatt Deposition Exhibit 18 – Mattress Photograph | 45 | | |
| Hyatt Deposition Exhibit 19 – Chemical Test Report | 46 | | |
| Hyatt Deposition Exhibit 20 – Coil Fragment Photograph | 47 | | |
| Hyatt Deposition Exhibit 23 – Photograph of Crack | 48 | | |
| Gelfand Deposition Exhibit 5 – Princeton Report BATES 127–29 | 49 | | |
| Gelfand Deposition Exhibit 6 – Princeton Report BATES 232–34 | 50 | | |
| Gelfand Deposition Exhibit 7 – Princeton Report BATES 539–41 | 51 | | |
| Veronica Whitehead Deposition Exhibit 1 – Truck Diagram | 52 | | |
| Silverman Deposition Exhibit 1 – Notice of Deposition | 53 | | |
| Silverman Deposition Exhibit 2 – Disclosure Letter | 54 | | |
| Silverman Deposition Exhibit 3 – Silverman CV | 55 | | |
| Silverman Deposition Exhibit 4 – Silverman Fee Schedule | 56 | | |
| Silverman Deposition Exhibit 10.1 – Materials List | 57 | | |
| Silverman Deposition Exhibit 10.2 – Approach to Microbiologic Diagnosis of Necrotizing Infections | 58 | | |

| | | | |
|---|---|---|---|
| Silverman Deposition Exhibit 10.3 – Handwritten Notes | 59 | | |
| Silverman Deposition Exhibit 10 – File List | 60 | | |
| Feagan Deposition Exhibit 1 – Mattress Photograph | 61 | | |
| Feagan Deposition Exhibit 2 – Crete Workorder Detail | 62 | | |
| Larson Deposition Exhibit 5 – Notice of Deposition | 63 | | |
| Larson Deposition Exhibit 6 – Photographs of Mattress | 64 | | |
| Larson Deposition Exhibit 7 – Mattress Photograph | 65 | | |
| Larson Deposition Exhibit  8 – Crete Responses to Second RPDs | 66 | | |
| Larson Deposition Exhibit 9 – Notice of Individual Deposition | 67 | | |
| Becker Deposition Exhibit 14 – Rod Specifications, HSM BATES 600–19 | 68 | | |
| Becker Deposition Exhibit 15 – Spiller Spring Wire Specifications | 69 | | |
| Becker Deposition Exhibit 16 – HSM Wire Specifications for Innerspring Mattresses, HSM BATES 626–27 | 70 | | |
| Becker Deposition Exhibit 17 – 1/23/14 Coleman Email and Coleman Notes | 71 | | |
| Smith Deposition Exhibit 1 – New Account Application | 72 | | |
| Smith Deposition Exhibit 2 -Maintenance and Inventory Documents | 73 | | |
| Smith Deposition Exhibit 12 – Southerland/HSM Memorandum | 74 | | |
| Smith Deposition Exhibit D1 – Comparison Sheet | 75 | | |
| Stevenson Deposition Exhibit 4 – Stevenson Opinions | 76 | | |
| Stevenson Deposition Exhibit 5 – Analysis of Stress State | 77 | | |
| Stevenson Deposition Exhibit 6 – Crack Propagation Memo | 78 | | |

| | | | |
|---|---|---|---|
| Stevenson Deposition Exhibit 7 – EDS Memorandum | 79 | | |
| Stevenson Deposition Exhibit 8 – Evaluation of Pitting Induced Stress Concentration Factors | 80 | | |
| Stevenson Deposition Exhibit 9 – Evaluation of Total Stress Amplification | 81 | | |
| Stevenson Deposition Exhibit 10 – Fatigue Life Analysis | 82 | | |
| Stevenson Deposition Exhibit 11 – Inclusion and Corrosion Pit Size Comparison | 83 | | |
| Stevenson Deposition Exhibit 12 - Mattress Deflection Memorandum | 84 | | |
| Stevenson Deposition Exhibit 14 – Rod Specifications | 85 | | |
| McCraw 2020 Deposition Exhibit 18 – Notice of Deposition | 86 | | |
| McCraw 2020 Deposition Exhibit 19 – Huang 2/21/14 Email Thread | 87 | | |
| Huang Deposition Exhibit 14 – Rod Specifications | 88 | | |
| Huang Deposition Exhibit 17 – Coleman Email Annotated | 89 | | |
| Huang Deposition Exhibit 19 – Huang 2/21/14 Email Annotated | 90 | | |
| Huang Deposition Exhibit 20 – Notice of Deposition | 91 | | |
| Huang Deposition Exhibit 21 – Wire Specifications for HSM (HSM BATES 626) with annotation | 92 | | |
| Huang Deposition Exhibit 22 – Drawing on notebook paper | 93 | | |
| Hamburg Deposition Exhibit 18 – Georgia Summary | 94 | | |
| Hamburg Deposition Exhibit 19 – HSM Purchase Order | 95 | | |
| Planton Deposition Exhibit 22 – 2/21/14 Huang Email Chain with Chart | 96 | | |
| Baron Deposition Exhibit 1 – Notice of Deposition | 97 | | |
| Baron Deposition Exhibit 2 – Baron CV | 98 | | |
| Baron Deposition Exhibit 3 – Baron Testimony List | 99 | | |

| | | | |
|---|---|---|---|
| Baron Deposition Exhibit 4 – Baron Fee Schedule | 100 | | |
| Baron Deposition Exhibit 5 – Baron Opinion Summary | 101 | | |
| Baron Deposition Exhibit 6 – Mattress Photograph with Notes | 102 | | |
| Baron Deposition Exhibit 7 – Stress Approximation Technique for Helical Compression Springs Subjected to Lateral Loading Article | 103 | | |
| Baron Deposition Exhibit 8 – ASTM A370 | 104 | | |
| Baron Deposition Exhibit 9 – A 407 – 07 Standard Specification for Steel Wire, Cold Drawn, for coiled-type springs | 105 | | |
| Baron Deposition Exhibit 10 – HSM Wire Specifications | 106 | | |
| Umberger Deposition Exhibit 37 – ESI Investigative Report | 107 | | |
| Umberger Deposition Exhibit 39 – Mattress Deflection Memo | 108 | | |
| Umberger Deposition Exhibit 42 – Umberger Notice of Deposition | 109 | | |
| Umberger Deposition Exhibit 43 – Umberger Case List | 110 | | |
| Umberger Deposition Exhibit 44 – Analysis of Stress State under Different Loading Conditions | 111 | | |
| Umberger Deposition Exhibit 45 – Umberger CV | 112 | | |
| Umberger Deposition Exhibit 46 – Stevenson Deposition Exhibit 5, Remarked | 113 | | |
| Umberger Deposition Exhibit 47 – Stevenson Deposition Excerpts | 114 | | |
| Umberger Deposition Exhibit 48 – Stevenson Deposition Exhibit 48, Remarked | 115 | | |
| Becker 2024 Deposition Exhibit 1 – Notice of Deposition | 116 | | |
| Becker 2024 Deposition Exhibit 2 – HSM Vendor Corrective and Preventive Actions | 117 | | |
| Becker 2024 Deposition Exhibit 3 – Southerland corrective Action Report | 118 | | |

| | | | |
|---|---|---|---|
| Becker 2024 Deposition Exhibit 7 – HSM Product Integrity Test Lab Report | 119 | | |
| Becker 2024 Deposition Exhibit 8 – Memo Re: Six Tested and Averaged Coils | 120 | | |
| Rimawi Deposition Exhibit 24 – Notice of Deposition | 121 | | |
| Rimawi Deposition Exhibit 25 – Rimawi Report | 122 | | |
| Rimawi Deposition Exhibit 26 – Rimawi First Invoice | 123 | | |
| Rimawi Deposition Exhibit 27 – Rimawi Second Invoice | 124 | | |
| Rimawi Deposition Exhibit 28 – Rimawi Continued Second Invoice | 125 | | |
| Rimawi Deposition Exhibit 29 – Testimony List | 126 | | |
| Rimawi Deposition Exhibit 30 – Rimawi CV | 127 | | |
| Thompson Deposition Exhibit 1 – Notice of Deposition | 128 | | |
| Thompson Deposition Exhibit 2 – Thompson File Materials | 129 | | |
| Thompson Deposition Exhibit 3 – Thompson Fee Schedule | 130 | | |
| Thompson Deposition Exhibit 4 – Thompson CV | 131 | | |
| Thompson Deposition Exhibit 5 – Thompson Technical Resume | 132 | | |
| Thompson Deposition Exhibit 6 – Thompson Testimony List | 133 | | |
| Thompson Deposition Exhibit 7 – Notes on Defense Opinions | 134 | | |
| Thompson Deposition Exhibit 8 – Thompson Invoice | 135 | | |
| Thompson Deposition Exhibit 9 – Young's Modulus Slope Model | 136 | | |
| Thompson Deposition Exhibit 10 – Torque/Fracture/Delamination Graph | 137 | | |
| Thompson Deposition Exhibit 11 – Delamination of Hard Drawn Eutectoid Steel Wires Article | 138 | | |

| | | | |
|---|---|---|---|
| Thompson Deposition Exhibit 12 – Vista Case Summary | 139 | | |
| Thompson Deposition Exhibit 13 – Wire Photographs | 140 | | |
| Thompson Deposition Exhibit 14 – Cycles to Failure | 141 | | |
| Juha Deposition Exhibit 33 – Body Diagram | 142 | | |
| Juha Deposition Exhibit 35 – Photograph | 143 | | |
| Princeton BATES 647–50 – Juha Report | 144 | | |
| HSM BATES 180905 Witherell to Maxwell (items listed as starting BATES of document/thread) | 145 | | |
| HSM BATES 135288-89 Kessenich to Green email thread | 146 | | |
| HSM BATES 1978 – Trautner Email | 147 | | |
| HSM BATES 1995 – ATSM standards | 148 | | |
| HSM BATES 2036 – ATSM Standard A510 | 149 | | |
| HSM BATES 2218–37 – Philip Brian 11/20/17 Email thread | 150 | | |
| HSM BATES 2272 – Huang Email Thread re: completed examination and report | 151 | | |
| HSM BATES 3017 – Coil and Rust Issues Email Thread | 152 | | |
| HSM BATES 6043 – Kevin Synan 6/28/13 Email Thread | 153 | | |
| HSM BATES 10417–23 – Rejected Wires and Nonconforming Notice | 154 | | |
| HSM BATES 11425–26 – Wire Tech Monthly Quality Report | 155 | | |
| HSM BATES 11574 – Daugherty Visit Email Thread | 156 | | |
| HSM BATES 27159 – HSM Rejected Spring/Wire Table | 157 | | |
| HSM BATES 32565–71 – McCraw Pocketed Coil Wire Email Thread | 158 | | |
| HSM BATES 33517 – Huang Failure of Alabama Wire Email | 159 | | |

| | | | |
|---|---|---|---|
| HSM BATES 386719-22 Beauvais to Witherell email thread | 160 | | |
| HSM BATES 386745-48 Beauvais Witherell email thread | 161 | | |
| HSM BATES 36438 – Huang Material Failure Analysis for Northeast | 162 | | |
| HSM BATES 36439 – Northeast Failure Analysis | 163 | | |
| HSM BATES 37115 – Becker Huang Emails re: Broken Samples | 164 | | |
| HSM BATES 39354 – Huang Email re: Inconsistent Breakage in Torsion Tests | 165 | | |
| HSM BATES 40972 – Huang Email re: Grain Distinction | 166 | | |
| HSM BATES 42285 – Winnamac Material Failure Analysis | 167 | | |
| HSM BATES 42480 – Lecompte and Huang Email Thread re: porcupine fractures | 168 | | |
| HSM BATES 43787 – ASTM Torsion Testing Standard | 169 | | |
| HSM BATES 44941–55 – Becker Email Thread re: Wire Break | 170 | | |
| HSM BATES 47774 – Becker Email re: Scrapping Springs | 171 | | |
| HSM BATES 48388 – Strategic Plans of Quality and QC Lab | 172 | | |
| HSM BATES  400666-69 Jarae to Gregoire email thread | 173 | | |
| HSM BATES 49018 – Huang Email re: Iowa Spring Failure | 174 | | |
| HSM BATES 51934 (start) – HS Wire Technology Action Plans | 175 | | |
| HSM BATES 57395 – Check List of Internal Audit | 176 | | |
| HSM BATES 58848 – Splintered Wire on Keystone Email | 177 | | |
| HSM BATES 59166 – Ben Ray Email re: Cornell Testing | 178 | | |
| HSM BATES 67463 – Email Thread Re: Fatigue Failures of Torsion Bars | 179 | | |

| | | | |
|---|---|---|---|
| HSM BATES 67597 – Huang Email re: Friction Energy Issues | 180 | | |
| HSM BATES 68026 – Gibbs Email re: Torsion Fractures | 181 | | |
| HSM BATES 73431 – Monthly Overall Quality Performance Summary | 182 | | |
| HSM BATES 74868 – Raynor Failure Analysis | 183 | | |
| HSM BATES 75396 – Element Failure Analysis of Spring | 184 | | |
| HSM BATES 76673 – Miller Material Failure Analysis | 185 | | |
| HSM BATES 80444 – Newcomb Material Failure Analysis | 186 | | |
| HSM BATES 085336-62 Lunsford to Mann email thread | 187 | | |
| HSM BATES 84943 – Aisin Material Failure Analysis | 188 | | |
| HSM BATES 132201-04 Baker to Gibbs email thread | 189 | | |
| HSM BATES 93697 – Samples from Torsion Test Email with Drawing Defect Email | 190 | | |
| HSM BATES 95393 – Automatic Springs Root Cause Questions Email | 191 | | |
| HSM BATES 95765 – Email re: Wire hardened in drawing | 192 | | |
| HSM BATES 96567 – Material Failure Analysis for Spring Plant | 193 | | |
| HSM BATES 132229-32 Gibbs to Baker email thread | 194 | | |
| HSM BATES 106394 – Emails re: Faulty Wire Quality | 195 | | |
| HSM BATES 10640–04 – Email Thread Re: Rejection Procedure and Wire Quality | 196 | | |
| HSM BATES 106888 – Subinas Failure Analysis | 197 | | |
| HSM BATES 118004 – Huang 12/19/13 Email re: Brittle Wire Breaks | 198 | | |
| HSM BATES 118019 – SOP for Daily Hard Drawn Production Reports | 199 | | |

| | | | |
|---|---|---|---|
| HSM BATES 118734 – Processing Effects on Residual Stress Article | 200 | | |
| HSM BATES 120534 – McCraw to Coleman Email | 201 | | |
| HSM BATES 120889 – Dudek Bock Failure analysis | 202 | | |
| HSM BATES 121046 – McCraw Email Re: Southerland Meeting | 203 | | |
| HSM BATES 123727 – Gibbs/Peterson Failure Analysis | 204 | | |
| HSM BATES 125558 – William Jarae 3/3/14 Email | 205 | | |
| HSM BATES 127040 – WD Failure Analysis | 206 | | |
| HSM BATES 127841 – Email re: Drawing Defect from Gibbs | 207 | | |
| HSM BATES 130278 – Email re: Quality Test Procedures | 208 | | |
| HSM BATES 130795 – Email re: Objectivity and Best Interest of HSM | 209 | | |
| HSM BATES 130979 – Micaville Failure Analysis During forming | 210 | | |
| HSM BATES 130982–84 – Emails re: Low Ductility Failure Analysis | 211 | | |
| HSM BATES 132221 – Failure analysis of MFA 145A | 212 | | |
| HSM BATES 132477 – Jarae Email re: Cause of Cracks | 213 | | |
| HSM BATES 133019 – Baker Email re: Music Wire Improper Drawing Practice | 214 | | |
| HSM BATES 133197 – Memo Re: Bergmark surface fissuring | 215 | | |
| HSM BATES 140062 – Southerland Incident Report | 216 | | |
| HSM BATES 145745 – Email from Huang Re: Improper Forming Process | 217 | | |
| HSM BATES 151683 – Power Point re: Strain Tempering | 218 | | |
| HSM BATES 157831 – Anthony/McCraw Email re: HSM Coil Breakage | 219 | | |

| | | | |
|---|---|---|---|
| HSM BATES 157835 – Product Integrity Test Lab Test Report for HSM Coil Breakage | 220 | | |
| HSM BATES 160062 – Power Point re: PC Wire Project Update | 221 | | |
| HSM BATES 198958 – Overhead Door Failure Analysis for Wires in Coiling Process | 222 | | |
| HSM BATES 218998 – Huang Baker Emails re: Overheating | 223 | | |
| HSM BATES 219827 – Emails re: Denying Cook Claims | 224 | | |
| HSM BATES 222000 – Southern Precision Spring Failure Analysis | 225 | | |
| HSM BATES 222394 – Huang Performance Evaluation | 226 | | |
| HSM BATES 229435 – Dalton Failure analysis | 227 | | |
| HSM BATES 243982 – McCraw Email re: Metallurgy and Testing | 228 | | |
| HSM BATES 282800 – Holmes Springs Failure Analysis | 229 | | |
| HSM BATES 352146 – Miller Email re: Inspecting for Drawing Defects | 230 | | |
| HSM BATES 354505 – Email re: Brittleness on Music Wire and Stop Outside Testing | 231 | | |
| HSM BATES 356469 – Email re: Brittleness and Inappropriate Tempering | 232 | | |
| HSM BATES 360670 – Quality Notice Alert for Wire Technology | 233 | | |
| HSM BATES 363916 – Failure Analysis for Holmes Springs | 234 | | |
| HSM BATES 364437 – Failure Analysis for Peterson Spring | 235 | | |
| HSM BATES 366078 – Non-Conformance Notice re: Brittle Parts | 236 | | |
| HSM BATES 376669 – Gibbs Email re: Charter Breaking Wire | 237 | | |
| HSM BATES 132241-44 Gibbs to Becker email thread | 238 | | |
| HSM BATES 407992 – Surveillance Assessment | 239 | | |

| | | | |
|---|---|---|---|
| HSM BATES 457883 – Huffman Email re: Rejected Items | 240 | | |
| Plaintiff BATES 125–26 – Photographs of Mattress | 241 | | |
| Plaintiff BATES 149 – Photograph of Mattress | 242 | | |
| Plaintiff BATES 151 – Photograph of Mattress | 243 | | |
| Plaintiff BATES 153 – Photograph of Mattress | 244 | | |
| Doc 126-4 Book Excerpts | 245 | | |
| Doc. 126-2 Umberger Affidavit | 246 | | |
| Doc. 124-2 – Chart on Testimony | 247 | | |
| Doc. 123-6 – Microstructure Dependence Article | 248 | | |
| Doc. 123-5 – Mineral Metallurgy Materials | 249 | | |
| Doc. 123-4 Damage Evaluation of Ferrite Article | 250 | | |
| Doc. 123-3 Use of Nanoindentation Technique Article | 251 | | |
| Doc. 107 – Defense Response to Statements of Material Fact | 252 | | |
| Doc. 106-1 – Thompson Affidavit | 253 | | |
| Doc. 105-1 – Southerland Summary Judgment Reply Brief | 254 | | |
| Doc. 105 – Southerland Response to Statements of Fact | 255 | | |
| Doc. 101-10 – Southerland Warranty claims | 256 | | |
| Doc. 101-9 – Southerland Warranty | 257 | | |
| Doc. 101-8 – Whitehead Affidavit | 258 | | |
| Doc. 95-35 – Lewis Report | 259 | | |
| Doc. 95-34 – Zenilman Report | 260 | | |
| Doc. 95-33 Gelfand Report | 261 | | |
| Doc. 93-8 Whitehead Photographs | 262 | | |

| | | | |
|---|---|---|---|
| Doc. 93-2 Hickory Springs Statements of Material Fact | 263 | | |
| Doc. 93-1 Hickory Springs Summary Judgment Brief | 264 | | |
| Doc. 92-2 Southerland Statement of Material Facts | 265 | | |
| Doc. 92-1 Southerland Summary Judgment Brief | 266 | | |
| Umberger Disclosure and Report | 267 | | |
| Baron Disclosure and Report | 268 | | |
| HSM BATES 39354 – Huang Email to Bill Jarae | 269 | | |
| Doc. 97, Exhibit B, Miller and Synan Email Regarding Quality Department | 270 | | |
| HSM BATES 11574 – Gibbs Email from Daugherty re: Torsion Test | 271 | | |
| Doc. 97, Exhibit D, Anthony Email to McCraw re: Broken Coils in Testing | 272 | | |
| Plaintiffs' Medical Bill Summary | 273 | | |
| ADVANCED GYNECOLOGY BILLING 1-3 | 274 | | |
| ALZHACARE BILLING 1-2 | 275 | | |
| ATL GASTRO BILLING 1 | 276 | | |
| EMORY BILLING 1-64 | 277 | | |
| ENDOCRINOLOGY ASSOCIATES BILLING 1-4 | 278 | | |
| EXCEPTIONAL MEDICAL TRANSPORTATION BILLING 1 | 279 | | |
| GA UROLOGY BILLING 1 | 280 | | |
| HANGER CLINIC BILLING 1 | 281 | | |
| ID CARE BILLING 1-14 | 282 | | |
| IDSGA BILLING 1-7 | 283 | | |
| KCI BILLING 1 | 284 | | |
| LAWRENCEVILLE NEURO BILLING 1-3 | 285 | | |

| | | | |
|---|---|---|---|
| MEDISOURCE BILLING 1-20 | 286 | | |
| NEW JERSEY HEALTH BILLING 1-2 | 287 | | |
| NGDC BILLING 1-7 | 288 | | |
| NGMC BILLING 1-20 | 289 | | |
| NORTHSIDE BILLING 1-4 | 290 | | |
| PANDYA MED CENTER BILLING 1-10 | 291 | | |
| PATHOLOGY ASSOCIATES BILLING 1-4 | 292 | | |
| PIEDMONT HEART ATHENS BILLING 1-13 | 293 | | |
| PLASTIC SURGERY BILING 1-7 | 294 | | |
| PRINCETON HEALTHCARE ASSOCIATES BILLING 1-5 | 295 | | |
| PRINCETON HEALTHCARE BILLING 1-55 | 296 | | |
| PRINCETON HYPERTENSION BILLING 1-3 | 297 | | |
| PRINCETON RADIOLOGY BILLING 1-2 | 298 | | |
| PRINCETON SURGICAL BILLING 1 | 299 | | |
| RESPIRATORY & SLEEP BILLING 1 | 300 | | |
| SHC BILLING 1-2 | 301 | | |
| SUNCREST HOME HEALTH BILLING 1-5 | 302 | | |
| WELLSTAR BILLING 1-4 | 303 | | |
| WELLSTAR COBB BILLING 1 | 304 | | |
| WELLSTAR ENDOCRINOLOGY BILLING 1-10 | 305 | | |
| WELLSTAR LAB BILLING 1-2 | 306 | | |
| Plaintiffs' CLG Document Production 1–41(including photographs of the mattress) | 307.1-41 | | |
| CRETE Document Production BATES 1-73 – Whitehead Employment File and Work Orders | 308 | | |

| | | | |
|---|---|---|---|
| Plaintiffs' Document Production BATES 1-66 (Photographs of Plaintiff) | 309.1-66 | | |
| Plaintiffs' Document Production BATES 492–513 (Videos of Plaintiff) | 310.1-22 | | |
| Plaintiffs' Document Production BATES 88–187 | 311 | | |
| Plaintiffs' Document Production BATES 188–287 | 312 | | |
| Plaintiffs' Document Production BATES 288–387 | 313 | | |
| Plaintiffs' Document Production BATES 388–491 | 314 | | |
| Marriage Certificate | 315 | | |
| Letters of Guardianship | 316 | | |
| United States Life Tables | 317 | | |
| United States Social Security Life Table | 318 | | |
| EMORY RADIOLOGY 1 | 319 | | |
| PRINCETON RADIOLOGY 1–3 | 320 | | |
| ADVANCED GYNECOLOGY 1–28 | 321 | | |
| ATL GASTRO 1–3 | 322 | | |
| EMORY 1–2045 | 323 | | |
| GA UROLOGY 1–21 | 324 | | |
| IDSGA 1–18 | 325 | | |
| LONGSTREET 1–10 | 326 | | |
| NGDC 1–60 | 327 | | |
| NGMC 1–159 | 328 | | |
| NORTHSIDE FORSYTH 1–14 | 329 | | |
| PANDYA MEDICAL CENTER 1–266 | 330 | | |
| PIEDMONT HEART ATHENS 1–39 | 331 | | |

| | | | |
|---|---|---|---|
| PLASTIC SURGERY CENTER 1–9 | 332 | | |
| PRINCETON 1–5367 | 333 | | |
| SIGNATURE HEALTHCARE 1–4 | 334 | | |
| SUNCREST 1–718 | 335 | | |
| WELLSTAR ENDOCRINOLOGY 1–688 | 336 | | |
| WMG NEURO 1–98 | 337 | | |
| Deposition of Kevin McCraw (2019) | 338 | | |
| Deposition of John Whitehead | 339 | | |
| Deposition of Paul Lewis | 340 | | |
| Deposition of Leslie Verhelst | 341 | | |
| Deposition of Michael Gelfand | 342 | | |
| Deposition of Veronica Whitehead | 343 | | |
| Deposition of Valerie Brooks | 344 | | |
| Deposition of Vicky Frye | 345 | | |
| Deposition of Michael Silverman | 346 | | |
| Deposition of Jaeson Feagan | 347 | | |
| Deposition of Matt Larson | 348 | | |
| Deposition of Benjamin Ray | 349 | | |
| Deposition of Benjamin Reiter | 350 | | |
| Deposition of Timothy Becker (2019) | 351 | | |
| Deposition of Bryan Smith | 352 | | |
| Deposition of Todd Wendling | 353 | | |
| Deposition of Michael Stevenson | 354 | | |
| Deposition of Kevin McCraw (2020) | 355 | | |
| Deposition of Pao Huang | 356 | | |

| | | | |
|---|---|---|---|
| Deposition of Hamburg | 357 | | |
| Deposition of Planton | 358 | | |
| Deposition of Richard Baron (2021) | 359 | | |
| Deposition of Dr. Zenilman | 360 | | |
| Deposition of Timothy Becker (2024) | 361 | | |
| Deposition of Dr. Rimawi | 362 | | |
| Deposition of Dr. Thompson | 363 | | |
| Deposition of Richard Baron (2024) | 364 | | |
| Deposition of Pierce Umberger | 365 | | |
| Deposition of Dr. Juha | 366 | | |
| Deposition of Kevin McCraw (2025) | 367 | | |
| Hickory Springs's Responses to Plaintiffs' RFAs (2018) | 368 | | |
| Hickory Springs's Responses to Plaintiffs' ROGs (2018) | 369 | | |
| Hickory Springs's Responses to Plaintiffs' RPDs (2018) | 370 | | |
| Hickory Springs's Supplemental Responses to Plaintiffs' RPDs (2019) | 371 | | |
| Hickory Springs's Responses to Plaintiffs' Second ROGs (2019) | 372 | | |
| Hickory Springs's Responses to Plaintiffs' Second RPDs (2019) | 373 | | |
| Hickory Springs's Responses to Plaintiffs' Third RPDs (2019) | 374 | | |
| Hickory Springs's Responses to Plaintiffs' Fourth RPDs (2019) | 375 | | |
| Hickory Springs's Supplemental Responses to Plaintiffs' Fourth RPDs (2020) | 376 | | |
| Hickory Springs's Supplemental Responses to Plaintiffs' Third RPDs (2020) | 377 | | |
| Hickory Springs's Second Supplemental Responses to Plaintiffs' First RPDs (2020) | 378 | | |

| | | | |
|---|---|---|---|
| Hickory Springs's Supplemental Responses to Plaintiffs' ROGs (2020) | 379 | | |
| Hickory Springs's Second Supplemental Responses to Plaintiffs' ROGs (2021) | 380 | | |
| Southerland's Responses to Plaintiffs' RFAs (2018) | 381 | | |
| Southerland's Responses to Plaintiffs' ROGs (2018) | 382 | | |
| Southerland's Responses to Plaintiffs' RPDs (2018) | 383 | | |
| Southerland's Responses to Plaintiffs' Second ROGs (2019) | 384 | | |
| Southerland's Responses to Plaintiffs' Second RPDs (2019) | 385 | | |
| Southerland's Supplemental Responses to Plaintiffs' ROGs (2019) | 386 | | |
| Southerland's Supplemental Responses to Plaintiffs' RPDs (2019) | 387 | | |
| Southerland's Responses to Plaintiffs' Third RPDs (2019) | 388 | | |
| Southerland's Second Supplemental Response to Plaintiffs' First ROGs (2019) | 389 | | |
| Southerland's Second Supplemental Response to Plaintiffs' First RPDs (2019) | 390 | | |
| Southerland's Supplemental Response to Plaintiffs' Second RPDs (2019) | 391 | | |
| Southerland's Response to Plaintiffs' Fourth RPDs (2019) | 392 | | |
| Southerland's Amended Response to Plaintiffs' First ROGs and Supplemental Document Production (2019) | 393 | | |
| Southerland's Response to Plaintiffs' Notice to Produce (2019) | 394 | | |
| Southerland's Third Supplemental Response to Plaintiffs' First ROGs (2021) | 395 | | |
| Southerland's 8/11/21 Expert Disclosure Letter | 396 | | |
| Southerland's Fourth Supplemental Response to Plaintiffs' ROGs (2021) | 397 | | |
| Southerland's Initial Disclosures (2023) | 398 | | |

| | | | |
|---|---|---|---|
| Hickory Springs' Initial Disclosures (2023) | 399 | | |
| Southerland's Supplemental Initial Disclosures (2023) | 400 | | |
| Plaintiffs' Initial and Supplemental Disclosures | 401 | | |
| Southerland's Second Supplemental Initial Disclosures | 402 | | |
| Southerland's Third Supplemental Initial Disclosures | 403 | | |
| Hickory Springs's First Supplemental Initial Disclosures | 404 | | |
| Hickory Springs's Second Supplemental initial Disclosures | 405 | | |
| Southerland's Fourth Supplemental Initial Disclosures | 406 | | |
| Hickory Springs's Responses to Plaintiffs' First ROGs (2023). | 407 | | |
| Hickory Springs's Responses to Plaintiffs' First RPDs (2023). | 408 | | |
| Hickory Springs's Responses to Plaintiffs' Second RPDs (2024). | 409 | | |
| HSM BATES 28094-97 J. Miller to D. Duensing Email | 410 | | |
| HSM BATES 36976-78 Material Failure Analysis | 411 | | |
| HSM BATES 37011-13 Material Failure Analysis | 412 | | |
| HSM BATES 42291 Material Failure Analysis | 413 | | |
| HSM BATES 58864-66 McLean Email Thread to Gibson and McCraw | 414 | | |
| HSM BATES 75124 -Pao Huang Cover Letter | 415 | | |
| HSM BATES 75125-Pao Huang CV | 416 | | |
| HSM BATES 401156-57 McCraw to Beauvais email thread | 417 | | |
| HSM BATES-95848-57 Email Thread Bergmark to K Huffman | 418 | | |
| HSM BATES-106789-91 D Herran to K Baker email Thread | 419 | | |

| | | | |
|---|---|---|---|
| HSM BATES 106890-92 Baker to Syan Email Thread | 420 | | |
| HSM BATES 107141-46 Huffman to Herran email thread | 421 | | |
| HSM BATES 107147-53 Herran to Huffman email thread | 422 | | |
| HSM BATES 118104 Jarae to Baker email thread | 423 | | |
| HSM BATES 118107 K Baker to W Jarae email thread | 424 | | |
| HSM BATES 118495-96 McCraw to R Anthony Email thread | 425 | | |
| HSM BATES 125563-66 Huang to Couch email thread | 426 | | |
| HSM BATES 125563 Huang to Couch email thread | 427 | | |
| HSM BATES 130987 Material Failure Analysis dated 4/28/14 | 428 | | |
| HSM BATES 132205 Material Failure Analysis dated 4/28/14 | 429 | | |
| HSM BATES 132477-84 Jarae to Gibbs email thread | 430 | | |
| HSM BATES 134017 Material Failure Analysis | 431 | | |
| HSM BATES 134628 Material Failure Analysis | 432 | | |
| HSM BATES 134811 Material Failure Analysis | 433 | | |
| HSM BATES 140058 Lail to Verhelst Email dated 8/15/2014 | 434 | | |
| HSM BATES  140060 Southerland Incident Report | 435 | | |
| HSM BATES 141841 Material Failure Analysis | 436 | | |
| HSM BATES 142235 K Baker to P Huang email thread | 437 | | |
| HSM BATES 142324 Material Failure Analysis | 438 | | |
| HSM BATES 145753-57 Pao Huang to Bowman email thread | 439 | | |
| HSM BATES 146749 Beauvais to Verhelst email thread | 440 | | |

| | | | |
|---|---|---|---|
| HSM BATES 213866-71 Huang to Ruffolo email thread | 441 | | |
| HSM BATES 216419-216426 Huang to Ruffalo email thread | 442 | | |
| HSM BATES 218852-53 Haung to Bergmark email thread | 443 | | |
| HSM BATES 218858-59 Huang to Bergmark email thread | 444 | | |
| HSM BATES 218864 -65 Baker to Huang email thread | 445 | | |
| HSM BATES 219703-05 Bergmark to Huang email thread | 446 | | |
| HSM BATES 222410 Material Failure Analysis | 447 | | |
| HSM BATES 229443 Material Failure Analysis | 448 | | |
| HSM BATES 310792 Fischer to Anthony Email | 449 | | |
| HSM BATES 333268-75 Miller to Purcell email thread | 450 | | |
| HSM BATES 354455 Miller to Synan email | 451 | | |
| HSM BATES 356471 Huang to Lowman email | 452 | | |
| HSM BATES 364477 Material Failure Analysis | 453 | | |
| HSM BATES 438938 Brabandt email to McCraw | 454 | | |
| HSM BATES 41518 ASTM A 648 -04a | 455 | | |
| HSM BATES 155428 Wells to R Anthony Email | 456 | | |
| HSM BATES155617 Wells to Crish Email | 457 | | |
| HSM BATES 157835 Product Integrity Test Lab- TEST REPORT | 458 | | |
| HSM BATES 157936 Beatty to Lail email chain | 459 | | |
| HSM BATES 166151 Witherell to Lail Email Chain | 460 | | |

| | | | |
|---|---|---|---|
| HSM BATES 168896 Fischer to Witherell Email Chain | 461 | | |
| HSM Document Production 08-12-2025 – NonParty Document Production | 462 | | |
| HSM BATES 140058 Lail to Verhelst email thread | 463 | | |
| HSM BATES 039355 Photo | 464 | | |
| HSM BATES 039356 Photo | 465 | | |
| HSM BATES 039357 Photo | 466 | | |
| HSM BATES 410–414 | 467 | | |
| Southerland BATES 277-296 – CAR Materials | 468 | | |
| Southerland BATES 66 | 469 | | |
| Southerland BATES 72 | 470 | | |
| HSM BATES 1146 | 471 | | |
| Materials Necessary for Rebuttal | 472 | | |
| Correspondence from Defendants | 473 | | |
| Documents produced by Defendant HSM | 474 | | |
| Documents produced by Defendant Southerland | 475 | | |
| Documents produced by Plaintiffs | 476 | | |
| PACER File | 477 | | |
| Materials Necessary for Impeachment | 478 | | |
| The Subject Mattress | 479 | | |
| Coil Wires from the Subject Mattress | 480 | | |
| Medical Records of Veronica Whitehead produced by Nonparties | 481 | | |
| Photographs of Veronia Whitehead – Princeton Treatment BATES 1–11 | 482 | | |

| | | | |
|---|---|---|---|
| Exhibits used in depositions | 483 | | |
| Plaintiffs' Expert Files | 484 | | |
| Defendants' Expert Files | 485 | | |
| Documents Produced by Crete & Feagan | 486 | | |
| HSM BATES 1-466438 | 487 | | |
| Southerland BATES 1-296 | 488 | | |
| HSM BATES 006043 | 489 | | |
| HSM BATES 075783 | 490 | | |
| HSM BATES 373110 | 491 | | |
| HSM BATES 373117 | 492 | | |
| HSM BATES 373121 | 493 | | |
| HSM BATES 58997 McCraw to Ray Email Thread | 494 | | |
| HSM BATES 59168 McCraw to Ray Email Thread | 495 | | |
| HSM BATES | 496 | | |
| HSM BATES 155428 Wells to Anthony Email Thread | 497 | | |
| HSM BATES 155617 Wells to Crish Email Thread | 498 | | |
| HSM BATES 157835 HSM Lab Report re Product Integrity Report | 499 | | |
| HSM BATES 157936 Lail Beatty email thread | 500 | | |
| HSM BATES 166149 Lail to Witherall Email Thread | 501 | | |
| HSM BATES 166151 Witherell to Lail Email Thread | 502 | | |
| HSM BATES 168896 Fischer to Witherall Email Thread | 503 | | |
| HSM BATES 180905 Witherall to Maxwell Email THread | 504 | | |
| HSM BATES 438938 Brabandt to McCraw Email | 505 | | |

| | | | |
|---|---|---|---|
| HSM BATES 085336 Lunsford to Mann Email Thread | 506 | | |
| HSM BATES 132201 Baker to Gibbs Email Thread | 507 | | |
| HSM BATES 132229 Gibbs to Baker Email Thread | 508 | | |
| HSM BATES 132241 Gibbs to Becker Email Thread | 509 | | |
| HSM BATES 386585 Ray to Beauvais | 510 | | |
| HSM BATES 029518 Corrective Actions Summary | 511 | | |
| HSM BATES 069027 Huffman to M Planton Email Thread | 512 | | |
| HSM BATES 201700 Crish to Fischer Email Thread | 513 | | |
| HSM BATES 038692 M Planton to McCraw Email Thread | 514 | | |
| HSM BATES 073139 Strategic Transformation Meeting Report | 515 | | |
| HSM BATES 093749 HSM Monthly ISO Report | 516 | | |
| HSM BATES 201677 Crish to Fischer Email Thread | 517 | | |
| HSM BATES 207677 Crish to Fischer Email Thread | 518 | | |
| HSM BATES 385786 McCraw to Witherall Email Thread | 519 | | |
| HSM BATES 411411 Harae to Gregoire Email Thread | 520 | | |
| HSM BATES 432779 Serta Simmons Bedding Product Specification | 521 | | |
| HSM BATES 450308 HSM Wire Properties Document | 522 | | |
| HSM BATES 057263 Anthony to Crowe Email Thread | 523 | | |
| HSM BATES 201423 HSM Product Tag | 524 | | |
| HSM BATES 201658 Photo of Fracture | 525 | | |
| Learned Treatises referenced in Plaintiffs' Expert Reports | 526 | | |

| | | | |
|---|---|---|---|
| The Steel Wire Handbook, edited by Dove and written by members of the association,  published by The Wire Association, in 1965 | 527 | | |
| ASTM Standards | 528 | | |
| ASTM A228 for Steel Wire, Music Spring Quality | 529 | | |
| ASTM A938 | 530 | | |
| ASTM F1566 | 531 | | |
| A. Brownrigg, R. Boelen, and M. Toyama, Delamination of Hard Drawn Eutectoid Steel Wires, BHP Melbourne Research Laboratories, Clayton, Victoria, Australia. | 532 | | |
| D. Pastorcic et. al., Coil spring failure and fatigue analysis, Engineering Failure Analysis Volume 99, 2019, 310 | 533 | | |
| S. Yamasaki, High Carbon Steel Wires -Nippon Steel, Nippon Steel Corporation, Tokyo, Japan. | 534 | | |
| B.N. Jayaa, et. al., Materials Science & Engineering A 707 (2017) 164–171. | 535 | | |
| Godecki, L. The Delamination of Spring Wire During Torsion Testing, Wire Industry, 36. (1969). | 536 | | |
| M. Tanaka, et. al., Nature of delamination cracks in pearlitic steels, Scripta Materialia 112 (2016) 32–36. | 537 | | |
| A. Jamoneau, et. al., Strain localization and delamination mechanism of cold-drawn pearlitic steel wires during torsion, Materials Science & Engineering A 814 (2021) 141222. | 538 | | |
| S. Kumar, G. Mehta, Torsion Failure in Tire bead wires: Causes and Investigation, https://www.researchgate.net/publication/358099841 | 539 | | |
| L. Zhoua et. al., Torsion performance of pearlitic steel wires: Effects of morphology and crystallinity of cementite, Materials Science & Engineering A 743 (2019) 425–435. | 540 | | |

| S.K. Lee et. al., Pass schedule of wire drawing process to prevent delamination for high strength steel cord wire, Materials and Design 30 (2009) 2919–2927. | 541 | | |
|---|---|---|---|
| Documents Produced by Prior Parties in the State Court Action | 542 | | |

Plaintiffs' listing of exhibits on this list is not intended to be any affirmation or statement as to the admissibility or relevance of any such item, but is rather provided to facilitate the description, identification, and authenticity of possible exhibits, the admissibility of which will be discussed separately at the time of tender.

Defendant Hickory Springs produced documents after the close of discovery totaling 464,469 pages. The search of those documents has been ongoing. Plaintiffs have endeavored to locate all relevant documents and have listed as exhibits the documents from this production that may be used at trial (with the exception of those purely for impeachment). However, if additional relevant documents are discovered in the late production, Plaintiffs will request that the Court allow those documents to be added to Plaintiffs' list of exhibits.

Plaintiffs received exhibit listing from Southerland on the evening of August 14, 2025 and from Hickory Springs on August 15, 2025 for the first time. Plaintiffs have endeavored to go through these lists; however, they continued to change through the afternoon of August 15, 2025. Pursuant to the Court's August 14, 2025 Order, Plaintiffs will continue to list objections, to the extent possible, to Defendants' Exhibit and Witness Lists and supplementing Plaintiffs' own lists through the Court's September 5, 2025 deadline for final exhibit and witness lists.

**Defendants' Objections:**

| Description – Plaintiffs' Exhibits | Exhibit | Defendants' Objection |
|---|---|---|
| McCraw Deposition Exhibit 1 -  Notice of Deposition | 1 | Not proper evidence |
| McCraw Deposition Exhibit 2 – Photograph of Mattress | 2 | |
| McCraw Deposition Exhibit 3 – Photograph of Mattress | 3 | |
| McCraw Deposition Exhibit 4 – Hickory Springs BATES 425–28, Southerland Meeting Notes | 4 | |
| McCraw Deposition Exhibit 5 – ASTM Standards | 5 | |
| McCraw Deposition Exhibit 6 – Steel Products Manual | 6 | |

| | | |
|---|---|---|
| McCraw Deposition Exhibit 7 – Temur Coil Spring Rate Request, Hickory Springs BATES 396–419 | 7 | Irrelevant Hearsay |
| McCraw Deposition Exhibit 8 – HSM Integrity Test Lab Report, HSM BATES 360–63 | 8 | Irrelevant |
| McCraw Deposition Exhibit 9 – HSM BATES 121–22 | 9 | |
| McCraw Deposition Exhibit 10 – Spiller Email – HSM BATES 105 | 10 | Irrelevant |
| J. Whitehead Deposition Exhibit 1 - Diagram | 11 | |
| J. Whitehead Deposition Exhibit 2 – Truck Photographs (CRETE BATES 9–15) | 12 | |
| J. Whitehead Deposition Exhibit 3 – Mattress Photograph with Cover and Annotations | 13 | |

| | | |
|---|---|---|
| J. Whitehead Deposition Exhibit 4 – Mattress photographs with annotations | 14 | |
| J. Whitehead Deposition Exhibit 5 – Body diagram with annotation | 15 | |
| J. Whitehead Deposition Exhibit 6 – Acknowledgement of Transporting | 16 | |
| J. Whitehead Deposition Exhibit 7 - Release | 17 | |
| Paul Lewis Deposition Exhibit 10 – Mattress Photographs | 18 | |
| Paul Lewis Deposition Exhibit 11 – Mattress Photographs | 19 | |
| Paul Lewis Deposition Exhibit 12 – Examination Notes | 20 | |
| Paul Lewis Deposition Exhibit 13 – Coil Photograph | 21 | |
| Paul Lewis Deposition Exhibit 14 – Coils Photograph | 22 | |

| | | |
|---|---|---|
| Chris Faith Deposition Exhibit 8 – Mattress Photograph | 23 | |
| Chris Faith Deposition Exhibit 9 – Coils Photograph | 24 | |
| Chris Faith Deposition Exhibit 11 – Southerland Rollator/Cornell Testing | 25 | Irrelevant |
| Chris Faith Deposition Exhibit 12 – November 18, 2013 Echeveria Memo on Testing | 26 | Irrelevant Hearsay |
| Chris Faith Deposition Exhibit 13 – Southerland Bedding Visit 1/15/14 Memo | 27 | Irrelevant Hearsay |
| Chris Faith Deposition Exhibit 15 – HSM BATES 407–18 | 28 | Irrelevant |
| Chris Faith Deposition Exhibit 16 – 2014 Email | 29 | Irrelevant |
| Chris Faith Deposition Exhibit 17 – Mattress Photographs | 30 | |

| | | |
|---|---|---|
| Chris Faith Deposition Exhibit 21 – Mattress Photograph | 31 | |
| Chris Faith Deposition Exhibit 22 – Mattress Photograph | 32 | |
| Verhelst Deposition Exhibit 11 – Notice of Deposition | 33 | Not proper evidence |
| Verhelst Deposition Exhibit 12 – Rejected Wire Procedure, HSM BATES 581–93 | 34 | |
| Verhelst Deposition Exhibit 13 – Southerland Corrective Action Report | 35 | Irrelevant |
| Hyatt Deposition Exhibit 8 – Coleman 1/23/14 Email | 36 | Irrelevant |
| Hyatt Deposition Exhibit 9 – Email and accompanying documents | 37 | Irrelevant |
| Hyatt Deposition Exhibit 10 – ASTM Standards | 38 | |
| Hyatt Deposition Exhibit 11 – Innerspring photographs | 39 | |

| | | |
|---|---|---|
| Hyatt Deposition Exhibit 12 – Crete Work Order | 40 | |
| Hyatt Deposition Exhibit 13 – Anthony and Smith Emails | 41 | Irrelevant |
| Hyatt Deposition Exhibit 14 – ATS Item Log Sheet | 42 | |
| Hyatt Deposition Exhibit 15 – ATS Sign In Sheet | 43 | |
| Hyatt Deposition Exhibit 16 – ESI Artifact Custody Sheet | 44 | |
| Hyatt Deposition Exhibit 18 – Mattress Photograph | 45 | |
| Hyatt Deposition Exhibit 19 – Chemical Test Report | 46 | |
| Hyatt Deposition Exhibit 20 – Coil Fragment Photograph | 47 | |
| Hyatt Deposition Exhibit 23 – Photograph of Crack | 48 | |

| | | |
|---|---|---|
| Gelfand Deposition Exhibit 5 – Princeton Report BATES 127–29 | 49 | |
| Gelfand Deposition Exhibit 6 – Princeton Report BATES 232–34 | 50 | |
| Gelfand Deposition Exhibit 7 – Princeton Report BATES 539–41 | 51 | |
| Veronica Whitehead Deposition Exhibit 1 – Truck Diagram | 52 | |
| Silverman Deposition Exhibit 1 – Notice of Deposition | 53 | Not proper evidence |
| Silverman Deposition Exhibit 2 – Disclosure Letter | 54 | |
| Silverman Deposition Exhibit 3 – Silverman CV | 55 | |
| Silverman Deposition Exhibit 4 – Silverman Fee Schedule | 56 | |
| Silverman Deposition Exhibit 10.1 – Materials List | 57 | |

| | | |
|---|---|---|
| Silverman Deposition Exhibit 10.2 – Approach to Microbiologic Diagnosis of Necrotizing Infections | 58 | |
| Silverman Deposition Exhibit 10.3 – Handwritten Notes | 59 | |
| Silverman Deposition Exhibit 10 – File List | 60 | |
| Feagan Deposition Exhibit 1 – Mattress Photograph | 61 | |
| Feagan Deposition Exhibit 2 – Crete Workorder Detail | 62 | |
| Larson Deposition Exhibit 5 – Notice of Deposition | 63 | Not proper evidence |
| Larson Deposition Exhibit 6 – Photographs of Mattress | 64 | |
| Larson Deposition Exhibit 7 – Mattress Photograph | 65 | |
| Larson Deposition Exhibit 8 – Crete Responses to Second RPDs | 66 | |

| | | |
|---|---|---|
| Larson Deposition Exhibit 9 – Notice of Individual Deposition | 67 | Not proper evidence |
| Becker Deposition Exhibit 14 – Rod Specifications, HSM BATES 600–19 | 68 | Irrelevant |
| Becker Deposition Exhibit 15 – Spiller Spring Wire Specifications | 69 | |
| Becker Deposition Exhibit 16 – HSM Wire Specifications for Innerspring Mattresses, HSM BATES 626–27 | 70 | |
| Becker Deposition Exhibit 17 – 1/23/14 Coleman Email and Coleman Notes | 71 | Irrelevant |
| Smith Deposition Exhibit 1 – New Account Application | 72 | |
| Smith Deposition Exhibit 2 - Maintenance and Inventory Documents | 73 | |
| Smith Deposition Exhibit 12 – Southerland/HSM Memorandum | 74 | Irrelevant |
| Smith Deposition Exhibit D1 – Comparison Sheet | 75 | |

| | | |
|---|---|---|
| Stevenson Deposition Exhibit 4 – Stevenson Opinions | 76 | |
| Stevenson Deposition Exhibit 5 – Analysis of Stress State | 77 | |
| Stevenson Deposition Exhibit 6 – Crack Propagation Memo | 78 | |
| Stevenson Deposition Exhibit 7 – EDS Memorandum | 79 | |
| Stevenson Deposition Exhibit 8 – Evaluation of Pitting Induced Stress Concentration Factors | 80 | |
| Stevenson Deposition Exhibit 9 – Evaluation of Total Stress Amplification | 81 | |
| Stevenson Deposition Exhibit 10 – Fatigue Life Analysis | 82 | |
| Stevenson Deposition Exhibit 11 – Inclusion and Corrosion Pit Size Comparison | 83 | |

| | | |
|---|---|---|
| Stevenson Deposition Exhibit 12 - Mattress Deflection Memorandum | 84 | |
| Stevenson Deposition Exhibit 14 – Rod Specifications | 85 | Irrelevant |
| McCraw 2020 Deposition Exhibit 18 – Notice of Deposition | 86 | Not proper evidence |
| McCraw 2020 Deposition Exhibit 19 – Huang 2/21/14 Email Thread | 87 | Irrelevant |
| Huang Deposition Exhibit 14 – Rod Specifications | 88 | Irrelevant |
| Huang Deposition Exhibit 17 – Coleman Email Annotated | 89 | Irrelevant |
| Huang Deposition Exhibit 19 – Huang 2/21/14 Email Annotated | 90 | Irrelevant |
| Huang Deposition Exhibit 20 – Notice of Deposition | 91 | Not proper evidence |
| Huang Deposition Exhibit 21 – Wire Specifications for HSM (HSM BATES 626) with annotation | 92 | |

| | | |
|---|---|---|
| Huang Deposition Exhibit 22 – Drawing on notebook paper | 93 | Irrelevant |
| Hamburg Deposition Exhibit 18 – Georgia Summary | 94 | Irrelevant<br><br>Hearsay |
| Hamburg Deposition Exhibit 19 – HSM Purchase Order | 95 | Irrelevant<br><br>Hearsay |
| Planton Deposition Exhibit 22 – 2/21/14 Huang Email Chain with Chart | 96 | Irrelevant |
| Baron Deposition Exhibit 1 – Notice of Deposition | 97 | Not proper<br><br>evidence |
| Baron Deposition Exhibit 2 – Baron CV | 98 | |
| Baron Deposition Exhibit 3 – Baron Testimony List | 99 | |
| Baron Deposition Exhibit 4 – Baron Fee Schedule | 100 | |
| Baron Deposition Exhibit 5 – Baron Opinion Summary | 101 | |
| Baron Deposition Exhibit 6 – Mattress Photograph with Notes | 102 | |

| | | |
|---|---|---|
| Baron Deposition Exhibit 7 – Stress Approximation Technique for Helical Compression Springs Subjected to Lateral Loading Article | 103 | |
| Baron Deposition Exhibit 8 – ASTM A370 | 104 | |
| Baron Deposition Exhibit 9 – A 407 – 07 Standard Specification for Steel Wire, Cold Drawn, for coiled-type springs | 105 | |
| Baron Deposition Exhibit 10 – HSM Wire Specifications | 106 | |
| Umberger Deposition Exhibit 37 – ESI Investigative Report | 107 | |
| Umberger Deposition Exhibit 39 – Mattress Deflection Memo | 108 | |
| Umberger Deposition Exhibit 42 – Umberger Notice of Deposition | 109 | Not proper evidence |

| | | |
|---|---|---|
| Umberger Deposition Exhibit 43 – Umberger Case List | 110 | |
| Umberger Deposition Exhibit 44 – Analysis of Stress State under Different Loading Conditions | 111 | |
| Umberger Deposition Exhibit 45 – Umberger CV | 112 | |
| Umberger Deposition Exhibit 46 – Stevenson Deposition Exhibit 5, Remarked | 113 | |
| Umberger Deposition Exhibit 47 – Stevenson Deposition Excerpts | 114 | |
| Umberger Deposition Exhibit 48 – Stevenson Deposition Exhibit 48, Remarked | 115 | |
| Becker 2024 Deposition Exhibit 1 – Notice of Deposition | 116 | Not proper evidence |

| | | |
|---|---|---|
| Becker 2024 Deposition Exhibit 2 – HSM Vendor Corrective and Preventive Actions | 117 | Irrelevant |
| Becker 2024 Deposition Exhibit 3 – Southerland corrective Action Report | 118 | Irrelevant |
| Becker 2024 Deposition Exhibit 7 – HSM Product Integrity Test Lab Report | 119 | Irrelevant |
| Becker 2024 Deposition Exhibit 8 – Memo Re: Six Tested and Averaged Coils | 120 | Irrelevant |
| Rimawi Deposition Exhibit 24 – Notice of Deposition | 121 | Not proper evidence |
| Rimawi Deposition Exhibit 25 – Rimawi Report | 122 | |
| Rimawi Deposition Exhibit 26 – Rimawi First Invoice | 123 | |
| Rimawi Deposition Exhibit 27 – Rimawi Second Invoice | 124 | |

| | | |
|---|---|---|
| Rimawi Deposition Exhibit 28 – Rimawi Continued Second Invoice | 125 | |
| Rimawi Deposition Exhibit 29 – Testimony List | 126 | |
| Rimawi Deposition Exhibit 30 – Rimawi CV | 127 | |
| Thompson Deposition Exhibit 1 – Notice of Deposition | 128 | Not proper evidence |
| Thompson Deposition Exhibit 2 – Thompson File Materials | 129 | |
| Thompson Deposition Exhibit 3 – Thompson Fee Schedule | 130 | |
| Thompson Deposition Exhibit 4 – Thompson CV | 131 | |
| Thompson Deposition Exhibit 5 – Thompson Technical Resume | 132 | |
| Thompson Deposition Exhibit 6 – Thompson Testimony List | 133 | |

| | | |
|---|---|---|
| Thompson Deposition Exhibit 7 – Notes on Defense Opinions | 134 | |
| Thompson Deposition Exhibit 8 – Thompson Invoice | 135 | |
| Thompson Deposition Exhibit 9 – Young's Modulus Slope Model | 136 | |
| Thompson Deposition Exhibit 10 – Torque/Fracture/Delamination Graph | 137 | |
| Thompson Deposition Exhibit 11 – Delamination of Hard Drawn Eutectoid Steel Wires Article | 138 | |
| Thompson Deposition Exhibit 12 – Vista Case Summary | 139 | |
| Thompson Deposition Exhibit 13 – Wire Photographs | 140 | |
| Thompson Deposition Exhibit 14 – Cycles to Failure | 141 | |
| Juha Deposition Exhibit 33 – Body Diagram | 142 | |

| | | |
|---|---|---|
| Juha Deposition Exhibit 35 – Photograph | 143 | Witness was not properly identified for causation testimony under Rule 26 |
| Princeton BATES 647–50 – Juha Report | 144 | Witness was not properly identified for causation testimony under Rule 26 |
| HSM BATES 180905 Witherell to Maxwell (items listed as starting BATES of document/thread) | 145 | Irrelevant<br><br>Hearsay |
| HSM BATES 135288-89 Kessenich to Green email thread | 146 | Irrelevant<br><br>Hearsay |
| HSM BATES 1978 – Trautner Email | 147 | Irrelevant<br><br>Hearsay |
| HSM BATES 1995 – ATSM standards | 148 | Irrelevant |
| HSM BATES 2036 – ATSM Standard A510 | 149 | Irrelevant |

| | | |
|---|---|---|
| HSM BATES 2218–37 – Philip Brian 11/20/17 Email thread | 150 | Irrelevant Hearsay |
| HSM BATES 2272 – Huang Email Thread re: completed examination and report | 151 | Irrelevant Hearsay |
| HSM BATES 3017 – Coil and Rust Issues Email Thread | 152 | Irrelevant Hearsay |
| HSM BATES 6043 – Kevin Synan 6/28/13 Email Thread | 153 | Irrelevant Hearsay |
| HSM BATES 10417–23 – Rejected Wires and Nonconforming Notice | 154 | Irrelevant Hearsay |
| HSM BATES 11425–26 – Wire Tech Monthly Quality Report | 155 | Irrelevant Hearsay |
| HSM BATES 11574 – Daugherty Visit Email Thread | 156 | Irrelevant Hearsay |
| HSM BATES 27159 – HSM Rejected Spring/Wire Table | 157 | Irrelevant Hearsay |
| HSM BATES 32565–71 – McCraw Pocketed Coil Wire Email Thread | 158 | Irrelevant Hearsay |

| HSM BATES 33517 – Huang Failure of Alabama Wire Email | 159 | Irrelevant<br><br>Hearsay |
|---|---|---|
| HSM BATES 386719-22 Beauvais to Witherell email thread | 160 | Irrelevant<br><br>Hearsay |
| HSM BATES 386745-48 Beauvais Witherell email thread | 161 | Irrelevant<br><br>Hearsay |
| HSM BATES 36438 – Huang Material Failure Analysis for Northeast | 162 | Irrelevant<br><br>Hearsay |
| HSM BATES 36439 – Northeast Failure Analysis | 163 | Irrelevant<br><br>Hearsay |
| HSM BATES 37115 – Becker Huang Emails re: Broken Samples | 164 | Irrelevant<br><br>Hearsay |
| HSM BATES 39354 – Huang Email re: Inconsistent Breakage in Torsion Tests | 165 | Irrelevant<br><br>Hearsay |
| HSM BATES 40972 – Huang Email re: Grain Distinction | 166 | Irrelevant<br><br>Hearsay |
| HSM BATES 42285 – Winnamac Material Failure Analysis | 167 | Irrelevant<br><br>Hearsay |

| HSM BATES 42480 – Lecompte and Huang Email Thread re: porcupine fractures | 168 | Irrelevant Hearsay |
| HSM BATES 43787 – ASTM Torsion Testing Standard | 169 | |
| HSM BATES 44941–55 – Becker Email Thread re: Wire Break | 170 | Irrelevant Hearsay |
| HSM BATES 47774 – Becker Email re: Scrapping Springs | 171 | Irrelevant Hearsay |
| HSM BATES 48388 – Strategic Plans of Quality and QC Lab | 172 | Irrelevant Hearsay |
| HSM BATES  400666-69 Jarae to Gregoire email thread | 173 | Irrelevant Hearsay |
| HSM BATES 49018 – Huang Email re: Iowa Spring Failure | 174 | Irrelevant Hearsay |
| HSM BATES 51934 (start) – HS Wire Technology Action Plans | 175 | Irrelevant Hearsay |
| HSM BATES 57395 – Check List of Internal Audit | 176 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES 58848 – Splintered Wire on Keystone Email | 177 | Irrelevant<br><br>Hearsay |
| HSM BATES 59166 – Ben Ray Email re: Cornell Testing | 178 | Irrelevant<br><br>Hearsay |
| HSM BATES 67463 – Email Thread Re: Fatigue Failures of Torsion Bars | 179 | Irrelevant<br><br>Hearsay |
| HSM BATES 67597 – Huang Email re: Friction Energy Issues | 180 | Irrelevant<br><br>Hearsay |
| HSM BATES 68026 – Gibbs Email re: Torsion Fractures | 181 | Irrelevant<br><br>Hearsay |
| HSM BATES 73431 – Monthly Overall Quality Performance Summary | 182 | Irrelevant<br><br>Hearsay |
| HSM BATES 74868 – Raynor Failure Analysis | 183 | Irrelevant<br><br>Hearsay |
| HSM BATES 75396 – Element Failure Analysis of Spring | 184 | Irrelevant<br><br>Hearsay |
| HSM BATES 76673 – Miller Material Failure Analysis | 185 | Irrelevant<br><br>Hearsay |

| | | |
|---|---|---|
| HSM BATES 80444 – Newcomb Material Failure Analysis | 186 | Irrelevant Hearsay |
| HSM BATES 085336-62 Lunsford to Mann email thread | 187 | Irrelevant Hearsay |
| HSM BATES 84943 – Aisin Material Failure Analysis | 188 | Irrelevant Hearsay |
| HSM BATES 132201-04 Baker to Gibbs email thread | 189 | Irrelevant Hearsay |
| HSM BATES 93697 – Samples from Torsion Test Email with Drawing Defect Email | 190 | Irrelevant Hearsay |
| HSM BATES 95393 – Automatic Springs Root Cause Questions Email | 191 | Irrelevant Hearsay |
| HSM BATES 95765 – Email re: Wire hardened in drawing | 192 | Irrelevant Hearsay |
| HSM BATES 96567 – Material Failure Analysis for Spring Plant | 193 | Irrelevant Hearsay |
| HSM BATES 132229-32 Gibbs to Baker email thread | 194 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES 106394 – Emails re: Faulty Wire Quality | 195 | Irrelevant<br><br>Hearsay |
| HSM BATES 10640–04 – Email Thread Re: Rejection Procedure and Wire Quality | 196 | Irrelevant<br><br>Hearsay |
| HSM BATES 106888 – Subinas Failure Analysis | 197 | Irrelevant<br><br>Hearsay |
| HSM BATES 118004 – Huang 12/19/13 Email re: Brittle Wire Breaks | 198 | Irrelevant<br><br>Hearsay |
| HSM BATES 118019 – SOP for Daily Hard Drawn Production Reports | 199 | Irrelevant<br><br>Hearsay |
| HSM BATES 118734 – Processing Effects on Residual Stress Article | 200 | Irrelevant<br><br>Hearsay |
| HSM BATES 120534 – McCraw to Coleman Email | 201 | Irrelevant<br><br>Hearsay |
| HSM BATES 120889 – Dudek Bock Failure analysis | 202 | Irrelevant<br><br>Hearsay |
| HSM BATES 121046 – McCraw Email Re: Southerland Meeting | 203 | Irrelevant |

| | | |
|---|---|---|
| HSM BATES 123727 – Gibbs/Peterson Failure Analysis | 204 | Irrelevant Hearsay |
| HSM BATES 125558 – William Jarae 3/3/14 Email | 205 | Irrelevant Hearsay |
| HSM BATES 127040 – WD Failure Analysis | 206 | Irrelevant Hearsay |
| HSM BATES 127841 – Email re: Drawing Defect from Gibbs | 207 | Irrelevant Hearsay |
| HSM BATES 130278 – Email re: Quality Test Procedures | 208 | Irrelevant Hearsay |
| HSM BATES 130795 – Email re: Objectivity and Best Interest of HSM | 209 | Irrelevant Hearsay |
| HSM BATES 130979 – Micaville Failure Analysis During forming | 210 | Irrelevant Hearsay |
| HSM BATES 130982–84 – Emails re: Low Ductility Failure Analysis | 211 | Irrelevant Hearsay |
| HSM BATES 132221 – Failure analysis of MFA 145A | 212 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES 132477 – Jarae Email re: Cause of Cracks | 213 | Irrelevant<br><br>Hearsay |
| HSM BATES 133019 – Baker Email re: Music Wire Improper Drawing Practice | 214 | Irrelevant<br><br>Hearsay |
| HSM BATES 133197 – Memo Re: Bergmark surface fissuring | 215 | Irrelevant<br><br>Hearsay |
| HSM BATES 140062 – Southerland Incident Report | 216 | Irrelevant<br><br>Hearsay |
| HSM BATES 145745 – Email from Huang Re: Improper Forming Process | 217 | Irrelevant<br><br>Hearsay |
| HSM BATES 151683 – Power Point re: Strain Tempering | 218 | Irrelevant<br><br>Hearsay |
| HSM BATES 157831 – Anthony/McCraw Email re: HSM Coil Breakage | 219 | Irrelevant<br><br>Hearsay |
| HSM BATES 157835 – Product Integrity Test Lab Test Report for HSM Coil Breakage | 220 | Irrelevant<br><br>Hearsay |

| HSM BATES 160062 – Power Point re: PC Wire Project Update | 221 | Irrelevant<br><br>Hearsay |
| --- | --- | --- |
| HSM BATES 198958 – Overhead Door Failure Analysis for Wires in Coiling Process | 222 | Irrelevant<br><br>Hearsay |
| HSM BATES 218998 – Huang Baker Emails re: Overheating | 223 | Irrelevant<br><br>Hearsay |
| HSM BATES 219827 – Emails re: Denying Cook Claims | 224 | Irrelevant<br><br>Hearsay |
| HSM BATES 222000 – Southern Precision Spring Failure Analysis | 225 | Irrelevant<br><br>Hearsay |
| HSM BATES 222394 – Huang Performance Evaluation | 226 | Irrelevant<br><br>Hearsay |
| HSM BATES 229435 – Dalton Failure analysis | 227 | Irrelevant<br><br>Hearsay |
| HSM BATES 243982 – McCraw Email re: Metallurgy and Testing | 228 | Irrelevant |
| HSM BATES 282800 – Holmes Springs Failure Analysis | 229 | Irrelevant<br><br>Hearsay |

| | | |
|---|---|---|
| HSM BATES 352146 – Miller Email re: Inspecting for Drawing Defects | 230 | Irrelevant<br><br>Hearsay |
| HSM BATES 354505 – Email re: Brittleness on Music Wire and Stop Outside Testing | 231 | Irrelevant<br><br>Hearsay |
| HSM BATES 356469 – Email re: Brittleness and Inappropriate Tempering | 232 | Irrelevant<br><br>Hearsay |
| HSM BATES 360670 – Quality Notice Alert for Wire Technology | 233 | Irrelevant<br><br>Hearsay |
| HSM BATES 363916 – Failure Analysis for Holmes Springs | 234 | Irrelevant<br><br>Hearsay |
| HSM BATES 364437 – Failure Analysis for Peterson Spring | 235 | Irrelevant<br><br>Hearsay |
| HSM BATES 366078 – Non-Conformance Notice re: Brittle Parts | 236 | Irrelevant<br><br>Hearsay |
| HSM BATES 376669 – Gibbs Email re: Charter Breaking Wire | 237 | Irrelevant<br><br>Hearsay |
| HSM BATES 132241-44 Gibbs to Becker email thread | 238 | Irrelevant<br><br>Hearsay |

| | | |
|---|---|---|
| HSM BATES 407992 – Surveillance Assessment | 239 | Irrelevant Hearsay |
| HSM BATES 457883 – Huffman Email re: Rejected Items | 240 | Irrelevant Hearsay |
| Plaintiff BATES 125–26 – Photographs of Mattress | 241 | |
| Plaintiff BATES 149 – Photograph of Mattress | 242 | |
| Plaintiff BATES 151 – Photograph of Mattress | 243 | |
| Plaintiff BATES 153 – Photograph of Mattress | 244 | |
| Doc 126-4 Book Excerpts | 245 | |
| Doc. 126-2 Umberger Affidavit | 246 | Irrelevant |
| Doc. 124-2 – Chart on Testimony | 247 | Not proper evidence Irrelevant |
| Doc. 123-6 – Microstructure Dependence Article | 248 | |

| | | |
|---|---|---|
| Doc. 123-5 – Mineral Metallurgy Materials | 249 | |
| Doc. 123-4 Damage Evaluation of Ferrite Article | 250 | |
| Doc. 123-3 Use of Nanoindentation Technique Article | 251 | |
| Doc. 107 – Defense Response to Statements of Material Fact | 252 | Not proper evidence |
| Doc. 106-1 – Thompson Affidavit | 253 | |
| Doc. 105-1 – Southerland Summary Judgment Reply Brief | 254 | Not proper evidence |
| Doc. 105 – Southerland Response to Statements of Fact | 255 | Not proper evidence |
| Doc. 101-10 – Southerland Warranty claims | 256 | |
| Doc. 101-9 – Southerland Warranty | 257 | |
| Doc. 101-8 – Whitehead Affidavit | 258 | |
| Doc. 95-35 – Lewis Report | 259 | |
| Doc. 95-34 – Zenilman Report | 260 | |

| | | |
|---|---|---|
| Doc. 95-33 Gelfand Report | 261 | |
| Doc. 93-8 Whitehead Photographs | 262 | |
| Doc. 93-2 Hickory Springs Statements of Material Fact | 263 | Not proper evidence |
| Doc. 93-1 Hickory Springs Summary Judgment Brief | 264 | Not proper evidence |
| Doc. 92-2 Southerland Statement of Material Facts | 265 | Not proper evidence |
| Doc. 92-1 Southerland Summary Judgment Brief | 266 | Not proper evidence |
| Umberger Disclosure and Report | 267 | |
| Baron Disclosure and Report | 268 | |
| HSM BATES 39354 – Huang Email to Bill Jarae | 269 | Irrelevant Hearsay |
| Doc. 97, Exhibit B, Miller and Synan Email Regarding Quality Department | 270 | Irrelevant Hearsay |
| HSM BATES 11574 – Gibbs Email from Daugherty re: Torsion Test | 271 | Irrelevant Hearsay |

| Doc. 97, Exhibit D, Anthony Email to McCraw re: Broken Coils in Testing | 272 | Irrelevant Hearsay |
| ADVANCED GYNECOLOGY BILLING 1-3 | 274 | |
| Plaintiffs' Medical Bill Summary | 273 | Not proper evidence |
| ADVANCED GYNECOLOGY BILLING 1-3 | 274 | |
| ALZHACARE BILLING 1-2 | 275 | |
| ATL GASTRO BILLING 1 | 276 | |
| EMORY BILLING 1-64 | 277 | |
| ENDOCRINOLOGY ASSOCIATES BILLING 1-4 | 278 | |
| EXCEPTIONAL MEDICAL TRANSPORTATION BILLING 1 | 279 | |
| GA UROLOGY BILLING 1 | 280 | |
| HANGER CLINIC BILLING 1 | 281 | |
| ID CARE BILLING 1-14 | 282 | |
| IDSGA BILLING 1-7 | 283 | |
| KCI BILLING 1 | 284 | |

| | | |
|---|---|---|
| LAWRENCEVILLE NEURO BILLING 1-3 | 285 | |
| MEDISOURCE BILLING 1-20 | 286 | |
| NEW JERSEY HEALTH BILLING 1-2 | 287 | |
| NGDC BILLING 1-7 | 288 | |
| NGMC BILLING 1-20 | 289 | |
| NORTHSIDE BILLING 1-4 | 290 | |
| PANDYA MED CENTER BILLING 1-10 | 291 | |
| PATHOLOGY ASSOCIATES BILLING 1-4 | 292 | |
| PIEDMONT HEART ATHENS BILLING 1-13 | 293 | |
| PLASTIC SURGERY BILING 1-7 | 294 | |
| PRINCETON HEALTHCARE ASSOCIATES BILLING 1-5 | 295 | |
| PRINCETON HEALTHCARE BILLING 1-55 | 296 | |

| | | |
|---|---|---|
| PRINCETON HYPERTENSION BILLING 1-3 | 297 | |
| PRINCETON RADIOLOGY BILLING 1-2 | 298 | |
| PRINCETON SURGICAL BILLING 1 | 299 | |
| RESPIRATORY & SLEEP BILLING 1 | 300 | |
| SHC BILLING 1-2 | 301 | |
| SUNCREST HOME HEALTH BILLING 1-5 | 302 | |
| WELLSTAR BILLING 1-4 | 303 | |
| WELLSTAR COBB BILLING 1 | 304 | |
| WELLSTAR ENDOCRINOLOGY BILLING 1-10 | 305 | |
| WELLSTAR LAB BILLING 1-2 | 306 | |
| Plaintiffs' CLG Document Production 1–41(including photographs of the mattress) | 307.1-41 | |

| | | |
|---|---|---|
| CRETE Document Production BATES 1-73 – Whitehead Employment File and Work Orders | 308 | |
| Plaintiffs' Document Production BATES 1-66 (Photographs of Plaintiff) | 309.1-66 | |
| Plaintiffs' Document Production BATES 492–513 (Videos of Plaintiff) | 310.1-22 | |
| Plaintiffs' Document Production BATES 88–187 | 311 | |
| Plaintiffs' Document Production BATES 188–287 | 312 | |
| Plaintiffs' Document Production BATES 288–387 | 313 | |
| Plaintiffs' Document Production BATES 388–491 | 314 | |
| Marriage Certificate | 315 | |
| Letters of Guardianship | 316 | |
| United States Life Tables | 317 | |
| United States Social Security Life Table | 318 | |

| EMORY RADIOLOGY 1 | 319 | |
|---|---|---|
| PRINCETON RADIOLOGY 1–3 | 320 | |
| ADVANCED GYNECOLOGY 1–28 | 321 | |
| ATL GASTRO 1–3 | 322 | |
| EMORY 1–2045 | 323 | |
| GA UROLOGY 1–21 | 324 | |
| IDSGA 1–18 | 325 | |
| LONGSTREET 1–10 | 326 | |
| NGDC 1–60 | 327 | |
| NGMC 1–159 | 328 | |
| NORTHSIDE FORSYTH 1–14 | 329 | |
| PANDYA MEDICAL CENTER 1–266 | 330 | |
| PIEDMONT HEART ATHENS 1–39 | 331 | |
| PLASTIC SURGERY CENTER 1–9 | 332 | |
| PRINCETON 1–5367 | 333 | |
| SIGNATURE HEALTHCARE 1–4 | 334 | |
| SUNCREST 1–718 | 335 | |
| WELLSTAR ENDOCRINOLOGY 1–688 | 336 | |

| | | |
|---|---|---|
| WMG NEURO 1–98 | 337 | |
| Deposition of Kevin McCraw (2019) | 338 | Not proper evidence Irrelevant Hearsay |
| Deposition of John Whitehead | 339 | Not proper evidence Irrelevant Hearsay |
| Deposition of Paul Lewis | 340 | Not proper evidence Irrelevant Hearsay |
| Deposition of Leslie Verhelst | 341 | Not proper evidence Irrelevant Hearsay |
| Deposition of Michael Gelfand | 342 | Not proper evidence Irrelevant |

| | | Hearsay |
|---|---|---|
| Deposition of Veronica Whitehead | 343 | Not proper evidence Irrelevant Hearsay |
| Deposition of Valerie Brooks | 344 | Not proper evidence Irrelevant Hearsay |
| Deposition of Vicky Frye | 345 | Not proper evidence Irrelevant Hearsay |
| Deposition of Michael Silverman | 346 | Not proper evidence Irrelevant Hearsay |
| Deposition of Jaeson Feagan | 347 | Not proper evidence Irrelevant |

| | | Hearsay |
|---|---|---|
| Deposition of Matt Larson | 348 | Not proper evidence Irrelevant Hearsay |
| Deposition of Benjamin Ray | 349 | Not proper evidence Irrelevant Hearsay |
| Deposition of Benjamin Reiter | 350 | Not proper evidence Irrelevant Hearsay |
| Deposition of Timothy Becker (2019) | 351 | Not proper evidence Irrelevant Hearsay |
| Deposition of Bryan Smith | 352 | Not proper evidence Irrelevant |

| | | Hearsay |
|---|---|---|
| Deposition of Todd Wendling | 353 | Not proper evidence Irrelevant Hearsay |
| Deposition of Michael Stevenson | 354 | Not proper evidence Irrelevant Hearsay |
| Deposition of Kevin McCraw (2020) | 355 | Not proper evidence Irrelevant Hearsay |
| Deposition of Pao Huang | 356 | Not proper evidence Irrelevant Hearsay |
| Deposition of Hamburg | 357 | Not proper evidence Irrelevant |

| | | |
|---|---|---|
| | | Hearsay |
| Deposition of Planton | 358 | Not proper evidence Irrelevant Hearsay |
| Deposition of Richard Baron (2021) | 359 | Not proper evidence Irrelevant Hearsay |
| Deposition of Dr. Zenilman | 360 | Not proper evidence Irrelevant Hearsay |
| Deposition of Timothy Becker (2024) | 361 | Not proper evidence Irrelevant Hearsay |
| Deposition of Dr. Rimawi | 362 | Not proper evidence Irrelevant |

|  |  | Hearsay |
|---|---|---|
| Deposition of Dr. Thompson | 363 | Not proper evidence Irrelevant Hearsay |
| Deposition of Richard Baron (2024) | 364 | Not proper evidence Irrelevant Hearsay |
| Deposition of Pierce Umberger | 365 | Not proper evidence Irrelevant Hearsay |
| Deposition of Dr. Juha | 366 | Not proper evidence Irrelevant Hearsay |
| Deposition of Kevin McCraw (2025) | 367 | Not proper evidence Irrelevant |

| | | Hearsay |
|---|---|---|
| Hickory Springs's Responses to Plaintiffs' RFAs (2018) | 368 | |
| Hickory Springs's Responses to Plaintiffs' ROGs (2018) | 369 | |
| Hickory Springs's Responses to Plaintiffs' RPDs (2018) | 370 | |
| Hickory Springs's Supplemental Responses to Plaintiffs' RPDs (2019) | 371 | |
| Hickory Springs's Responses to Plaintiffs' Second ROGs (2019) | 372 | |
| Hickory Springs's Responses to Plaintiffs' Second RPDs (2019) | 373 | |
| Hickory Springs's Responses to Plaintiffs' Third RPDs (2019) | 374 | |
| Hickory Springs's Responses to Plaintiffs' Fourth RPDs (2019) | 375 | |

| | | |
|---|---|---|
| Hickory Springs's Supplemental Responses to Plaintiffs' Fourth RPDs (2020) | 376 | |
| Hickory Springs's Supplemental Responses to Plaintiffs' Third RPDs (2020) | 377 | |
| Hickory Springs's Second Supplemental Responses to Plaintiffs' First RPDs (2020) | 378 | |
| Hickory Springs's Supplemental Responses to Plaintiffs' ROGs (2020) | 379 | |
| Hickory Springs's Second Supplemental Responses to Plaintiffs' ROGs (2021) | 380 | |
| Southerland's Responses to Plaintiffs' RFAs (2018) | 381 | |
| Southerland's Responses to Plaintiffs' ROGs (2018) | 382 | |
| Southerland's Responses to Plaintiffs' RPDs (2018) | 383 | |

| | | |
|---|---|---|
| Southerland's Responses to Plaintiffs' Second ROGs (2019) | 384 | |
| Southerland's Responses to Plaintiffs' Second RPDs (2019) | 385 | |
| Southerland's Supplemental Responses to Plaintiffs' ROGs (2019) | 386 | |
| Southerland's Supplemental Responses to Plaintiffs' RPDs (2019) | 387 | |
| Southerland's Responses to Plaintiffs' Third RPDs (2019) | 388 | |
| Southerland's Second Supplemental Response to Plaintiffs' First ROGs (2019) | 389 | |
| Southerland's Second Supplemental Response to Plaintiffs' First RPDs (2019) | 390 | |
| Southerland's Supplemental Response to Plaintiffs' Second RPDs (2019) | 391 | |

| | | |
|---|---|---|
| Southerland's Response to Plaintiffs' Fourth RPDs (2019) | 392 | |
| Southerland's Amended Response to Plaintiffs' First ROGs and Supplemental Document Production (2019) | 393 | |
| Southerland's Response to Plaintiffs' Notice to Produce (2019) | 394 | |
| Southerland's Third Supplemental Response to Plaintiffs' First ROGs (2021) | 395 | |
| Southerland's 8/11/21 Expert Disclosure Letter | 396 | |
| Southerland's Fourth Supplemental Response to Plaintiffs' ROGs (2021) | 397 | |
| Southerland's Initial Disclosures (2023) | 398 | |
| Hickory Springs' Initial Disclosures (2023) | 399 | |

| | | |
|---|---|---|
| Southerland's Supplemental Initial Disclosures (2023) | 400 | |
| Plaintiffs' Initial and Supplemental Disclosures | 401 | |
| Southerland's Second Supplemental Initial Disclosures | 402 | |
| Southerland's Third Supplemental Initial Disclosures | 403 | |
| Hickory Springs's First Supplemental Initial Disclosures | 404 | |
| Hickory Springs's Second Supplemental initial Disclosures | 405 | |
| Southerland's Fourth Supplemental Initial Disclosures | 406 | |
| Hickory Springs's Responses to Plaintiffs' First ROGs (2023). | 407 | |
| Hickory Springs's Responses to Plaintiffs' First RPDs (2023). | 408 | |

| | | |
|---|---|---|
| Hickory Springs's Responses to Plaintiffs' Second RPDs (2024). | 409 | |
| HSM BATES 28094-97 J. Miller to D. Duensing Email | 410 | Irrelevant Hearsay |
| HSM BATES 36976-78 Material Failure Analysis | 411 | Irrelevant Hearsay |
| HSM BATES 37011-13 Material Failure Analysis | 412 | Irrelevant Hearsay |
| HSM BATES 42291 Material Failure Analysis | 413 | Irrelevant Hearsay |
| HSM BATES 58864-66 McLean Email Thread to Gibson and McCraw | 414 | Irrelevant Hearsay |
| HSM BATES 75124 -Pao Huang Cover Letter | 415 | Irrelevant Hearsay |
| HSM BATES 75125-Pao Huang CV | 416 | |
| HSM BATES 401156-57 McCraw to Beauvais email thread | 417 | Irrelevant Hearsay |
| HSM BATES-95848-57 Email Thread Bergmark to K Huffman | 418 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES-106789-91 D Herran to K Baker email Thread | 419 | Irrelevant<br><br>Hearsay |
| HSM BATES 106890-92 Baker to Syan Email Thread | 420 | Irrelevant<br><br>Hearsay |
| HSM BATES 107141-46 Huffman to Herran email thread | 421 | Irrelevant<br><br>Hearsay |
| HSM BATES 107147-53 Herran to Huffman email thread | 422 | Irrelevant<br><br>Hearsay |
| HSM BATES 118104 Jarae to Baker email thread | 423 | Irrelevant<br><br>Hearsay |
| HSM BATES 118107 K Baker to W Jarae email thread | 424 | Irrelevant<br><br>Hearsay |
| HSM BATES 118495-96 McCraw to R Anthony Email thread | 425 | Irrelevant<br><br>Hearsay |
| HSM BATES 125563-66 Huang to Couch email thread | 426 | Irrelevant<br><br>Hearsay |
| HSM BATES 125563 Huang to Couch email thread | 427 | Irrelevant<br><br>Hearsay |

| | | |
|---|---|---|
| HSM BATES 130987 Material Failure Analysis dated 4/28/14 | 428 | Irrelevant Hearsay |
| HSM BATES 132205 Material Failure Analysis dated 4/28/14 | 429 | Irrelevant Hearsay |
| HSM BATES 132477-84 Jarae to Gibbs email thread | 430 | Irrelevant Hearsay |
| HSM BATES 134017 Material Failure Analysis | 431 | Irrelevant Hearsay |
| HSM BATES 134626 Material Failure Analysis | 432 | Irrelevant Hearsay |
| HSM BATES 134811 Material Failure Analysis | 433 | Irrelevant Hearsay |
| HSM BATES 140058 Lail to Verhelst Email dated 8/15/2014 | 434 | Irrelevant Hearsay |
| HSM BATES  140060 Southerland Incident Report | 435 | Irrelevant Hearsay |
| HSM BATES 141841 Material Failure Analysis | 436 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES 142235 K Baker to P Huang email thread | 437 | Irrelevant Hearsay |
| HSM BATES 142324 Material Failure Analysis | 438 | Irrelevant Hearsay |
| HSM BATES 145753-57 Pao Huang to Bowman email thread | 439 | Irrelevant Hearsay |
| HSM BATES 146749 Beauvais to Verhelst email thread | 440 | Irrelevant Hearsay |
| HSM BATES 213866-71 Huang to Ruffolo email thread | 441 | Irrelevant Hearsay |
| HSM BATES 216419-216426 Huang to Ruffalo email thread | 442 | Irrelevant Hearsay |
| HSM BATES 218852-53 Haung to Bergmark email thread | 443 | Irrelevant Hearsay |
| HSM BATES 218858-59 Huang to Bergmark email thread | 444 | Irrelevant Hearsay |
| HSM BATES 218864 -65 Baker to Huang email thread | 445 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM BATES 219703-05 Bergmark to Huang email thread | 446 | Irrelevant<br><br>Hearsay |
| HSM BATES 222410 Material Failure Analysis | 447 | Irrelevant<br><br>Hearsay |
| HSM BATES 229443 Material Failure Analysis | 448 | Irrelevant<br><br>Hearsay |
| HSM BATES 310792 Fischer to Anthony Email | 449 | Irrelevant<br><br>Hearsay |
| HSM BATES 333268-75 Miller to Purcell email thread | 450 | Irrelevant<br><br>Hearsay |
| HSM BATES 354455 Miller to Synan email | 451 | Irrelevant<br><br>Hearsay |
| HSM BATES 356471 Huang to Lowman email | 452 | Irrelevant<br><br>Hearsay |
| HSM BATES 364477 Material Failure Analysis | 453 | Irrelevant<br><br>Hearsay |
| HSM BATES 438938 Brabandt email to McCraw | 454 | Irrelevant<br><br>Hearsay |
| HSM BATES 41518 ASTM A 648 -04a | 455 | Irrelevant |

| | | Hearsay |
|---|---|---|
| HSM BATES 155428 Wells to R Anthony Email | 456 | Irrelevant Hearsay |
| HSM BATES155617 Wells to Crish Email | 457 | Irrelevant Hearsay |
| HSM BATES 157835 Product Integrity Test Lab-TEST REPORT | 458 | Irrelevant Hearsay |
| HSM BATES 157936 Beatty to Lail email chain | 459 | Irrelevant Hearsay |
| HSM BATES 166151 Witherell to Lail Email Chain | 460 | Irrelevant Hearsay |
| HSM BATES 168896 Fischer to Witherell Email Chain | 461 | Irrelevant Hearsay |

| | | |
|---|---|---|
| HSM Document Production 08-12-2025 – NonParty Document Production | 462 | Irrelevant<br><br>Hearsay |
| HSM BATES 140058 Lail to Verhelst email thread | 463 | Irrelevant<br><br>Hearsay |
| HSM BATES 039355 Photo | 464 | Irrelevant<br><br>Hearsay |
| HSM BATES 039356 Photo | 465 | Irrelevant<br><br>Hearsay |
| HSM BATES 039357 Photo | 466 | Irrelevant<br><br>Hearsay |
| HSM BATES 410–414 | 467 | Irrelevant<br><br>Hearsay |
| Southerland BATES 277-296 – CAR Materials | 468 | Irrelevant |
| Southerland BATES 66 | 469 | Irrelevant |
| Southerland BATES 72 | 470 | Irrelevant |

| HSM BATES 1146 | 471 | Irrelevant |
|---|---|---|
| Materials Necessary for Rebuttal | 472 | |
| Correspondence from Defendants | 473 | |
| Documents produced by Defendant HSM | 474 | |
| Documents produced by Defendant Southerland | 475 | |
| Documents produced by Plaintiffs | 476 | |
| PACER File | 477 | |
| Materials Necessary for Impeachment | 478 | |

| HSM BATES 229443 Material Failure Analysis | 448 | Irrelevant Hearsay |
|---|---|---|
| HSM BATES 310792 Fischer to Anthony Email | 449 | Irrelevant Hearsay |
| HSM BATES 333268-75 Miller to Purcell email thread | 450 | Irrelevant Hearsay |
| HSM BATES 354455 Miller to Synan email | 451 | Irrelevant Hearsay |
| HSM BATES 356471 Huang to Lowman email | 452 | Irrelevant Hearsay |

| HSM BATES 364477 Material Failure Analysis | 453 | Irrelevant<br>Hearsay |
|---|---|---|
| HSM BATES 438938 Brabandt email to McCraw | 454 | Irrelevant<br>Hearsay |
| HSM BATES 41518 ASTM A 648 -04a | 455 | Irrelevant |
| HSM BATES 155428 Wells to R Anthony Email | 456 | Irrelevant<br>Hearsay |
| HSM BATES155617 Wells to Crish Email | 457 | Irrelevant<br>Hearsay |
| HSM BATES 157835 Product Integrity Test Lab-TEST REPORT | 458 | Irrelevant<br>Hearsay |
| HSM BATES 157936 Beatty to Lail email chain | 459 | Irrelevant<br>Hearsay |
| HSM BATES 166151 Witherell to Lail Email Chain | 460 | Irrelevant<br>Hearsay |
| HSM BATES 168896 Fischer to Witherell Email Chain | 461 | Irrelevant<br>Hearsay |
| HSM Document Production 08-12-2025 – NonParty Document Production | 462 | Irrelevant<br>Hearsay |
| HSM BATES 140058 Lail to Verhelst email thread | 463 | Irrelevant<br>Hearsay |
| HSM BATES 039355 Photo | 464 | Irrelevant |
| HSM BATES 039356 Photo | 465 | Irrelevant |
| HSM BATES 039357 Photo | 466 | Irrelevant |

| | | |
|---|---|---|
| HSM BATES 410–414 | 467 | Irrelevant |
| Southerland BATES 277-296 – CAR Materials | 468 | Irrelevant<br>Hearsay |
| Southerland BATES 66 | 469 | Irrelevant |
| Southerland BATES 72 | 470 | Irrelevant |
| HSM BATES 1146 | 471 | Irrelevant |
| Materials Necessary for Rebuttal | 472 | |
| Correspondence from Defendants | 473 | Not proper evidence<br>Irrelevant |
| Documents produced by Defendant HSM | 474 | Irrelevant<br>Hearsay |
| Documents produced by Defendant Southerland | 475 | Irrelevant<br>Hearsay |
| Documents produced by Plaintiffs | 476 | |
| PACER File | 477 | Not proper evidence |
| Materials Necessary for Impeachment | 478 | |
| The Subject Mattress | 479 | |
| Coil Wires from the Subject Mattress | 480 | |
| Medical Records of Veronica Whitehead produced by Nonparties | 481 | Irrelevant<br>Hearsay |
| Photographs of Veronia Whitehead – Princeton Treatment BATES 1–11 | 482 | |
| Exhibits used in depositions | 483 | Not proper evidence<br>Irrelevant<br>Hearsay |
| Plaintiffs' Expert Files | 484 | Irrelevant |

| | | Hearsay |
|---|---|---|
| Defendants' Expert Files | 485 | Irrelevant<br>Hearsay |
| Documents Produced by Crete & Feagan | 486 | Irrelevant<br>Hearsay |
| HSM BATES 1-466438 | 487 | Improper Designation<br>Irrelevant<br>Hearsay |
| Southerland BATES 1-296 | 488 | Irrelevant<br>Hearsay |
| HSM BATES 006043 | 489 | Irrelevant<br>Hearsay |
| HSM BATES 075783 | 490 | Irrelevant<br>Hearsay |
| HSM BATES 373110 | 491 | Irrelevant<br>Hearsay |
| HSM BATES 373117 | 492 | Irrelevant<br>Hearsay |
| HSM BATES 373121 | 493 | Irrelevant<br>Hearsay |
| HSM BATES 58997 McCraw to Ray Email Thread | 494 | Irrelevant<br>Hearsay |
| HSM BATES 59168 McCraw to Ray Email Thread | 495 | Irrelevant<br>Hearsay |

| HSM BATES | 496 | Unidentifiable and improper designation<br><br>Irrelevant<br><br>Hearsay |
| HSM BATES 155428 Wells to Anthony Email Thread | 497 | Irrelevant<br><br>Hearsay |
| HSM BATES 155617 Wells to Crish Email Thread | 498 | Irrelevant<br><br>Hearsay |
| HSM BATES 157835 HSM Lab Report re Product Integrity Report | 499 | Irrelevant<br><br>Hearsay |
| HSM BATES 157936 Lail Beatty email thread | 500 | Irrelevant<br><br>Hearsay |
| HSM BATES 166149 Lail to Witherall Email Thread | 501 | Irrelevant<br><br>Hearsay |
| HSM BATES 166151 Witherell to Lail Email Thread | 502 | Irrelevant<br><br>Hearsay |
| HSM BATES 168896 Fischer to Witherall Email Thread | 503 | Irrelevant<br><br>Hearsay |
| HSM BATES 180905 Witherall to Maxwell Email THread | 504 | Irrelevant<br><br>Hearsay |
| HSM BATES 438938 Brabandt to McCraw Email | 505 | Irrelevant<br><br>Hearsay |
| HSM BATES 085336 Lunsford to Mann Email Thread | 506 | Irrelevant<br><br>Hearsay |
| HSM BATES 132201 Baker to Gibbs Email Thread | 507 | Irrelevant |

| | | Hearsay |
|---|---|---|
| HSM BATES 132229 Gibbs to Baker Email Thread | 508 | Irrelevant<br><br>Hearsay |
| HSM BATES 132241 Gibbs to Becker Email Thread | 509 | Irrelevant<br><br>Hearsay |
| HSM BATES 386585 Ray to Beauvais | 510 | Irrelevant<br><br>Hearsay |
| HSM BATES 029518 Corrective Actions Summary | 511 | Irrelevant<br><br>Hearsay |
| HSM BATES 069027 Huffman to M Planton Email Thread | 512 | Irrelevant<br><br>Hearsay |
| HSM BATES 201700 Crish to Fischer Email Thread | 513 | Irrelevant<br><br>Hearsay |
| HSM BATES 038692 M Planton to McCraw Email Thread | 514 | Irrelevant<br><br>Hearsay |
| HSM BATES 073139 Strategic Transformation Meeting Report | 515 | Irrelevant<br><br>Hearsay |
| HSM BATES 093749 HSM Monthly ISO Report | 516 | Irrelevant<br><br>Hearsay |
| HSM BATES 201677 Crish to Fischer Email Thread | 517 | Irrelevant<br><br>Hearsay |
| HSM BATES 207677 Crish to Fischer Email Thread | 518 | Irrelevant<br><br>Hearsay |
| HSM BATES 385786 McCraw to Witherall Email Thread | 519 | Irrelevant<br><br>Hearsay |

| | | |
|---|---|---|
| HSM BATES 411411 Harae to Gregoire Email Thread | 520 | Irrelevant<br><br>Hearsay |
| HSM BATES 432779 Serta Simmons Bedding Product Specification | 521 | Irrelevant<br><br>Hearsay |
| HSM BATES 450308 HSM Wire Properties Document | 522 | Irrelevant<br><br>Hearsay |
| HSM BATES 057263 Anthony to Crowe Email Thread | 523 | Irrelevant<br><br>Hearsay |
| HSM BATES 201423 HSM Product Tag | 524 | Irrelevant |
| HSM BATES 201658 Photo of Fracture | 525 | Irrelevant |
| Learned Treatises referenced in Plaintiffs' Expert Reports | 526 | |
| The Steel Wire Handbook, edited by Dove and written by members of the association,  published by The Wire Association, in 1965 | 527 | |
| ASTM Standards | 528 | Improper designation<br><br>Irrelevant |
| ASTM A228 for Steel Wire, Music Spring Quality | 529 | Irrelevant |
| ASTM A938 | 530 | Irrelevant |
| ASTM F1566 | 531 | |
| A. Brownrigg, R. Boelen, and M. Toyama, Delamination of Hard Drawn Eutectoid Steel Wires, BHP Melbourne<br>Research Laboratories, Clayton, Victoria, Australia. | 532 | |
| D. Pastorcic et. al., Coil spring failure and fatigue analysis, Engineering Failure Analysis Volume 99, 2019, 310 | 533 | |
| S. Yamasaki, High Carbon Steel Wires -Nippon Steel, Nippon Steel Corporation, Tokyo, Japan. | 534 | |

| | | |
|---|---|---|
| B.N. Jayaa, et. al., Materials Science & Engineering A 707 (2017) 164–171. | 535 | |
| Godecki, L. The Delamination of Spring Wire During Torsion Testing, Wire Industry, 36. (1969). | 536 | |
| M. Tanaka, et. al., Nature of delamination cracks in pearlitic steels, Scripta Materialia 112 (2016) 32–36. | 537 | |
| A. Jamoneau, et. al., Strain localization and delamination mechanism of cold-drawn pearlitic steel wires during<br>torsion, Materials Science & Engineering A 814 (2021) 141222. | 538 | |
| S. Kumar, G. Mehta, Torsion Failure in Tire bead wires: Causes and Investigation, https://www.researchgate.net/publication/358099841 | 539 | |
| L. Zhoua et. al., Torsion performance of pearlitic steel wires: Effects of morphology and crystallinity of cementite,<br>Materials Science & Engineering A 743 (2019) 425–435. | 540 | |
| S.K. Lee et. al., Pass schedule of wire drawing process to prevent delamination for high strength steel cord wire,<br>Materials and Design 30 (2009) 2919–2927. | 541 | |
| Documents Produced by Prior Parties in the State Court Action | 542 | Irrelevant<br><br>Hearsay |
| | | |

**Attachment "G-2"**

**DEFENDANTS' EXHIBIT LIST**

|  | No. | Description | Source | Date Tendered | Date Admitted |
|---|---|---|---|---|---|

|  | No. | Description | Source | Date Tendered | Date Admitted |
|---|---|---|---|---|---|
|  | 1 | Photos of mattress | WHITEHEAD – CLG – 000001 |  |  |
|  | 2 | Photos of mattress | WHITEHEAD – CLG – 000002 |  |  |
|  | 3 | Photos of mattress | WHITEHEAD – CLG – 000003 |  |  |
|  | 4 | Photos of mattress | WHITEHEAD – CLG – 000004 |  |  |
|  | 5 | Photos of mattress | WHITEHEAD – CLG – 000005 |  |  |

| | 6 | Photos of mattress | WHITEHEAD – CLG – 000006 | | |
|---|---|---|---|---|---|
| | 7 | Photos of mattress | WHITEHEAD – CLG – 000007 | | |
| | 8 | Photos of mattress | WHITEHEAD – CLG – 000008 | | |
| | 9 | Photos of mattress | WHITEHEAD – CLG – 000009 | | |
| | 10 | Photos of mattress | WHITEHEAD – CLG – 000010 | | |
| | 11 | Photos of mattress | WHITEHEAD – CLG – 000011 | | |
| | 12 | Photos of mattress | WHITEHEAD – CLG – 000012 | | |
| | 13 | Photos of mattress | WHITEHEAD – CLG – 000013 | | |
| | 14 | Photos of mattress | WHITEHEAD – CLG – 000014 | | |
| | 15 | Photos of mattress | WHITEHEAD – CLG – 000015 | | |
| | 16 | Photos of mattress | WHITEHEAD – CLG – 000016 | | |
| | 17 | Photos of mattress | WHITEHEAD – CLG – 000017 | | |
| | 18 | Photos of mattress | WHITEHEAD – CLG – 000018 | | |
| | 19 | Photos of mattress | WHITEHEAD – CLG – 000019 | | |
| | 20 | Photos of mattress | WHITEHEAD – CLG – 000020 | | |
| | 21 | Photos of mattress | WHITEHEAD – CLG – 000021 | | |
| | 22 | Photos of mattress | WHITEHEAD – CLG – 000022 | | |
| | 23 | Photos of mattress | WHITEHEAD – CLG – 000023 | | |
| | 24 | Photos of mattress | WHITEHEAD – CLG – 000024 | | |

| | 25 | Photos of mattress | WHITEHEAD – CLG – 000025 | | |
|---|---|---|---|---|---|
| | 26 | Photos of mattress | WHITEHEAD – CLG – 000026 | | |
| | 27 | Photos of mattress | WHITEHEAD – CLG – 000027 | | |
| | 28 | Photos of mattress | WHITEHEAD – CLG – 000028 | | |
| | 29 | 9/22/17 letter to Crete | WHITEHEAD – CLG - 000028 | | |
| | 30 | Crete Work Orders and trip paperwork | WHITEHEAD – CRETE – 000038 - 000073 | | |
| | 31 | John Whitehead CDL | WHITEHEAD – PLTFS – 000086 - 000087 | | |
| | 32 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000035 | | |
| | 33 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000036 | | |
| | 34 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000037 | | |
| | 35 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000038 | | |
| | 36 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000039 | | |
| | 37 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000040 | | |
| | 38 | Photos of mattress produced by Plaintiffs | WHITEHEAD – CLG – 000041 | | |
| | 39 | Units Sold Data | Produced by Southerland on 2/22/19 | | |
| | 40 | Photos from mattress inspection | Southerland – D1 | | |
| | 41 | Photos from mattress inspection | Southerland – D2 | | |
| | 42 | Photos from mattress inspection | Southerland – D3 | | |

| | 43 | Photos from mattress inspection | Southerland – D4 | | |
|---|---|---|---|---|---|
| | 44 | Photos from mattress inspection | Southerland – D5 | | |
| | 45 | Photos from mattress inspection | Southerland – D6 | | |
| | 46 | Photos from mattress inspection | Southerland – D7 | | |
| | 47 | Photos from mattress inspection | Southerland – D8 | | |
| | 48 | Photos from mattress inspection | Southerland – D9 | | |
| | 49 | Photos from mattress inspection | Southerland – D10 | | |
| | 50 | Photos from mattress inspection | Southerland – D11 | | |
| | 51 | Photos from mattress inspection | Southerland – D12 | | |
| | 52 | Photos from mattress inspection | Southerland – D13 | | |
| | 53 | Photos from mattress inspection | Southerland – D14 | | |
| | 54 | Photos from mattress inspection | Southerland – D15 | | |
| | 55 | Photos from mattress inspection | Southerland – D16 | | |
| | 56 | Photos from mattress inspection | Southerland – D17 | | |
| | 57 | Photos from mattress inspection | Southerland – D18 | | |
| | 58 | Southerland warranty card | Southerland – D25 – D26 | | |
| | 59 | Southerland warranty documents | Southerland – D27 – D31 | | |
| | 60 | 1/23/14 email from John Coleman | Southerland – D061 | | |
| | 61 | Southerland test documents | Southerland – D064 - D087 | | |

| | 62 | Photographs of Crete truck | CRETE 9 - 15 | | |
|---|---|---|---|---|---|
| | 63 | Crete Work Orders | CRETE 16 – 468 Crete-D 0310 - 0311 | | |
| | 64 | Photos of mattress inspection | CRETE 469 - 487 | | |
| | 65 | Crete Driver Handbook | Crete -D 149 – 306 | | |
| | 66 | Inspection Photos | Hickory Springs-D 0014 | | |
| | 67 | Inspection Photos | Hickory Springs-D 0015 | | |
| | 68 | Inspection Photos | Hickory Springs-D 0016 | | |
| | 69 | Inspection Photos | Hickory Springs-D 0017 | | |
| | 70 | Inspection Photos | Hickory Springs-D 0018 | | |
| | 71 | Inspection Photos | Hickory Springs-D 0019 | | |
| | 72 | Inspection Photos | Hickory Springs-D 0020 | | |
| | 73 | Inspection Photos | Hickory Springs-D 0021 | | |
| | 74 | Inspection Photos | Hickory Springs-D 0022 | | |
| | 75 | Inspection Photos | Hickory Springs-D 0023 | | |
| | 76 | Inspection Photos | Hickory Springs-D 0024 | | |
| | 77 | Inspection Photos | Hickory Springs-D 0025 | | |
| | 78 | Inspection Photos | Hickory Springs-D 0026 | | |
| | 79 | Inspection Photos | Hickory Springs-D 0027 | | |
| | 80 | Inspection Photos | Hickory Springs-D 0028 | | |

| | 81 | Inspection Photos | Hickory Springs-D 0029 | | |
|---|---|---|---|---|---|
| | 82 | Inspection Photos | Hickory Springs-D 0030 | | |
| | 83 | Inspection Photos | Hickory Springs-D 0031 | | |
| | 84 | Inspection Photos | Hickory Springs-D 0032 | | |
| | 85 | Inspection Photos | Hickory Springs-D 0033 | | |
| | 86 | Inspection Photos | Hickory Springs-D 0034 | | |
| | 87 | Inspection Photos | Hickory Springs-D 0035 | | |
| | 88 | Inspection Photos | Hickory Springs-D 0036 | | |
| | 89 | Inspection Photos | Hickory Springs-D 0037 | | |
| | 90 | Inspection Photos | Hickory Springs-D 0038 | | |
| | 91 | Inspection Photos | Hickory Springs-D 0039 | | |
| | 92 | Inspection Photos | Hickory Springs-D 0040 | | |
| | 93 | Inspection Photos | Hickory Springs-D 0041 | | |
| | 94 | Inspection Photos | Hickory Springs-D 0042 | | |
| | 95 | Inspection Photos | Hickory Springs-D 0043 | | |
| | 96 | Inspection Photos | Hickory Springs-D 0044 | | |
| | 97 | Inspection Photos | Hickory Springs-D 0045 | | |
| | 98 | Inspection Photos | Hickory Springs-D 0046 | | |
| | 99 | Inspection Photos | Hickory Springs-D 0047 | | |

| | 100 | Inspection Photos | Hickory Springs-D 0048 | | |
|---|---|---|---|---|---|
| | 101 | Inspection Photos | Hickory Springs-D 0049 | | |
| | 102 | Inspection Photos | Hickory Springs-D 0050 | | |
| | 103 | Inspection Photos | Hickory Springs-D 0051 | | |
| | 104 | Inspection Photos | Hickory Springs-D 0052 | | |
| | 105 | Inspection Photos | Hickory Springs-D 0053 | | |
| | 106 | Inspection Photos | Hickory Springs-D 0054 | | |
| | 107 | Inspection Photos | Hickory Springs-D 0055 | | |
| | 108 | Inspection Photos | Hickory Springs-D 0056 | | |
| | 109 | Inspection Photos | Hickory Springs-D 0057 | | |
| | 110 | Inspection Photos | Hickory Springs-D 0058 | | |
| | 111 | Inspection Photos | Hickory Springs-D 0059 | | |
| | 112 | Inspection Photos | Hickory Springs-D 0060 | | |
| | 113 | Inspection Photos | Hickory Springs-D 0061 | | |
| | 114 | Inspection Photos | Hickory Springs-D 0062 | | |
| | 115 | Inspection Photos | Hickory Springs-D 0063 | | |
| | 116 | Inspection Photos | Hickory Springs-D 0064 | | |
| | 117 | Inspection Photos | Hickory Springs-D 0065 | | |
| | 118 | Standardized Test Methods for | Hickory Springs-D 0068 - 0085 | | |

| | | Innersprings and Boxsprings | | | |
|---|---|---|---|---|---|
| | 119 | ASTM F1566-09 | Hickory Springs-D 0086 - 0095 | | |
| | 120 | Sales Data | Hickory Springs-D 0096 | | |
| | 121 | ASTM A 407-07 | Hickory Springs-D 00594 - 00596 | | |
| | 122 | Steel Products Manual | Hickory Springs-D 00597 - 00599 | | |
| | 123 | Sales Data | Hickory Springs-D 1656 | | |
| | 124 | Qualcomm Photos | WHITEHEAD – PLTFS – 000105 – 000117 | | |
| | 125 | Mattress Photos | WHITEHEAD – PLTFS 000118 – 00163, 171 – 196 | | |
| | 126 | Video of Plaintiff | WHITEHEAD – PLTFS 000492 | | |
| | 127 | Videos of truck | WHITEHEAD – PLTFS 493 | | |
| | 128 | Videos of truck | WHITEHEAD – PLTFS 494 | | |
| | 129 | Videos of truck | WHITEHEAD – PLTFS 495 | | |
| | 130 | Videos of truck | WHITEHEAD – PLTFS 496 | | |
| | 131 | Videos of truck | WHITEHEAD – PLTFS 497 | | |
| | 132 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000001 | | |
| | 133 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000002 | | |
| | 134 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000003 | | |
| | 135 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000004 | | |

| | 136 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000005 | | |
|---|---|---|---|---|---|
| | 137 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000006 | | |
| | 138 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000007 | | |
| | 139 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000008 | | |
| | 140 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000009 | | |
| | 141 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000010 | | |
| | 142 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000011 | | |
| | 143 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000012 | | |
| | 145 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000013 | | |
| | 146 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000014 | | |
| | 147 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000015 | | |
| | 148 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000016 | | |
| | 149 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000017 | | |
| | 150 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000018 | | |
| | 151 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000019 | | |
| | 152 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000020 | | |
| | 153 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000021 | | |
| | 154 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000022 | | |
| | 155 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000023 | | |

| | 156 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000024 | | |
|---|---|---|---|---|---|
| | 157 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000025 | | |
| | 158 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000026 | | |
| | 159 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000027 | | |
| | 160 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000028 | | |
| | 161 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000029 | | |
| | 162 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000030 | | |
| | 163 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000031 | | |
| | 164 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000032 | | |
| | 165 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000033 | | |
| | 166 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000034 | | |
| | 167 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000035 | | |
| | 168 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000036 | | |
| | 169 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000037 | | |
| | 170 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000038 | | |
| | 171 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000039 | | |
| | 172 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000040 | | |
| | 173 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000041 | | |
| | 174 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000042 | | |

| | 175 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000043 | | |
|---|---|---|---|---|---|
| | 176 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000044 | | |
| | 177 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000045 | | |
| | 178 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000046 | | |
| | 179 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000047 | | |
| | 180 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000048 | | |
| | 181 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000049 | | |
| | 182 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000050 | | |
| | 183 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000051 | | |
| | 184 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000052 | | |
| | 185 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000053 | | |
| | 186 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000054 | | |
| | 187 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000055 | | |
| | 188 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000056 | | |
| | 189 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000057 | | |
| | 190 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000058 | | |
| | 191 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000059 | | |
| | 192 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000060 | | |
| | 193 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000061 | | |

| | 194 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000062 | | |
|---|---|---|---|---|---|
| | 199 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000063 | | |
| | 200 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000064 | | |
| | 201 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000065 | | |
| | 202 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000066 | | |
| | 203 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000067 | | |
| | 204 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000068 | | |
| | 205 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000069 | | |
| | 206 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000070 | | |
| | 207 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000071 | | |
| | 208 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000072 | | |
| | 209 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000073 | | |
| | 210 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000074 | | |
| | 211 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000075 | | |
| | 212 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000076 | | |
| | 213 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000077 | | |
| | 214 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000078 | | |
| | 215 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000079 | | |
| | 216 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000080 | | |

| | 217 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000081 | | |
|---|---|---|---|---|---|
| | 218 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000082 | | |
| | 219 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000083 | | |
| | 220 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000084 | | |
| | 221 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000085 | | |
| | 222 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000086 | | |
| | 223 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000087 | | |
| | 224 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000088 | | |
| | 225 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000089 | | |
| | 226 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000090 | | |
| | 227 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000091 | | |
| | 228 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000092 | | |
| | 229 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000093 | | |
| | 230 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000094 | | |
| | 231 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000095 | | |
| | 232 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000096 | | |
| | 233 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000097 | | |
| | 234 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000098 | | |
| | 235 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000099 | | |

| | 236 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000100 | | |
| | 237 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000101 | | |
| | 238 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000102 | | |
| | 239 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000103 | | |
| | 240 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000104 | | |
| | 241 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000105 | | |
| | 242 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000106 | | |
| | 243 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000107 | | |
| | 244 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000108 | | |
| | 245 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000109 | | |
| | 246 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000110 | | |
| | 247 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000111 | | |
| | 248 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000112 | | |
| | 249 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000113 | | |
| | 250 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000114 | | |
| | 251 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000115 | | |
| | 252 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000116 | | |
| | 253 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000117 | | |
| | 254 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000118 | | |

| | 255 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000119 | | |
|---|---|---|---|---|---|
| | 256 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000120 | | |
| | 257 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000121 | | |
| | 258 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000122 | | |
| | 259 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000123 | | |
| | 260 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000124 | | |
| | 261 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000125 | | |
| | 262 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000126 | | |
| | 263 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000127 | | |
| | 264 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000128 | | |
| | 265 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000129 | | |
| | 266 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000130 | | |
| | 267 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000131 | | |
| | 268 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000132 | | |
| | 269 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000133 | | |
| | 270 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000134 | | |
| | 271 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000135 | | |
| | 272 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000136 | | |
| | 273 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000137 | | |

| | 274 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000138 | | |
| | 275 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000139 | | |
| | 276 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000140 | | |
| | 277 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000141 | | |
| | 278 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000142 | | |
| | 279 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000143 | | |
| | 280 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000144 | | |
| | 281 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000145 | | |
| | 282 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000146 | | |
| | 283 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000147 | | |
| | 284 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000148 | | |
| | 285 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000149 | | |
| | 286 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000150 | | |
| | 287 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000151 | | |
| | 288 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000152 | | |
| | 289 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000153 | | |
| | 290 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000154 | | |
| | 291 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000155 | | |
| | 292 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000156 | | |

| | 293 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000157 | | |
|---|---|---|---|---|---|
| | 294 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000158 | | |
| | 295 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000159 | | |
| | 296 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000160 | | |
| | 297 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000161 | | |
| | 298 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000162 | | |
| | 299 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000163 | | |
| | 300 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000164 | | |
| | 301 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000165 | | |
| | 302 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000166 | | |
| | 303 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000167 | | |
| | 304 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000168 | | |
| | 305 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000169 | | |
| | 306 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000170 | | |
| | 307 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000171 | | |
| | 308 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000172 | | |
| | 309 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000173 | | |
| | 310 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000174 | | |
| | 311 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000175 | | |

| | 312 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000176 | | |
|---|---|---|---|---|---|
| | 313 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000177 | | |
| | 314 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000178 | | |
| | 315 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000179 | | |
| | 316 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000180 | | |
| | 317 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000181 | | |
| | 318 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000182 | | |
| | 319 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000183 | | |
| | 320 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000184 | | |
| | 321 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000185 | | |
| | 322 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000186 | | |
| | 323 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000187 | | |
| | 324 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000188 | | |
| | 325 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000189 | | |
| | 326 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000190 | | |
| | 327 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000191 | | |
| | 328 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000192 | | |
| | 329 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000193 | | |
| | 330 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000194 | | |

| | 331 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000195 | | |
|---|---|---|---|---|---|
| | 332 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000196 | | |
| | 333 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000197 | | |
| | 334 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000198 | | |
| | 335 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000199 | | |
| | 336 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000200 | | |
| | 337 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000201 | | |
| | 338 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000202 | | |
| | 339 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000203 | | |
| | 340 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000204 | | |
| | 341 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000205 | | |
| | 342 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000206 | | |
| | 343 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000207 | | |
| | 344 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000208 | | |
| | 345 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000209 | | |
| | 346 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000210 | | |
| | 347 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000211 | | |
| | 348 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000212 | | |
| | 349 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000213 | | |

| | 350 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000214 | | |
|---|---|---|---|---|---|
| | 351 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000215 | | |
| | 352 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000216 | | |
| | 353 | Photos of mattress from inspection | WHITEHEAD – FAITH – 000217 | | |
| | 354 | Documents related to witness Chris Faith | WHITEHEAD – FAITH – 000248 - 000282 | | |
| | 355 | Photos of mattress | WHITEHEAD – LEWIS – 000001 | | |
| | 356 | Photos of mattress | WHITEHEAD – LEWIS – 000002 | | |
| | 357 | Photos of mattress | WHITEHEAD – LEWIS – 000003 | | |
| | 358 | Photos of mattress | WHITEHEAD – LEWIS – 000004 | | |
| | 359 | Photos of mattress | WHITEHEAD – LEWIS – 000005 | | |
| | 360 | Photos of mattress | WHITEHEAD – LEWIS – 000006 | | |
| | 361 | Photos of mattress | WHITEHEAD – LEWIS – 000007 | | |
| | 362 | Photos of mattress | WHITEHEAD – LEWIS – 000008 | | |
| | 363 | Photos of mattress | WHITEHEAD – LEWIS – 000009 | | |
| | 364 | Photos of mattress | WHITEHEAD – LEWIS – 000010 | | |
| | 365 | Photos of mattress | WHITEHEAD – LEWIS – 000011 | | |
| | 366 | Photos of mattress | WHITEHEAD – LEWIS – 000012 | | |
| | 367 | Photos of mattress | WHITEHEAD – LEWIS – 000013 | | |
| | 368 | Photos of mattress | WHITEHEAD – LEWIS – 000014 | | |

| | 369 | Photos of mattress | WHITEHEAD – LEWIS – 000015 | | |
|---|---|---|---|---|---|
| | 370 | Photos of mattress | WHITEHEAD – LEWIS – 000016 | | |
| | 371 | Opinion Summary | Ex. 4 to M. Stevenson Deposition | | |
| | 372 | Memo – Analysis of Stress State Under Different Loading Conditions | Ex. 5 to M. Stevenson Deposition | | |
| | 373 | Memo – Crack Propagation | Ex. 6 to M. Stevenson Deposition | | |
| | 374 | Memo – EDS | Ex. 7 to M. Stevenson Deposition | | |
| | 375 | Memo – Evaluation of Pitting Induced Stress Concentration Factors | Ex. 8 to M. Stevenson Deposition | | |
| | 376 | Memo – Evaluation of Total Stress Amplification Due to Pitting and Bending | Ex. 9 to M. Stevenson Deposition | | |
| | 377 | Memo – Fatigue Life Analysis | Ex. 10 to M. Stevenson Deposition | | |
| | 378 | Memo – Inclusion and Corrosion Pit Size Comparison | Ex. 11 to M. Stevenson Deposition | | |
| | 379 | Memo – Mattress Deflection | Ex. 12 to M. Stevenson Deposition | | |
| | 380 | File materials for Dr. Richard Baron | Ex. 34 to 2024 Baron Deposition | | |
| | 381 | Investigative Report, including all documents and | Ex. 37 to 2024 Baron Deposition | | |

| | | reference materials cited therein | | | |
|---|---|---|---|---|---|
| | 382 | Files for June 2021 joint wire testing | Produced by ATS/Jeff Hyatt by dropbox/email on 7/21/21 | | |
| | 383 | Opinion Summary | Ex. 5 to 2021 Baron Deposition | | |
| | 384 | Photo of mattress before cut open | Ex. 6 to 2021 Baron Deposition | | |
| | 385 | Stress Approximation Article | Ex. 7 to 2021 Baron Deposition | | |
| | 386 | ASTM A370 | Ex. 8 to 2021 Baron Deposition | | |
| | 387 | ASTM A407-07 | Ex. 9 to 2021 Baron Deposition | | |
| | 388 | HSM Wire Specifications | Ex. 10 to 2021 Baron Deposition | | |
| | 389 | Vista Engineering Fee Schedule | | | |
| | 390 | Vista Engineering Billing Records | | | |
| | 391 | Vista Engineering Report and all cited references contained therein | WHITEHEAD-P 00127-00230<br><br>Ex. 12 to Thompson Deposition | | |
| | 392 | Delamination Diagram | Ex. 10 to Thompson Deposition | | |
| | 393 | Brownrigg Article | Ex. 11 to Thompson Deposition | | |
| | 394 | Vista Engineering images | Ex. 13 to Thompson Deposition | | |

| | 395 | Vista Fig. 4 | Ex. 14 to Thompson Deposition | | |
| | 396 | Vista Notes | Ex. 7 to Thompson Deposition | | |
| | 397 | Vista Invoice | Ex. 8 to Thompson Deposition | | |
| | 398 | Stress/Strain Diagram | Ex. 9 to Thompson Deposition | | |
| | 399 | Expert Report of Dr. Ramzy Rimawi | Ex. 25 to Rimawi Deposition | | |
| | 400 | Crete Work Orders | Ex. 2 to Feagan Deposition | | |
| | 401 | Cab drawing | Ex. 1 to J. Whitehead Deposition | | |
| | 402 | All photos and videos of the subject mattress and innerspring unit, including all photos and videos produced during discovery in Civil Action No. 17-C-07785-S1 filed in the State Court of Gwinnett County (hereinafter "the prior action") | | | |
| | 403 | All photos of the subject mattress and innerspring unit contained in the ESi Investigative Report/Rule 26 Report for Dr. Pierce | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Umberger and Dr. Rick Baron | | | |
| | 404 | All images contained in the ESi Investigative Report/Rule 26 Report for Dr. Pierce Umberger and Dr. Rick Baron | | | |
| | 405 | All photos of the subject mattress and innerspring unit contained in the Rule 26 Report for Dr. Raymond Thompson, as well as all other images contained in the report | | | |
| | 406 | All photos of the subject mattress and innerspring unit contained in the Rule 26 Report for Paul Lewis, as well as all other images contained in the report | | | |
| | 407 | All photos of the subject mattress and innerspring unit and other images or documentary evidence contained in the file produced by ESi in this case | | | |
| | 408 | All photos of the subject mattress and innerspring unit and other images or documentary evidence contained in the file | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | produced by Dr. Raymond Thompson in this case | | | |
| | 409 | All photos and videos contained in the files of the expert witnesses in this case | | | |
| | 410 | Photos of the subject tractor trailer, including the cab and sleeper berth | | | |
| | 411 | Videos of the subject tractor trailer, including the cab and sleeper berth | | | |
| | 412 | Plaintiffs' Complaint in the prior action | | | |
| | 413 | Plaintiffs' Renewal Complaint in Civil Action No. 22-C-03645-S1 filed in the State Court of Gwinnett County | | | |
| | 414 | Southerland's Request for Admissions to Plaintiffs in the prior action | | | |
| | 415 | Plaintiffs' Response to Southerland's Request for Admissions in the prior action | | | |
| | 416 | Plaintiffs' Responses to Southerland's Interrogatories in the prior action | | | |
| | 417 | Plaintiffs' Responses to Hickory's Interrogatories in the prior action | | | |

| | 418 | Plaintiffs' Responses to Crete's Interrogatories in the prior action | | | |
|---|---|---|---|---|---|
| | 419 | The subject mattress | | | |
| | 420 | The subject innerspring unit | | | |
| | 421 | Veronica Whitehead's medical records from Princeton Healthcare System/Princeton Medical Center | | | |
| | 422 | Veronica Whitehead's medical records from Wellstar Neurology/WMG Neurology at East Cobb | | | |
| | 423 | Veronica Whitehead's medical records from Wellstar Endocrinology/WMG Endocrinology | | | |
| | 424 | Veronica Whitehead's medical records from Northeast Georgia Medical Center | | | |
| | 425 | Veronica Whitehead's records from Forsyth County Schools | | | |
| | 426 | Veronica Whitehead's medical records from Pandya Medical Center | | | |
| | 427 | Veronica Whitehead's medical records from NGDC/Dr. Deep Shikha | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 428 | Veronica Whitehead's records from Georgia Urology | | | |
| | 429 | Veronica Whitehead's records from Gastroenterology Associates | | | |
| | 430 | Veronica Whitehead's records from Advanced Gynecology | | | |
| | 431 | Plaintiff's medical records and bills from Lone Star Neurology | | | |
| | 432 | Veronica Whitehead's records and bills from Wellstar Hospital | | | |
| | 433 | Veronica Whitehead's records and bills from Northside Hosptial | | | |
| | 434 | Video of Veronica Whitehead sitting on the mattress with her dog watching television (filmed by John Whitehead); PLTFS 000513 | | | |
| | 435 | Video of Veronica Whitehead sitting on the mattress talking to John Whitehead (the Elvis video); PLTFS 000492 | | | |
| | 436 | Southerland Supply Agreement with Hickory | | | |
| | 437 | Southerland Limited Warranty Guidelines and associated documents | | | |

| | 438 | Southerland spring unit inspection forms | | | |
|---|---|---|---|---|---|
| | 439 | Hickory Rod Specifications documents | | | |
| | 440 | Hickory wire specifications for mattress innersprings | | | |
| | 441 | Southerland warranty procedure documents | | | |
| | 442 | Southerland serial history document (Southerland D-044) | | | |
| | 443 | Southerland warranty documents (Southerland D024-D031) | | | |
| | 444 | Southerland mattress model document (Southerland D01-D18) | | | |
| | 445 | Documents showing date and location of manufacture of the subject mattress, including the serial number/history form | | | |
| | 446 | Documents showing the components of the subject mattress | | | |
| | 447 | Crete purchase order documents for Southerland mattresses, including the subject mattress | | | |
| | 448 | Southerland documents from the Rollator and Cornell tests performed on a | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Covington Firm mattress and a Fairview mattress from November 2013, including the corrective action form received from Hickory | | | |
| | 449 | Hickory Incident Report dated 11/18/2023 | | | |
| | 450 | Document comparing the Covington firm mattress to the subject mattress | | | |
| | 451 | Video of the tractor trailer, including the sleeper cab and subject mattress, taken by John Whitehead | | | |
| | 452 | Documents showing Southerland units made and sold by year | | | |
| | 453 | Hickory wire specifications for mattress innersprings | | | |
| | 454 | John Whitehead's employment records from Crete | | | |
| | 455 | Truck maintenance records from Crete | | | |
| | 456 | Crete photos of the tractor trailer, including the cab and sleeper berth, dated 04/02/15 | | | |
| | 457 | Crete work orders | | | |
| | 458 | Records produced by Plaintiffs from Allstate Insurance | | | |

| | 459 | Southerland documents produced in discovery, D-01 – D-276 | | | |
|---|---|---|---|---|---|
| | 460 | Southerland mattress model document, D-039-D-043 | | | |
| | 461 | Hickory document production, D-0001 – D-0395 | | | |
| | 462 | Photos of Veronica Whitehead taken while she was in the hospital (photos of her wound), PLTFS 000001 - 000056 | | | |
| | 463 | Documents from warranty claims made against Southerland | | | |
| | 464 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 01/24/2019 and 01/25/2019 at ESi | | | |
| | 465 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 03/22/2019 at ATS | | | |
| | 466 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 04/15/2019 at ATS | | | |

| | 467 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 06/17/2021 at ATS | | | |
|---|---|---|---|---|---|
| | 468 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 06/17/2021 at ATS | | | |
| | 469 | Crete photos of the subject mattress, CRETE 469-487 | | | |
| | 470 | Photos of the subject mattress, CLG 000035 – CLG 00041 | | | |
| | 471 | Photos produced by Plaintiffs of the subject mattress and truck, PLTFS  000105 – 000220 and PLTFS 000489 -000491 | | | |
| | 472 | Video of the subject mattress taken at inspection on 02/12/2018 (contained in ESi file) | | | |
| | 473 | Photos, videos, and data of the subject mattress and innerspring unit from the inspection held on 02/05/2024 at Vista Engineering | | | |
| | 474 | Video of Veronica Whitehead sitting on the mattress with her | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | dog watching television (filmed by John Whitehead); PLTFS 000511 | | | |
| | 475 | Photos of the subject mattress, truck, cab of the truck, and sleeper area, PLTFS 000172 - 000187 | | | |
| | 476 | Photo of the subject mattress in the sleeper cab, PLTFS 000218 | | | |
| | 477 | Photo of the subject mattress in the sleeper cab, PLTFS 00057 - 000066 | | | |
| | 478 | Photos from Inspections taken by ESI | | | |
| | 479 | Photos from Inspections taken by ESI | | | |
| | 480 | Photos from Inspections taken by ESI | | | |
| | 481 | Photos from Inspections taken by ESI | | | |
| | 482 | Photos from Inspections taken by ESI | | | |
| | 483 | Photos from Inspections taken by ESI | | | |
| | 484 | Photos from Inspections taken by ESI | | | |

| | 485 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 486 | Photos from Inspections taken by ESI | | | |
| | 490 | Photos from Inspections taken by ESI | | | |
| | 491 | Photos from Inspections taken by ESI | | | |
| | 492 | Photos from Inspections taken by ESI | | | |
| | 493 | Photos from Inspections taken by ESI | | | |
| | 494 | Photos from Inspections taken by ESI | | | |
| | 495 | Photos from Inspections taken by ESI | | | |
| | 496 | Photos from Inspections taken by ESI | | | |
| | 497 | Photos from Inspections taken by ESI | | | |
| | 498 | Photos from Inspections taken by ESI | | | |
| | 499 | Photos from Inspections taken by ESI | | | |
| | 500 | Photos from Inspections taken by ESI | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 501 | Photos from Inspections taken by ESI | | | |
| | 502 | Photos from Inspections taken by ESI | | | |
| | 503 | Photos from Inspections taken by ESI | | | |
| | 504 | Photos from Inspections taken by ESI | | | |
| | 505 | Photos from Inspections taken by ESI | | | |
| | 506 | Photos from Inspections taken by ESI | | | |
| | 507 | Photos from Inspections taken by ESI | | | |
| | 508 | Photos from Inspections taken by ESI | | | |
| | 509 | Photos from Inspections taken by ESI | | | |
| | 510 | Photos from Inspections taken by ESI | | | |
| | 511 | Photos from Inspections taken by ESI | | | |
| | 512 | Photos from Inspections taken by ESI | | | |
| | 513 | Photos from Inspections taken by ESI | | | |

| | 514 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 515 | Photos from Inspections taken by ESI | | | |
| | 516 | Photos from Inspections taken by ESI | | | |
| | 517 | Photos from Inspections taken by ESI | | | |
| | 518 | Photos from Inspections taken by ESI | | | |
| | 519 | Photos from Inspections taken by ESI | | | |
| | 520 | Photos from Inspections taken by ESI | | | |
| | 521 | Photos from Inspections taken by ESI | | | |
| | 522 | Photos from Inspections taken by ESI | | | |
| | 523 | Photos from Inspections taken by ESI | | | |
| | 524 | Photos from Inspections taken by ESI | | | |
| | 525 | Photos from Inspections taken by ESI | | | |
| | 526 | Photos from Inspections taken by ESI | | | |

| | 527 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 528 | Photos from Inspections taken by ESI | | | |
| | 529 | Photos from Inspections taken by ESI | | | |
| | 530 | Photos from Inspections taken by ESI | | | |
| | 531 | Photos from Inspections taken by ESI | | | |
| | 532 | Photos from Inspections taken by ESI | | | |
| | 533 | Photos from Inspections taken by ESI | | | |
| | 534 | Photos from Inspections taken by ESI | | | |
| | 535 | Photos from Inspections taken by ESI | | | |
| | 536 | Photos from Inspections taken by ESI | | | |
| | 537 | Photos from Inspections taken by ESI | | | |
| | 538 | Photos from Inspections taken by ESI | | | |
| | 539 | Photos from Inspections taken by ESI | | | |

| | 540 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 541 | Photos from Inspections taken by ESI | | | |
| | 542 | Photos from Inspections taken by ESI | | | |
| | 543 | Photos from Inspections taken by ESI | | | |
| | 544 | Photos from Inspections taken by ESI | | | |
| | 545 | Photos from Inspections taken by ESI | | | |
| | 546 | Photos from Inspections taken by ESI | | | |
| | 547 | Photos from Inspections taken by ESI | | | |
| | 548 | Photos from Inspections taken by ESI | | | |
| | 549 | Photos from Inspections taken by ESI | | | |
| | 550 | Photos from Inspections taken by ESI | | | |
| | 551 | Photos from Inspections taken by ESI | | | |
| | 552 | Photos from Inspections taken by ESI | | | |

| | 553 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 554 | Photos from Inspections taken by ESI | | | |
| | 555 | Photos from Inspections taken by ESI | | | |
| | 556 | Photos from Inspections taken by ESI | | | |
| | 557 | Photos from Inspections taken by ESI | | | |
| | 558 | Photos from Inspections taken by ESI | | | |
| | 559 | Photos from Inspections taken by ESI | | | |
| | 560 | Photos from Inspections taken by ESI | | | |
| | 561 | Photos from Inspections taken by ESI | | | |
| | 562 | Photos from Inspections taken by ESI | | | |
| | 563 | Photos from Inspections taken by ESI | | | |
| | 564 | Photos from Inspections taken by ESI | | | |
| | 565 | Photos from Inspections taken by ESI | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 566 | Photos from Inspections taken by ESI | | | |
| | 567 | Photos from Inspections taken by ESI | | | |
| | 568 | Photos from Inspections taken by ESI | | | |
| | 569 | Photos from Inspections taken by ESI | | | |
| | 570 | Photos from Inspections taken by ESI | | | |
| | 571 | Photos from Inspections taken by ESI | | | |
| | 572 | Photos from Inspections taken by ESI | | | |
| | 573 | Photos from Inspections taken by ESI | | | |
| | 574 | Photos from Inspections taken by ESI | | | |
| | 575 | Photos from Inspections taken by ESI | | | |
| | 576 | Photos from Inspections taken by ESI | | | |
| | 577 | Photos from Inspections taken by ESI | | | |
| | 578 | Photos from Inspections taken by ESI | | | |

| | 579 | Photos from Inspections taken by ESI | | | |
|---|---|---|---|---|---|
| | 580 | Photos from Inspections taken by ESI | | | |
| | 581 | Disclosure of Dr. David Pope  Ex 6 to Pope 2019 Deposition | | | |
| | 582 | Pope File Materials   Ex. 2,3,4 to Pope 2019 Deposition | | | |
| | 583 | Pope File Materials    Ex 1 to Pope 2021 Deposition | | | |
| | 584 | SEM Image   Ex 2 to Pope 2021 | | | |

Defendants' listing of exhibits on this list is not intended to be any affirmation or statement as to the admissibility or relevance of any such item, but is rather provided to facilitate the description, identification, and authenticity of possible exhibits, the admissibility of which will be discussed separately at the time of tender.

**Plaintiffs' Objections:**

Plaintiffs object to Defense Exhibit No. 412 as to relevance

Plaintiffs object to Defense Exhibit No. 425 (Mrs. Whitehead Forsyth County

Schools Records) as to relevance

Plaintiffs object to Defense Exhibit No. 437 as authenticity as vague and

imprecise, as it is unclear what "associated documents" may be included in this

exhibit.

## Attachment "H-1"

Plaintiffs do not anticipate a trial/bench brief at this time but reserve the right to file one as legal issues may arise during trial.  Pursuant to the Court's Standing Order, Plaintiffs may submit Motions in *Limine* according to the Court's August 14, 2025 Order's pretrial deadlines.

Plaintiff Veronica Whitehead is incontinent of bladder and bowel and has multiple bowel and bladder "accidents" daily.  Her condition is embarrassing to her and requires frequent clean-up efforts throughout the day.   Plaintiffs have asked Defendants to agree to allow Mrs. Whitehead to attend the trial via zoom/video appearance to testify in that manner as well.  If the Defendants to not agree, Plaintiffs will ask the Court to permit appearance in this fashion,

**Defendants:**  Defendants do not anticipate a trial/bench brief at this time but reserve the right to file one as legal issues may arise during trial.  Defendants will file Motions in Limine in accordance with the Order entered on August 14, 2025.

Defendants are considering Plaintiffs' request to have Ms. Whitehead excused from attending the entire trial.  Counsel for Defendants must discuss this issue with their clients.  However, Defendants note that Ms. Whitehead was able to sit through hours of deposition testimony in this case with no problem.

**Attachment "I-1"**

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.

**Plaintiffs are agreeable to a general verdict, with separate amounts listed for compensatory and punitive damages.**

**Defendants:**    Defendants request a special verdict form that provides for apportionment of fault to all parties and Crete and a separate finding for punitive damages.    Defendants have moved to bifurcate liability and damages, which if granted would require a verdict form for the bifurcated findings. Defendants will file a proposed special verdict form in accordance with the Order entered on August 14, 2025.